UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED 2004 MAY 21 P 4:30
U.S. DISTRICT COURT
BRIDGEPORT, CONN

LUIS FERNANDEZ             :
                           :
v.                         :   PRISONER
                           :   CASE NO. 3:01CV1807(JBA)
DIRECTOR JADE ALEXANDER, et al.. :

## RULING AND ORDER

Plaintiff currently is incarcerated at MacDougall-Walker Correctional Institution in Suffield, Connecticut. This action was dismissed October 26, 2001 and judgment was entered October 31, 2001 [doc. #5]. Plaintiff now has filed a motion to reopen. For the reasons that follow, plaintiff's motion is denied.

I.  Background

Plaintiff commenced this civil rights action by complaint dated August 25, 2001, while he was confined at the Bridgeport Correctional Center in Bridgeport, Connecticut. The only defendants were Jade Alexander and BRT Self Storage Facility. Plaintiff alleged that defendant Alexander violated his constitutional rights by failing to tell him that he could not store drugs legally in the storage unit he rented from BRT Self Storage Facility. He also alleged that, on October 27, 2000, when Danbury police officers appeared to search his storage unit pursuant to a warrant, Alexander did not delay the search until he could be informed.

On October 26, 2001, the court dismissed the complaint sua sponte. Judgment entered October 31, 2001. Eleven months later, on September 30, 2002, the court received plaintiff's motion to

reopen in which he asked the court to reopen the case and permit him to file an amended complaint. On November 1, 2002, the court denied the motion without prejudice to plaintiff renewing his motion and submitting a proposed amended complaint which cured the earlier defects. The court ordered plaintiff to file his motion and proposed amended complaint within thirty days. Plaintiff responded on December 2, 2002, by filing a motion to withdraw the complaint. The court denied the motion as moot because the case had not been reopened.

On March 1, 2004, the court received a motion to reopen accompanied by a proposed amended complaint. The motion is dated December 12, 2003, over one year after plaintiff filed his motion to withdraw. The proposed amended complaint names as defendants Robert Paquette, Detective Robert Williams, Detective Sergeant Fisher, Detective Merullo, Detective Mark Trohalis, Detective Ramos, Detective Nolan, Officer T. Barcello, Mark Scocoza, Dean M. Esserman and R. Halas.

II. Standard of Review

Rule 60(b), Fed. R. Civ. P., identifies several reasons for which a party may be relieved from judgment:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been

2

>satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

III. Discussion

Plaintiff does not identify the subsection upon which he relies. The only relevant subsections are (1) and (6). Because he did not file this motion until over two years after judgment entered, the motion would be time-barred if it were filed pursuant to subsection (1). Thus, the court assumes that plaintiff brings this motion pursuant to subsection 6, essentially seeking reconsideration of the dismissal of his complaint in light of the proposed amended complaint.

The incident underlying this action is plaintiff's October 27, 2000 arrest on drug-related charges. The proposed amended complaint, dated December 12, 2002, drops the original defendants and seeks to substitute eleven new defendants to this action.

The limitations period for filing a section 1983 action is three years. See Lounsbury v. Jeffries, 25 F.3d 131, 134 (2d Cir. 1994)(holding that, in Connecticut, the general three-year personal injury statute of limitations period set forth in Connecticut General Statutes § 52-577 is the appropriate limitations period for civil rights actions asserted under 42

3

U.S.C. § 1983). The incidents described in the proposed amended complaint occurred on October 27, 2000. Thus, plaintiff had until October 27, 2003, to file his claims against the new defendants.

The Second Circuit has held that a pro se prisoner complaint is deemed filed as of the date the prisoner gives the complaint to prison officials to be forwarded to the court. See Dory v. Ryan, 999 F.2d 679, 682 (2d Cir. 1993) (citing Houston v. Lack, 487 U.S. 266, 270 (1988)). Applying this "mailbox rule" to plaintiff's proposed amended complaint, the court concludes that the motion to reopen and proposed amended complaint could not have been mailed to the court before December 12, 2003. Thus, the claims in the amended complaint were filed beyond the limitations period and are time-barred.

