UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

Luis Fernandez               :

V.                           :        FILED
                                      2004 JUN 22  PRISONER
                                      U.S. DISTRICT  CASE No: 3:01 CV 1807
                                      BRIDGEPORT CONN  (JBA)

Jade Alexander, et al.       :        June 11, 2004

## PLAINTIFF MOTION FOR RECONSIDERATION to REOPEN and PERMIT to file AN AMENDED COMPLAINT.

The plaintiff, in any action returned to Court and entered in the docket, may withdraw such action before the commencement of a hearing on the merits thereof, only by leave of the Court for good cause shown C.G.S. § 52-80.

The plaintiff Amended Complaint request was do to several disagreements and objection with the Court on how the Complaint was interpret or make out the background of this plaintiff Complaint which without legal assistance, Counsel advise or library while in Bridgeport C.C. And as a Hispanic person was not able to represent the Complaint that was dismissed on Oct. 26, 2001, with Judgment entered Oct. 31, 2001.

The plaintiff Motion for Reopen and Amended Complaint recieved on Sept. 30, 2002 by the Court denied and construed as a complaint which cured the

1 of 3

earlier defects and Court ordered plaintiff to file his motion and proposed Amended Complaint within 30 (thirty) days where the plaintiff withdrew the Construed Complaint and Complaint responding on Dec. 2, 2002 in a motion to withdraw Complaint and the Court denied.

In plaintiff case, is voluntarily withdrawn without permission of the Court, as it may before the Commencement of a hearing, the Court cannot proceed further with it until some further steps are taken in the matter. Lusas v. St. Patrick's Roman Catholic Church Corp., 123 Conn. 166, 193 A. 204, 111 ALR 763 (1937). The plaintiff's preliminary motion should be one to have the case restored to the docket. Commission on Human Rights & Opportunities v. Magnello, 6 Conn. Cir. 91, 266 A.2d 76 (1970), in fact, the Court Construed plaintiff's motion as a claim pursuant to Rule 60 (b)(6) on Oct. 31, 2002.

Every action may be withdrawn prior to verdict of final judgment, whenever it can be done without injuriously affecting the rights of the defendant acquired by reason of the action. Citing Bristol v. Bristol Water Co., 85 Conn. 663, 84 A. 314 (1912). Plaintiff understands the standards for Pro Se Complaints are held to less stringent standards, see Hugh v. Poe, 453 F.2d 1471., viewed without regard for technicalities, citing Jones v. Rundle, 453 F.2d 147.

2 of 3

The Court also made reference to second circuit Soto v. Brooklyn Correctional Facility, 80 F.3d 34, 37 (2d Cir. 1996), which in fact can be applied in this case because did name BRT self Storage facility while institution derives from "Correctional" and facility would determine its' institution type where in this case is a "self Storage".

## Conclusion

The plaintiff respectfully request the Court in view of the C.G.S. § 52-80, Lusas v. St. Patrick's Roman Catholic Church Corp., 123 Conn. 166, 193 A. 204, 111 ALR 763 (1937); Commission on Human Rights & Opportunities v. Magnello, 6 Conn. Cir. 91, 266 A.2d 76 (1970); Rule 60(b)(6); Bristol v. Bristol Water Co., 85 Conn. 663, 84 A. 314 (1912); Hugh v. Poe, 453 F.2d 1471; Jones v. Rundle, 453 F.2d 147; and Accord with Soto v. Brooklyn Correctional Facility, 80 F.3d 34, 37 (2d Cir. 1996), where the Amended Complaint may relate back to the filing of the original Complaint Grant an opportunity to Amend and reopen the Case.

Respectfully submitted

_____
Luis Fernandez #279900
M.W.C.I
153 East Street South,
Suffield, CT 06080

3 of 3