# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

Luis Fernandez
279900
Plaintiff - Pro se

**CIVIL RIGHTS COMPLAINT**
**AMENDED COMPLAINT**
Case No. 3:01CV1807
(JBA)

V.

Robert Paquette, official/ind. cap.   Laurie Leblanc, off/ind. cap.
Robert Williams, off./ind. cap.       Patric Carroll, official cap.
Det. Sgt. Fisher, off./ind. cap.
Det. J. Merullo, off./ind. cap.
Det. Mark Trohalis, off./ind. cap.
Det. Ramos, off./ind. cap.
Det. Nolan, off./ind. cap.
Officer T. Barcello, off./ind. cap.
Mark Scocoza, off./ind. cap.
Dean M. Esserman, off./ind. cap.
R. Halas, offic./ind. cap.
D. Stewart, off./ind. cap.

## A. Parties

1. Luis Fernandez, Plaintiff is a citizen of Conn. who presently resides at 1153 East Street South, Suffield, CT 06080 currently incarcerated, Inmate number 279900.

2. Defendant Robert Paquette is a citizen of Conn. whose address is 120 Main St. Danbury, CT 06810 and who is employed as Chief of Police at Danbury Police Dept.

1 of 45

And as Chief of Police his Action is under Color of Law.

3. Defendant Robert Williams is a citizen of Conn. whose Address is 120 Main St. Danbury, CT 06810 And who is employed as Detective at Danbury Police Dept. were as Detective his Action is under color of state law.

4. Defendant Fisher is a citizen of Conn. whose Address is 120 Main St. Danbury, CT 06810 And who is employed as Detective Sgt. at Danbury Police Dept. were as Det. Sgt has Action is under color of state law.

5. Defendant J. Merullo is a citizen of Conn. whose Address is 120 Main St. Danbury, CT 06810 And who is employed as Detective at Danbury Police Dept. were as Detective his Action is under Color of state law.

6. Defendant Mark Trohalis is a citizen of Conn. whose Address is 120 Main St. Danbury, CT 06810 who is employed as Detective at Danbury Police Dept. were as detective his Action is under Color of state law.

7. Defendant Luis Ramos is a citizen of Conn. whose Address is 120 Main Street. Danbury, CT 06810 who is employed as Detective at Danbury Police Dept. were as Detective his Action is under color of state law.

8. Defendant NOLAN is a citizen of Conn. whose address is 120 Main St. Danbury, CT 06810 who is employed as Detective at Danbury Police Dept. were as Detective s/he is Action is under color of state law.

9. Defendant T. Barcello is a citizen of Conn. whose address is 805 Bedford Street, Stanford, CT who is employed as Officer P. at Stanford Police Dept. were as Officer P. his Action is under color of state law.

10. Defendant Mark Scocoza is a citizen of Conn. whose address is 120 Main St. Danbury, CT 06810 who is employed as Officer P. at Danbury Police Dept. were as Officer P. his Action is under color of state law.

11. Defendant Dean M. Esserman is a citizen of Conn. whose address is 805 Bedford Street, Stanford, CT who is employed as Chief of Police at Stanford Police Dept. were as Chief of Police his Action is under color of state law.

12. Defendant R. Halas is a citizen of Conn. whose address is 120 Main St. Danbury, CT 06810 who is employed as Detective at Danbury Police Dept. were s/he is Acting under color of state law.

13. Defendant D. Stewart is a citizen of Conn. whose address is 805 Bedford St Stanford, CT who is employed as Sergeant at Stanford Police Dept. were as Sergeant his Action is under color of state law.

14. Defendant Laurie LeBlanc is a citizen of Conn. whose Address is Reagan Mill Rd., Wingdale, N.Y and who is self employed were as a self employed person who conspired with defendants (Police, Det) his actions is under color of state law.

15. Defendant Patrick Carroll, III is a citizen of Conn. whose address is 146 White Street, Danbury, CT 06810 and who is a Judge at Danbury Superior Court as Judge his actions is under color of state law.

16. Any other defendants if any unknown at this time.

## B. JURISDICTION

Jurisdiction is asserted pursuant to: 42 U.S.C. § 1983 "Every person who, under color of any statute, ordinance, regulation, custom or usage, of any state or territory or the district of columbia, subjects, or causes to be subjected, any citizen of the U.S. or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Const. and laws, suit in equity, or other proper proceeding for redress."

