Exhibit "C" herein showing the plaintiff pulled from Vehicle in Statement or Affidavit) which brutal unreasonable Force used deprived the plaintiff Right under the fourth Amend. And violated Eighth Amend. Right when intentionally inflicted unjustifiable pain to the plaintiff by deliberately indifference.

20. The defendants Mark Trohalis, Agents presented false statements in the Danbury Police Dept. Incident Report NO-00-13779 page 1 of 2 lines 6 and 7 that "there was an Attempted to flee and escape," when in fact the plaintiff did not Attempted to flee nor he was ever charged with such offense to be submitted in the Danbury Police Dept. Incident Report no. 00-13779 with such Reckless and wanton disregard of the truth violating Conn. Gen. Stat. § 53-157 (b) see, (Attached marked as Exhibit "C" herein Danbury Police Dept Incident Rep. No. 00-13779) Citing NEW YORK Times Co V. SULLIVAN, 376 U.S. 254, 280, 84 S.Ct 710 (1964)

21. Furthermore, defendants Mark Trohalis, Agents presented in the Danbury Police Dept. Incident Report NO.00-13779 page 1 of 2 date 10/27/00 Statement that "Fernandez (Plaintiff) refused an ordered of out of the vehicle," which the plaintiff did not refused nor he was ever charged with such offense were Actual malice requirement of the defendants Mark Trohalis, Agents Knowing

21 of 45

of or should have known of the statement to be false or with reckless disregard of whether it was false or not. Causing the plaintiff to be brutally pulled from the vehicle A Red Chevy with such unreasonable force inflicting pain unconstitutionally wilfully depriving the plaintiff of both state and federal laws. see, (Attached marked as Exhibit "C" herein Incident Report. NO. 00-13779 page 1 of 2, date 10/27/00 showing the actual wanton and reckless statement).

22. On 10/27/00 when defendants R. Williams, R. Halas and Sgl. Fisher brutally use of unreasonable excessive force to arrest the plaintiff while at Bradlees Parking lot defendant R. William inventory search of the plaintiff pants pockets is invalid, which defendant John Mewllo previously placed $200.00 U.S. currency removed from the plaintiff as to be found [time 1802 of arrest] on the driver seat of the vehicle A Red Chevy CT. Reg. 709 NGN as motive for search to determine whether currency came from an alleged sale of Narcotic, depriving the plaintiff of property without due process and protection from unreasonable searches and seizures. see, (Attached marked as Exhibit "C" herein Incident Report. NO. 00-13779).

23. When defendants John Mewllo, Agents defendants Ramos, Nolan on 10/27/00 searched the Vehicle A Red Chevy CT. Reg. 709 NGN and failed to

Adequatly provide or produce a inventory search or catalogue of the items found in the trunck, compartments of the Red Chevy CT. Reg. 709 NGN vehicle the plaintiff was painfully pulled from and defendants Leblanc pickup truck and property where an invalid inventory search exist deprives the plaintiff of both state and federal law.

24. The defendants Mark Tsoltolis, Agents detained a person known as defendant Leblanc on 10/27/00 during plaintiff brutal unreasonable forced arrest at Bradlees parking lot. The defendant Leblanc who saw defendants Mark Tsoltolis, Detectives and officers running toward him seizing his freedom of movement through means intentionally applied, where defendant Leblanc during his detention by defendant M. Tsoltolis did not discarded any objects implicating the fourth Amend. Which defendant Mark Tsoltolis, Agents intrusion into the illegal seizure of the person Leblanc on 10/27/00 implicate the fourth Amend., however, when defendant Mark Tsoltolis, Agents detaine the defendant Leblanc and made him empty out his pockets an illegal search occured because such action constituted new unjustified invasion of privacy, when the person Leblanc was seized by defendant Mark Tsoltolis, Agents should have known of or knew of the squeezing, sliding and otherwise manipulating the contents of defendant Leblanc pocket, when knowing the pocket contained no weapon is

23 of 45

prohibited and the taken from defendant Leblanc of four bags in his possession which defendants Mark Trohalis, Agents believe to be part of a crime after intruding into the defendant Leblanc privacy clearly violates the Fourth Amendment which prohibits Police from seizing items of mere evidentiary value as the four bags in defendant Leblanc dominion and control, see (Attached and Marked as Exhibit "C" herein Incident Report No. 00-13779), Citing WARDEN V. HAYDEN, 387 U.S. 294, 310 (1967).

