

| AFFIDAVIT AND APPLICATION | STATE OF CONNECTICUT | |
|---|---|---|
| SEARCH AND SEIZURE WARRANT | SUPERIOR COURT | Page 1 Of 6 |
| JD-CR-61 Rev. 9-93 | Form JD-CR-52 must also be completed | |
| C.G.S. § 54-33a, 54-33c, 54-33j | | 00-13326 |

**INSTRUCTIONS TO APPLICANT**
File a copy of the application for the warrant and all affidavits upon which the warrant is based, in a sealed envelope, with the clerk of the court for the geographical area within which the search will be conducted no later than the next business day following the issuance of the warrant. Indicate the police department case number and date of issuance on the front of the sealed envelope.

**INSTRUCTIONS TO G.A. CLERK**
1. Prior to the execution and return of the warrant, do not disclose any information pertaining to the application for the warrant or any affidavits upon which the warrant is based.
2. Upon execution and return of the warrant, affidavits which are the subject of an order dispensing with the requirement of giving a copy to the owner, occupant or person within forty-eight hours shall remain in the custody of the clerk's office in a secure location apart from the remainder of the court file.

**TO: A Judge of the Superior Court:**

The undersigned, being duly sworn, complains on oath that the undersigned has probable cause to believe that certain property, to wit:

Cocaine, white powdered substances, cutting agents for narcotics, grinders, packaging materials, weighing scales, strainers, U.S. currency, all financial records, safes, documentation of residence, records of identification, records of drug transactions, telephone pagers, and police scanners.

[X] is possessed, controlled, designed or intended for use of which is or has been or may be used as the means of committing the criminal offense of:
Possession of Narcotics 21a-279(a)
Possession of Narcotics With Intent to Sell 21a-278(b)

[ ] was stolen or embezzled from:

[X] constitutes evidence of the following offense or that a particular person participated in the commission of the offense of:
Possession of Narcotics 21a-279(a)
Possession of Narcotics With Intent to Sell 21a-278(b)

[ ] is in the possession, custody or control of a journalist or news organization, to wit:

[ ] and such person or organization has committed or is committing the following offense which is related to such property:

[ ] and such property constitutes contraband or an instrumentality of the criminal offense of:

And is within or upon a certain person, place, or thing, to wit:
**PERSON**

**PLACE OR THING**

Unit SS-234 of the BRT Self Storage facility which is located on Old Newtown Rd., Danbury Connecticut. The BRT Self Storage is located directly behind the Route 6 Plaza and across the street from Risdon Manufactoring Corporation. BRT Self Storage is surrounded by a tall chain link fence with barbed wire on top. The BRT Self Storage has a large orange sign at the entrance identifying the location, BRT Self Storage is a white building with large orange doors for the storage units.

00-13326

And that the facts establishing the grounds for issuing a Search and Seizure Warrant are the following:

1. The affiant, Detective Mark Trohalis, is a regular member of the Danbury Police Department and has been a member since January 5, 1987. At all times mentioned herein he was acting as a member of said department. That the affiant is currently assigned to the Special Investigation Division of said department. That the Special Investigation Division has the primary responsibility of investigating illegal narcotic trafficking within Danbury Connecticut. That the affiant has participated in numerous drug trafficking investigations which have resulted in arrests and convictions and the seizure of narcotics. That the affiant has participated in numerous other types of criminal investigations such as Murder, Burglary, Assault, Sexual assault and Larceny which has resulted in arrests and convictions.

2. That the affiant, Detective John Merullo, is a member of the Danbury Police Department and has been so for a total thirty two and one half years. The affiant is presently assigned to the Special Investigation Division of said Department, whose primary responsibility is narcotic investigation. That affiant has worked in an undercover capacity and the affiant has participated in numerous drug trafficking investigations which have resulted in the seizure of narcotics and the arrests and convictions for those involved. That the affiant has participated in numerous other types of criminal investigation such as Murder, Burglary, Assault, Sexual assault and Larceny which has resulted in arrests and convictions.



3. That on January 7, 2000, the affiant along with other members of the Special Investigation Division executed search and seizure warrants after a lengthy investigation into cocaine sales from two individuals identified as Angel Ramirez, date of birth 04/17/77 also known as Sandy and Luis Fernandez, date of birth 07/22/76 also known as Alex. During the execution of the warrants approximately 30 ounces of cocaine, a semiautomatic handgun and over $6,000 was seized from an apartment located at 128 Osborne St., Danbury. That both Ramirez, the target of the investigation and Fernandez were convicted of narcotic trafficking charges. Luis Fernandez received a eight year suspended jail term and four years of Probation.

That on October 13, 2000 the affiant along with other members of the Special Investigation Division and acting with members of the Stamford Police Department conducted a undercover investigation. That during this investigation Officer Barcello of the Stamford Police Department was to act as an undercover officer. That Officer Barcello was given $100 of Danbury police evidence money to make a controlled purchase of cocaine from an individual who goes by the

The undersigned ("X" one)   X   has not presented this application in any other court or to any other judge.

