

# DANBURY POLICE DEPARTMENT
## Incident Report

| | | | | | | | | Report Type | | Init/Clos |
|---|---|---|---|---|---|---|---|---|---|---|

| INCIDENT NO | INCIDENT DATE | TIME | INCID CODE | TYPE OF INCIDENT | | INVESTIGATING OFFICER | | | | BADGE |
|---|---|---|---|---|---|---|---|---|---|---|
| 00-13781 | 10/27/00-Fri | 1905:00 | | Search Warrant Execution | | Det.  Mark | | Trohalis | | 461 |

| DATE OF REPORT | LOCATION OF INCIDENT | ST NO | | STREET NAME | | | | | APT NO/LOCATION | ST |
|---|---|---|---|---|---|---|---|---|---|---|
| 10/30/2000 | | 46 | | Chestnut St. Ext. | | | | | 2nd #3 | |

STATUS CODE  C - Complainant  A-Arrestee  I-Interviewed  J-Juvenile  M-Missing  S-Suspect  V-Victim  W-Witness  O-Other

| STATUS | LAST NAME | FIRST (M.I.) | SEX | RACE | DOB | PHONE | STREET | CITY | ST | REG # | ST |
|---|---|---|---|---|---|---|---|---|---|---|---|
| S | Fernandez | Luis | M | H | 07/22/76 | | 46 Chestnut St. Ext. | Danbury | CT | | |
| S | Andino | Katherine | F | H | 12/23/80 | | 46 Chestnut St. Ext. | Danbury | CT | | |
| O | Andino | Mario | m | h | 10/14/78 | 778-1439 | 46 Chestnut St. Ext. | Danbury | CT | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |

| STATUS | LAST NAME | FIRST (M.I.) | STATUTE-1 | OFFENSE-1 | STATUTE-2 | OFFENSE-2 | STATUTE-3 | OFFENSE-3 |
|---|---|---|---|---|---|---|---|---|
| S | Fernandez | Luis | | | | | | |
| S | Andino | Katherine | | | | | | |
| O | Andino | Mario | | | | | | |
| | | | | | | | | |
| | | | | | | | | |

DETAILS

On the above date at the above approximate time members of the Special Investigation Division assisted by the Danbury police Department General Investigation Division served arrests warrants for the person of Luis Fernandez. The Special Investigation Division concluded an investigation into the illegal sale of cocaine by Luis Fernandez within the City of Danbury. Fernandez was arrested as he was parked in the Bradlees parking lot conducting a sale of cocaine to an individual, see police incident report 00-13779. Additionally search warrants for a storage area used by Fernandez to store his cocaine, police incident report 00-13780, and for his apartment located at 46 Chestnut St. Extension were executed.

Entry into the apartment located at 46 Chestnut St. Ext, 2nd floor, apartment 3, was gained at approximately 1845 hrs, using a key seized from Fernandez's person. Seized from the apartment were one small clear plastic bag which contained a white powder and one U.S. one dollar bill which contained white powder, said substance was subsequently field tested and a positive reaction for cocaine was obtained, additionally one check book and box of checks for the person of Luis Fernandez of 46 Chestnut St. Ext., apartment #3.

While searching the apartment Mario Andino entered, Andino stated he and his girlfriend lease the apartment and allow his sister Katherine Andino and her boy friend to stay there. Mario stated he allows them to sleep on the couch and showed his the personal belongings of Fernandez.

Mario Andino was given a copy of the search warrant for the apartment and the search was concluded at 1905 hrs.

| INVESTIGATING OFFICER'S SIGNATURE | | BADGE # | DISTRIBUTION (FOR USE BY SHIFT COMM ONLY) | FOLLOW-UP ACTIONS BY |
|---|---|---|---|---|
| | | 14 | | PAGE  1  OF  2 |
| REVIEWED FIELD SUPV | | SHIFT COMM | | |

©1995 Hunt & Hanahan Computer Designs

11/2/2000                    3:22:35 PM



# DANBURY POLICE DEPARTMENT

## SPECIAL INVESTIGATIONS DIVISION

Name: Luis Fernandez

Location: 46 Chestnut St. Ext. apt 3 Danbury, CT

Case 00-13781

Date 10/27/00

Time Commenced 1845

Time Secured 19005

Evidence Officer : Det. J.Merullo 292

| Item # | Description Of Evidence | Location Evidence Found | Found By | Time | Remarks |
|--------|-------------------------|-------------------------|----------|------|---------|
| 1 | One ( 1 ) small plastic bag containing white powder & one ( 1 ) U.S. dollar bill | Pocket of Blue shirt w white stripes hanging in closet of bedroom | 425 | 1902 | FT pos cocaine by 292 |
|  | Containing white powder |  |  |  |  |
| 2 | Check book & 1 box of checks of Luis Fernandez of 46 Chestnut St. Ext apt #3 Danbury, CT | Large blue tup a ware container located in the livingroom | 292 | 1905 | Record of occupancy |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |



