United States District Court
District of Connecticut
FILED AT    BRIDGEPORT

12/27/04    20

Kevin F. Rowe, Clerk
By _____
Deputy Clerk

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

### CIVIL RIGHTS COMPLAINT

Luis Fernandez
ID 279900
Plaintiff(s),
(Full name(s) and prisoner number(s) if incarcerated)
(Do not use et al.)

AMENDED COMPLAINT

v.

Robert Paquette official/individual
Det Robert Williams official/individual
Det. Sgt. Fisher official/individual
Det. Merullo official/individual
Det. Mark Trohalos official/individual
Det. Ramos official/individual
Det. Nolan official/individual
Defendant(s).
(Full name(s) and capacity, e.g., official capacity, individual capacity,
or official and individual capacitites) (Do not use et al.)

Case No. 3:01CV1807 (JBA)
(To be supplied
by the court)

Officer T. Barcello, official/individual
Mark Scoroza, official/individual
Dean M. Esserman, official/ind.
R. Halas, official/individual
D. Stewart, official/individual

### A. PARTIES

1. Luis Fernandez is a citizen of Connecticut who
(Plaintiff)                                    (State)
presently resides at Cheshire C.I. 900 highland Ave, Cheshire, CT 06410
(mailing address or place of confinement)
If plaintiff is incarcerated, provide inmate number: 279900

2. Defendant Robert Paquette is a citizen of Connecticut
(name of first defendant)                              (State)
whose address is 120 Main Street, Danbury, CT 06810.

and who is employed as _the Chief of Police at Danbury Police Department_
(title and place of employment)

At the time the claim(s) alleged in this complaint arose, was this defendant acting under color of state law? ✓ Yes ___ No. If your answer is "Yes," briefly explain:

_As the Chief of Police his Action is under Color of state law._

3. Defendant _Robert Williams_ is a citizen of _Connecticut_
(name of second defendant) (State)

whose address is _120 Main Street, Danbury, CT 06810_

and who is employed as _Detective at Danbury Police Department_
(title and place of employment)

At the time the claim(s) alleged in this complaint arose, was this defendant acting under color of state law? ✓ Yes ___ No. If your answer is "Yes," briefly explain:

_As Detective his Action is under Color of state law._

(If more space is needed to furnish the above information for additional defendants, continue on a blank sheet which you should label "A. PARTIES." Be sure to include each defendant's complete address and title.)

## B. JURISDICTION

1. Jurisdiction is asserted pursuant to (CHECK ONE)

✓ ___ 42 U.S.C. § 1983 (applies to state prisoners)

___ *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,* 403 U.S. 388 (1971) and 28 U.S.C. § 1331 (applies to federal prisoners)

2. Jurisdiction also is invoked pursuant to 28 U.S.C. § 1343(a)(3). (If you wish to assert jurisdiction under different or additional statutes, you may list them below.)

_42 U.S.C. § 1988 (1994) Proceeding in Vindication of Civil Rights._

4. Defendant _____ is a citizen of Connecticut whose address is 120 MAIN Street, Danbury, CT 06810 who is employed as Detective Sgt. at Danbury Police Department. At the time the Claim(s) alleged in this Complaint arose, was this defendant acting under color of state law? ✓ yes ___ No. If your answer is "yes", briefly explain: As Detective Sgt. his action is under Color of state law.

5. Defendant MERULLO is a citizen of Connecticut whose address is 120 MAIN Street, Danbury, CT 06810 who is employed as Detective at Danbury Police Department. At the time the Claim(s) alleged in this Complaint arose, was this defendant acting under Color of state law? ✓ yes ___ No. If your answer is "yes", briefly explain: As Detective his action is under color of state law

6. Defendant MARK Trombles is a citizen of Connecticut whose address is 120 MAIN Street Danbury, CT 06810 who is employed as Detective at Danbury Police Department. At the time the Claim(s) alleged in this Complaint arose, was this defendant acting under color of state law? ✓ yes ___ No. If your answer is "yes", briefly explain: As detective his action is under Color of state law.

7. Defendant RAMOS is a citizen of Connecticut whose address is 120 MAIN Street, Danbury, CT 06810 who is employed as Detective at Danbury Police Dept. Acted under color of state law? As detective his action is under color of state law.

8. Defendant ___NOLAN___ is a citizen of ___Connecticut___ whose address is _120 Main Street, Danbury, CT 06810_ who is Employed as _Detective at Danbury Police Department_ At the time the Claim(s) Alleged in this Complaint Arose, was this defendant Acting under color of state law? ✓ yes ___ no. briefly Explain: _As Detective s/he is Action is under_ _Color of state law._

9. Defendant ___Barcello___ is a citizen of ___Connecticut___ whose address is _805 Bedford street, stanford, CT_ who is Employed as _OFFICER P. at Stanford Police Department_ At the time the Claim(s) Alleged in this Complaint Arose, was this defendant Acting under Color of state law? ✓ yes ___ no. briefly Explain: _As OFFicer P. his Action is under_ _Color of state law._

10. Defendant _MARK SCOCOZA_ is a citizen of ___Connecticut___ whose Address is _120 Main Street, Danbury, CT 06810_ who is Employed as _OFFICER P. at Danbury Police, Department_ At the time the Claim(s) Alleged in this Complaint Arose, was this defendant Acting under color of state law? ✓ yes ___ no. briefly explain: _As officer P. his Action is under Color_ _of state law._

