Page 4 Of 6

**AFFIDAVIT REQUESTING DISPENSATION**
**WITH REQUIREMENT OF DELIVERY**
pursuant to § 54-33c, Connecticut General Statutes

TO: A Judge of the Superior Court                                          00-13326

For the reasons set forth below, the undersigned, being duly sworn, requests that the judge dispense with the requirement of C.G.S. § 54-33c that a copy of the affidavit(s) in support of the warrant be given to the owner, occupant or person named therein within forty-eight hours:

**X**    The personal safety of a confidential informant would be jeopardized by the giving of a copy of the affidavits at such time;

**X**    The search is part of a continuing investigation which would be adversely affected by the giving of a copy of the affidavits at such time;

‾‾‾    The giving of such affidavits at such time would require disclosure of information or material prohibited from being disclosed by chapter 959a of the general statutes;

and the specific details with regard to such reasons are as follows:

That the affidavit in support of the search and seizure warrant has been reviewed by a Judge of the Danbury Superior Court who has / ~~has not~~ found probable cause for the issuance of this affidavit and has / ~~has not~~ found that to deliver a copy of this affidavit to the owner, occupant, or person named herein, would jeopardize the personal safety of the person or informant named within this affidavit, and in addition, reveal the methods of the investigation that could jeopardize any future investigation related to this target.

The undersigned further requests that this affidavit also be included in such nondelivery.

STATE OF CONNECTICUT

| CITY/TOWN | DATE | SIGNATURE AND TITLE OF AFFIANT |
|-----------|------|--------------------------------|
| Danbury | 10/26/00 | Mark Trohalis _(signature)_ |
| Danbury | 10/26/00 | John Merullo _(signature)_ |

| JURAT | Subscribed and sworn to before me on: | DATE | SIGNED (Judge of the Superior Court) |
|-------|----------------------------------------|------|--------------------------------------|
|  |  | 10-26-00 | _(signature)_ |

SEARCH AND SEIZURE WARRANT

**STATE OF CONNECTICUT**
**SUPERIOR COURT**

Page 5 of 6

00-13326

The foregoing Affidavit and Application for Search and Seizure Warrant having been presented to and been considered by the undersigned, a Judge of the Superior Court, the undersigned (a) is satisfied therefrom that grounds exist for said application, and (b) finds that said affidavit establishes grounds and probable cause for the undersigned to issue this Search and Seizure Warrant, such probable cause being the following: From said affidavit, the undersigned finds that there is probable cause for the undersigned to believe that the property described in the foregoing affidavit and application is within or upon the person, if any, named or described in the foregoing affidavit and application, or the place or thing, if any, described in the foregoing affidavit and application, under the conditions and circumstances set forth in the foregoing affidavit and application and that, therefore, a Search and Seizure Warrant should issue for said property.

NOW THEREFORE, by Authority of the State of Connecticut, I hereby command any Police Officer or a regularly organized police department, any State Policeman; or any conservation officer, special conservation officer or patrolman acting pursuant to C.G.S. § 26-6 to whom these presents shall come within ten days after the date of this warrant to

x  enter into or upon or search the place or thing described in the foregoing affidavit and application, to wit:

Second floor apartment of 46 Chestnut Street, Ext. Danbury, Connecticut. 46 Chestnut Street Ext. is a multi family house which is the second house on the right from intersection of Chestnut Street Ext and Wildman Street. 46 Chestnut Street Ext is painted blue on the lower half and white on the upper half. Mailbox with name Fernandez is located on the left side of house and entry to the second floor is made through doorway leading into the house and to the second floor apartment.

search the person described in the foregoing affidavit and application, to wit:

for the property described in the foregoing affidavit and application, to wit:

Cocaine, white powdered substances, cutting agents for narcotics, grinders, packaging materials, weighing scales, strainers, U.S. currency, all financial records, safes, documentation of residence, records of identification, records of drug transactions, telephone pagers, and police scanners.

and upon finding said property to seize the same, take and keep it in custody until the further order of the court, and with reasonable promptness make due return of this warrant accompanied by a written inventory of all property seized.