Plaintiff may name additional defendants after the expiration of the limitations period only if he complies with the requirements of Rule 15, Fed. R. Civ. P. See James W. Moore, Moore's Federal Practice § 15.19(3)(a) at 15-84 (3d ed. 1997) ("Rule 15 is the only vehicle available for a plaintiff to amend the complaint to change or add a defendant after the statute of limitation has run."). Pursuant to Rule 15(c), an amendment in a pleading relates back to the date of the original pleading where "the amendment changes the party or naming of the party against whom a claim is asserted" and

> within the period provided by Rule 4(m) for

4

> service of the summons and complaint, the
> party to be brought in by amendment (A) has
> received such notice of the institution of
> the action that the party will not be
> prejudiced in maintaining a defense on the
> merits, and (B) knew or should have known
> that, but for a mistake concerning the
> identity of the proper party, the action
> would have been brought against the party.

Rule 15(c)(3). "Mistake" is not restricted to cases of misnomer. The court should permit "an amendment to relate back to add a defendant that was not named at the outset, but was added later when plaintiff realized that the defendant should have been named . . . ." Moore's Federal Practice § 15.19(3)(d) at 15-90. In his motion, the plaintiff must allege a reason for the mistake in omitting the proposed additional defendant from the original pleading.

Plaintiff offers no reason for submitting his proposed amended complaint over one year after the time specified by the court. In his 2002 motion to withdraw, plaintiff stated that the case required investigation that could not be done until he was released from custody. The court presumes that plaintiff meant that he could not discover the names of the defendants until his release.

Before filing this action, plaintiff had filed a complaint against Detectives Merullo and Trohalis along with the Danbury Police Department, the City of Danbury and Universal Studios. See Fernandez v. Danbury Police Dept. et al., Case No. 3:01cv1201(SRU). That case included claims relating to

5

plaintiff's October 2000 arrest for selling narcotics and sought to hold Universal Studios liable for making the movie "Scarface," which portrayed selling drugs as a glamorous profession. Further, in the complaint in this case, plaintiff referred to defendant Merullo by name and indicated that he possessed a copy of the search warrant affidavit for the search of the storage unit. This affidavit, attached to the proposed amended complaint, specifically references Detectives Merullo and Trohalis and Officers Barcello and Scocozza, all included as defendants in the proposed amended complaint.

The court concludes that plaintiff was aware of the names of several of the new defendants in 2001, but did not attempt to add them as defendants in this case until after the limitations period expired. Because the plaintiff is not required to name as defendants all persons involved with his claim, the court considers the failure to name certain individuals in the original complaint "a matter of choice, not mistake." Cornwell v. Robinson, 23 F.3d 694, 705 (2d Cir. 1994).

Even if plaintiff did not know the identities of the new defendants, lack of knowledge is not a mistake for which an amended pleading is allowed to relate back to the date of the original pleading. See Barrow v. Wethersfield Police Dep't, 66 F.3d 466, 469-70 (2d Cir. 1995), op'n mod'd and aff'd, 74 F.3d 1366, 1367 (2d Cir. 1996) (Rule 15(c) does not permit an amendment to relate back where new defendants were not added to

6

the original complaint because the plaintiff did not know their identities; lack of knowledge cannot be characterized as mistake). Thus, the plaintiff fails to comply with the second requirement of Rule 15(c).

The Second Circuit has held that an amended complaint filed by an inmate who was unaware that he was required to name individual correctional officers rather than the institution would relate back to the original filing date so long as the individual officers actually received notice of the suit so they would not be prejudiced in maintaining their defense. See Soto v. Brooklyn Correctional Facility, 80 F.3d 34, 37 (2d Cir. 1996). The holding of Soto, however, does not apply in the present case. Here, the plaintiff did not name only an institutional defendant; rather he initially named an individual, Jade Alexander, and BRT Self Storage Facility. Thus, this exception is inapplicable.

In addition, because no persons related to the City of Danbury or the Danbury Police Department were ever included in this action, there is no basis for the court to conclude that any of the individuals sought to be added as defendants received adequate notice of the filing of the action so that they will not be prejudiced in maintaining a defense. Thus, plaintiff fails to comply with the first requirement of Rule 15(c) as well.

IV. Conclusion

Because plaintiff fails to satisfy either requirement of Rule 15(c), the claims in the amended complaint do not relate back to the filing date of the original complaint. Plaintiff's motion to reopen [**doc. #10**] is **DENIED**.

SO ORDERED this 19th day of May, 2004, at New Haven, Connecticut.

Janet Bond Arterton
United States District Judge