Article 1 § 10 of the Conn. Const, states "All Courts shall be open, and every person, for an injury done to him in his person, property or reputation, shall have remedy by due course of law, and right and justice administered without sale, denial or delay."

Article 1 § 20 of the Conn. Const. respectively, states as "No person shall be denied the equal protection of the law nor be subjected to segregation or

4 of 45

discrimination in the exercise or enjoyment of his civil or political rights because of religion, race, color, ancestry, national origin, sex or physical or mental disability."

18 U.S.C.S. § 241 deprivation of Rights protected by federal Constitution or laws "which makes conspiracy to interfere with citizen's free exercise or enjoyment of any Right or privilege secured to him by Constitution or laws of United States federal offense."

18 U.S.C.S. § 242 deprivation of Rights protected by federal Constitution or laws "which make it federal offense wilfully to deprive any person under color of law of same rights, include, presumbly, all of Constitution and laws of United States."

42 U.S.C §§ 1985, 1986 Civil Rights Conspiracy Claims " § 1985 (2) provides for actions against persons who conspire to obstruct "the due course of justice", in state courts with intent to deny any citizen the equal protection of the laws or to harm a citizen for enforcing or attempting to enforce the right of equal protection. In addition, § 1985(3) provides for damages action against persons who 'conspire ... for the purpose of depriving ... any person or class of person of the equal protection of the laws, or of equal privileges and immunities; under laws, 42 U.S.C. § 1985(3) and 42 U.S.C. § 1986 provides for damages liability for anyone 'who having

5 of 45

knowledge that [A § 1985 Conspiracy] is about to be committed; does nothing about it. 42 U.S.C § 1986.

18 U.S.C.S § 1621, false statements in Affidavits.

42 U.S.C. § 1988 (1994); Pendent Jurisdiction.

28 U.S.C. § 1343 (3) "To redress the deprivation, under color of any state law, statute, ordinance, custom, or usage, of any right, privilege, or immunity secured by the Constitution of the United States or by an Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States."

## C. NATURE OF THE CASE

BRIEFLY BACKGROUND:
The plaintiff pro-se brings this lawsuit seeking injuction, Declaratory Judgment, Compensatory and punitive reliefs to address the lack of probable cause for an arrest on Oct. 27, 2000 were unessessary excessive force used during the arrest. The misleading of a Judge into issuing a warrant, failure to base on the totality of circumstances were false statement in Affidavits influenced the Judge issuing a warrant and conspiracies depriving the plaintiff of both state and federal laws. The unreasonable searches and seizures of the plaintiff, persons and property,

6 of 45

failure to knock and announcement entries, trespassing into private property and malicious prosecution are all acts complaint in this lawsuit as well as violation of fourth, fifth, eighth, fourteenth Amend. U.S.C. (others) Also, intentional inflictions of Mental and Emotional distress (others)

## D. CAUSE OF ACTION

Claim I: Violation of fourth, fifth, Eighth, and fourteenth Amend U.S.C., Conn. Const. Art. 1 § 7, 8, 20; § 3109, Rule 41(d); 18 U.S.C. § 241, 242; Causing Emotional distress and Mental Anguish suffering (others).

1. On January 2, 2002, the plaintiff appeared in Danbury Superior Court for the pending offenses 21A-279A and 21A-279A docket No. DB-110596A deriving from an arrest on Oct. 27, 2000, which offenses were nolled.

2. The purely conclusory affidavits by affiant defendant Mark Trohalis and John Merullo in the Application for search and seizure warrant No. 00-13326 pages 1 of 6 thru 5 of 6, believes that probable cause exists for suspicious activity or trafficking was based on plaintiff probation status do to a finding of guilty by Judge Patric Carroll after the plaintiff entered a nolo contender on 8/2/00 for the arrest of January, 2000.