25. Defendants Mark Trohalis and John Merullo presented the Affidavit and Application search and seizure warrant dated 10/27/00 No. 00-13326 with untruthful reckless and devoids information in conspiracy with defendants T. Barcello who alleged to be an undercover and Defendant D. Stewart from Stamford Police Dept. schemed to defraud the issuing Judge in finding Probable Cause from Cassette Recording not identifiable to implicate the plaintiff in illegal activity, while defendants Mark Trohalis, T. Barcello and D. Stewart unlawfully tampered with private communications when knowing of or should have known that no authorization for a wiretap was made nor there was an authorized the use of a Stamford Police Department Cellular phone for wiretapping telephonic communication in

Danbury Areas and Misleading the issuing Judge in finding probable Cause is suit for civil damages and in fact its Criminal to Conduct a warrantless tap in violation of Conn. Gen. Stat. §§ 54-41 + 53A-187 to 53A-189, see, (Attached and marked as Exhibit "A" herein Affidavit and Application search and seizure Warrant dated 10/26/00 Case No. 00-13326), Wilfully unconstitutionally depriving the plaintiff of both State and federal laws.

26. Also, After the plaintiff had been brutally unreasonably Arrested, handcuffed and in police headquarters on Oct. 27, 2000 and defendants Mark Trohalis, John Mewllo, Agents forced their entrance tresspassing into the BRT SELF STORAGE facility unlocked the lock to Unit SS-234 to Allegedly execute the untruthful and devoid Affidavit and Application search and seizure Warrant dated 10/26/00 No. 00-13326 see, (Attached and marked as Exhibit "A" herein Affidavit and Application search and seizure Warrant dated 10/26/00) Then while the plaintiff in police headquarters defendants Mark Trohalis, John Mewllo, Agents with the Key that was inside of the Red Chevy glove Compartment Removed and taken went on 10/27/00 at Approx. 1845 hrs, into 46 Chestnut St. Ext. Apt. Danbury, CT 06810, leased by Mario Andino and girlfriend Raquel Fernandez were the plaintiff Ocacionally was Allowed to sleep

25 of 45

And kept belongings in a Rubber maid top-container next to a future couch or sofa bed in the living room where the defendants' John Mewllo, Agents unreasonably searched and seized property were expectation of privacy had been asserted, see, (Attached and marked as Exhibit "E" herein Incident Report No. 00-13781 date 10/27/00 page 1 of 1).

27. Moreover, the plaintiff had a subjective expectation of privacy in the Rubber maid toped container already asserted ownership by the lessee and occupant of resident Mario Audino where defendants John Mewllo, Agents invaded the plaintiff privacy in the Rubber maid topped container searched and illegally seizeds checks book and one box of checks of Luis Fernandez from 46 chestnut st. Ext. Apt #3, Danbury, CT 06810 depriving the plaintiff of guarantees protection of privacy and security of papers against unreasonable searches and seizures under the fourth Amendment and Conn. Const. Article 1 § 7 of secure papers and possessions from unreasonable searches and seizures, which Rubber maid topped container, checksbook or checks of luis Fernandez from 46 chestnut st. Ext Apt #3 Danbury, CT 06810 was not nearly described in the warrant dated 10/26/00 issued by a Judge. see, Attached and marked as Exhibit "F" herein Special In. Division No. 00-13781, date

26 of 45

10/27/00 evidence officer defendant J. Mentlo 292 showing After illegally searching and seizure of checkbook & 1 box of checks of Luis Fernand of 46 Chestnut St. Ext. Apt #3 Danbury, CT., Exhibit "E" herein Incident Report No. 00-13781 showing J. Mentllo defendant intrusion And Exhibit "G" Affidavit and Application search and seizure warrant dated 10/26/00 in page 5 of 6 not newly described to the issuing Judge) Citing MINCEY v. ARIZONA, 437 U.S. 385, 390 [98 S.Ct. 2408, 57 L.Ed. 2d 290] (1978)

28. Even if the plantiff only stayed as a overnight guest in the lessee and occupant MARIO ANDINO Apartment 46 Chestnut St. Ext. Apt #3, Danbury, CT. 06810, there is an objective expectation of privacy in dwelling because plantiff had a relationship with lessee and occupant MARIO ANDINO sister, occasionally ate and slept at dwelling, kept belongings there, and could stay when no residents were present.