___ has presented this application in another court or to another judge (specify)

The undersigned has not presented this application in any other court or to any other judge.

This application consists of this form plus _____ pages attached hereto and made a part hereof.

Wherefore the undersigned requests that a warrant may issue commanding a proper officer to search said person or to enter into or upon said place or thing, search the same, and take into custody all such property.

STATE OF CONNECTICUT

| | CITY/TOWN | DATE | SIGNATURE AND TITLE OF AFFIANT |
|---|---|---|---|
| | Danbury | 10/26/00 | Mark Trohalis |
| | Danbury | 10/26/00 | John Merullo |
| JURAT | Subscribed and sworn to before me on: | DATE 10-26-00 | SIGNED Judge of the Superior Court |

00-13326

4. **PARAGRAPH 4 CONTINUED...**
street name Alex. Alex was previously identified as Luis Fernandez, date of birth 07/22/76 and prior to the undercover drug purchase Officer Barcello was shown a Danbury Police Photograph of Fernandez. That Officer Barcello was also equipped with a body wire transmitter to record the incident and for the safety of the Officer.



5. That on October 13, 2000 Officer Barcello paged telephone pager number 289-3644, a short time later Officer Barcello received a return call from telephone number 730-8865, The male caller instructed the Officer to meet at the McDonalds restaurant located at exit 4 for something to eat in 10 to 15 minutes. It is common for drug traffickers to talk in a code or language that does not mention drugs or prices to avoid detection by Law Enforcement Officers. That Officer Barcello then went directly to the McDonalds restaurant located on Lake Ave. Extension, Danbury, while under surveillance and parked in the parking lot. A short time later a white Honda Civic, bearing Connecticut registration 998PLC arrived in the parking lot and stopped adjacent to Officer Barcello's vehicle. Officer Barcello approached the white Honda Civic and spoke with the operator. Officer Barcello recognized the operator of the vehicle as Luis Fernandez from the photograph shown to him prior to the meeting. Officer Barcello asked for two, meaning two packages of cocaine. That Officer Barcello then handed Fernandez $100 of Danbury Police evidence monies and Fernandez then handed Officer Barcello two small clear plastic bags which contained white powder. Fernandez then drove away and officer Barcello returned directly to the Danbury Police Department.

The undersigned has not presented this application in any other court or to any other judge.

This application consists of this form plus _____ pages attached hereto and made a part hereof.

Wherefore the undersigned requests that a warrant may issue commanding a proper officer to search said person or to enter into or upon said place or thing, search the same, and take into custody all such property.

STATE OF CONNECTICUT

| CITY/TOWN | DATE | SIGNATURE AND TITLE OF AFFIANT |
|---|---|---|
| Danbury | 10/26/00 | Mark Trohalis |
| Danbury | 10/26/00 | John Merullo |
| JURAT Subscribed and sworn to before me on: | DATE 10-26-00 | SIGNED (Judge of the Superior Court) |

00-13326

6. That after the undercover drug purchase described within the two previous paragraphs Officer Barcello turned the suspected cocaine over to the affiant. The affiant then turned the evidence over to Officer Mark Scocozza. Officer Scocozza conducted a field test on said substance and obtained a positive reaction for cocaine. That the evidence was then package and will be sent to the State Toxicology Lab for further analysis. The cassette recording of the incident was also secure as evidence at this time.

7. That a registration check of the Honda Civic motor vehicle bearing Connecticut registration 998PLC, which was used as described within paragraph 5 of this affidavit was checked with the Connecticut Department of Motor Vehicles. The registered owner is listed as Luis Fernandez, date of birth 07/22/76, of 128 Osborne St., Danbury, Connecticut.

8. That on October 17, 2000 Officer Barcello was to again act as a undercover officer for the Danbury Police Department. That officer Barcello paged telephone pager number 289-3644, a short time later Officer Barcello received a return call from an individual, whom the Officer recognized by voice, to be that of Luis Fernandez. Fernandez instructed the Officer to meet at the parking lot of Service Merchandise Department Store. That Officer Barcello then went directly to the Service Merchandise Store which is located on Newtown Rd, Danbury while under surveillance and parked in the parking lot. A short time later a white Honda Civic, bearing Connecticut registration 998PLC arrived in the parking lot and stopped adjacent to Officer Barcello's vehicle. Officer Barcello approached the white Honda Civic and spoke with the operator. Officer Barcello recognized the operator of the vehicle as Luis Fernandez from the photograph shown to him prior to the meeting, also in Fernandez's vehicle was a Hispanic female described as having long wavy hair and approximately mid to late 20's in age. Officer Barcello asked for two, meaning two packages of cocaine. That Officer Barcello then handed Fernandez $100 of Danbury Police evidence monies and Fernandez then handed Officer PARAGRAPH 8 CONTINUED...

The undersigned has not presented this application in any other court or to any other judge.

This application consists of this form plus _____ pages attached hereto and made a part hereof.

Wherefore the undersigned requests that a warrant may issue commanding a proper officer to search said person or to enter into or upon said place or thing, search the same, and take into custody all such property.