Ex. G

**AFFIDAVIT AND APPLICATION**
SEARCH AND SEIZURE WARRANT
JD-CR-61 Rev. 9-93
C.G.S. § 54-33a, 54-33c, 54-33j

STATE OF CONNECTICUT
SUPERIOR COURT
Form JD-CR-52 must also be completed

00-13326

INSTRUCTIONS TO APPLICANT
File a copy of the application for the warrant and all affidavits upon which the warrant is based, in a sealed envelope, with the clerk of the court for the geographical area within which the search will be conducted no later than the next business day following the issuance of the warrant. Indicate the police department case number and date of issuance on the front of the sealed envelope.

INSTRUCTIONS TO G.A. CLERK
1.  Prior to the execution and return of the warrant, do not disclose any information pertaining to the application for the warrant or any affidavits upon which the warrant is based.

2.  Upon execution and return of the warrant, affidavits which are the subject of an order dispensing with the requirement of giving a copy to the owner, occupant or person within forty-eight hours shall remain in the custody of the clerk's office in a secure location apart from the remainder of the court file.

TO:  A Judge of the Superior Court:

The undersigned, being duly sworn, complains on oath that the undersigned has probable cause to believe that certain property, to wit:

Cocaine, white powdered substances, cutting agents for narcotics, grinders, packaging materials, weighing scales, strainers, U.S. currency, all financial records, safes, documentation of residence, records of identification, records of drug transactions, telephone pagers, and police scanners.

X    is possessed, controlled, designed or intended for use of which is or has been or may be used as the means of committing the criminal offense of:
Possession of Narcotics 21a-279(a)
Possession of Narcotics With Intent to Sell 21a-278(b)

was stolen or embezzled from:

X    constitutes evidence of the following offense or that a particular person participated in the commission of the offense of:
Possession of Narcotics 21a-279(a)
Possession of Narcotics With Intent to Sell 21a-278(b)

is in the possession, custody or control of a journalist or news organization, to wit:

and such person or organization has committed or is committing the following offense which is related to such property:

and such property constitutes contraband or an instrumentality of the criminal offense of:

And is within or upon a certain person, place, or thing, to wit:
PERSON

PLACE OR THING

Second floor apartment of 46 Chestnut Street, Ext. Danbury, Connecticut. 46 Chestnut Street Ext. is a multi family house which is the second house on the right from intersection of Chestnut Street Ext and Wildman Street. 46 Chestnut Street Ext is painted blue on the lower half and white on the upper half. Mailbox with name Fernandez is located on the left side of house and entry to the second floor is made through doorway leading into the house and to the second floor apartment.

And that the facts establishing the grounds for issuing a Search and Seizure Warrant are the following:

1. The affiant, Detective Mark Trohalis, is a regular member of the Danbury Police Department and has been a member since January 5, 1987. At all times mentioned herein he was acting as a member of said department. That the affiant is currently assigned to the Special Investigation Division of said department. That the Special Investigation Division has the primary responsibility of investigating illegal narcotic trafficking within Danbury Connecticut. That the affiant has participated in numerous drug trafficking investigations which have resulted in arrests and convictions and the seizure of narcotics. That the affiant has participated in numerous other types of criminal investigations such as Murder, Burglary, Assault, Sexual assault and Larceny which have resulted in arrests and convictions.

2. That the affiant, Detective John Merullo, is a member of the Danbury Police Department and has been so for a total thirty two and one half years. The affiant is presently assigned to the Special Investigation Division of said Department, whose primary responsibility is narcotic investigation. That affiant has worked in an undercover capacity and the affiant has participated in numerous drug trafficking investigations which have resulted in the seizure of narcotics and the arrests and convictions for those involved. That the affiant has participated in numerous other types of criminal investigation such as Murder, Burglary, Assault, Sexual assault and Larceny which has resulted in arrests and convictions.

3. That on January 7, 2000, the affiant along with other members of the Special Investigation Division executed search and seizure warrants after a lengthy investigation into cocaine sales from two individuals identified as Angel Ramirez, date of birth 04/17/77 also known as Sandy and Luis Fernandez, date of birth 07/22/76 also known as Alex. During the execution of the warrants approximately 30 ounces of cocaine, a semiautomatic handgun and over $6,000 was seized from an apartment located at 128 Osborne St., Danbury. That both Ramirez, the target of the investigation and Fernandez were convicted of narcotic trafficking charges. Luis Fernandez received a eight year suspended jail term and four years of Probation.