11. Defendant _DEAN M. ESSERMAN_ is a citizen of ___Connecticut___ whose Address is _805 Bedford street, stanford, CT_ who is Employed as _Chief of Police at Stanford Police Department_ At the time the Claim(s) Alleged in this Complaint Arose, was this defendant Acting under Color of state law? ✓ yes ___ no. briefly Explain: _As chief of Police has Action is under Color of state law._

12. Defendant __HAAS_____ is a citizen of __Connecticut__
whose Address is __120 MAIN Street, Danbury, CT 06810__
who is Employed As __Detective At Danbury Police Department__
At the time the Chaim(s) Alleged in this Complaint Arose, was
this defendant Acting under Color of State law? __✓__ yes ___ no.
briefly Explain: __As Detective her Actions is under Color__
__of state law.__

13. Defendant __D. Stewart_____ is a citizen of __Connecticut__
whose Address is __805 Bedford Street, Stanford, CT__
who is Employed As __Sergeant___ At __Stamford Police Department__
At the time the Chaim(s) Alleged in this Complaint Arose, was
this defendant Acting under Color of State law? __✓__ yes ___ no.
briefly Explain: __As sergeant his Action is under color__
__of state law.__

## C. NATURE OF THE CASE

BRIEFLY state the background of your case this case consist on lack of probable cause for an arrest, excessive force, the missleading the Judge into issuing a warrant, failure to base on the totality of concurstances, the unreasonable search and seizure of property, failed to knock and announcement entry into house and violation of fourth Amendment (others)

## D. CAUSE OF ACTION

I allege that the following of my constitutional rights, privileges, or immunities have been violated and that the following facts form the basis of my allegations: (If more space is needed to explain any allegation or to list additional supporting facts, continue on a blank sheet which you should label "D. CAUSE OF ACTION.")

Claim I: Violation of fourth Amendment, fifth Amendment nor be deprived of life, liberty or property without due process, Conn. Gen. Stat. § 53-157(b) Mental and Emotional distress, Property(others)

Supporting Facts: (Include all facts you consider important, including names of persons involved, places, and dates. Describe exactly how each defendant is involved. State the facts clearly in your own words without citing legal authority or argument.)

1) On Oct. 27, 2000, at approx. 1845hrs Friday in 46 Chestnut St. Ext. Apt. 3, Danbury, CT 06810 leased by Mario Andino and girlfriend Raquel Fernandez were the plaintiff Ocacionaly was allowed to sleep and kept belonging in a Rubber Maid top-Container next to a futone couch or sofa bed in the living Room where the defendants Mark Trohalis and John Merullo unreasonably searched and seized property were expectation of privacy had been Asserted.

3

2) The plaintiff had a subjective expectation of privacy in the Rubber Maid top-Container already asserted ownership by the lessee and Occupant of resident Mario Andino See Attached and Marked As Exhibit "1" Danbury Police Department Incident Report No. 00-13781 date 10/27/2000, page 1 of 1 signed by Defendant Mark Truskalis on 10/30/2000, Citing OLIVER V. U.S., 466 U.S. 170, 177-78 (1984) (A search is a governmental invasion of a persons privacy) Where defendants Mark Truskalis and John Mewllo invaded the plaintiff privacy in the Rubber Maid top-Container and illegally seizeds checks book and one box of checks of Luis Fernandez of 46 Chestnut St. Ext Apt. #3, Danbury CT 06810, violating the fourth Amendment by unreasonable search and seizure. Citing U.S. V. MEYERS, 157 F.3d 1067, 1079-80 (7th Cir. 1998) (No subjective expectation of privacy in refrigerator located outside of Mobile home because police had search warrant authorizing their presence on premises and defendant failed to assert ownership of refrigerator).

3) Also, the plaintiff subjective expectation of privacy in Mario Andino and Raquel Fernandez residence 46 Chestnut St. Ext. Apt. #3, Danbury, CT 06810 because the plaintiff, as the lessee Mario Andino and Raquel Fernandez had possessory interest in the Apartment, which was in a house divided into Apartment Complexts with More tendants. Citing, U.S.



# DANBURY POLICE DEPARTMENT
## Incident Report

Report Type: Init/Clos

| INCIDENT NO | INCIDENT DATE | TIME | INCID CODE | TYPE OF INCIDENT | | INVESTIGATING OFFICER | | BADGE |
|---|---|---|---|---|---|---|---|---|
| 00-13781 | 10/27/00-Fri | 1905:00 | 461 | Search Warrant Execution | | Det. Mark Trohalis | | 461 |

| TYPE OF REPORT | LOCATION OF INCIDENT | ST NO | STREET NAME | APT NO/LOCATION |
|---|---|---|---|---|
| 10/30/2000 | 46 | | Chestnut St. Ext. | 2nd #3 |