The foregoing requests that the judge dispense with the requirement of C.G.S. § 54-33c that a copy of the affidavit(s) in support of the warrant be given to the owner, occupant or person named therein and that the affidavit in support of such request also be included in such nondelivery is hereby:

NOT TO EXCEED 2 WEEKS BEYOND DATE WARRANT IS EXECUTED

✓ GRANTED for a period of _Two Weeks_

This order, or any extension thereof, dispensing with said requirement shall not limit disclosure of such affidavits to the attorney for a person arrested in connection with or subsequent to the execution of the search warrant unless, upon motion of the prosecuting authority within two weeks of such arraignment the court finds that the state's interest in continuing nondisclosure substantially outweighs the defendant's right to disclosure.

DENIED

Signed at _Danbury_    Connecticut, on: DATE _10-26-00_    SIGNED (Judge of the Superior Court) _[signature]_

15) Realized the second floor contained more than one Apartment, and hence, the warrant was overbroad. Citing MARYLAND V. GARRISON, 480 U.S. 79, 107 S. Ct. 1013, 94 L. Ed 2d 72 (1987) (undoubtedly would have been valid if it had reflected a completely accurate understanding of the building's floor PLAN).

16) The defendants John Merullo and Mark Trohalis sworn testimony when conducting surveillance at second floor 46 chestnut st., Ext. Danbury, CT they did not entered the multi family house or building and did not went up to the second floor and made no corroborated fact that the Apartment Number was "3". Moreover, defendants John Merullo and Mark Trohalis made no statement that the Apartment Number was "3" failing to disclose either of these facts to the magistrate issuing the warrant. Citing FRANKS V. DELAWARE, 438 U.S. 154, 98 S. Ct. 2674, 57 L. Ed. 2d 667 (1978).

17) Furthermore, if defendants John Merullo and Mark Trohalis, did checked through Southern New England Telephone security telephone number 778-1349 listed to R. FERNANDEZ of 46 Chestnut St., 2nd floor, Danbury, Connecticut, they should have inquired as to the name of the tenant occupying 46 chestnut st. 2nd floor, Danbury,

17) Conn. And they should have had Conducted further Checks with either the gas and electric Company or the police Department, in order to Accurately ASCERTAIN the Apartment number and the name of the OCCUPANT of the Apartment to be searched which did not fulfill the particularity requirements of the fourth Amendment to ISSUE A WARRANT resulted in the execution of An invalid WARRANT. Citing, WONG SUN V. United States, 371 U.S. 471, 484-88, 83 s.ct. 407, 415-17, 9 L.Ed.2d 441 (1963); TERRY V. Ohio, 392 U.S. 1, 29, 88 s.ct. 1868, 1884, 2 L. Ed 2d 889 (1968); U.S. V. BERRYMAN 717 F.2d 651, 659 (1st Cir. 1983) Cert. denied, 465 U.S. 1100, 104 S.ct. 1594, 80 L. Ed. 2d 125 (1984).

18) The plaintiff Claims that the Alleged surveillance made in the Affidavit by defendants Mark Trohalis and John Mewllo, Agents for Application SEARCH And SEIZURE WARRANT Attached and Marked As Exhibit "3" herein the Complaint, formed the basis of And WAS incorporated into the SEARCH WARRANT without Confirmation OR information As to the Apartment Entered by the plaintiff while going into 46 Chestnut st. Ext. Multi family house IN Any of the days the Alleged SURVEILLANCE WAS unreasonable Conducted which failed to ASCERTAIN And identify the Place intended to search in violation of the fourth Amendment requirements, citing United States V. STEELE, 267 U.S. 498, 503, 45 s.ct.

14) Searched with sufficient definiteness to preclude a search of one or more subunits indiscriminately. Citing United States v. Higgins, 428 F.2d 232 (7th Cir. 1970), Also 1. W. La Fave & J. Israel, Criminal Procedure, § 3.4, At 225 (1984).