7 of 45

3. Defendants Mark Tromblis and John Mervllo, failed to establish Probable Cause and Misled the issuing Judge P. Carroll in obtaining an Arrest Warrant for the Unit SS-234 of the BRI-Self Storage Facility located on Old Newtown Road, Danbury, CT. dating it 10/26/00, were defendants at the moment of execution had unreasonable information and not enough facts to even belief by a prudent person that an offense has been or is being committed by the plaintiff in going in and out of the Unit SS-234 of the BRI-Self Storage Facility., see, Attached and marked as Exhibit "A" herein Affidavit and Application Search and Seizure Warrant NO. 00-13326 pages 1 threw 5 of 6.

4. The defendants had no probable cause to search on Oct. 27, 2000 the BRI-Self Storage Unit SS-234 because only information linking the plaintiff to alleged drugs in the BRI-Self Storage Unit SS-234 derived from defendant John Mervllo personal beliefs absent supporting facts, not enough, which defendant John Mervllo did not observed the plaintiff carrying any suspected objects nor packaging to reasonably draw inference of criminal activity. Citing U.S. v. Prandy-Binett, 995 F.2d 1069, 1078 (1993) (no probable cause to arrest when police observed suspect in train station carrying rectangular object wrapped in duct tape because packaging material not unique to drug trade).

8 of 45

5. Even the Affidavit and Application search and seizure Warrant No. 00-13326 dated 10-26-00 prepared by defendants Mark Trohalis and John Merullo, see Attached and Marked as Exhibit "A" herein, is invalid because supporting Affidavit is devoid of any basis from which Magistrate could infer that evidence of drug activity would be found at the Unit SS-234 of the BRT Self-Storage facility located on Old Newtown Road, Danbury, CT when the plaintiff arrest on Oct. 27, 2000 did not possessed drugs or items linking to drugs and especially since Affidavits' defendants Mark Trohalis and John Merullo gave no information as to proximity of Alleged narcotics sales to the plaintiff lessed Unit SS-234 of the BRT Self-Storage facility. Citing Steagald, 451 U.S. at 213; U.S. v. Talor, 996 F.2d 1578, 1582 (1993). depriving the plaintiff of rights protected by the Fourth Amendment and Const. of Conn. Art. First §7 from unreasonable search without probable cause.

6. Furthermore, the Affidavit and Application search and seizure Warrant No. 00-13326 dated 10-26-00 Attached and Marked as Exhibit "A" herein provided by the defendants Mark Trohalis and John Merullo is invalid because the supporting Affidavit is devoid of evidence or facts that could provide sufficient nexus between Contraband and place to be searched, when the only Connection was based on defendants Mark Trohalis

9 of 45

and John Mewllo beliefs that "based on their training and experience have found narcotic tufficaks utilize locations away from their residence to store [narcotics] The purpose of utilizing [safe] locations away from their residence is to [avoid] theft from rival [drug traffickers]. The Affiants have additionally found that [drug traffickers] that have been previously arrested from search warrants at their homes commonly [avoid] keeping records, money and [narcotics at their residences] to [avoid] arrests. That these [safe] locations are commonly called [safe] houses and that the Affiants have participated in numerous [drug trafficking] investigations in which [drug traffickers] utilized them and that [narcotics], money, and [drug trafficing] records have been seized at these locations which have resulted in arrests and convictions," see, Attached and Marked as Exhibit "A" herein paragraph 21 page 3f of 6, where the Affidavit here contained a conclusory statement to the effect that the Affiants defendants MARK Twohalis and John Mewllo had probable cause and reasonable grounds to believe that there was "Narcotics" in the unit ss-234 of the BRI Self Storage facility when circumstances do not logically support the conclusion that there was probable cause to believe that "narcotics" ever was located in the unit ss-234 of the BRI Self Storage facility in question, much less

10 of 45

that it was located there at the time the warrant was issued. There is no indication in the Affidavit that either defendant Mark Trohalis, John Merullo, the Affiants, or informant nor undercover, ever saw or learned from other sources that narcotics was located in the Unit SS-234 of the BRT Self Storage facility. The Affidavit contains no statement to the effect that either of the Affiants or an informant was ever in the Unit SS-234 of the BRT Self Storage facility. Nor does it set forth facts observed or perceived by any of these defendants from which the presence of narcotics in the Unit SS-234 of the BRT Self Storage facility reasonably could have been inferred for search on Oct. 27, 2000, which unreasonable search in the Unit SS-234 of the BRT Self Storage facility deprived the plaintiff of Rights protected by the fourth Amend. U.S.C. And Conn. Const. Article First § 7, Citing U.S. v. Schultz, 14 F.3d 1093, 1097-98 (1994); Also, STATE V. DeChamplain, 179 Conn. 522 (1980).