29. Moreover, the plantiff Rubber-wood topped Container has an objective expectation of privacy even as an unlocked Container closed located in the living room next to the future-couch or sofa bed of lessee and occupant MARIO ANDINO Apartment is protected against government invasion of a person privacy. Which defendant John Mentllo

27 of 45

search of the unlocked container and seizure of its items are both unreasonable and not pursuant to the issued dated warrant 10/26/00 in page 5 of 6, see (Attached and marked as Exhibit "F" herein Danbury P. Dept. Special Investigation Division Report. date 10/27/00 Incident No. 00-13781) depriving the plaintiff of the fourth Amend U.S.C protection and Conn. Const. Article 1 § 7. Citing <u>Arkansas</u> v. <u>Sanders</u>, 442 U.S. 753, 757-58, 99 S.Ct. 2586, 61 L. Ed. 2d 235 (1979)

30. Also, when on Oct. 27, 2000, the defendants Mark Trohalis and John Merullo, Agents took the Key's to the Apartment of the lessee and Occupants Mario Andino and Raquel Fernandez located at 46 Chestnut St. Ext. 2nd floor Apt. #3 entered and gained access at approx. 1845 hrs, using the key for unlocking the Apartment without a "Knock and Announce", in violation of § 3109 were the unlatching a closed door unannounced intrusion is in violation of the statute, even with Arrest Warrants defendants Mark Trohalis and John Merullo, Agents failed to Announce identity and purpose and did not do so upon entering Apartment 46 Chestnut St. Ext. 2nd Floor, Apt #3 Danbury, CT 06810, where not even a reasonable suspicion that knocking and unannouncing would be dangerous, futile or destructive to the purpose of the investigation stated in the Incident Report No. 00-13781 or

28 of 45

presented to the issuing Judge, which common law Announcement Requirement under §3109 and NO exigent circumstances was presented to satisfied "evidence" would be destroyed failed to be provided in violation of statute. see, (Attached Marked As Exhibit "F" herein Incident Report NO. 00-13781 date 10/27/00 page 1 of 1).

31. Furthermore, ON OCT 27, 2000, After the defendants Mark Trohalis and John Merullo, Agents unannounced entrance and gained into 46 Chestnut St. Ext. 2d. Floor, Apt., Danbury, CT, while Already searching the Apartment the lessee And occupant MARIO Audino entered an encountered with defendants Mark Trohalis and John Merullo, displaying of weapons and threatning presence of Police officers And Narcotics Agents in his leased Apartment implying Compliance outweighting the lessee or Occupant MARIO Audino free will Against unreasonable government seizures of person and property. see, (Attached and Marked As Exhibit "F" herein Incident Report NO. 00-13781).

32. Defendants Mark Trohalis and John Merullo had NO probable Cause for An Application to search 46 Chestnut St. Ext. Apt #3, Danbury, CT when the totality of the circumstances was based on defendant John Merullo Wanton and Reckless surveillance which lead to the wrongful identification

29 of 45

33. of Occupants in the lease and were no illegal Activity in plain view was establish for Probable Cause.

34. Even, defendants Mark Trohalis and John Merullo, Subscribed and sworn Affidavit and Application search and seizure warrant No. 00-13326 page 1 of 6 thru page 5 of 6 for the second floor Apartment, 46 Chestnut St Ext., Danbury, CT is invalid because it fails to describe the particular Apartment Number subunit to be searched with sufficient definiteness to preclude a search of one or more subunits indiscriminately. see, (Attached and marked as Exhibit "G" herein pages 1 of 6 And 5 of 6 No. 00-13326) which information was not disclosed to the issuing Magistrate).

35. Also, if defendants Mark Trohalis and John Merullo, did checked through southern New England Telephone security number 778-1349 listed to "R. Fernandez of 46 Chestnut St. 2nd floor, Danbury, CT", then they should have inquired as to the name of the tenant occupying 46 Chestnut St., 2nd floor, Danbury, CT and they should have/had conducted further checks with either the gas and electric company or the Police Dept., in order to accurately ascertain the Apartment Number and the name of the Occupant for the Apartment to be searched and

Apartment unconstitutionally wilfully depriving the plaintiff of protection from unreasonable searches and seizures both under state and federal laws. see, (Attached and marked as Exhibit "G" herein page 3b of 6 showing issued Judge signed date 10/27/00).