STATE OF CONNECTICUT

| | CITY/TOWN | DATE | SIGNATURE AND TITLE OF AFFIANT |
|---|---|---|---|
| | Danbury | 10/26/00 | Mark Trohalis |
| | Danbury | 10/26/00 | John Merullo |
| JURAT | Subscribed and sworn to before me on: | DATE 10-26-00 | SIGNED (Judge of the Superior Court) |



8. **PARAGRAPH 8 CONTINUED**
Barcello two small clear plastic bags which contained white powder directly in front of the female. That the Officer and Fernandez spoke openly in front of the female about codes for pages and times when the Officer should call Fernandez to make purchases of cocaine. Fernandez then drove away and officer Barcello returned directly to the Danbury Police Department.

9. That after the undercover drug purchase described within the previous paragraph surveillance was maintained on Fernandez as he left the meeting location and returned directly to 46 Chestnut St. Extension and parked in the driveway.

10. That after the undercover drug purchase described within the previous paragraphs Officer Barcello turned the suspected cocaine over to the affiant. The affiant then turned the evidence over to Officer Mark Scocozza. Officer Scocozza conducted a field test on said substance and obtained a positive reaction for cocaine. That the evidence was then package and will be sent to the State Toxicology Lab for further analysis. The cassette recording of the incident was also secure as evidence at this time.

11. That on Friday October 20, 2000, during the morning hours, members of the Special Investigation Division conducted surveillance of 46 Chestnut St. Extension, Danbury Connecticut. During the surveillance Luis Fernandez was observed to exit the multiple family house at this location with a light skinned Hispanic female with long hair. Both entered the white Honda Civic bearing Connecticut registration 998PLC and traveled the city streets to different locations. Fernandez dropped the female off on Main St. in Danbury and Fernandez was then followed as he went directly to the BRT self storage facility located on Old Newtown
PARAGRAPH 11 CONTINUED...

The undersigned has not presented this application in any other court or to any other judge.
This application consists of this form plus _____ pages attached hereto and made a part hereof.
Wherefore the undersigned requests that a warrant may issue commanding a proper officer to search said person or to enter into or upon said place or thing, search the same, and take into custody all such property.
STATE OF CONNECTICUT

| CITY/TOWN | DATE | SIGNATURE AND TITLE OF AFFIANT |
|---|---|---|
| Danbury | 10/26/00 | Mark Trohalis |
| Danbury | 10/26/00 | John Merullo |
| JURAT  Subscribed and sworn to before me on: | DATE 10-26-00 | SIGNED Judge of the Superior Court |

00-13326

11. PARAGRAPH 11 CONTINUED...
   Rd., Danbury. Fernandez was observed to park on the back side of the storage area and enter a storage container. Fernandez stayed for a short time in the storage area and then was under surveillance as he returned to 46 Chestnut St. Extension, Danbury, park and enter the house at that location.

12. That on October 20, 2000 Officer Barcello was to again act as a undercover officer for the Danbury Police Department. That officer Barcello paged telephone pager number 289-3644, a short time later Officer Barcello received a return call from an individual the Officer recognized the voice to be that of Luis Fernandez. Fernandez instructed the Officer to meet at the parking lot of Service Merchandise Department Store. That Officer Barcello then went directly to the Service Merchandise Store which is located on Newtown Rd, Danbury while under surveillance and park in the parking lot. That surveillance was established on the house located at 46 Chestnut St. Extension where the white Honda Civic, bearing Connecticut registration 998PLC was parked. Soon after Officer Barcello received instruction to go to the Service Merchandise Store Luis Fernandez was observed to exit 46 Chestnut St. Extension, get into the white Honda Civic and travel directly to the Service Merchandise parking lot and meet with Officer Barcello, this was at approximately 1500 hours. Officer Barcello approached the white Honda Civic and spoke with the operator. Officer Barcello recognized the operator of the vehicle as Luis Fernandez from the photograph shown to him prior in the investigation. Officer Barcello told Fernandez that he only had $60 and then handed it to Fernandez. Fernandez then handed Officer Barcello one clear plastic bag which contained a white powder. Fernandez then gave the Officer $8 in change and told the Officer he would be around later if the Officer need anything later. Fernandez then drove from the parking lot and was under constant surveillance as he returned to 46 Chestnut St. Extension. Officer Barcello returned to the Danbury Police Department where he turned the suspected cocaine over to the affiant.

The undersigned has not presented this application in any other court or to any other judge.
This application consists of this form plus _____ pages attached hereto and made a part hereof.
Wherefore the undersigned requests that a warrant may issue commanding a proper officer to search said person or to enter into or upon said place or thing, search the same, and take into custody all such property.
STATE OF CONNECTICUT

| CITY/TOWN | DATE | SIGNATURE AND TITLE OF AFFIANT |
|---|---|---|
| Danbury | 10/26/00 | Mark Trohalis |
| Danbury | 10/26/00 | John Merullo |
| JURAT Subscribed and sworn to before me on: | DATE 10-26-00 | SIGNED Judge of the Superior Court |

00-13326

13. That after the undercover drug purchase described within the previous paragraph Officer Barcello turned the suspected cocaine over to the affiant. The affiant then turned the evidence over to Officer Mark Scocozza. Officer Scocozza conducted a field test on said substance and obtained a positive reaction for cocaine. That the evidence was then package and will be sent to the State Toxicology Lab for further analysis.