4. That on October 13, 2000 the affiant along with other members of the Special Investigation Division and acting with members of the Stamford Police Department conducted a undercover investigation. That during this investigation Officer Barcello of the Stamford Police Department was to act as an undercover officer. That Officer Barcello was given $100 of Danbury police evidence money to make a controlled purchase of cocaine from an individual who goes by the

The undersigned ("X" one)    X    has not presented this application in any other court or to any other judge.

_____ has presented this application in another court or to another judge (specify)

The undersigned has not presented this application in any other court or to any other judge.

This application consists of this form plus _____ pages attached hereto and made a part hereof.

Wherefore the undersigned requests that a warrant may issue commanding a proper officer to search said person or to enter into or upon said place or thing, search the same, and take into custody all such property.

STATE OF CONNECTICUT

| CITY/TOWN | DATE | SIGNATURE AND TITLE OF AFFIANT |
|---|---|---|
| Danbury | 10/26/00 | Mark Trohalis *(signature)* |
| Danbury | 10/26/00 | John Merullo *(signature)* |
| JURAT | Subscribed and sworn to before me on: | DATE 10/26/00 | SIGNED (Judge of the Superior Court) *(signature)* |

00-13326

4.    PARAGRAPH 4 CONTINUED...
street name Alex. Alex was previously identified as Luis Fernandez, date of birth 07/22/76 and prior to the undercover drug purchase Officer Barcello was shown a Danbury Police Photograph of Fernandez. That Officer Barcello was also equipped with a body wire transmitter to record the incident and for the safety of the Officer.

5.    That on October 13, 2000 Officer Barcello paged telephone pager number 289-3644, a short time later Officer Barcello received a return call from telephone number 730-8865, The male caller instructed the Officer to meet at the McDonalds restaurant located at exit 4 for something to eat in 10 to 15 minutes. It is common for drug traffickers to talk in a code or language that does not mention drugs or prices to avoid detection by Law Enforcement Officers. That Officer Barcello then went directly to the McDonalds restaurant located on Lake Ave. Extension, Danbury, while under surveillance and parked in the parking lot. A short time later a white Honda Civic, bearing Connecticut registration 998PLC arrived in the parking lot and stopped adjacent to Officer Barcello's vehicle. Officer Barcello approached the white Honda Civic and spoke with the operator. Officer Barcello recognized the operator of the vehicle as Luis Fernandez from the photograph shown to him prior to the meeting. Officer Barcello asked for two, meaning two packages of cocaine. That Officer Barcello then handed Fernandez $100 of Danbury Police evidence monies and Fernandez then handed Officer Barcello two small clear plastic bags which contained white powder. Fernandez then drove away and officer Barcello returned directly to the Danbury Police Department.

The undersigned has not presented this application in any other court or to any other judge.

This application consists of this form plus _____ pages attached hereto and made a part hereof.

Wherefore the undersigned requests that a warrant may issue commanding a proper officer to search said person or to enter into or upon said place or thing, search the same, and take into custody all such property.

STATE OF CONNECTICUT

| CITY/TOWN | | DATE | SIGNATURE AND TITLE OF AFFIANT |
|---|---|---|---|
| Danbury | | 10/26/00 | Mark Trohalis |
| Danbury | | 10/26/00 | John Merullo |
| JURAT | Subscribed and sworn to before me on: | DATE 10-26-00 | SIGNED (Judge of the Superior Court) |

00-13326

6.   That after the undercover drug purchase described within the two previous paragraphs Officer Barcello turned the suspected cocaine over to the affiant. The affiant then turned the evidence over to Officer Mark Scocozza. Officer Scocozza conducted a field test on said substance and obtained a positive reaction for cocaine. That the evidence was then package and will be sent to the State Toxicology Lab for further analysis. The cassette recording of the incident was also secure as evidence at this time.

7.   That a registration check of the Honda Civic motor vehicle bearing Connecticut registration 998PLC, which was used as described within paragraph 5 of this affidavit was checked with the Connecticut Department of Motor Vehicles. The registered owner is listed as Luis Fernandez, date of birth 07/22/76, of 128 Osborne St., Danbury, Connecticut.