STATUS CODE  C - Complainant  A-Arrestee  I-Interviewed  J-Juvenile  M-Missing  S-Suspect  V-Victim  W-Witness  O-Other

| STATUS | LAST NAME | FIRST (M.I.) | SEX | RACE | DOB | PHONE | STREET | CITY | ST | REG # | ST |
|---|---|---|---|---|---|---|---|---|---|---|---|
| S | Fernandez | Luis | M | H | 07/22/76 | | 46 Chestnut St. Ext. | Danbury | CT | | |
| S | Andino | Katherine | F | H | 12/23/80 | | 46 Chestnut St. Ext. | Danbury | CT | | |
| O | Andino | Mario | m | h | 10/14/78 | 778-1439 | 46 Chestnut St. Ext. | Danbury | Ct | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |

| STATUS | LAST NAME | FIRST (M.I.) | STATUTE-1 | OFFENSE-1 | STATUTE-2 | OFFENSE-2 | STATUTE-3 | OFFENSE-3 |
|---|---|---|---|---|---|---|---|---|
| S | Fernandez | Luis | | | | | | |
| S | Andino | Katherine | | | | | | |
| O | Andino | Mario | | | | | | |
| | | | | | | | | |
| | | | | | | | | |

**DETAILS**

On the above date at the above approximate time members of the Special Investigation Division assisted by the Danbury police department General Investigation Division served arrests warrants for the person of Luis Fernandez. The Special Investigation Division concluded an investigation into the illegal sale of cocaine by Luis Fernandez within the City of Danbury. Fernandez was arrested as he was parked in the Bradlees parking lot conducting a sale of cocaine to an individual, see police incident report 00-13779. Additionally search warrants for a storage area used by Fernandez to store his cocaine, police incident report 00-13780, and for his apartment located at 46 Chestnut St. Extension were executed.

Entry into the apartment located at 46 Chestnut St. Ext, 2nd floor, apartment 3, was gained at approximately 1845 hrs, using a key seized from Fernandez's person. Seized from the apartment were one small clear plastic bag which contained a white powder and one US. one dollar bill which contained white powder, said substance was subsequently field tested and a positive reaction for cocaine was obtained, additionally one check book and box of checks for the person of Luis Fernandez of 46 Chestnut St. Ext., apartment #3. While searching the apartment Mario Andino entered, Andino stated he and his girlfriend lease the apartment and allow his sister Katherine Andino and her boy friend to stay there. Mario stated he allows them to sleep on the couch and showed his the personal belongings of Fernandez.

Mario Andino was given a copy of the search warrant for the apartment and the search was concluded at 1905 hrs.

| INVESTIGATING OFFICER'S SIGNATURE | BADGE # | DISTRIBUTION (FOR USE BY SHIFT COMM ONLY) | FOLLOW-UP ACTIONS BY |
|---|---|---|---|
| | 461 | | |

| REVIEWED/FIELD SUPV | SHIFT COMM | | PAGE 1 OF 2 |
|---|---|---|---|

11/3/2000    3:22:35 PM

3) V. VEGA, 221 F.3d 789, 796 (5th Cir. 2000).

4) Even if the plaintiff only stayed as a overnight guest in the lessee and occupant Mario Andino Apartment there is an objective expectation of privacy in dwelling because plaintiff had a relation-ship with lessee and occupant Mario Andino sister, occasionally ate and slept at dwelling, kept belongings there, and could stay when no residents were present. Citing, MINNESOTA V. OLSON, 495 U.S. 91, 100 (1990) (Objective expectation of privacy in friends Apartment when overnight guest in it); U.S. V. POLLARD, 215 F.3d 643, 647-48 (6th Cir. 2000) (objective expectation of privacy in dwelling other than defendant's home because defendant had long term Friendship with lessee, occasionally ate and slept at dwelling, kept belongings there and could stay when no residents were present).

5) The plaintiff Rubber-maid top container has an objective expectation of privacy even as an unlocked container, closed located in the living room next to the futone couch or sofa bed of lessee and occupant Mario Andino apartment see attached and marked Exhibit "2" herein Danbury Police Department Special INVESTIGATIONS DIVISON made by defendant John Menello on 10/27/00 case No. 00-13781, is protected against government invasion of a person privacy. Citing U.S. V. Infante-Ruiz, 13 F.3d 498,



5) 501 (1st Cir. 1994) (objective expectation of privacy in unlocked, closed briefcase located in trunk of associate's car, even while not a passanger, despite allowing friends access to it).

6) The defendants Mark Trohalis and John Merullo violated plantiff objective expectation of privacy in the lessee and ocopant Mario Andino Apartment 46 Chestnut St. Ext. Apt. 3 Danbury, CT 06810 because the plantiff kept personal and bank checks in a closed blue Rubber maid top-container at the apartment and had only key to the apartment. citing, U.S. V. Chaves, 169 F.3d 687, 690-91 (11th Cir. 1999) (objective expectation of privacy in warehouse that defendant did not own because defendant kept personal and business papers in warehouse and had only key to warehouse).

7) The plantiff Rubber maid top-container was not exposed to the public, even in lessee and ocapant Mario Andino Apartment 46 Chestnut St. Ext. Apt. #3 Danbury, CT 06810 were the assertion of owner was notified to the defendants see attached and marked as exhibit "1" herein the complaint indicating assertion of owner, is subject to the fourth Amendment protection. citing, KATZ, 389 U.S. At 351.