15) In the instant case and attached marked exhibit "3", the search warrant describes the apartment to be searched as follows:
" Second floor apartment of 46 Chestnut Street, Ext. Danbury, Connecticut. 46 Chestnut Street Ext. is a multi family house which is the second house on the right from intersection of Chestnut Street Ext. and Wildman street, 46 Chestnut Street Ext. is painted blue on the lower half and white on the upper half Mailbox with name Fernandez is located on the left side of house and entry to the second floor is made through doorway leading into the house and to the second floor Apartment" The plaintiff argues that defendant Mark Trotalis and John Mewllo Application for the search and seizure warrant. At second floor apartment of 46 Chestnut Street, Ext. Danbury, CT 06810 was on defendants thought there was only one apartment on the premises described in the warrant, when in fact, the second floor apartment of 46 Chestnut Street, Ext. Danbury, CT 06810 contained more than one apartment. Thus, it was only after the search warrant was executed that the defendants

18) 414, 416, 69 C.Ed. 757, 760 (1925); see, Also, Hinds, 856 F.2d At 442.

19) The plantiff states there was no probable cause to search Apartment second floor 46 chestnut St. Ext. Danbury, CT supporting the defendant John Mewllo Allegation of "illegal drug Activities from the Apartment" see Attached and Marked As Exhibit "3" herein the complaint page 3f of 6 were no independent Corroboration of an informant or neighbor was provided to "fit" defendant's Allegation of illegal drug Activities. Citing, U.S. V. Blount, 123 F.3d 831, 836-37 (5th cir. 1997).

20) Furthermore, the defendants Mark Trotulos and John Mewllo, Agents failed to obtain Advance Judicial Approval for search and seizures through the application of warrant Procedures for the second floor 46 Chestnut St. Ext. Danbury, CT were the warrant was issued on Oct. 27, 2000 After or during the search of the Apartment, see Attached Marked Exhibit "3" page 3b. of 6 in violation of the plantiff fourth Amendment Protection Against unreasonable search and seizures. Citing, KATZ V. United States, 389 U.S. 347, 357 (1967); see, Also, Terry V. Ohio, 392 U.S. 1, 20 (1968) (Police must, whenever practicable, obtain Advance Judicial Approval of searches and seizures through the warrant Procedures).

21) The defendants Mark Trohalis stated in the Incident Report No. 00-13781 Attached Marked As Exhibit "1" that "one check box and box of Checks for the person of Luis Fernandez of 46 Chestnut St. Ext., Apart #3 As property found during the search of Apartment 46 Chestnut St. Ext. 2nd Floor, Danbury, CT but defendant John Merullo who was designated As the evidence officer At this time Commenced 1845 hrs Time secured 1905", see Attached Marked As Exhibit "2" herein the complaint, to complete the flow chart of Item seized and location seized From indicate that "Item # 2 Check book & 1 box of checks of Luis Fernandez of 46 Chestnut St. Ext. Apt. #3, Danbury CT / large blue top A ware container located in the livingroom" was seized on Oct. 27, 2000 and did not provided A petition for forfeiture of property in Drug Cases Public Act 89-269; C.G.S. § 54-36h supplied to this plaintiff for the purpose of claiming the property seized violating fourth and fifth Amendment to the U.S.C.

22) The defendant John Merullo exceeded scope of the warrant when seizing the plaintiff checks book & 1 box of Checks because warrant only Authorized seizure of "cocaine, white powdered substances, cutting Agents for narcotics, grinders, packaging materials, weighing scales, strainers, U.S. Currency, All financial records, safes, documentation of residence, records of identification, records of drug transactions, telephone

22) papers, and police scanners " not the checks book & 1 box of checks were plaintiff property was seized with prejudice to inflict punishment. citing DALE V. BARTELS, 732 F.2d 278, 284.85 (2nd Cir. 1984).

23) The defendants Mark Trohalis and John Mewllo, Agents were required to comply with Rule 41 because the warrant obtained by state officers Executed by state officers, citing U.S. V. Comstock, 805 F.2d 1194, 1205 (5th cir. 1986), which defendants intentionally violated Rule 41 (d) with prejudice by refusing to provide a copy of the search warrant for the Apartment second floor 46 chestnut st. ext. Danbury, CT At outset of search, but Rather left warrant with Lessee and Occupant Mario Andino at the Apartment After the plaintiff was arrested, Placed in custody And the search Concluded at 1905 hrs. having the plaintiff at the Police Headquarters. Citing U.S. V. GANTT, 194 F.3d 987, 1004 (9th cir. 1999).