7. Moreover, defendants John Merullo and Mark Trohalis' failed to justify Exigent Circumstances for probable Cause to believe that narcotics even was located in the Unit SS-234 of the BRT Self Storage facility, located at Old Newtown Road, Danbury, CT in the Arraigment Report & Affidavit Warrantless Arrest pages 1 of 1

dated OCT. 28, 2000, subscribed and sworn to before defendant Det. Sgt. Fisher who knew of or should have known of defendants Mark Trohalis and John Merullo unjustifyed circumstances do not logically support the conclusion that there was probable cause to believe that narcotics even was located in the Unit SS-234 BRT Self Storage Wilfully conspirering to interfered with plaintiff subjective expectation of privacy in the Unit SS-234 of the BRT Self-Storage facility where the plaintiff as lessee has possessory interest in the Unit SS-234 BRT Self Storage that is surrounded by iron fence and gate which defendants willfully deprived of the expectation of privacy and possessory interest when on Oct. 27, 2000, defendants took a set of keys from the plaintiff during his brutal arrest in Bradlees Parking lot and without the plaintiff the defendants forced their entrance to the BRT Self Storage facilty, unlocked the lock to Unit SS-234 and opened several cardboard boxes that where not discribed in the Affidavit and Applications search and Seizure Warrant provided to the issuing Judge dated OCT. 26, 2000, see (Attached and Marked as Exhibit "A" herein) Citing <u>U.S. V. VEGA</u>, 221 F.3d 789, 796 (5th Cir. 2000).

8. Furthermore, on Oct. 27, 2000, defendants Mark Trohalis, John Merullo, Luis Ramos, Nolan, Robert Williams, R. Halas and Sgt. Fisher

the Affidavit and Application, Search and seizure Warrant dated 10/26/00 for the "place or thing Unit SS-234 of the BRT Self Storage Facility located on old Newtown Rd., Danbury, CT surrounded by a tall chain link fence with barbed wire on top and gate"; when knowing of or should have known of the BRT Self Storage facility Unit SS-234 is a Rental Unit located in private property that the plaintiff did not own but possessed an objective expectation of privacy in the Unit SS-234 where the plaintiff kept personal clothing, legal papers, Rental Agreement, Passport, U.S. Currency with bank receipts and had only Key to the Unit SS-234 plus gate personal code to enter private property as lessee of the BRT Self Storage Unit Facility. See, (Attached and marked as Exhibit "B" hereon ARRAIGNMENT REPORT and AFFIDAVIT WARRANTLESS ARREST pg 1 of 1 No. 00-13780 signed on Oct. 28, 2000 by defendants M. Tuohilas and Sgt. Fisher) citing U.S. v. Chaves, 169 F.3d 687, 690-91 (1999)

9. The plaintiff states he had a subjective expectation of privacy in the Unit SS-234 of the BRT Self Storage facility which is located on old Newtown road, Danbury, CT and was deprived when on Oct. 27, 2000, defendants took a set of key's from the plaintiff while being brutally arrested at Bradlees Parking lot and

John Menello, Mark Trohalis, Luis Ramos, John, R. Williams, R. Halas and M. Scocoza forced their entrance into the BRT SELF STORAGE facility unlocked the lock to unit SS-234 were they opened several cand board boxes which where not discribed in the Affidavit and Application search and seizure warrant no. 00-13326 pages 1 threw 5 of 6 dated 10-26-00 for the unit SS-234 of the BRT Self Storage facility where the plaintiff as lessee has a subjective expectation of privacy in the unit SS-234 rented which is surrounded by iron fence and gate with personal code. see, (Attached and marked as Exhibit "A" herein Affidavit and Application search and seizure warrant No. 00-13326 pages 1 threw 5 of 6 failing to discribed the several cand board boxes).