38. Also, defendant Mark Trohalis stated in the Incident Report No. 00-13781 dated 10/27/00, page 1 of 1 signed by defendant Mark Trohalis, Affiant on 10/30/00 that "One check box and box of checks for the person of Luis Fernandez of 46 Chestnut St. Ext. Apart. #3 as property found during the search of Apartment 46 Chestnut St. Ext. 2nd Floor, Danbury, CT," and defendant John Menillo who was designated as the evidence officer at this time commence 1845 has time secured 19005 Alleged in the Completion of the Flow chart of Item seized and locations seized from indicates that "Item #2 check book and 1 box of checks of Luis Fernandez of 46 Chestnut St. Ext. Apt. #3, Danbury, CT in a large blue topped A wine container located in the livingroom was seized on Oct. 27, 2000," both defendants Mark Trohalis and J. Menillo failed to provide a petition for forfeiture of property in Drug Cases Public Act 89-269; C.G.S. § 54-36h Supplyed to the plaintiff depriving the plaintiff of fourth Amend and due process procedures for Claiming property seized without warrant.

32 of 45

39. Defendant John Mewllo on Oct. 27, 2000 during the completion of the flow chart of Item seized and location seized from dated 10/27/00 exceeded scope of the WARRANT issued when sezing the plaintiff checks book and 1 box of checks inside the large blue topped A wene container closed, located in the living room of second floor 46 chestnut St. Ext Apt. #3, Danbury, CT because the issued WARRANT only Authorized the seizure for "Cocaine, white powdered substances, Cutting Agents of narcotics, grinders, Packaging Materials, Weighing scales, strainers, U.S. Currency, All financial records, Safes, documentation of Residence record of identification, Records of drug transactions, telephone pagers, and Police scanners;" No large blue topped container closed was Authorized to be opend or searched and to seized its inside belonging items such as the plaintiff checks book and 1 box of checks which items taken not in plain view, depriving the plaintiff of Fourth Amend. protections And Conn. Const. Article 1 §7 protection Against unreasonable searches and seizures. See, (Attached Marked as Exhibit "F" herein Completion of flow chart by defendant John Mewllo and Exhibit "G" page 5 of 6 and 1 of 6 issued WARRANT).

40. The plaintiff states, defendants MARK Trohalis And John Mewllo, Agents were required to comply with Rule 41 Fed. R. Crim. P. And failed because the WARRANT issued was obtained by State officers executed by State officers intentionaly violating

33 of 45

Rule 41(d) by refusing to provide a copy of the search warrant for the apartment second floor 46 Chestnut St. Ext., Danbury, CT at outset of search, but rather left warrant with lessee and occupant Mario Audino at the apartment after the plaintiff was arrested, placed in custody and the search concluded at 19005 hrs. having during this time the plaintiff at the police Headquarters. See (Attached and marked as Exhibit "E" herein the warrant left with lessee and occupant Mario Audino and Exhibit "C" herein the plaintiff at the police Headquarters).

41. Even, anticipatory warrant is invalid because defendants Mark Trohalis and John Merullo, agents did no provided information or showing of a narcotic being brought into the lessee and occupants Mario Audino and Miquel Fernandez apartment second floor, 46 Chestnut St. Ext., Apt #3, Danbury, CT by the plaintiff nor did defendants Mark Trohalis or John Merullo, agents had essential facts constituting a possession of narcotics in the apartment residence. Unconstitutionally wilfully depriving the plaintiff of both state and federal laws.

42. Moreover, the plaintiff states the warrant allegedly issued for the second floor, 46 Chestnut St. Ext., Danbury, CT is invalid because supporting affidavits of defendants Mark Trohalis and John Merullo are devoid of any basis from which the issuing magistrate

34 of 45

could infer that evidence of drug activity would be found at apartment second floor, 46 chestnut St. Ext. Apt. #3 Danbury, CT were the plaintiff was allowed to eat, sleep and kept some belongings especially since Affidavits by MARK Tsahalos and John Merullo provided no information as to proximity of Alleged Narcotics sales if any to the Apartment residence, see, (Attached and Marked as Exhibit "G" herein Affidavit and Application search and seizure Warrant by defendants Mark Tsahalos and John Merullo) depriving the plaintiff of rights guaranteed under fourth and 14 teen. Amend. U.S.C.