14. That on October 20, 2000 at approximately 1700 hours Officer Barcello was to again act as a undercover officer for the Danbury Police Department. That officer Barcello paged telephone pager number 289-3644, a short time later Officer Barcello received a return call from telephone number 778-1349, the Officer recognized the voice to be that of Luis Fernandez. Fernandez instructed the Officer to meet at the parking lot of Bradlees Department Store. That Officer Barcello then went directly to the Bradlees Department Store which is located on Newtown Rd, Danbury while under surveillance and park in the parking lot. That surveillance was maintained after the undercover purchase of cocaine described in paragraph 12 within this affidavit on the house located at 46 Chestnut St. Extension where the white Honda Civic, bearing Connecticut registration 998PLC was parked. Soon after Officer Barcello received instruction to go to the Bradlees Department Store Luis Fernandez was observed to exit 46 Chestnut St. Extension with the same Hispanic female described in paragraphs 8 and 11 within this affidavit. Both Fernandez and the female entered the white Honda Civic and travel directly to the Bradlees parking lot and meet with Officer Barcello. Officer Barcello approached the white Honda Civic and spoke with the operator. Officer Barcello recognized the operator of the vehicle as Luis Fernandez from the photograph shown to him prior in the investigation. Officer Barcello told Fernandez that he had $200, Officer Barcello gave the money to Fernandez and Fernandez then handed Officer Barcello five clear plastic bags which contained a white powder. That Officer Barcello stated the transaction took place in front of the Hispanic female. Fernandez then drove from the parking lot as Officer Barcello returned to the Danbury Police Department where he turned the suspected cocaine over to the affiant.

---

The undersigned has not presented this application in any other court or to any other judge.

This application consists of this form plus _____ pages attached hereto and made a part hereof.

Wherefore the undersigned requests that a warrant may issue commanding a proper officer to search said person or to enter into or upon said place or thing, search the same, and take into custody all such property.

STATE OF CONNECTICUT

| CITY/TOWN | DATE | SIGNATURE AND TITLE OF AFFIANT |
|---|---|---|
| Danbury | 10/26/00 | Mark Trohalis |
| Danbury | 10/26/00 | John Merullo |
| JURAT Subscribed and sworn to before me on: | DATE 10-26-00 | SIGNED Judge of the Superior Court |

00-13326

15. That after the undercover drug purchase described within the previous paragraph Officer Barcello turned the suspected cocaine over to the affiant. The affiant then turned the evidence over to Officer Mark Scocozza. Officer Scocozza conducted a field test on said substance and obtained a positive reaction for cocaine. That the evidence was then package and will be sent to the State Toxicology Lab for further analysis.

16. That the cassette recordings to the undercover drug purchases described within paragraphs 12 and 14 were packaged and held as evidence.

17. That the telephone number 778-1349, which was used by Luis Fernandez to contact Officer Barcello to arrange the sale of cocaine as described within paragraph 14 was checked through Southern New England Telephone security. Southern New England Telephone lists this telephone to R. Fernandez of 46 Chestnut St., 2nd floor, Danbury Connecticut.

18. That the affiants have conducted surveillance's of 46 Chestnut St. Extension at all times of the day, night and early morning hours and have observed the white Honda Civic bearing Connecticut registration 998PLC parked in the driveway to said location

19. That the affiant Merullo, Thursday October 26, 2000 conducted a surveillance of 46 Chestnut St. Extension and followed Luis Fernandez as he left his house and drove directly to the BRT Self Storage Facility located on Old Newtown rd, Danbury. The affiant Merullo observed Fernandez enter said location and go to and enter a storage garage at said location. Fernandez stayed for a short time and then returned directly to 46 Chestnut St. Extension and enter said location.

The undersigned has not presented this application in any other court or to any other judge.

This application consists of this form plus _____ pages attached hereto and made a part hereof.

Wherefore the undersigned requests that a warrant may issue commanding a proper officer to search said person or to enter into or upon said place or thing, search the same, and take into custody all such property.

STATE OF CONNECTICUT

| CITY/TOWN | DATE | SIGNATURE AND TITLE OF AFFIANT |
|---|---|---|
| Danbury | 10/26/00 | Mark Trohalis |
| Danbury | 10/26/00 | John Merullo |
| JURAT — Subscribed and sworn to before me on: | DATE 10-26-00 | SIGNED (Judge of the Superior Court) |

20. That the affiants received assistance from the United States Drug Enforcement Agency (DEA) during the investigation. With Information provided by the affiants, the DEA was able to Subpoena the records of the BRT Self Storage Storage Facility located on Old Newtown Rd. Danbury, Connecticut. The Storage facility is located directly behind the Route 6 Plaza and across from the Risdon Corporation on Old Newtown Rd. These records provided information that Luis Fernandez, currently leases unit SS-234 of said facility and has done so since March 26, 2000. That these records additionally show that unit SS-234 has been entered 85 times from September 6, 2000 to October 24, 2000 and during that time was entered every day except four days.