8.   That on October 17, 2000 Officer Barcello was to again act as a undercover officer for the Danbury Police Department. That officer Barcello paged telephone pager number 289-3644, a short time later Officer Barcello received a return call from an individual, whom the Officer recognized by voice, to be that of Luis Fernandez. Fernandez instructed the Officer to meet at the parking lot of Service Merchandise Department Store. That Officer Barcello then went directly to the Service Merchandise Store which is located on Newtown Rd, Danbury while under surveillance and parked in the parking lot. A short time later a white Honda Civic, bearing Connecticut registration 998PLC arrived in the parking lot and stopped adjacent to Officer Barcello's vehicle. Officer Barcello approached the white Honda Civic and spoke with the operator. Officer Barcello recognized the operator of the vehicle as Luis Fernandez from the photograph shown to him prior to the meeting, also in Fernandez's vehicle was a Hispanic female described as having long wavy hair and approximately mid to late 20's in age. Officer Barcello asked for two, meaning two packages of cocaine. That Officer Barcello then handed Fernandez $100 of Danbury Police evidence monies and Fernandez then handed Officer PARAGRAPH 8 CONTINUED...

The undersigned has not presented this application in any other court or to any other judge.

This application consists of this form plus _____ pages attached hereto and made a part hereof.

Wherefore the undersigned requests that a warrant may issue commanding a proper officer to search said person or to enter into or upon said place or thing, search the same, and take into custody all such property.

STATE OF CONNECTICUT

| | CITY/TOWN | DATE | SIGNATURE AND TITLE OF AFFIANT |
|---|---|---|---|
| | Danbury | 10/26/00 | Mark Trohalis |
| | Danbury | 10/26/00 | John Merullo |
| JURAT | Subscribed and sworn to before me on: | DATE 10-26-00 | SIGNED (Judge of the Superior Court) |

00-13326

8.    PARAGRAPH 8 CONTINUED
Barcello two small clear plastic bags which contained white powder directly in front of the female. That the Officer and Fernandez spoke openly in front of the female about codes for pages and times when the Officer should call Fernandez to make purchases of cocaine. Fernandez then drove away and officer Barcello returned directly to the Danbury Police Department.

9.    That after the undercover drug purchase described within the previous paragraph surveillance was maintained on Fernandez as he left the meeting location and returned directly to 46 Chestnut St. Extension and parked in the driveway.

10    That after the undercover drug purchase described within the previous paragraphs Officer Barcello turned the suspected cocaine over to the affiant. The affiant then turned the evidence over to Officer Mark Scocozza. Officer Scocozza conducted a field test on said substance and obtained a positive reaction for cocaine. That the evidence was then package and will be sent to the State Toxicology Lab for further analysis. The cassette recording of the incident was also secure as evidence at this time.

11.   That on Friday October 20, 2000, during the morning hours, members of the Special Investigation Division conducted surveillance of 46 Chestnut St. Extension, Danbury Connecticut. During the surveillance Luis Fernandez was observed to exit the multiple family house at this location with a light skinned Hispanic female with long hair. Both entered the white Honda Civic bearing Connecticut registration 998PLC and traveled the city streets to different locations. Fernandez dropped the female off on Main St. in Danbury and Fernandez was then followed as he went directly to the BRT self storage facility located on Old Newtown PARAGRAPH 11 CONTINUED...

The undersigned has not presented this application in any other court or to any other judge.

This application consists of this form plus _____ pages attached hereto and made a part hereof.

Wherefore the undersigned requests that a warrant may issue commanding a proper officer to search said person or to enter into or upon said place or thing, search the same, and take into custody all such property.

STATE OF CONNECTICUT

| | CITY/TOWN | DATE | SIGNATURE AND TITLE OF AFFIANT |
|---|---|---|---|
| | Danbury | 10/26/00 | Mark Trohalis |
| | Danbury | 10/26/00 | John Merullo |
| JURAT | Subscribed and sworn to before me on: | DATE 10-27-00 | SIGNED (Judge of the Superior Court) |

00-13326

11.   PARAGRAPH 11 CONTINUED...
      Rd., Danbury. Fernandez was observed to park on the back side of the storage area and enter
      a storage container. Fernandez stayed for a short time in the storage area and then was under
      surveillance as he returned to 46 Chestnut St. Extension, Danbury, park and enter the house at
      that location.