8) The Lessee and Occupant Mario Andino of the Apartment 46 Chestnut St. Ext Apt #3, Danbury, CT 06810 Asserted plaintiff's owner-ship to belongings, the large blue top A ware Container referred herein prior paragraphs As Rubber maid top Container located in the livingroom see Attached and marked As Exhibit "2" location and Container, NO Consent to Search was given to the defendants Mark Trohalis And John Mewllo for Seizure OR A Warrant indicating the Seizure And Search of the plaintiff large blue top A ware Container / Rubber maid top-Container Violating the fourth Amendment Protection Against unreasonable government Seizures of persons And property. Citing U.S. V. MATlock, 415 U.S. 164, 177 (1974).

9) ON Oct. 27, 2000, At/in front of Bradlees Parking lot the defendants Mark Trohalis And John Mewllo took and seized from the plaintiff the key to the Apartment of the Lessee And Occupant Mario Andino And Raquel Fernandez located At 46 Chestnut St. Ext. 2nd floor Apartment #3 entering and gained Access At Approx. 1845 hrs, using the key for unlocking the Apartment without A "Knock And Announce" in violation of § 3109 were the unlatching A closed door unannounced Intrusion is in violation of the Statute, citing Sabbath 391 U.S. At 590, see, E.g. U.S. V. DiCESARE, 765 F.2d 890, 896 (9th Cir. 1985), even with Arrest warrants

9) defendants Mark Trohalis and John Mennillo failed to Announce identity And purpose OR/And did Not do so Upon entering Apartment 46 Chestnut St., Ext. 2nd floor Apt. #3 Danbury, 06810 see Attached and marked As Exhibit "1" herein the complaint. and did not even had A reasonable suspicion that Knocking and unannouncing would be dangerous futile, OR destructive to the purpose of the investigation, citing Richards V. Wisconsin, 520 U.S. 385, 394-95 (1997); And U.S V. Ramirez, 523 U.S. 65, 73-74 (1998) which Common law Announcement Requirement under § 3109 And No Exigent Circumstance to satisfied evidence would be destroyed was not provided by the defendants in violation of the Statute. Citing E.g., Gould V. Davis, 165 F.3d 265, 271 (4th Cir. 1999); And U.S. V. Lucht, 18 F.3d 541, 551 (8th Cir. 1994).

10) After the defendants MarkTrohalis And John Mennillo unannounced entrance and gained into 46 Chestnut St. Ext. 2nd floor, Apartment, Danbury CT by using the Key taken and seized from the plaintiff while Already searching the Apartment the lessee and occupant Mario Andino entered an encountered with defendants Mark Trohalis and John Mennillo displaying of weapons And threating presence of Police officers And Narcotics Agents implying Compliance outweighting the lessee or occupant Mario Andino free will Against unreasonable government seizures of person and

10) property. <u>Michigan</u> V. <u>Chesternut</u>, 486 U.S. 567, 573 (1988) (seizure of a person occurs when "in view of all the circumstances surrounding the incident"; a person reasonably believes he or she is not "free to leave" an encounter with a governmental official); <u>U.S.</u> V. <u>Washington</u>, 151 F.3d 1354, 1357 (11th Cir. 1998); and <u>U.S.</u> V. <u>Mendenhall</u>, 446 U.S. 544, 554 (1980).

11) The defendants Mark Trohalis and John Mewllo lack of Probability and cause to justify a level of suspicion from the lessee and occupants Mario Andino and Raquel Fernandez of criminal activities when the intrusions upon Apartment 46 Chestnut St. Ext. Apt. #3 Danbury, CT 06810 bedroom closet see attached and marked as exhibit #"2" herein the Complaint, deprived the lessee and Occupants Mario Andino and Raquel Fernandez of the interest protected by the fourth Amendment. <u>citing</u> <u>ORNELAS</u> V. <u>U.S.</u>, 517 U.S. 690, 695 (1996).

12) The defendants Mark Trohalis and John Mewllo had no probable cause for an application for search and seizure warrant of 46 Chestnut St. Ext. Apt. #3, Danbury, CT when the totality of the Circumstances was based on defendant John Mewllo wanton and reckless surveillance which lead to the wrongful identification of occupants in the lease and were no illegal activity in plain view

12) WAS establish for Probable Cause. <u>Citing</u>, <u>Resendiz</u> V. <u>Miller</u>, 203 F.3d 902, 903 (5th Cir. 2000) (Probable Cause to Arrest based on totality of Circumstances observed by officers, including Car Registered in state where Neither party Resided, vehicle owner did not have driver's license, large Amount of currency stuffed in shoe, And drug sniffin Canine Alerted twice to shoes And currency).

13) The plaintiff Argus And Concludes that the description in the sworn Statement of the Apartment to be searched Contained several Mistakes, which made it impossible for the defendants Mark Trohalis And John Mewllo, Agents executing the Warrant to locate And properly identify the premises to be searched, And made it Reasonably probable that Another premise Might be Mistakenly searched because of the Confusing identification of the Apartment which the Application search And seizure warrant did not satisfy the particularity requirements of the fourth Amendment see Attached And Marked As Exhibit "3" Affidavit And Application Search And seizure warrant Pages 1 of 6 thrus 5 of 6 herein.