24) Even defendants Mark Trohalis and John Mewllo Anticipatory warrant is not valid because there is no information OR showing of A narcotic been brought to the Lessee and Occupants Mario Andino and Raquel Fernandez Apartment second floor, 46 chestnut St. ext Apt. # 3, Danbury, CT by the Plaintiff NOR did the defendants had essential facts Constituting A Possession of narcotics in the Apartment residence. Citing

24) <u>U.S.</u> v. <u>Loy</u>, 191 F.3d 360, 364-67 (3d cir. 1999).

25) The plaintiff states, the warrant attached marked as Exhibit "3" herein the Complaint is invalid because supporting Affidavants were "devoid of any basis from which Magistrate could infer that evidence of drug Activity would be found at Apartment second floor, 46 Chestnut St. Exl. Apt. #3, Danbury, CT were the plaintiff was Allowed to eat and sleep and kept some belongings"; Especially since Affidavits John Merullo and Mark Trohalis gave NO information as to proximity of Alleged narcotics sales to the Apartment Residence. <u>Citing</u> <u>Steagald</u>, 451 U.S. At 213; <u>see</u> <u>U.S.</u> v. <u>Lalor</u>, 996 F.2d 1578, 1582 (4th cir. 1993)

26) Moreover, The plaintiff states that defendants Mark Trohalis And John Merullo had no probable cause to search Unit ss-234 of the BRT Self Storage facility which is located on old Newtown Rd. Danbury, CT. where a wanton and Reckless serveillance of drug suspicion in the Unit ss-234 of the BRT Self Storage facility was not based on information, isolated incident or any of the totality of circumstances that could corroborate suspicious behavior based merely on officer observed the plaintiff going into the BRT Self Storage facility. <u>Citing</u> <u>U.S.</u> v. <u>Wald</u>, 216 F.3d 1222, 1226 (10th cir. 2000)(No probable Cause to search car trunk based merely on officer's detection of odor of burnt Methamphetamine).

27) There was no probable cause for defendants Mark Trohalis and John Mewllo, issued affidavit and applications search and seizure warrant for unit SS-234 of the BRT self storage facility which is located on old Newtown Rd., Danbury, Conn. see Attached and Marked as Exhibit "4" pages 1 of 6 threw 5 of 6 herein the Complaint, when no Alleged purchase of Narcotics or an informant Emerged from such location with Narcotics where defendants M. Trohalos and J. Mewllo based for the totality of circumstance was do to a wanton and Reckless observation of the plaintiff without a weapon and without a Suspicious item in plain view that an experience, Special Training, and Expertise could draw limited inferences of criminal activity from behavior that is not facially criminal. Citing TEXAS V. BROWN, 460 U.S. 730, 742-43 (1983) (Plurality Opinion) (Probable cause to arrest when experienced police officer, who knew Narcotic frequently transported in party balloons, infered that party balloon observed in plain view contained Narcotics).

28) The defendant John Mewllo did not observed the plaintiff carrying any suspected objects or packaging to reasonably draw inference of criminal activity. Citing U.S. V. Prandy-Binett, 995 F.2d 1069, 1078 (D.C. Cir. 1993) (no probable cause to arrest when police observed suspect in train station carrying Rectangular object wrapped in duct tape because



Ex. 4

**AFFIDAVIT AND APPLICATION**
**SEARCH AND SEIZURE WARRANT**
JD-CR-61 Rev. 9-93
C.G.S. § 54-33a, 54-33c, 54-33j

**STATE OF CONNECTICUT**
**SUPERIOR COURT**
Form JD-CR-52 must also be completed

Page 1 Of 6

00-13326

**INSTRUCTIONS TO APPLICANT**
File a copy of the application for the warrant and all affidavits upon which the warrant is based, in a sealed envelope, with the clerk of the court for the geographical area within which the search will be conducted no later than the next business day following the issuance of the warrant. Indicate the police department case number and date of issuance on the front of the sealed envelope.

**INSTRUCTIONS TO G.A. CLERK**

1. Prior to the execution and return of the warrant, do not disclose any information pertaining to the application for the warrant or any affidavits upon which the warrant is based.