10. The defendants John Menello and Mark Trohalis, Agents unnecessary violated § 3109 during the execution of Affidavit and Application search and seizure warrant dated 10/26/00, see, (Attached and marked as Exhibit "A" herein), on Oct. 27, 2000 see, (Attached and marked as Exhibit "B" herein Arraignment Report and Affidavit warrantless Arrest dated Oct. 28, 2000), at the BRT Self Storage facility when the owner's nor co-owner/representative was not aware of the warrant dated 10/26/00 niether of the search on 10/27/00 into his property

surrounded by a tall chain link fence with barbed wire on top and gate with personal code entrance system where defendants J. Merullo and M. Trohalis, Agents forced their entrance without notifying BRT SELF STORAGE facility owner's nor Co-owner/ representative and failed to provided reasonable suspicion, that notifying BRT SELF STORAGE facility owner's or Co-owner/representative would be dangerous, futile, or destructive to the purpose of the investigation, see, (Attached and Marked as Exhibits "A" and "B" here in) Citing Richard V. Wisconsin, 520 U.S. 385, 394-95 (1997).

11. Moreover, defendant John Merullo, Agents on Oct. 20, 2000 did not have a legal vantage point of plaintiff activities to be less than absolute certainly that search of the Unit SS-234 of the BRT SELF STORAGE facility on Oct. 27, 2000 will be fruitfull.

12. Also, defendant Mark Trohalis, ARRAIGMENT Report and Affidavit Warrantless Arrest dated Oct. 28, 2000 signed page 1 of 1 case/incident No. 00-13780 is invalid where it states the place of Arrest to be "NEWTOWN Rd," which is inaccurate and even when search of BRT UNIT 234 took approx. 30 to 45 minutes after the plaintiff had been brutaly Arrested, handcuffed and in police head quaters. see, (Attached and Marked

13. Furthermore, defendant Mark Trohalis additional unsupported allegations of the plaintiff in Incident Report No. 00-13779 and in the Arraignment Report & Affidavit Warrantless Arrest dated Oct. 28, 2000 signed page 1 of 1 Case Incident No. 00-13780 herein attached and marked as Exhibit "B" contains no facts as to its allegations that "during the investigation of the defendant [plaintiff] was observed to make his sales of cocaine, meeting persons in parking lots and doing the exchange of cocaine and money at his driver's window"; unsupported and without actual information for probabilities of criminal activity when defendant M. Trohalis relied on inaccurate information of vehicle, had no indication of reliable identification of vehicle nor occupant and no corroborating evidence to present the issuing Judge for determining Probable Cause. See, (Attached and Marked as Exhibit "C" herein Incident Report No. 00-13779 unsupported allegation in page 1 of 2 sentence line (5) containing no facts)

14. The defendants Mark Trohalis and John Mewllo, Affidavit and Application search and seizure warrant No. 00-13326 dated 10/26/00, see, (attached and marked as Exhibit "A" herein), is insufficiently particular where it states "All Financial Records" as items to be seized is to the discretion of the officers, agents executing the warrant and hypertechnical reading of the warrant should be avoided where defendants Mark Trohalis and John Mewllo, Affidavit

16 of 45

And Application Search and Seizure Warrant No. 00-13326 dated 10/26/00, page 5 of 6 for the property described to be searched and seized as "All Financial Records" is insufficiently particular and unreasonable, depriving the plaintiff of Fourth Amend. protection from "unreasonable seizures", and Conn. Const. Article First §7 protection from "unreasonable seizures of things, papers and possessions, shall issue without describing them as nearly as may be", which "All Financial Records" is above and beyond, see, (Attached Marked as Exhibit "A" herein page 5 of 6) citing U.S. v. Steele 267 U.S. 498, 503 (1925).

15. Moreover, defendant John Merullo exceeded scope of the Affidavit and Application search and seizure Warrant, issued dated 10/26/00 during the unreasonable search at the Unit 234 of BRI SELF STORAGE facility on 10/27/00 when he wilfully unreasonably seized the Passport of Luis Fernandez, legal paper from search warrant, Arrest report & Flow chart of 1/7/00 Arrest inside a Cardboard box and one (1) gold Master Key located inside a Blue Polo Sport Case inside a Cardboard box, see (Attached and Marked as Exhibit "D" herein defendant J. Merullo #292 Evidence Chart No. 00-13780 of property seized) because the issued dated 10/26/00 Warrant only authorized the seizure of "Cocaine, white powdered Substances, cutting agents for narcotics, grinder, packaging materials, weighing scales, strainers, U.S.