43. Furthermore, during the Alleged incident Report No. 00-13779 on Oct. 27, 2000 when defendant R. Williams pulled the plaintiff out of the vehicle window driver side of a red chevy to the pavement floor of Bradlees Parking lot facing down with the chest to the floor and sat on plaintiff back causing pain while defendants R. Halas held his Gun to the right side/back of plaintiff head and defendant Sgt. Fisher crossing plaintiff legs with a hold to the pavement floor causing pain while the brutal unreasonable use of excessive force use to arrest the plaintiff was watched by defendants Luis Ramos, Nolan, Agent without interfering participated in Conspiracy to deprive the plaintiff of equal protection of laws and willfully inflict pain by deliberate indifference in violation of fourteenth Amend., Eighth to the U.S.C., 42 U.S.C. §§

35 of 45

1985, 1986 And fourth Amend U.S.C.

44. The defendants Robert Paquette and Dean M. Esserman as Chief of Police failed to intervene while knowing of or should have known of subordinates fabrication of evidence obstructing the course of Justice in arresting the plaintiff without probable cause renders them culpable under § 1983.

45. Moreover, defendant Dean M. Esserman while knowing of or should have known of defendants D. Stewart And T. Bancello malicious intent to vex and trouble the plaintiff in conspiracy with defendants Mark Trohalis, John Mewllo, Mark Scocoza, And Sgt. Fisher to arrest without probable cause and illegal use of wiretap not authorized and fabricating evidence obstructing the course of Justice to willfully deprive the plaintiff of both State and Federal Laws renders defendant Dean M. Esserman culpable under § 1983.

46. Even, defendant D. Stewart who knew of or should have known of defendants T. Bancello, Mark Trohalis, John Mewllo, Mark Scocoza and Sgt. Fisher malicious intent to arrest the plaintiff by fabricating evidence obstructing the course of Justice to vex and trouble the plaintiff in an arrest without probable cause, illegal

wire tap and providing insufficent Affidavits in Conspiracy to interfere with plaintiff enjoyment of Fourth, Conn. Const. Article 1 § 7 Rights protection in violation of 18 U.S.C. § 241, 242 and culpable under § 1983.

47. Furthermore, defendants MARK Trohalis and John Mewllo malicious intent to vex and trouble the plaintiff in an Arrest without probable Cause, fabricating evidence and illegal wire tap in conspiracy with T. Barcello, D. Stewart, Sgt. Fisher, MARK SCOCOZA wilfully deprived the plaintiff of both State and federal laws.

48. The defendant Patric Carroll issuing Judge for the Warrants No. 00-13326 served as a rubber stamp for the defendants MARK Trohalis and John Mewllo Arrest of the plaintiff on 10/27/00 without probable cause. see (Attached and marked as Exhibit "A" herein and Exhibit "G" herein showing Warrants issued by defendant Patric Carroll).

49. Even, defendant Patric Carroll while knowing of or should have know of the plaintiff Arrest on 10/27/00 were he served as a rubber stamp for the defendants MARK Trohalis and John Mewllo when issuing for Warrant Application on 10/27/00 and obstructed justice when fraudulently dated the Warrants to be 10/26/00 in conspiracy with defendants interference of plaintiff

37 of 45

50. Enjoyment and privileges secured under state and federal laws.

60. Also, defendants Mark Trohalis and John Merullo suspicions to serveillance the plaintiff and alleged illegal activity in the Danbury Areas is ANONYMOS NOR was there predictive information of Criminal Activity only that the plaintiff was in probation which a photograph shown to defendant Barcello to identify the plaintiff which defendants Mark Trohalis and John Merullo racially Pro-filed the plaintiff for being one Hispanic MAN in probation without reasonable suspicion depriving the plaintiff of equal protection of law and fourth Amendment. see, (Attached marked as Exhibit "A" herein and Exhibit "G" herein warrants NO. 00-13326 Affidavit and Application search and seizure) Citing U.S. V. Roberson, 90 F.3d 75, 79 (1996)

61. Furthermore, defendants Mark Trohalis and John Merullo, belief regarding need for a warrant or a warrantless Arrest in connection with the plaintiff Arrest on 10/27/00 was not based on specific or articulable facts.

62. At all times material herein, the Acts and Omissions of defendants were undertaken with deliberate intention to cause plaintiff to suffer

38 of 45