21. That the affiants based on their training and experience have found narcotic traffickers utilize locations away from their residences to store narcotics. The purpose of the utilizing safe locations away from their residences is to avoid arrests in case of search warrants at their homes and to avoid theft from rival drug traffickers. The affiants have additionally found that drug traffickers that have been previously arrested from search warrants at their homes commonly avoid keeping records, money and narcotics at their residences to avoid arrests. That these safe locations are commonly called safe houses and that the affiants have participated in numerous drug trafficking investigations in which drug traffickers utilized them and that narcotics, money,and drug trafficking records have been seized at these locations which have resulted in arrests and convictions.

22. That the affiants believe that based on the facts and circumstances contained within this affidavit that probable cause exists that Luis Fernandez, date of birth 07/22/76, is currently selling cocaine within the city of Danbury Connecticut and utilizing unit SS-234 of the BRT Self Storage Facility located on Newtown rd, Danbury Connecticut as a safe location to store cocaine and other narcotic trafficking proceeds and records, in violation of Connecticut General statutes 21a-279(a) the possession of narcotics and 21a-278(b) the possession of narcotics with intent to sell.

The undersigned has not presented this application in any other court or to any other judge.

This application consists of this form plus ______ pages attached hereto and made a part hereof.

Wherefore the undersigned requests that a warrant may issue commanding a proper officer to search said person or to enter into or upon said place or thing, search the same, and take into custody all such property.

STATE OF CONNECTICUT

| CITY/TOWN | DATE | SIGNATURE AND TITLE OF AFFIANT |
|---|---|---|
| Danbury | 10/26/00 | Mark Trohalis [signature] |
| Danbury | 10/26/00 | John Merullo [signature] |
| JURAT Subscribed and sworn | DATE 10-26-00 | SIGNED (Judge of the Superior Court) [signature] |

**AFFIDAVIT REQUESTING DISPENSATION**
**WITH REQUIREMENT OF DELIVERY**
pursuant to § 54-33c, Connecticut General Statutes

Page 4 Of 6

TO: A Judge of the Superior Court

00-13326

For the reasons set forth below, the undersigned, being duly sworn, requests that the judge dispense with the requirement of C.G.S. § 54-33c that a copy of the affidavit(s) in support of the warrant be given to the owner, occupant or person named therein within forty-eight hours:

___ The personal safety of a confidential informant would be jeopardized by the giving of a copy of the affidavits at such time;

_X_ The search is part of a continuing investigation which would be adversely affected by the giving of a copy of the affidavits at such time;

___ The giving of such affidavits at such time would require disclosure of information or material prohibited from being disclosed by chapter 959a of the general statutes;

and the specific details with regard to such reasons are as follows:

That the affidavit in support of the search and seizure warrant has been reviewed by a Judge of the Danbury Superior Court who has / ~~has not~~ found probable cause for the issuance of this affidavit and has / ~~has not~~ found that to deliver a copy of this affidavit to the owner, occupant, or person named herein, would jeopardize the personal safety of the person or informant named within this affidavit, and in addition, reveal the methods of the investigation that could jeopardize any future investigation related to this target.

The undersigned further requests that this affidavit also be included in such nondelivery.

STATE OF CONNECTICUT

| CITY/TOWN | DATE | SIGNATURE AND TITLE OF AFFIANT |
|---|---|---|
| Danbury | 10/26/00 | Mark Trohalis [signature] |
| Danbury | 10/26/00 | John Merullo [signature] |

JURAT — Subscribed and sworn to before me on: DATE 10-26-00

SIGNED (Judge of the Superior Court) [signature]

SEARCH AND SEIZURE WARRANT
Case 3:01-cv-01967-ABA    Document 20-3    Filed 11/18/2004    Page 12 of 20
STATE OF CONNECTICUT
SUPERIOR COURT
00-13326
Page 5 Of 6

The foregoing Affidavit and Application for Search and Seizure Warrant having been presented to and been considered by the undersigned, a Judge of the Superior Court, the undersigned (a) is satisfied therefrom that grounds exist for said application, and (b) finds that said affidavit establishes grounds and probable cause for the undersigned to issue this Search and Seizure Warrant, such probable cause being the following: From said affidavit, the undersigned finds that there is probable cause for the undersigned to believe that the property described in the foregoing affidavit and application is within or upon the person, if any, named or described in the foregoing affidavit and application, or the place or thing, if any, described in the foregoing affidavit and application, under the conditions and circumstances set forth in the foregoing affidavit and application and that, therefore, a Search and Seizure Warrant should issue for said property.