12.   That on October 20, 2000 Officer Barcello was to again act as a undercover officer for the
      Danbury Police Department. That officer Barcello paged telephone pager number 289-3644, a
      short time later Officer Barcello received a return call from an individual the Officer recognized
      the voice to be that of Luis Fernandez. Fernandez instructed the Officer to meet at the parking
      lot of Service Merchandise Department Store. That Officer Barcello then went directly to the
      Service Merchandise Store which is located on Newtown Rd, Danbury while under surveillance
      and park in the parking lot. That surveillance was established on the house located at 46
      Chestnut St. Extension where the white Honda Civic, bearing Connecticut registration 998PLC
      was parked. Soon after Officer Barcello received instruction to go to the Service Merchandise
      Store Luis Fernandez was observed to exit 46 Chestnut St. Extension, get into the white Honda
      Civic and travel directly to the Service Merchandise parking lot and meet with Officer Barcello,
      this was at approximately 1500 hours. Officer Barcello approached the white Honda Civic and
      spoke with the operator. Officer Barcello recognized the operator of the vehicle as Luis
      Fernandez from the photograph shown to him prior in the investigation. Officer Barcello told
      Fernandez that he only had $60 and then handed it to Fernandez. Fernandez then handed
      Officer Barcello one clear plastic bag which contained a white powder. Fernandez then gave
      the Officer $8 in change and told the Officer he would be around later if the Officer need
      anything later. Fernandez then drove from the parking lot and was under constant surveillance
      as he returned to 46 Chestnut St. Extension. Officer Barcello returned to the Danbury Police
      Department where he turned the suspected cocaine over to the affiant.

The undersigned has not presented this application in any other court or to any other judge.

This application consists of this form plus _____ pages attached hereto and made a part hereof.

Wherefore the undersigned requests that a warrant may issue commanding a proper officer to search said person or to enter into or upon said place or thing,
search the same, and take into custody all such property.
STATE OF CONNECTICUT

| | CITY/TOWN | DATE | SIGNATURE AND TITLE OF AFFIANT |
|---|---|---|---|
| | Danbury | 10/26/00 | Mark Trohalis |
| | Danbury | 10/26/00 | John Merullo |
| JURAT | Subscribed and sworn to before me on: | DATE 10-26-00 | SIGNED (Judge of the Superior Court) |

00-13326

13. That after the undercover drug purchase described within the previous paragraph Officer Barcello turned the suspected cocaine over to the affiant. The affiant then turned the evidence over to Officer Mark Scocozza. Officer Scocozza conducted a field test on said substance and obtained a positive reaction for cocaine. That the evidence was then package and will be sent to the State Toxicology Lab for further analysis.

14. -That on October 20, 2000 at approximately 1700 hours Officer Barcello was to again act as a undercover officer for the Danbury Police Department. That officer Barcello paged telephone pager number 289-3644, a short time later Officer Barcello received a return call from telephone number 778-1349, the Officer recognized the voice to be that of Luis Fernandez. Fernandez instructed the Officer to meet at the parking lot of Bradlees Department Store. That Officer Barcello then went directly to the Bradlees Department Store which is located on Newtown Rd, Danbury while under surveillance and park in the parking lot. That surveillance was maintained after the undercover purchase of cocaine described in paragraph 12 within this affidavit on the house located at 46 Chestnut St. Extension where the white Honda Civic, bearing Connecticut registration 998PLC was parked. Soon after Officer Barcello received instruction to go to the Bradlees Department Store Luis Fernandez was observed to exit 46 Chestnut St. Extension with the same Hispanic female described in paragraphs 8 and 11 within this affidavit. Both Fernandez and the female entered the white Honda Civic and travel directly to the Bradlees parking lot and meet with Officer Barcello. Officer Barcello approached the white Honda Civic and spoke with the operator. Officer Barcello recognized the operator of the vehicle as Luis Fernandez from the photograph shown to him prior in the investigation. Officer Barcello told Fernandez that he had $200, Officer Barcello gave the money to Fernandez and Fernandez then handed Officer Barcello five clear plastic bags which contained a white powder. That Officer Barcello stated the transaction took place in front of the Hispanic female. Fernandez then drove from the parking lot as Officer Barcello returned to the Danbury Police Department where he turned the suspected cocaine over to the affiant.

The undersigned has not presented this application in any other court or to any other judge.

This application consists of this form plus _____ pages attached hereto and made a part hereof.

Wherefore the undersigned requests that a warrant may issue commanding a proper officer to search said person or to enter into or upon said place or thing, search the same, and take into custody all such property.

STATE OF CONNECTICUT

| | CITY/TOWN | DATE | SIGNATURE AND TITLE OF AFFIANT |
|---|---|---|---|
| | Danbury | 10/26/00 | Mark Trohalis |
| | Danbury | 10/26/00 | John Merullo |
| JURAT | Subscribed and sworn to before me on: | DATE  10-26-00 | SIGNED (Judge of the Superior Court) |

00-13326

15.    That after the undercover drug purchase described within the previous paragraph Officer Barcello turned the suspected cocaine over to the affiant. The affiant then turned the evidence over to Officer Mark Scocozza. Officer Scocozza conducted a field test on said substance and obtained a positive reaction for cocaine. That the evidence was then package and will be sent to the State Toxicology Lab for further analysis.