14) The defendants Mark Trohalis And John Mewllo Subscribed And Sworn Affidavit And Application Search And seizure warrant Attached And Marked As Exhibit "3" herein the Complaint, is invalid because it fails to describe the particular Subunit to be



46 chestnut St
Ext. 2nd Floor
Apartment 3

# DANBURY POLICE DEPARTMENT

## SPECIAL INVESTIGATIONS DIVISION

Name: Luis Fernandez.
Time Commenced 1845

Location : 46 Chestnut St. Ext. apt 3 Danbury, CT
Time Secured 19005

Case 00-13781
Evidence Officer : Det. J.Merullo 292
Date 10/27/00

| # | Description Of Evidence | Location Evidence Found | Found By | Time | Remarks |
|---|---|---|---|---|---|
| | One ( 1 ) small plastic bag containing white powder & one ( 1 ) U.S. dollar bill Containing white powder | Pocket of Blue shirt w white stripes hanging in closet of bedroom | 425 | 1902 | FT pos cocaine by 292 |
| | Check book & 1 box of checks of Luis Fernandez of 46 Chestnut St. Ext apt #3 Danbury, CT | Large blue tup a ware container located in the livingroom | 292 | 1905 | Record of occupancy |

SEARCH AND SEIZURE WARRANT
JD-CR-51 (Rev. 9-93)

STATE OF CONNECTICUT
SUPERIOR COURT

**INSTRUCTIONS TO APPLICANT**

**INSTRUCTIONS TO OFFICER**

TO: A Judge of the Superior Court

The undersigned, being duly sworn, complains on oath that the undersigned has probable cause to believe that certain property, to wit:

Cocaine, white powdered substances, cutting agents for narcotics, grinders, packaging materials, weighing scales, strainers, U.S. currency, all financial records, safes, documentation of residence, records of identification, records of drug transactions, telephone pagers, and police scanners.

---

X  is possessed, controlled, designed or intended for use of which is or has been or may be used as the means of committing the criminal offense of:

    Possession of Narcotics 21a-279(a)
    Possession of Narcotics With Intent to Sell 21a-278(b)

was stolen or embezzled from:

---

X  constitutes evidence of the following offense or that a particular person participated in the commission of the offense of:

    Possession of Narcotics 21a-279(a)
    Possession of Narcotics With Intent to Sell 21a-278(b)

---

is in the possession, custody or control of a journalist or news organization, to wit:

and such person or organization has committed or is committing the following offense which is related to such property:

and such property constitutes contraband or an instrumentality of the criminal offense of:

And is within or upon a certain person, place, or thing, to wit:
    PERSON

    PLACE OR THING

    Second floor apartment of 46 Chestnut Street, Ext. Danbury, Connecticut. 46 Chestnut Street Ext. is a multi family house which is the second house on the right from intersection of Chestnut Street Ext and Wildman Street. 46 Chestnut Street Ext is painted blue on the lower half and white on the upper half. Mailbox with name Fernandez is located on the left side of house and entry to the second floor is made through doorway leading into the house and to the second floor apartment.

00-13326

And that the facts establishing the grounds for issuing a Search and Seizure Warrant are the following:

1.     The affiant, Detective Mark Trohalis, is a regular member of the Danbury Police Department and has been a member since January 5, 1987. At all times mentioned herein he was acting as a member of said department. That the affiant is currently assigned to the Special Investigation Division of said department. That the Special Investigation Division has the primary responsibility of investigating illegal narcotic trafficking within Danbury Connecticut. That the affiant has participated in numerous drug trafficking investigations which have resulted in arrests and convictions and the seizure of narcotics. That the affiant has participated in numerous other types of criminal investigations such as Murder, Burglary, Assault, Sexual assault and Larceny which has resulted in arrests and convictions.

2.     That the affiant, Detective John Merullo, is a member of the Danbury Police Department and has been so for a total thirty two and one half years. The affiant is presently assigned to the Special Investigation Division of said Department, whose primary responsibility is narcotic investigation. That affiant has worked in an undercover capacity and the affiant has participated in numerous drug trafficking investigations which have resulted in the seizure of narcotics and the arrests and convictions for those involved. That the affiant has participated in numerous other types of criminal investigation such as Murder, Burglary, Assault, Sexual assault and Larceny which has resulted in arrests and convictions.

3.     That on January 7, 2000, the affiant along with other members of the Special Investigation Division executed search and seizure warrants after a lengthy investigation into cocaine sales from two individuals identified as Angel Ramirez, date of birth 04/17/77 also known as Sandy and Luis Fernandez, date of birth 07/22/76 also known as Alex. During the execution of the warrants approximately 30 ounces of cocaine, a semiautomatic handgun and over $6,000 was seized from an apartment located at 128 Osborne St., Danbury. That both Ramirez, the target of the investigation and Fernandez were convicted of narcotic trafficking charges. Luis Fernandez received a eight year suspended jail term and four years of Probation.

4.     That on October 13, 2000 the affiant along with other members of the Special Investigation Division and acting with members of the Stamford Police Department conducted a undercover investigation. That during this investigation Officer Barcello of the Stamford Police Department was to act as an undercover officer. That Officer Barcello was given $100 of Danbury police evidence money to make a controlled purchase of cocaine from an individual who goes by the

The undersigned ("X" one)   X   has not presented this application in any other court or to any other judge.

                    has presented this application in another court or to another judge (specify)

The undersigned has not presented this application in any other court or to any other judge.

This application consists of this form plus         pages attached hereto and made a part hereof.