2. Upon execution and return of the warrant, affidavits which are the subject of an order dispensing with the requirement of giving a copy to the owner, occupant or person within forty-eight hours shall remain in the custody of the clerk's office in a secure location apart from the remainder of the court file.

TO:  A Judge of the Superior Court:

The undersigned, being duly sworn, complains on oath that the undersigned has probable cause to believe that certain property, to wit:

Cocaine, white powdered substances, cutting agents for narcotics, grinders, packaging materials, weighing scales, strainers, U.S. currency, all financial records, safes, documentation of residence, records of identification, records of drug transactions, telephone pagers, and police scanners.

| X | is possessed, controlled, designed or intended for use of which is or has been or may be used as the means of committing the criminal offense of: |

Possession of Narcotics 21a-279(a)
Possession of Narcotics With Intent to Sell 21a-278(b)

was stolen or embezzled from:

| X | constitutes evidence of the following offense or that a particular person participated in the commission of the offense of: |

Possession of Narcotics 21a-279(a)
Possession of Narcotics With Intent to Sell 21a-278(b)

is in the possession, custody or control of a journalist or news organization, to wit:

and such person or organization has committed or is committing the following offense which is related to such property:

and such property constitutes contraband or an instrumentality of the criminal offense of:

And is within or upon a certain person, place, or thing, to wit:
PERSON

PLACE OR THING

Unit SS-234 of the BRT Self Storage facility which is located on Old Newtown Rd., Danbury Connecticut. The BRT Self Storage is located directly behind the Route 6 Plaza and across the street from Risdon Manufactoring Corporation. BRT Self Storage is surrounded by a tall chain link fence with barbed wire on top. The BRT Self Storage has a large orange sign at the entrance identifying the location, BRT Self Storage is a white building with large orange doors for the storage units.

SEARCH AND SEIZURE WARRANT

STATE OF CONNECTICUT
SUPERIOR COURT          00-13326

The foregoing Affidavit and Application for Search and Seizure Warrant having been presented to and been considered by the undersigned, a Judge of the Superior Court, the undersigned (a) is satisfied therefrom that grounds exist for said application, and (b) finds that said affidavit establishes grounds and probable cause for the undersigned to issue this Search and Seizure Warrant, such probable cause being the following: From said affidavit, the undersigned finds that there is probable cause for the undersigned to believe that the property described in the foregoing affidavit and application is within or upon the person, if any, named or described in the foregoing affidavit and application, or the place or thing, if any, described in the foregoing affidavit and application, under the conditions and circumstances set forth in the foregoing affidavit and application and that, therefore, a Search and Seizure Warrant should issue for said property.

NOW THEREFORE, by Authority of the State of Connecticut, I hereby command any Police Officer or a regularly organized police department, any State Policeman; or any conservation officer, special conservation officer or patrolman acting pursuant to C.G.S. § 26-6 to whom these presents shall come within ten days after the date of this warrant to

enter into or upon and search the place or thing described in the foregoing affidavit and application, to wit:

Unit SS-234 of the BRT Self Storage facility which is located on Old Newtown Rd., Danbury Connecticut. The BRT Self Storage is located directly behind the Route 6 Plaza and across the street from Risdon Manufacturing Corporation. BRT Self Storage is surrounded by a tall chain link fence with barbed wire on top. The BRT Self Storage has a large orange sign at the entrance identifying the location, BRT Self Storage is a white building with large orange doors for the storage units.

search the person described in the foregoing affidavit and application, to wit:

for the property described in the foregoing affidavit and application, to wit:

Cocaine, white powdered substances, cutting agents for narcotics, grinders, packaging materials, weighing scales, strainers, U.S. currency, all financial records, safes, documentation of residence, records of identification, records of drug transactions, telephone pagers, and police scanners.

and upon finding said property to seize the same, take and keep it in custody until the further order of the court, and with reasonable promptness make due return of this warrant accompanied by a written inventory of all property seized.