17 of 45

currency, all financial records, sales, documentation of residence, records of identification, records of transactions, telephone pagers, and police scanners," see, (Attached and Marked As Exhibit "A" herein page 5 of 6), NO Card broad box was authorized to be searched and seized its inside belongings And items found inside Card broad box s' not in plain view for seizures And neither defendant J. Mewllo failed to describe the items found in the Card broad box s' were in plain view depriving the plaintiff of Fourth Amed. protections and Conn. Const. Article First § 7 protection against unreasonable searches and seizures., see (Attached and Marked As Exhibit "D" herein Danbury P. Dep. Special Investigation Division Flow chart by Evidence officer Det. J. Mewllo #292 dated 10/27/00 no. 00-13780) citing <u>Dale v. Bartels</u>, 732 F.2d 278, 284-85 (1984).

16. The defendant John Mewllo did not followed procedures for inventory for the property searched And seized from the BRT Self Storage unit SS-234 on old Newtown road, Danbury, CT After forcebly entering into private property which willfully deprived the plaintiff protection of his property Rights under both state and federal Law.

17. The plaintiff states there was no exigent circumstances for defendant Mark Trahalis Affiant

18 of 45

to justify the Traspassing and unreasonable search of the Unit SS-234 of the BRT SELF STORAGE facility located in old Newtown road, Danbury, CT on 10/27/00 when NO informants, undercover emerged from or into BRT SELF STORAGE facility; NO evidence Money emerged from the plaintiff during his brutal Arrest At Bradlees Parking lot on 10/27/00 located Approx. 500 yards from the BRT SELF STORAGE facility; the plaintiff was not present during the search of the Unit SS-234 of the BRT STORAGE facility; no type of Narcotics was found in plaintiff possession during the brutal Arrest At Bradlees Parking lot on 10/27/00 that could link him to Any Alleged Narcotic found in the BRT SELF STORAGE facility; NO informants nor undercover were present on 10/27/00 during plaintiff brutal Arrest At Bradlees Parking lot or when the search of the Unit SS-234 of the BRT SELF STORAGE facility took place to link the plaintiff of having controll, dominion, knowledge of Any Alleged Narcotics; And neither did defendant Mark Trohalis, Agents prior the plaintiff brutal Arrest At Bradlees Parking lot on 10/27/00 was there An undercover sale of any type to link Criminal Activity for unreasable searching of the Unit SS-234 of the BRT SELF STORAGE facility located in old Newtown road, Danbury, CT, see( Attached And Marked As Exhibit "B" herein) And warrantless Arrest Signed dated 10/28/00.

19 of 45

18. Even defendants R. Williams and John Menello exceeded scope of Affidavit and Application search and seizure warrant dated 10/26/00 NO. 00-13326 pages 1 of 6 thruw 5 of 6 when on 10/27/00 seized the plaintiff wallet and removing $400.00 dollars in U.S. currency because warrant issued dated 10/26/00 does not authorized nor described the seizure for the plaintiff's wallet or its contents in the wallet unconstitutionally wilfuly depriving the plaintiff property rights under Fourth Amend., Conn. Const. Article First § 7 and Fourteenth Amend U.S.C., Conn. Const. Article First § 20. see, (Attached and marked as Exhibit "A" herein issued Warrant dated 10/26/00 and Incident Report NO-0013779 Attached marked as Exhibit "C" herein the Amended Compl.)

19. Moreover, on 10/27/00 defendants R. Williams pulled the plaintiff out of the vehicle window driver side a Red Chevy to the pavement floor of the Bradlees parking lot facing down with the chest to the floor and defendants R. Williams sitting on the plaintiff back causing pain while defendants R. Halas held his gun to the right side/back of plaintiff head and defendant Sgt. Fisher crossing plaintiff legs with a hold to the pavement floor causing pain to plaintiff for brutaly use of excessive force to arrest the plaintiff when defendants did not discribed the plaintiff to be a threat nor a violent person prior arrest. see, (Attached marked