NOW THEREFORE, by Authority of the State of Connecticut, I hereby command any Police Officer or a regularly organized police department, any State Policeman; or any conservation officer, special conservation officer or patrolman acting pursuant to C.G.S. § 26-6 to whom these presents shall come within ten days after the date of this warrant to

___ enter into or upon and search the place or thing described in the foregoing affidavit and application, to wit:

Unit SS-234 of the BRT Self Storage facility which is located on Old Newtown Rd., Danbury Connecticut. The BRT Self Storage is located directly behind the Route 6 Plaza and across the street from Risdon Manufactoring Corporation. BRT Self Storage is surrounded by a tall chain link fence with barbed wire on top. The BRT Self Storage has a large orange sign at the entrance identifying the location. BRT Self Storage is a white building with large orange doors for the storage units.

___ search the person described in the foregoing affidavit and application, to wit:

X___ for the property described in the foregoing affidavit and application, to wit:

Cocaine, white powdered substances, cutting agents for narcotics, grinders, packaging materials, weighing scales, strainers, U.S. currency, all financial records, safes, documentation of residence, records of identification, records of drug transactions, telephone pagers, and police scanners.

and upon finding said property to seize the same, take and keep it in custody until the further order of the court, and with reasonable promptness make due return of this warrant accompanied by a written inventory of all property seized.

___ The foregoing requests that the judge dispense with the requirement of C.G.S. § 54-33c that a copy of the affidavit(s) in support of the warrant be given to the owner, occupant or person named therein and that the affidavit in support of such request also be included in such nondelivery is hereby:

✓ GRANTED for a period of   NOT TO EXCEED 2 WEEKS BEYOND DATE WARRANT IS EXECUTED   Two Weeks

This order, or any extension thereof, dispensing with said requirement shall not limit disclosure of such affidavits to the attorney for a person arrested in connection with or subsequent to the execution of the search warrant unless, upon motion of the prosecuting authority within two weeks of such arraignment the court finds that the state's interest in continuing nondisclosure substantially outweighs the defendant's right to disclosure.

___ DENIED

Signed at Danbury Connecticut, on: DATE 10-26-00   SIGNED (Judge of the Superior Court) [signature]



Ex. B

# ARRAIGNMENT REPORT AND AFFIDAVIT
## Warrantless Arrest



**JUDICIAL DISTRICT OF** DANBURY

The undersigned, an officer of the _____ **Danbury Police Department** _____ having been duly sworn, deposes and says: That I am the officer who prepared this police report consisting of __1__ pages.

That the information contained therein was secured as a result of: (1) my personal observation and knowledge; or, (2) information relayed to me by other members of my police department or of another organized police department; or, (3) information secured by myself or another member of an organized police department from the person or persons named or identified therein, as indicated in this attached report. That this report is an accurate statement of the information so received by me.

| CASE/INCIDENT NO | ARREST DATE | ARREST TIME | PLACE OF ARREST |
|---|---|---|---|
| 00-13780 | 10/27/00 | 1830 | Newtown Rd. |

| ACCUSED (Last, First MI) | DOB | PREVIOUS RECORD Y/N |
|---|---|---|
| Fernandez Luis | 07/22/76 | Y |

| ADDRESS (No, Street, City, State) |
|---|
| 46 Chestnut St. Ext. Danbury CT |

| CHARGE 1 | CHARGE 2 | CHARGE 3 | CHARGE 4 | CHARGE 5 | CHARGE 6 |
|---|---|---|---|---|---|
| 21a-278a | 21a-279a | | | | |

**ARREST CIRCUMSTANCES**

On the above date, at the above approximate time, members of the Special Investigation Division, assisted by the Danbury Police General Investigation Division executed a search and seizure warrant at unit SS-234 of the BRT Self Store facility located on Old Newtown Rd., Danbury. This warrant was obtained after a lengthy investigation into the illegal sale of cocaine by Luis Fernandez within the City of Danbury. Prior to the execution of this search and seizure warrant, arrest warrants for the person of Luis Fernandez were served, see Police incident report 00-13326. The arrest warrants were for four counts of sale of narcotics and four counts of possession of narcotics. Additionally at the time of Fernandez's arrest he was charged with possession of narcotics and sale of narcotics, see Police incident report 00-13779.

Upon going to unit SS-234 of the BRT Self Store facility we had seized a set of keys from the person of Luis Fernandez, one key from these keys unlocked the lock to unit SS-234. Upon opening the storage unit the personal belongings of only Luis Fernandez were found, additionally in the unit one clear plastic bag which contained a white powdered and rock like material was seized, this plastic bag weighed approximately 18 grams. Also seized were four dark plastic bags, each contained five smaller clear plastic bags which contained white powdered/rock like substance, the combined approximate weight of the twenty clear plastic bags was 17 grams. These clear plastic bags were subsequently field tested by Detective Merullo and positive reactions for cocaine were obtained. Also in the storage unit seized were, two licenses of Luis Fernandez, $1910, one digital scale, the Passport of Luis Fernandez, a key for the lock to the storage unit, packaging materials for narcotics, legal papers from Fernandez's January 2000 arrest and personal papers from prison. After the search warrant Fernandez was additionally charged with the above listed charges and was held on a $100,000 bond.