16.    That the cassette recordings to the undercover drug purchases described within paragraphs 12 and 14 were packaged and held as evidence.

17.    That the telephone number 778-1349, which was used by Luis Fernandez to contact Officer Barcello to arrange the sale of cocaine as described within paragraph 14 was checked through Southern New England Telephone security. Southern New England Telephone lists this telephone to R. Fernandez of 46 Chestnut St., 2nd floor, Danbury Connecticut.

18.    That the affiants have conducted surveillance's of 46 Chestnut St. Extension at all times of the day, night and early morning hours and have observed the white Honda Civic bearing Connecticut registration 998PLC parked in the driveway to said location

19.    That the affiant Merullo, Thursday October 26, 2000 conducted a surveillance of 46 Chestnut St. Extension and followed Luis Fernandez as he left his house and drove directly to the BRT Self Storage Facility located on Old Newtown rd, Danbury. The affiant Merullo observed Fernandez enter said location and go to and enter a storage garage at said location. Fernandez stayed for a short time and then returned directly to 46 Chestnut St. Extension and enter said location.

The undersigned has not presented this application in any other court or to any other judge.

This application consists of this form plus _____ pages attached hereto and made a part hereof.

Wherefore the undersigned requests that a warrant may issue commanding a proper officer to search said person or to enter into or upon said place or thing, search the same, and take into custody all such property.

STATE OF CONNECTICUT

| CITY/TOWN | DATE | SIGNATURE AND TITLE OF AFFIANT |
|---|---|---|
| Danbury | 10/26/00 | Mark Trohalis |
| Danbury | 10/26/00 | John Merullo |
| JURAT   Subscribed and sworn to before me on: | DATE   10-26-00 | SIGNED (Judge of the Superior Court) |

00-13326

20.



That the affiants believe that based on the facts and circumstances contained within this affidavit that probable cause exists that Luis Fernandez, date of birth 07/22/76, is currently selling cocaine within the city of Danbury Connecticut and from the second floor apartment of 46 Chestnut Street, Ext. Danbury, Connecticut in violation of Connecticut General statutes 21a-279(a) the possession of narcotics and 21a-278(b) the possession of narcotics with intent to sell.

The undersigned has not presented this application in any other court or to any other judge.

This application consists of this form plus _____ pages attached hereto and made a part hereof.

Wherefore the undersigned requests that a warrant may issue commanding a proper officer to search said person or to enter into or upon said place or thing, search the same, and take into custody all such property.

STATE OF CONNECTICUT

| CITY/TOWN | | DATE | SIGNATURE AND TITLE OF AFFIANT |
|---|---|---|---|
| Danbury | | 10/26/00 | Mark Trohalis |
| Danbury | | 10/26/00 | John Merullo |
| JURAT | Subscribed and sworn to before me on: | DATE 10-26-00 | SIGNED Judge of the Superior Court |

AFFIDAVIT REQUESTING DISPENSATION
WITH REQUIREMENT OF DELIVERY
pursuant to § 54-33c, Connecticut General Statutes

TO:  A Judge of the Superior Court                                                      00-13326

For the reasons set forth below, the undersigned, being duly sworn, requests that the judge dispense with the requirement of C.G.S. § 54-33c that a copy of the affidavit(s) in support of the warrant be given to the owner, occupant or person named therein within forty-eight hours:

__X__  The personal safety of a confidential informant would be jeopardized by the giving of a copy of the affidavits at such time;

__X__  The search is part of a continuing investigation which would be adversely affected by the giving of a copy of the affidavits at such time;

_____  The giving of such affidavits at such time would require disclosure of information or material prohibited from being disclosed by chapter 959a of the general statutes;

and the specific details with regard to such reasons are as follows:

That the affidavit in support of the search and seizure warrant has been reviewed by a Judge of the Danbury Superior Court who has / ~~has not~~ found probable cause for the issuance of this affidavit and has / ~~has not~~ found that to deliver a copy of this affidavit to the owner, occupant, or person named herein, would jeopardize the personal safety of the person or informant named within this affidavit, and in addition, reveal the methods of the investigation that could jeopardize any future investigation related to this target.

The undersigned further requests that this affidavit also be included in such nondelivery.