Wherefore the undersigned requests that a warrant may issue commanding a proper officer to search said person or to enter into or upon said place or thing, search the same, and take into custody all such property.

STATE OF CONNECTICUT

| CITY/TOWN | DATE | SIGNATURE AND TITLE OF AFFIANT |
|---|---|---|
| Danbury | 10/26/00 | Mark Trohalis *(signature)* |
| Danbury | 10/26/00 | John Merullo *(signature)* |
| **JURAT** Subscribed and sworn to before me on: | DATE 10/26/00 | SIGNED (Judge of the Superior Court) *(signature)* |

00-13326

4.    PARAGRAPH 4 CONTINUED...
street name Alex. Alex was previously identified as Luis Fernandez, date of birth 07/22/76 and prior to the undercover drug purchase Officer Barcello was shown a Danbury Police Photograph of Fernandez. That Officer Barcello was also equipped with a body wire transmitter to record the incident and for the safety of the Officer.

5.    That on October 13, 2000 Officer Barcello paged telephone pager number 289-3644, a short time later Officer Barcello received a return call from telephone number 730-8865, The male caller instructed the Officer to meet at the McDonalds restaurant located at exit 4 for something to eat in 10 to 15 minutes. It is common for drug traffickers to talk in a code or language that does not mention drugs or prices to avoid detection by Law Enforcement Officers. That Officer Barcello then went directly to the McDonalds restaurant located on Lake Ave. Extension, Danbury, while under surveillance and parked in the parking lot. A short time later a white Honda Civic, bearing Connecticut registration 998PLC arrived in the parking lot and stopped adjacent to Officer Barcello's vehicle. Officer Barcello approached the white Honda Civic and spoke with the operator. Officer Barcello recognized the operator of the vehicle as Luis Fernandez from the photograph shown to him prior to the meeting. Officer Barcello asked for two, meaning two packages of cocaine. That Officer Barcello then handed Fernandez $100 of Danbury Police evidence monies and Fernandez then handed Officer Barcello two small clear plastic bags which contained white powder. Fernandez then drove away and officer Barcello returned directly to the Danbury Police Department.

The undersigned has not presented this application in any other court or to any other judge.

This application consists of this form plus _____ pages attached hereto and made a part hereof.

Wherefore the undersigned requests that a warrant may issue commanding a proper officer to search said person or to enter into or upon said place or thing, search the same, and take into custody all such property.

STATE OF CONNECTICUT

| | CITY/TOWN | DATE | SIGNATURE AND TITLE OF AFFIANT |
|---|---|---|---|
| | Danbury | 10/26/00 | Mark Trohalis |
| | Danbury | 10/26/00 | John Merullo |
| JURAT | Subscribed and sworn to before me on: | DATE 10-26-00 | SIGNED, Judge of the Superior Court |

00-13326

6.  That after the undercover drug purchase described within the two previous paragraphs Officer Barcello turned the suspected cocaine over to the affiant. The affiant then turned the evidence over to Officer Mark Scocozza. Officer Scocozza conducted a field test on said substance and obtained a positive reaction for cocaine. That the evidence was then package and will be sent to the State Toxicology Lab for further analysis. The cassette recording of the incident was also secure as evidence at this time.

7.  That a registration check of the Honda Civic motor vehicle bearing Connecticut registration 998PLC, which was used as described within paragraph 5 of this affidavit was checked with the Connecticut Department of Motor Vehicles. The registered owner is listed as Luis Fernandez, date of birth 07/22/76, of 128 Osborne St., Danbury, Connecticut.

8.  That on October 17, 2000 Officer Barcello was to again act as a undercover officer for the Danbury Police Department. That officer Barcello paged telephone pager number 289-3644, a short time later Officer Barcello received a return call from an individual, whom the Officer recognized by voice, to be that of Luis Fernandez. Fernandez instructed the Officer to meet at the parking lot of Service Merchandise Department Store. That Officer Barcello then went directly to the Service Merchandise Store which is located on Newtown Rd, Danbury while under surveillance and parked in the parking lot. A short time later a white Honda Civic, bearing Connecticut registration 998PLC arrived in the parking lot and stopped adjacent to Officer Barcello's vehicle. Officer Barcello approached the white Honda Civic and spoke with the operator. Officer Barcello recognized the operator of the vehicle as Luis Fernandez from the photograph shown to him prior to the meeting, also in Fernandez's vehicle was a Hispanic female described as having long wavy hair and approximately mid to late 20's in age. Officer Barcello asked for two, meaning two packages of cocaine. That Officer Barcello then handed Fernandez $100 of Danbury Police evidence monies and Fernandez then handed Officer PARAGRAPH 8 CONTINUED...

The undersigned has not presented this application in any other court or to any other judge.

This application consists of this form plus _____ pages attached hereto and made a part hereof.

Wherefore the undersigned requests that a warrant may issue commanding a proper officer to search said person or to enter into or upon said place or thing, search the same, and take into custody all such property.