The foregoing requests that the judge dispense with the requirement of C.G.S. § 54-33c that a copy of the affidavit(s) in support of the warrant be given to the owner, occupant or person named therein and that the affidavit in support of such request also be included in such nondelivery is hereby:

NOT TO EXCEED 2 WEEKS BEYOND DATE WARRANT IS EXECUTED
✓ GRANTED for a period of ___Two Weeks___

This order, or any extension thereof, dispensing with said requirement shall not limit disclosure of such affidavits to the attorney for a person arrested in connection with or subsequent to the execution of the search warrant unless, upon motion of the prosecuting authority within two weeks of such arraignment the court finds that the state's interest in continuing nondisclosure substantially outweighs the defendant's right to disclosure.

DENIED

Signed at ___Danbury___ Connecticut, on: ___DATE___ 10-26-00    SIGNED Judge of the Superior Court

28) packaging material not unique to drug trade).

29) The plaintiff states he had a subjective expectation of privacy in the Unit SS-234 of the BRT Self Storage facility which is located on old Newtown Rd., Danbury, CT. See Attached Marked Exhibit "4" And was deprived when on Oct. 27, 2000, defendants took and seized a set of keys from the plaintiff while in Bradlees Parking lot and without the plaintiff the defendants forced their entrance to the BRT self Storage facility unlocked the lock to unit SS-234 were they opened several Card brood boxes which where not discribed in the Affidavit And Application Search and Seizure Warrant, Attached and marked As Exhibit "4" herein the Complaint, for the Unit SS-234, of the BRT SELF Storage facility were the plaintiff As lessee had possessory interest in the BRT SELF STORAGE UNIT SS-234, which was Surrounded by iron fence and gate. Citing U.S. V. VEGA, 221 F.3d 789, 796 (5th Cir. 2000) ( Subjective Expectation of privacy in residence because defendant, As lessee, had possessory interest in house, which was Surrounded by iron fence and had iron bars on windows).

30) Furthermore, on Oct. 27, 2000, Defendants violated the Common law Claim of trespass when executing the Affidavit And Application Search and Seizure Warrant Attached Marked As Exhibit "4" herein the Complaint for

30) PLACE OR THING UNIT SS-234 of the BRT SELF
STORAGE facility located on old NewTown Rd., Danbury,
CT surrounded by a tall chain link fence with
barbed wire on top and gate When Knowing of or
should have known of JADE ALEXANDER is a Co-
OWNER/REPRESENTATIVE of this Private Property BRT
SELF STORAGE facility UNIT RENTAL where the plaintiff
possessed an objective expectation of privacy in the
UNIT SS-234, kept personal and legal papers, Rental
Agreement and Passport and U.S. Currency with bank
Receipts and had only Key to the UNIT SS-234
plus code to enter private property as lessee of
the BRT SELF Storage UNIT facility. Citing U.S. V.
CHAVES, 169 F.3d 687, 690-91 (11th Cir. 1999)
(objective expectation of privacy in warehouse that
defendant did not own because defendant kept
personal and business papers in warehouse and had
only Key to warehouse).

31) The defendant John Mewllo did not had a legal
vantage point of plaintiff activities to be less than
Absolute Certainty that search of the UNIT SS-234
of the BRT SELF STORAGE on OCT. 27, 2000 will
be fruitfull. Citing MASON V. GODINEZ, 47
F.3d 852, 855 (7th Cir. 1995).

32) The defendants MARK Trohalis and John Mewllo
failed to establish Probable Cause and Mislead the
issuing Judge in obtaining an arrest WARRANT for

32) the UNit SS-234 of the BRT SELF STORAGE facility located on old NEWTOWN Rd. dated 10/26/00 when defendants at the Moment of execution had unreasonably information and not enough facts to even belief by a prudent PERSON that an offense has been or is being committed by the plaintiff in going in and out of the UNit SS-234 of the BRT SELF Storage facility. Citing BECK V. Ohio, 379 U.S. 89, 91 (1964); BRINEGAR V. U.S., 338 U.S. 160, 175-76 (1949); see WONG SUN V. U.S., 371 U.S. 471, 479 (1963).