Signed (Officer): _[signature]_

Subscribed and sworn to before me this __28th__ day of __October__ 19 __2000__

_[signature]_

PG __1__ OF __1__

©1994 Hunt & Hanahan Computer Designs

**ARRAIGNMENT REPORT AND AFFIDAVIT**



Ex. C

# DANBURY POLICE DEPARTMENT
## Incident Report

| INCIDENT NO | INCIDENT DATE | TIME | INCID CODE | TYPE OF INCIDENT | | | Report Type | Init/Clos | BADGE |
|---|---|---|---|---|---|---|---|---|---|
| 00-13779 | 10/27/00-Fri | 1800:00 | | Narcotic arrest | | | | | 461 |

| DATE OF REPORT | LOCATION OF INCIDENT | ST NO | STREET NAME | | | INVESTIGATING OFFICER | | APT NO/LOCATION |
|---|---|---|---|---|---|---|---|---|
| 10/27/2000 | | | Newtown rd. / Bradlees Parking Lot | | | Det Mark Trohalis | | |

STATUS CODE  C - Complainant  A-Arrestee  I-Interviewed  J-Juvenile  M-Missing  S-Suspect  V-Victim  W-Witness  O-Other

| STATUS | LAST NAME | FIRST (M.I.) | SEX | RACE | DOB | PHONE | STREET | CITY | ST | REG # | ST |
|---|---|---|---|---|---|---|---|---|---|---|---|
| A | Fernandez | Luis | M | H | 07/22/76 | | 46 Chestnut St. Ext | Danbury | CT | 709NGN | CT |
| A | LeBlanc | Laurie | M | W | 05/06/59 | 203 470-9206 | Reagan Mill Rd. | Wingdale | NY | | |

| STATUS | LAST NAME | FIRST (M.I.) | STATUTE-1 | OFFENSE-1 | STATUTE-2 | OFFENSE-2 | STATUTE-3 | OFFENSE-3 |
|---|---|---|---|---|---|---|---|---|
| A | Fernandez | Luis | 21a-278(b) | Sale of Narcotics | 21a-279(a) | Possession Narcotics | | |
| A | LeBlanc | Laurie | 21a-279(a) | Possession of Narcotics | | | | |

### DETAILS

On the above date, at the above approximate time, members of the Special Investigation Division, assisted by the Danbury police Department General Investigation Division served arrests warrants for the person of Luis Fernandez. The Special Investigation Division concluded an investigation into the illegal sale of cocaine by Luis Fernandez within the City of Danbury. That prior to the arrest of Fernandez surveillance officers observed Fernandez turn into the Bradlees parking lot and park adjacent to a pickup truck. At this time a white male, later identified as Laurie Leblanc exited his vehicle and leaned into the drivers side window of Fernandez's vehicle. During the investigation of Fernandez this is how Fernandez was observed to make his sales of cocaine, meeting persons in parking lots and doing the the exchanges of cocaine and money at his drivers window. During the meeting of Leblanc and Fernandez Officers approached to apprehend Fernandez on arrest warrant narcotic charges, Detective Merullo to the front of Fernandez, this writer to the rear of Fernandez vehicle and Detective Williams, Halas and Det. Sgt. Fisher to the passenger side. Upon Fernandez seeing the approaching Officers he put his car in reverse and attempted to flee, this writers vehicle was blocking his escape. This writer and other Officers then approached LeBlanc and Fernandez. As the writer approached I could see LeBlanc place something in his right front pants pocket. LeBlanc was detained and Fernandez was ordered out of his vehicle. Fernandez refused and had to be pulled from the vehicle. As Fernandez was pulled from his vehicle two one hundred dollar bills that were between Fernandez's legs fell onto the seat and a ripped dark piece of plastic fell onto the ground. During the investigation of Fernandez it became known that Fernandez was

| INVESTIGATING OFFICER'S SIGNATURE | BADGE # | DISTRIBUTION (FOR USE BY SHIFT COMM ONLY) | FOLLOW-UP ACTIONS BY |
|---|---|---|---|
| | | | |
| REVIEWED FIELD SUPV | SHIFT COMM | | PAGE 1 OF 2 |

10/27/2000    11:59:58 PM

©1998 Hunt & Hanahan Computer Designs

# DANBURY POLICE DEPARTMENT
## Incident Report

| INCIDENT NO | INCIDENT DATE | TIME | INCID CODE | TYPE OF INCIDENT | | | Report Type | Init/Clos |
|---|---|---|---|---|---|---|---|---|
| 00-13779 | 10/27/00-Fri | 1800:00 | | Narcotic arrest | | | | |

| | | ST NO | | STREET NAME | | | | BADGE |
|---|---|---|---|---|---|---|---|---|
| | LOCATION OF INCIDENT | | | Newtown rd. / Bradlees Parking Lot | | | | 461 |

| DATE OF REPORT | | | | INVESTIGATING OFFICER | | | APT NO/LOCATION |
|---|---|---|---|---|---|---|---|
| 10/27/2000 | | | | Det  Mark  Trohalis | | | |

packaging several clear plastic bags which contained cocaine within the dark plastic which he wrapped around the cocaine packages. Additionally during a prior investigation of Fernandez and Angel Ramirez during January 2000 they packaged cocaine in the same manner. Fernandez during that investigation was convicted of narcotic charges and received a eight year suspended sentence and four years of probation.