STATE OF CONNECTICUT

| CITY/TOWN | DATE | SIGNATURE AND TITLE OF AFFIANT |
|---|---|---|
| Danbury | 10/26/00 | Mark Trohalis _[signature]_ |
| Danbury | 10/26/00 | John Merullo _[signature]_ |
| JURAT   Subscribed and sworn to before me on: | DATE  10-26-00 | SIGNED (Judge of the Superior Court) _[signature]_ |

STATE OF CONNECTICUT
SUPERIOR COURT

00-13326

The foregoing Affidavit and Application for Search and Seizure Warrant having been presented to and been considered by the undersigned, a Judge of the Superior Court, the undersigned (a) is satisfied therefrom that grounds exist for said application, and (b) finds that said affidavit establishes grounds and probable cause for the undersigned to issue this Search and Seizure Warrant, such probable cause being the following: From said affidavit, the undersigned finds that there is probable cause for the undersigned to believe that the property described in the foregoing affidavit and application is within or upon the person, if any, named or described in the foregoing affidavit and application, or the place or thing, if any, described in the foregoing affidavit and application, under the conditions and circumstances set forth in the foregoing affidavit and application and that, therefore, a Search and Seizure Warrant should issue for said property.

NOW THEREFORE, by Authority of the State of Connecticut, I hereby command any Police Officer or a regularly organized police department, any State Policeman; or any conservation officer, special conservation officer or patrolman acting pursuant to C.G.S. § 26-6 to whom these presents shall come within ten days after the date of this warrant to

X   enter into or upon and search the place or thing described in the foregoing affidavit and application, to wit:

Second floor apartment of 46 Chestnut Street, Ext. Danbury, Connecticut. 46 Chestnut Street Ext. is a multi family house which is the second house on the right from intersection of Chestnut Street Ext and Wildman Street. 46 Chestnut Street Ext is painted blue on the lower half and white on the upper half. Mailbox with name Fernandez is located on the left side of house and entry to the second floor is made through doorway leading into the house and to the second floor apartment.

search the person described in the foregoing affidavit and application, to wit:

for the property described in the foregoing affidavit and application, to wit:

Cocaine, white powdered substances, cutting agents for narcotics, grinders, packaging materials, weighing scales, strainers, U.S. currency, all financial records, safes, documentation of residence, records of identification, records of drug transactions, telephone pagers, and police scanners.

and upon finding said property to seize the same, take and keep it in custody until the further order of the court, and with reasonable promptness make due return of this warrant accompanied by a written inventory of all property seized.

The foregoing requests that the judge dispense with the requirement of C.G.S. § 54-33c that a copy of the affidavit(s) in support of the warrant be given to the owner, occupant or person named therein and that the affidavit in support of such request also be included in such nondelivery is hereby:

√   GRANTED for a period of    NOT TO EXCEED 2 WEEKS BEYOND DATE WARRANT IS EXECUTED    Two Weeks

This order, or any extension thereof, dispensing with said requirement shall not limit disclosure of such affidavits to the attorney for a person arrested in connection with or subsequent to the execution of the search warrant unless, upon motion of the prosecuting authority within two weeks of such arraignment the court finds that the state's interest in continuing nondisclosure substantially outweighs the defendant's right to disclosure.

DENIED

Signed at  Danbury  Connecticut, on:  DATE  10-26-00    SIGNED (Judge of the Superior Court)

Emotional distress and Mental Anguish, pain.

## E. PREVIOUS LAWSUITS AND ADM. RELIEF

I - Luis Fernandez V. Commissioner John Armstrong et al. U.S.D.C. Bridgeport 3:02 CV 2252 (CFD)

Still pending where issues raised: Violation of Due Process Clause, liberty interest Eighth. (others).

Approx. filing date: March 12, 2003

II. Relief was sought.

The relief is sought in this complaint § 1983 were the plaintiff Citing U.S. V. Frandsen, 212 F.3d 1231 (11th 2000) "Criminal defendant who is convicted of violating a law may appeal his conviction by challenging constitutionality of the law on its face, and thus is true even if defendant pleaded guilty to violating the law."

The remedies requested are damages. Citing Wright V. Hollingsworth, 201 F.3d 663, 665 (5th cir 2000)

F. <u>PREVIOUSLY DISMISSED ACTIONS OR</u>
<u>APPEALS</u>

I- Luis Fernandez V. John J. Armstrong, et al
U.S.D.C. NEW HAVEN  3:03 CV 0394

The plaintiff withdrew of this suit per rule
41 (A) (1)

Approx. date filing: 9/29/02

Approx. date disposition: 8/25/03

II The Plaintiff is in imminent Danger:

The defendants whom are state officer, police officer,
and Judge can escalate in having the plaintiff killed
or bribed a governmental official as a Judicial
Magistrate to retaliate against the plaintiff do to
one of these defendants ties to politics or a mobb
that after killing the plaintiff can destroy this
civil lawsuit that proves on an phrene a continues
pattern of unconstitutional practices in the City
of Danbury Violation laws.