STATE OF CONNECTICUT

| CITY/TOWN | DATE | SIGNATURE AND TITLE OF AFFIANT |
|---|---|---|
| Danbury | 10/26/00 | Mark Trohalis |
| Danbury | 10/26/00 | John Merullo |
| JURAT Subscribed and sworn to before me on: | DATE 10-26-00 | SIGNED Judge of the Superior Court |

00-13326

8.    **PARAGRAPH 8 CONTINUED**
Barcello two small clear plastic bags which contained white powder directly in front of the female. That the Officer and Fernandez spoke openly in front of the female about codes for pages and times when the Officer should call Fernandez to make purchases of cocaine. Fernandez then drove away and officer Barcello returned directly to the Danbury Police Department.

9.    That after the undercover drug purchase described within the previous paragraph surveillance was maintained on Fernandez as he left the meeting location and returned directly to 46 Chestnut St. Extension and parked in the driveway.

10    That after the undercover drug purchase described within the previous paragraphs Officer Barcello turned the suspected cocaine over to the affiant. The affiant then turned the evidence over to Officer Mark Scocozza. Officer Scocozza conducted a field test on said substance and obtained a positive reaction for cocaine. That the evidence was then package and will be sent to the State Toxicology Lab for further analysis. The cassette recording of the incident was also secure as evidence at this time.

11.    That on Friday October 20, 2000, during the morning hours, members of the Special Investigation Division conducted surveillance of 46 Chestnut St. Extension, Danbury Connecticut. During the surveillance Luis Fernandez was observed to exit the multiple family house at this location with a light skinned Hispanic female with long hair. Both entered the white Honda Civic bearing Connecticut registration 998PLC and traveled the city streets to different locations. Fernandez dropped the female off on Main St. in Danbury and Fernandez was then followed as he went directly to the BRT self storage facility located on Old Newtown PARAGRAPH 11 CONTINUED...

The undersigned has not presented this application in any other court or to any other judge.

This application consists of this form plus _____ pages attached hereto and made a part hereof.

Wherefore the undersigned requests that a warrant may issue commanding a proper officer to search said person or to enter into or upon said place or thing, search the same, and take into custody all such property.

STATE OF CONNECTICUT

| CITY/TOWN | DATE | SIGNATURE AND TITLE OF AFFIANT |
|---|---|---|
| Danbury | 10/26/00 | Mark Trohalis |
| Danbury | 10/26/00 | John Merullo |
| **JURAT** Subscribed and sworn to before me on: | DATE 10-27-00 | SIGNED |

00-13326

11.  PARAGRAPH 11 CONTINUED...
Rd., Danbury. Fernandez was observed to park on the back side of the storage area and enter a storage container. Fernandez stayed for a short time in the storage area and then was under surveillance as he returned to 46 Chestnut St. Extension, Danbury, park and enter the house at that location.

12.  That on October 20, 2000 Officer Barcello was to again act as a undercover officer for the Danbury Police Department. That officer Barcello paged telephone pager number 289-3644, a short time later Officer Barcello received a return call from an individual the Officer recognized the voice to be that of Luis Fernandez. Fernandez instructed the Officer to meet at the parking lot of Service Merchandise Department Store. That Officer Barcello then went directly to the Service Merchandise Store which is located on Newtown Rd, Danbury while under surveillance and park in the parking lot. That surveillance was established on the house located at 46 Chestnut St. Extension where the white Honda Civic, bearing Connecticut registration 998PLC was parked. Soon after Officer Barcello received instruction to go to the Service Merchandise Store Luis Fernandez was observed to exit 46 Chestnut St. Extension, get into the white Honda Civic and travel directly to the Service Merchandise parking lot and meet with Officer Barcello, this was at approximately 1500 hours. Officer Barcello approached the white Honda Civic and spoke with the operator. Officer Barcello recognized the operator of the vehicle as Luis Fernandez from the photograph shown to him prior in the investigation. Officer Barcello told Fernandez that he only had $60 and then handed it to Fernandez. Fernandez then handed Officer Barcello one clear plastic bag which contained a white powder. Fernandez then gave the Officer $8 in change and told the Officer he would be around later if the Officer need anything later. Fernandez then drove from the parking lot and was under constant surveillance as he returned to 46 Chestnut St. Extension. Officer Barcello returned to the Danbury Police Department where he turned the suspected cocaine over to the affiant.

The undersigned has not presented this application in any other court or to any other judge.

This application consists of this form plus _____ pages attached hereto and made a part hereof.

Wherefore the undersigned requests that a warrant may issue commanding a proper officer to search said person or to enter into or upon said place or thing, search the same, and take into custody all such property.
STATE OF CONNECTICUT

| CITY/TOWN | DATE | SIGNATURE AND TITLE OF AFFIANT |
|---|---|---|
| Danbury | 10/26/00 | Mark Trohalis |
| Danbury | 10/26/00 | John Merullo |
| JURAT    Subscribed and sworn to before me on: | DATE  10-26-00 | SIGNED (Judge of the Superior Court) |

00-13326

13.   That after the undercover drug purchase described within the previous paragraph Officer Barcello turned the suspected cocaine over to the affiant. The affiant then turned the evidence over to Officer Mark Scocozza. Officer Scocozza conducted a field test on said substance and obtained a positive reaction for cocaine. That the evidence was then package and will be sent to the State Toxicology Lab for further analysis.