33) The defendants had no probable cause to search BRT SELF Storage UNit SS-234 because only information linking the plaintiff to drugs was from defendant John Merullo personal beliefs Absent supporting facts not enough. Citing U.S. V. WELLS, 223 F.3d 835, 839 (8th cir. 2000) (No probable cause to search duplex because only information linking defendant to shooting provided by Anonymous caller to police hotline and police corroborated only minor details of tip), Also, U.S. V. Infante-Ruiz, 13 F.3d 498, 502-03 (1st cir. 1994)

34) Even the Affidavit and Application search and seizure warrant Attached and marked as Exhibit "4" is invalid because supporting Affidavit was "devoid of any basis from which Magistrate could infer that evidence of drug Activity would be found at the UNit SS-234 of the BRT SELF STORAGE facility located on old

35) And [drug trafficking] records have been seized at these locations which have resulted in Arrests and Convictions "." Citing U.S. V. Schultz, 14 F.3d 1093, 1097-98 (6th cir. 1994).

36) The AFFIDAVIT and APPLICATION search and seizure WARRANT Attached Marked As Exhibit "4" is insufficiently Particular because it did not state items to be seized insufficiently particular where "All Financial Records" is to the discretion of the officer executing the WARRANT as unreasonable in Violation of the Fourth Amendment. Steele V. U.S., 267 U.S. 498, 503 (1925).

37) The defendants John Mennllo and Mark Trohalis, Agents unnecessary violated § 3109 during the Execution of Affidavit and Application search and Seizure WARRANT Attached Marked As Exhibit "4" on 10/27/00 when the OWNER of BRT SELF STORAGE facility WAS Not AWARE of the search into his property Lessed by the plaintiff which is surrounded by A tall CHAIN link fence with barbed wire on top And gate with Code were defendants entered without Notifying OR/And failed to provided Reasonable Suspicion that Notifying JADE Alexander Co-owner/representative of BRT SELF STORAGE facility would be dangerous, futile, OR destructive to the purpose of the investigation. Citing Richard V. WISCONSIN, 520 U.S. 385, 394-95 (1997).

34) NEWTOWN R.d. DANBURY, CT ", ESPECIALLY SINCE Affidavits defendants M. Trohalis and J. Menullo gave No information As to proximity of Alleged NARCotics sales to the plaintiff lesseed UNIT SS-234 of the BRI SELF STORAGE facility. citing Steagald, 451 U.S. At 213; SEE, U.S. V. LALOR, 996 F.2d 1578, 1582 (4th Cir. 1993)

35) Furthermore, the Affidavit and Application search and Seizure warrant Attached Marked As Exhibit "4" is invalid because supporting Affidavit was devoid of evidence providing sufficient NEXUS between Contraband and place to be searched; only Connection based on defendants MARK Trohalis and John Menullo belief in paragraph 21 page 3f of 6 of the Exhibit "4" herein the complaint "that based on their training and experience have found NARCOTIC traffickers utilize locations away from their residences to Store[NARCOTICS]. The purpose of utilizing [SAFE] locations away from their residences is to [Avoid] Arrests in case of search warrants At their homes And to [Avoid] theft from Rival [drug traffickers]. The Affiants have additionally found that [drug traffickers] that have been previously Arrested from search warrants At their homes Commonly [Avoid] keeping records, money And [NARCOTICS] At their residences to [Avoid] Arrests. That these [SAFE] locations Are Commonly Called [SAFE] houses And that the Affiants have participated in numerous [drug trafficking] investigations in which [drug traffikers] utilized them and that [NARCOTICS], money, And

38) The defendant John Merullo had exceeded scope of warrant executed on 10/27/00 at BRT Storage unit 234 when seized the legal papers & Passport of Luis Fernandez in a card broad box located in storage unit 234 because warrant only authorized seizure of "Cocaine, white powdered substances, cutting agents for narcotics, grinders, packaging materials, weighing scales, strainers, U.S. currency, 'all financial records', safes, documentation of residence, records of identification, records of drug transactions, telephone pagers, and police scanners," and legal papers & passport of Luis Fernandez in card broad box not in plain view. See attached and marked as Exhibit "5" herein Danbury Police Department Special Investigation Division flow chart by Evidence officer Det. J. Merullo dated 10/27/00. Citing DALE V. BARTELS, 732 F.2d 278, 284-85 (2d Cir. 1984)

39) The defendants had exceeded scope of warrants Attached and marked as Exhibits "3" and "4" by installing a body wire transmitter to defendant T. Brancello because it had not been authorized the installation of a body wire transmitter. Citing U.S. V. Chew, 979 F.2d 714, 717-19 (9th Cir. 1992).