After placing Fernandez in custody on the warrant charges, see police incident report 00-13326, the Detectives based on the facts and circumstances, our observations and the prior investigation of Fernandez, felt that probable existed that LeBlanc was there to purchase cocaine from Fernandez. LeBlanc was then advised of his Miranda rights by this writer. LeBlanc then stated that yes he was their to purchase cocaine and that the cocaine was in his right front pants pocket. This writer then searched LeBlanc and four clear plastic bags which contained a white powdered substance were seized. This substance was subsequently turned over to Detective Merullo. Detective Merullo conducted a field test on said substance and a positive reaction for cocaine was obtained.

Both LeBlanc and Fernandez were transported to Danbury Police Headquarters. At the Department LeBlanc gave a sworn statement dictated to Detective Sgt. Fisher that included that he paged a person known to him as ALEX at telephone pager number 289-3644. That ALEX called LeBlanc back and it was agreed upon to meet at the Bradlees parking lot a half hour later. LeBlanc stated when at the parking lot ALEX pulled up at which time LeBlanc told him he wanted four, meaning four packages of cocaine. ALEX then gave LeBlanc four packages of cocaine and LeBlanc gave ALEX $200.  LeBlanc stated they were then arrested. LeBlanc additionally stated that he has purchased cocaine from ALEX four or five times in the past year.

Additional items seized, $463 from the person of Fernandez, a telephone pager found to be telephone pager number 289-3644, and one piece of paper with name Alex and pager number 289-3644 from the person of LeBlanc. LeBlanc was released on a written promise to appear in court and Fernandez was held on $100,000 bond on the above listed charges. The money seized from Fernandez will attempt to be seized under State asset forfeiture.

| INVESTIGATING OFFICER'S SIGNATURE | BADGE # | DISTRIBUTION (FOR USE BY SHIFT COMM ONLY) | FOLLOW-UP ACTIONS BY |
|---|---|---|---|
| [signature] | 461 | | |
| REVIEWED BY SUPV: [signature] 10/28 | SHIFT COMM: [signature] | | PAGE 2 OF 2 |

©1996 Hunt & Hanahan Computer Designs    10/27/2000    11:59:58 PM

# DANBURY POLICE DEPARTMENT

**GERSTEIN V. PUGH AFFIDAVIT**  CASE NO. 00-13779

The undersigned, an officer of the ____Danbury Police Department____ having been duly sworn, deposes and says:

That I am the officer who prepared the attached police report.

That the information contained therein was secured as a result of:

(1) my personal observation and knowledge; OR,

(2) information relayed to me by other members of the aforementioned police department or of another organized police department; OR,

(3) information secured by myself or another member of an organized police department from the person or persons named or identified therein, as indicated in the attached report.

That the report is an accurate statement of the information so received by me.

Signature: _____
Det.     Mark     Trohalis

Subscribed and sworn to before me this __28th__ day of __October__ __2000__

_____
Danbury Police Department

© Copyright 1996 Hanahan Computer Designs LLC



# DANBURY POLICE DEPARTMENT

## SPECIAL INVESTIGATIONS DIVISION

Name: Luis Fernandez  
Time Commenced: 1830  
Location: BRT Storage unit 234  
Time Secured: 1850  
Case: 00-13780  
Evidence Officer: Det. J.Merullo 292  
Date: 10/27/200

| Item # | Description Of Evidence | Location Evidence Found | Found By | Time | Remarks |
|---|---|---|---|---|---|
| 1 | One (1) gold master key | Key ring of Luis Fernandez | 425 | 1830 | Key opened storage unit #234 |
| 2 | Nineteen hundred & ten dollars ($1910) in U.S. currency & BRT Self Storage Agreement & two (2) license of Luis Fernandez | Blue Polo Sport case – card broad box in storage unit 234 | 425 | 1831 | Money seized for forfeiture, agreement Made out to Luis Fernandez |
| 3 | One (1) Titan model 2000 scale | Card broad box in storage unit 234 | 425 | 1831 | |
| 4 | One (1) box of Glad sandwich bags containing – One (1) plastic bag containing – White pressed material – four (4) pieces of black plastic, knotted, & each containing Five (5) small plastic bags each containing white material (twenty bags) | Glad box was wrapped in a white plastic bag & wrapped in black bag – found on Floor of storage unit 234 | 425 | 1835 | FT of white pressed material was pos Cocaine at 2205 hrs by 292 – approx wght 18.5 gms. Approx wght of 20 bags 17.7 gms. |
| 5 | Passport of Luis Fernandez & legal papers | Card broad box located in storage unit 234 | 292 | 1837 | Rep. Dominicana passport & legal Papers were search warrants, arrest report & flow chart from 1/7/00 arrest. |
| 6 | One (1) gold master key | Blue Polo Sport case – card broad box in storage unit 234 | 292 | 1930 | Key matched key used to open storage unit That was found on Fernandez |