90 of 95

## 6. REQUEST FOR RELIEF

I request the following Relief:

A. The plaintiff Request the Court to issue a declaratory Judgment stating that:

1. The plaintiff held a Constitutional liberty interest to be free from illegal search and seizure and that the practice of Municipality (s) officials violated fourth Amend. U.S.C

2. The defendants discriminated against the plaintiff because of RACE while being a Hispanic man on probation.

3. The Municipality Danbury officials and stanford officials conspired to breach statutory duties that protect its citizens from illegal search and seizure and are held liable under § 1983 for their omissions.

4. The plaintiff deprivation of liberty resulted from established State procedure and/or policies that were predictable by the Municipal officials and their officers, failed to promulgate and enforce policy to execute State law.

5. Any other declaratory Judgment Appropriate to this Case.

B. ISSUA AN INJUNCTION ORDERING:

1. The investigation of RACKeteering activity under 18 U.S.C.S. §§ 1961 by the Danbury Police Department And STAMFORD POLICE DEPT pattern of Arrests without probable Cause, illegal wire taps And Conspiracys of Continuing Activity.

2. The indictment of defendants MARK Tachilos, John Mewllo, T. BArcello, And D. Stewart for investigation ON Criminal Charges under C.G.S. § 54-41t And §§ 53A-187 to 53A-189.

3. The suspension of defendant MARK scocozza, R. Hahas, L. Ruvos, Nolan, Fosher And R. Williams without pay for 30 day's And Remain on suspension until disciplinary Charges are resolved.

4. The immediate demotion of Chief of Police Robert PAquette And Chief of Police DEAN M. ESSERMAN from Acting Capacity As supervisor for the Citys Danbury Police Dept. And Stamford Police Dept. for failing to Supervise And enforce state statute on illegal seaech And seizures And Probable Cause before Arrest.

5. Immediately order write of Attachment for lieu notice Against the earnings, bank Assets, holdings

42 of 45

of All property business, inheritances belongings to defendants until case is resolved.

C.  Award Compensatory Damages In lump sum Amount:

1.  $ 200,000 00 dollars jointly and severally Against defendants L. Ramos, Vohn, Halas, M. Scocoza and D. Stewart for the emotional injuries sustained As a result of an Arrest without probable cause.

2.  $ 800,000 00 dollars jointly and severally Against defendants R. Williams and Halas, Fosher. for the pains and Emotional injuries sustained As resulting from brutal unreasonable excessive force and seizure.

3.  $ 200,000 00 dollars jointly and severally Against defendants Mark Trohalos and John Mewllo for the Emotional Anguish and Mental distress resulting from their wanton and reckless Action of inaction of Misleading statements and violation of federal protected Rights such as fourth, And equal protection Rights.

4.  $ 500,000 00 dollars jointly and severally Against defendants T. Barcello and Dean M. Esserman for the intentional infliction of Emotional distress resulting from their wanton and reckless

43 of 45

inadequate procedures in using wiretap phones and falsely Allegations for unreasonable searches and seizures.

5. $ 500,000 00 dollars jointly and severally against defendant S Robert Paquette for the intentional infliction of cruel and unusual punishment for an Arrest without probable Cause.

6. $ 2 Million dollars jointly and severally against defendant Patric Conroll, for deliberately Acting as a Rubber Stamp for defendants Arrest without probable Cause.

D. Award Punitive damages in the following Amounts:

1. $ 800,000 00 each Against defendants Fisher, Nohn, Rinos & R. Halas;

2. $ 700,000 00 each Against defendants R. Williams, Mark Scocoza, and D. Stewart;

3. $ 900,000 00 each Against defendant Mark Tsahelos And John Mewllo;

4. $ 1,000,000 00 Against defendant Dean M. Esserman And Stamford Police Dept;

5. $ 20 Million dollars Against defendant Robert Paquette And Danbury Police Dept.;

44 of 45

6. $ 40 million dollars against defendant Patric Carroll Judge And City of DanBury.

E. GRANT such other relief As it may Appear that Plaintiff is entitled.

## # JURY DEMAND

The Plaintiff Request A Jury Trial.

RESPECTFULLY SUBMITTED

Plaintiff   PRO-SE

Luis Fernandez
M.C.I.
1153 east st south,
Suffield, CT 06080

## DECLARATION UNDER PENALTY OF PERJURY

The undersigned declare to the best of knowledge under penalty of perjury that he is the plaintiff in the Above Action, that he has read the Above complaint and that the information contained on the complaint is true and correct.

Executed At : MacDougll C.I. suffield, CI
ON date NOV. 4, 2004

Plaintiff Org. Sign.

45 of 45