14.   -That on October 20, 2000 at approximately 1700 hours Officer Barcello was to again act as a undercover officer for the Danbury Police Department. That officer Barcello paged telephone pager number 289-3644, a short time later Officer Barcello received a return call from telephone number 778-1349, the Officer recognized the voice to be that of Luis Fernandez. Fernandez instructed the Officer to meet at the parking lot of Bradlees Department Store. That Officer Barcello then went directly to the Bradlees Department Store which is located on Newtown Rd, Danbury while under surveillance and park in the parking lot. That surveillance was maintained after the undercover purchase of cocaine described in paragraph 12 within this affidavit on the house located at 46 Chestnut St. Extension where the white Honda Civic, bearing Connecticut registration 998PLC was parked. Soon after Officer Barcello received instruction to go to the Bradlees Department Store Luis Fernandez was observed to exit 46 Chestnut St. Extension with the same Hispanic female described in paragraphs 8 and 11 within this affidavit. Both Fernandez and the female entered the white Honda Civic and travel directly to the Bradlees parking lot and meet with Officer Barcello. Officer Barcello approached the white Honda Civic and spoke with the operator. Officer Barcello recognized the operator of the vehicle as Luis Fernandez from the photograph shown to him prior in the investigation. Officer Barcello told Fernandez that he had $200, Officer Barcello gave the money to Fernandez and Fernandez then handed Officer Barcello five clear plastic bags which contained a white powder. That Officer Barcello stated the transaction took place in front of the Hispanic female. Fernandez then drove from the parking lot as Officer Barcello returned to the Danbury Police Department where he turned the suspected cocaine over to the affiant.

The undersigned has not presented this application in any other court or to any other judge.

This application consists of this form plus _____ pages attached hereto and made a part hereof.

Wherefore the undersigned requests that a warrant may issue commanding a proper officer to search said person or to enter into or upon said place or thing, search the same, and take into custody all such property.

STATE OF CONNECTICUT

| CITY/TOWN | DATE | SIGNATURE AND TITLE OF AFFIANT |
|---|---|---|
| Danbury | 10/26/00 | Mark Trohalis |
| Danbury | 10/26/00 | John Merullo |
| JURAT  Subscribed and sworn to before me on: | DATE 10-26-00 | SIGNED (Judge of the Superior Court) |

00-13326

15. That after the undercover drug purchase described within the previous paragraph Officer Barcello turned the suspected cocaine over to the affiant. The affiant then turned the evidence over to Officer Mark Scocozza. Officer Scocozza conducted a field test on said substance and obtained a positive reaction for cocaine. That the evidence was then package and will be sent to the State Toxicology Lab for further analysis.

16. That the cassette recordings to the undercover drug purchases described within paragraphs 12 and 14 were packaged and held as evidence.

17. That the telephone number 778-1349, which was used by Luis Fernandez to contact Officer Barcello to arrange the sale of cocaine as described within paragraph 14 was checked through Southern New England Telephone security. Southern New England Telephone lists this telephone to R. Fernandez of 46 Chestnut St., 2nd floor, Danbury Connecticut.

18. That the affiants have conducted surveillance's of 46 Chestnut St. Extension at all times of the day, night and early morning hours and have observed the white Honda Civic bearing Connecticut registration 998PLC parked in the driveway to said location

19. That the affiant Merullo, Thursday October 26, 2000 conducted a surveillance of 46 Chestnut St. Extension and followed Luis Fernandez as he left his house and drove directly to the BRT Self Storage Facility located on Old Newtown rd, Danbury. The affiant Merullo observed Fernandez enter said location and go to and enter a storage garage at said location. Fernandez stayed for a short time and then returned directly to 46 Chestnut St. Extension and enter said location.

The undersigned has not presented this application in any other court or to any other judge.

This application consists of this form plus _____ pages attached hereto and made a part hereof.

Wherefore the undersigned requests that a warrant may issue commanding a proper officer to search said person or to enter into or upon said place or thing, search the same, and take into custody all such property.

STATE OF CONNECTICUT

| CITY/TOWN | DATE | SIGNATURE AND TITLE OF AFFIANT |
|---|---|---|
| Danbury | 10/26/00 | Mark Trohalis |
| Danbury | 10/26/00 | John Merullo |
| JURAT  Subscribed and sworn to before me on: | DATE  10-26-00 | SIGNED (Judge of the Superior Court) |

00-13326

20.

*False Accusations on legal document.*

That the affiants believe that based on the facts and circumstances contained within this affidavit that probable cause exists that Luis Fernandez, date of birth 07/22/76, is currently selling cocaine within the city of Danbury Connecticut and from the second floor apartment of 46 Chestnut Street, Ext. Danbury, Connecticut in violation of Connecticut General statutes 21a-279(a) the possession of narcotics and 21a-278(b) the possession of narcotics with intent to sell.

The undersigned has not presented this application in any other court or to any other judge.

This application consists of this form plus _____ pages attached hereto and made a part hereof.

Wherefore the undersigned requests that a warrant may issue commanding a proper officer to search said person or to enter into or upon said place or thing, search the same, and take into custody all such property.

STATE OF CONNECTICUT

| | CITY/TOWN | DATE | SIGNATURE AND TITLE OF AFFIANT |
|---|---|---|---|
| | Danbury | 10/26/00 | Mark Trohalis |
| | Danbury | 10/26/00 | John Merullo |
| JURAT | Subscribed and sworn to before me on: | DATE 10-26-00 | SIGNED (Judge of the Superior Court) |