40) Also Arraignment Report and Affidavit Warrantless Arrest is invalid attached and marked as Exhibit "6" page 1 of 1 Case/incident No: 00-13780 were place of arrest is inaccurate and search took place



# DANBURY POLICE DEPARTMENT

## SPECIAL INVESTIGATIONS DIVISION

Name: Fernandez & Leblanc    Case 00-13779    Date 10/27/200

Commenced 1800

Location Berkshire Shopping Center    Time Secured: 1820

Evidence Officer: Det. Merullo 292

Time

| Item # | Description Of Evidence | Location Evidence Found | Found By | Time | Remarks |
|---|---|---|---|---|---|
| 1 | 4 plastic bags each containing white powder | Person of Laurie Leblanc | 461 | 1805 | FT pos cocaine by 292 |
| 2 | Two ( 2 ) hundred dollars ( $200) in U.S. Currency | Drivers seat of CT reg 709NGN – operator Luis Fernandez | 292 | 1802 | Money paid by Leblanc for cocaine  To Fernandez |
| 3 | One ( 1 ) piece of black plastic | Drivers side of CT reg 709NGN – operator Luis Fernandez | 292 | 1802 | Wrapping used by Fernandez to package  Four ( 4 ) Smaller bags of cocaine |
| | Four hundred & sixty –three dollars ( $463 ) In U.S. currency | Right front pants pocket & wallet of Luis Fernandez | 394 | 1808 | $400 in wallet  $63 right front pants  pocket. |
| | One ( 1 ) pagenet beeper | Person of Luis Fernandez | 394 Robert Williams | 1808 | |
| | One ( 1 ) piece paper with name ALEX & # 289-3644 | Wallet of Laurie Leblanc | 425 Gisler | 2130 | Pager number of Luis Fernandez- number  Was tried & received  on pager |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

# DANBURY POLICE DEPARTMENT

## SPECIAL INVESTIGATIONS DIVISION

Name : Luis Fernandez
Time Commenced : 1830

Location: BRT Storage unit 234
Time Secured: 1850

Case: 00-13780
Evidence Officer: Det. J.Merullo 292

Date:10/27/200

| Item # | Description Of Evidence | Location Evidence Found | Found By | Time | Remarks |
|---|---|---|---|---|---|
| 1 | One ( 1 ) gold master key | Key ring of Luis Fernandez | 425 | 1830 | Key opened storage unit #234 |
| 2 | Nineteen hundred & ten dollars ($1910) in U.S. currency & BRT Self Storage | Blue Polo Sport case - card broad box in storage unit 234 | 425 | 1831 | Money seized for forfeiture, agreement |
| | Agreement & two ( 2 ) license of Luis Fernandez | | | | Made out to Luis Fernandez |
| 3 | One ( 1 ) Titan model 2000 scale | Card broad box in storage unit 234 | 425 | 1831 | |
| 4 | One ( 1 ) box of Glad sandwich bags containing – One ( 1 ) plastic bag containing | Glad box was wrapped in a white plastic bag & wrapped in black bag – found on | 425 | 1835 | FT of white pressed material was pos |
| | White pressed material – four ( 4 ) pieces of black plastic, knotted, & each containing | Floor of storage unit 234 | | | Cocaine at 2205 hrs by 292 – approx wght |
| | Five ( 5 ) small plastic bags each containing white material ( twenty bags ) | | | | 18.5 gms. Approx wght of 20 bags |
| | | | | | 17.7 gms. |
| 5 | Passport of Luis Fernandez & legal papers | Card broad box located in storage unit 234 | 292 | 1837 | Rep. Dominicana passport & legal |
| | | | | | Papers were search warrants, arrest report & flow chart from 1/7/00 arrest. |
| 6 | One ( 1 ) gold master key | Blue Polo Sport case – card broad box in storage unit 234 | 292 | 1930 | Key matched key used to open storage unit |
| | | | | | That was found on Fernandez |