Ex. 6

## ARRAIGNMENT REPORT AND AFFIDAVIT
### Warrantless Arrest

**JUDICIAL DISTRICT OF   DANBURY**

The undersigned, an officer of the _____**Danbury Police Department**_____ having been duly sworn,

deposes and says: That I am the officer who prepared this police report consisting of _____1_____ pages.

That the information contained therein was secured as a result of: (1) my personal observation and knowledge; or, (2) information relayed to me by other members of my police department or of another organized police department; or, (3) information secured by myself or another member of an organized police department from the person or persons named or identified therein, as indicated in this attached report. That this report is an accurate statement of the information so received by me.

| CASE/INCIDENT NO | ARREST DATE | ARREST TIME | PLACE OF ARREST | | |
|---|---|---|---|---|---|
| 00-13780 | 10/27/00 | 1830 | Newtown Rd. | | |

| ACCUSED (Last, First MI) | | DOB | PREVIOUS RECORD Y/N | | |
|---|---|---|---|---|---|
| Fernandez Luis | | 07/22/76 | Y | | |

**ADDRESS (No, Street, City, State)**
46 Chestnut St. Ext.  Danbury  CT

| CHARGE 1 | CHARGE 2 | CHARGE 3 | CHARGE 4 | CHARGE 5 | CHARGE 6 |
|---|---|---|---|---|---|
| 21a-278a | 21a-279a | | | | |

**ARREST CIRCUMSTANCES**

On the above date, at the above approximate time, members of the Special Investigation Division, assisted by the Danbury Police General Investigation Division executed a search and seizure warrant at unit SS-234 of the BRT Self Store facility located on Old Newtown Rd., Danbury. This warrant was obtained after a lengthy investigation into the illegal sale of cocaine by Luis Fernandez within the City of Danbury. Prior to the execution of this search and seizure warrant, arrest warrants for the person of Luis Fernandez were served, see Police incident report 00-13326. The arrest warrants were for four counts of sale of narcotics and four counts of possession of narcotics. Additionally at the time of Fernandez's arrest he was charged with possession of narcotics and sale of narcotics, see Police incident report 00-13779.

Upon going to unit SS-234 of the BRT Self Store facility we had seized a set of keys from the person of Luis Fernandez, one key from these keys unlocked the lock to unit SS-234. Upon opening the storage unit the personal belongings of only Luis Fernandez were found, additionally in the unit one clear plastic bag which contained a white powdered and rock like material was seized, this plastic bag weighed approximately 18 grams.Also seized were four dark plastic bags, each contained five smaller clear plastic bags which contained white powdered/rock like substance, the combined approximate weight of the twenty clear plastic bags was 17 grams. These clear plastic bags were subsequently field tested by Detective Merullo and positive reactions for cocaine were obtained.    Also in the storage unit seized were, two licenses of Luis Fernandez, $1910, one digital scale, the Passport of Luis Fernandez, a key for the lock to the storage unit, packaging materials for narcotics, legal papers from Fernandez's January 2000 arrest and personal papers from prison. After the search warrant Fernandez was additionally charged with the above listed charges and was held on a $100,000 bond.

Signed (Officer) _____*[signature]*_____

Subscribed and sworn to before me this _____28th_____ day of _____October_____ 19 2000

_____*[signature]*_____

PG  1  OF  1

©1994 Hunt & Hanahan Computer Designs

## ARRAIGNMENT REPORT AND AFFIDAVIT

# DANBURY POLICE DEPARTMENT
## Incident Report

| | | | | Report Type | Init/Clos |
|---|---|---|---|---|---|
| | | | | Trohalis | BADGE 461 |

| INCIDENT NO | INCIDENT DATE | TIME | INCID CODE | TYPE OF INCIDENT | INVESTIGATING OFFICER | ST |
|---|---|---|---|---|---|---|
| 00-13779 | 10/27/00-Fri | 1800:00 | | Narcotic arrest | Det  Mark | CT |

| DATE OF REPORT | LOCATION OF INCIDENT | ST NO | | STREET NAME | APT NO/LOCATION |
|---|---|---|---|---|---|
| 10/27/2000 | | | | Newtown rd. / Bradies Parking Lot | |

**STATUS CODE** C - Complainant  A-Arrestee  I-Interviewed  J-Juvenile  M-Missing  S-Suspect  V-Victim  W-Witness  O-Other

| STATUS | LAST NAME | FIRST (M.I.) | SEX | RACE | DOB | PHONE | STREET | CITY | ST | REG # | ST |
|---|---|---|---|---|---|---|---|---|---|---|---|
| A | Fernandez | Luis | M | H | 07/22/76 | | 46 Chestnut St. Ext | Danbury | CT | 709NGN | CT |
| A | LeBlanc | Laurie | M | W | 05/06/59 | 203 470-9206 | Reagan Mill Rd. | Wingdale | NY | | |

| STATUS | LAST NAME | FIRST (M.I.) | STATUTE-1 | OFFENSE-1 | STATUTE-2 | OFFENSE-2 | STATUTE-3 | OFFENSE-3 |
|---|---|---|---|---|---|---|---|---|
| A | Fernandez | Luis | 21a-278(b) | Sale of Narcotics | 21a-279(a) | Possession Narcotics | | |
| A | LeBlanc | Laurie | 21a-279(a) | Possession of Narcotics | | | | |

**DETAILS**

On the above date, at the above approximate time, members of the Special Investigation Division, assisted by the Danbury police Department General Investigation Division served arrests warrants for the person of Luis Fernandez. The Special Investigation Division concluded an investigation into the illegal sale of cocaine by Luis Fernandez within the City of Danbury. That prior to the arrest of Fernandez surveillance officers observed Fernandez turn into the Bradies parking lot and park adjacent to a pickup truck. At this time While male, later identified as Laurie Leblanc exited his vehicle and leaned into the drivers side window of Fernandez's vehicle. During the investigation of Fernandez this is how Fernandez was observed to make his sales of cocaine, meeting persons in parking lots and doing the the exchanges of cocaine and money at his drivers window. During the meeting of Leblanc and Fernandez Officers approached to apprehend Fernandez on arrest warrant narcotic charges, Detective Merullo to the front of Fernandez, this writer to the rear of Fernandez vehicle and Detective Williams, Halas and Det. Sgt. Fisher to-the passenger side. Upon Fernandez seeing the approaching Officers he put his car in reverse and attempted to flee, this writers vehicle was blocking his escape. This writer and other Officers then approached LeBlanc and Fernandez. As the writer approached I could see LeBlanc place something in his right front pants pocket. LeBlanc was detained and Fernandez was ordered out of his vehicle. Fernandez refused and had to be pulled from the vehicle. As Fernandez was pulled from his vehicle two one hundred dollar bills that were between Fernandez's legs fell onto the seat and a ripped dark piece of plastic fell onto the ground. During the investigation of Fernandez it became known that Fernandez was

| INVESTIGATING OFFICER'S SIGNATURE | BADGE # | DISTRIBUTION (FOR USE BY SHIFT COMM ONLY) | FOLLOW-UP ACTIONS BY |
|---|---|---|---|
| | 461 | | |
| REVIEWED/FIELD BY | SHIFT COMM | | PAGE 1 OF 2 |
| | 10/28 | | |

10/27/2000                                                                                11:59:58 PM

46) defendants detained the person leblanc and made him empty-out his pocketes an illegal search occurred because such action constituted new, unjustified invasion of privacy. <u>Citing</u> <u>U.S.</u> v. <u>JACOBSEN</u>, 466 U.S. 109, 113 (1984) ; see also <u>ARIZONA</u> v. <u>HICKS</u>, 480 U.S. 321, 324-25 (1987)

47) When defendants on 10/27/00 took from the person leblanc the four bags in his possession which they believe to be part of a crime see attached and marked as exhibit "8" hereon the complaint. Danbury Police DEPARTMENT Incident REPORT no. 00-13779. page 2 of 2, After intruding into the person leblanc privacy clearly violates the fourth amendment which prohibits police from seizing items of mere evidentiary value as the four bags in leblanc dominion and control. <u>citing</u> <u>WARDEN</u> v. <u>HAYdeN</u>, 387 U.S. 294, 310 (1967)

48) Even defendants on 10/27/00 when the person LEBLANC was seized should have know of or knew of the squeezing, sliding and otherwise manipulating the contents of leblanc pocket, when knowing the pocket contained NO WEAPON is prohibited. <u>Citing</u> <u>U.S.</u> v. <u>SWANN</u>, 149 F.3d 271 (4th Cir. 1998).

49) Furthermore, defendants belief regarding need for a

# DANBURY POLICE DEPARTMENT
## Incident Report

| INCIDENT NO | INCIDENT DATE | TIME | INCID CODE | TYPE OF INCIDENT | | INVESTIGATING OFFICER | | Report Type | Init/Clos |
|---|---|---|---|---|---|---|---|---|---|
| 00-13779 | 10/27/00-Fri | 1800:00 | | Narcotic arrest | | Det | Mark | Trohalis | BADGE 461 |
| DATE OF REPORT | LOCATION OF INCIDENT | ST NO | | STREET NAME | | | | | APT NO/LOCATION |
| 10/27/2000 | | | | Newtown rd. / Bradlees Parking Lot | | | | | |

packaging several clear plastic bags which contained cocaine within the dark plastic which he wrapped around the cocaine packages. Additionally during a prior investigation of Fernandez and Angel Ramirez during January 2000 they packaged cocaine in the same manner. Fernandez during that investigation was convicted of narcotic charges and received a eight year suspended sentence and four years of probation.

After placing Fernandez in custody on the warrant charges, see police incident report 00-13326, the Detectives based on the facts and circumstances, our observations and the prior investigation of Fernandez, felt that probable existed that LeBlanc was there to purchase cocaine from Fernandez. LeBlanc was then advised of his Miranda rights by this writer. LeBlanc then stated that yes he was that to purchase cocaine and that the cocaine was in his right front pants pocket. This writer then searched LeBlanc and four clear plastic bags which contained a white powdered substance were seized. This substance was subsequently turned over to Detective Merullo. Detective Merullo conducted a field test on said substance and a positive reaction for cocaine was obtained.

Both LeBlanc and Fernandez were transported to Danbury Police Headquarters. At the Department LeBlanc gave a sworn statement dictated to Detective Sgt. Fisher that included that he paged a person known to him as ALEX at telephone pager number 289-3644. That ALEX called LeBlanc back and it was agreed upon to meet at the Bradlees parking lot a half hour later. Leblanc stated when at the parking lot ALEX pulled up at which time LeBlanc told him he wanted four, meaning four packages of cocaine. ALEX then gave LeBlanc our packages of cocaine and LeBlanc gave ALEX $200. LeBlanc stated they were then arrested. LeBlanc additionally stated that he has purchased cocaine from ALEX four or five times in the past year.

Additional items seized, $463 from the person of Fernandez, a telephone pager found to be telephone pager number 289-3644, and one piece of paper with name Alex and pager number 289-3644 from the person of LeBlanc. LeBlanc was released on a written promise to appear in court and Fernandez was held on $100,000 bond on the above listed charges. The money seized from Fernandez will attempt to be seized under State asset forfeiture.

| INVESTIGATING OFFICER'S SIGNATURE | | BADGE # | DISTRIBUTION (FOR USE BY SHIFT COMM ONLY) | FOLLOW-UP ACTIONS BY |
|---|---|---|---|---|
| | | 461 | | PAGE 2 OF 2 |
| REVIEWED AND SIGNED | | SHIFT COMM | | |
| | | | | 10/27/2000    11:59:58 PM |

# DANBURY POLICE DEPARTMENT

## GERSTEIN V. PUGH AFFIDAVIT

CASE NO.  00-13779

The undersigned, an officer of the _____ Danbury Police Department _____ having been duly sworn, deposes and says:

That I am the officer who prepared the attached police report.

That the information contained therein was secured as a result of:

(1)  my personal observation and knowledge; OR,

(2)  information relayed to me by other members of the aforementioned police department or of another organized police department; OR,

(3)  information secured by myself or another member of an organized police department from the person or persons named or identified therein, as indicated in the attached report.

That the report is an accurate statement of the information so received by me.

Signature: _____

Det.        Mark        Trohalis

Subscribed and sworn to before me this _____28th_____ day of _____October_____ _____2000_____

_____

Danbury Police Department

© Copyright 1996 Hanahan Computer Designs LLC







00-13326    04x0807 port i

And that the facts establishing the grounds for issuing a Search and Seizure Warrant are the following:

1.  The affiant, Detective Mark Trohalis, is a regular member of the Danbury Police Department and has been a member since January 5, 1987.  At all times mentioned herein he was acting as a member of said department. That the affiant is currently assigned to the Special Investigation Division of said department. That the Special Investigation Division has the primary responsibility of investigating illegal narcotic trafficking  within Danbury Connecticut. That the affiant has participated in numerous drug trafficking investigations which have resulted in arrests and convictions and the seizure of narcotics. That the affiant has participated in numerous other types of criminal investigations such as Murder, Burglary, Assault, Sexual assault and Larceny which has resulted in arrests and convictions.

2.  That the affiant, Detective John Merullo, is a member of the Danbury Police Department and has been so for a total thirty two and one half years. The affiant is presently assigned to the Special Investigation Division of said Department, whose primary responsibility is narcotic investigation. That affiant has worked in an undercover capacity and the affiant has participated in numerous drug trafficking investigations which have resulted in the seizure of narcotics and the arrests and convictions for those involved. That the affiant has participated in numerous other types of criminal investigation such as Murder, Burglary, Assault, Sexual assault and Larceny which has resulted in arrests and convictions.

3.   That on January 7, 2000, the affiant along with other members of the Special Investigation Division executed search and seizure warrants after a lengthy investigation into cocaine sales from two individuals  identified as Angel Ramirez, date of birth 04/17/77 also known as Sandy and Luis Fernandez, date of birth 07/22/76 also known as Alex. During the execution of the warrants approximately 30 ounces of cocaine, a semiautomatic handgun and over $6,000 was seized from an apartment located at 128 Osborne St., Danbury. That both Ramirez, the target of the investigation and Fernandez were convicted of narcotic trafficking charges. Luis Fernandez received a eight year suspended jail term and four years of Probation.

That on October 13, 2000 the affiant along with other members of the Special Investigation Division and acting with members of the Stamford Police Department conducted a undercover investigation. That during this investigation Officer Barcello of the Stamford Police Department was to act as an undercover officer. That Officer Barcello was given $100 of Danbury police evidence money to make a controlled purchase of cocaine from an individual who goes by the

The undersigned ("X" one)    __X__    has not presented this application in any other court or to any other judge.

_____    has presented this application in another court or to another judge (specify)

The undersigned has not presented this application in any other court or to any other judge.

This application consists of this form plus _____ pages attached hereto and made a part hereof.

Wherefore the undersigned requests that a warrant may issue commanding a proper officer to search said person or to enter into or upon said place or thing, search the same, and take into custody all such property.

STATE OF CONNECTICUT

| | CITY/TOWN | DATE | SIGNATURE AND TITLE OF AFFIANT |
|---|---|---|---|
| | Danbury | 10/26/00 | Mark Trohalis |
| | Danbury | 10/26/00 | John Merullo |
| JURAT | Subscribed and sworn to before me on: | DATE 10-26-00 | SIGNED (Judge of the Superior Court) |

00-13326

**4.    PARAGRAPH 4 CONTINUED...**

street name Alex. Alex was previously identified as Luis Fernandez, date of birth 07/22/76 and prior to the undercover drug purchase Officer Barcello was shown a Danbury Police Photograph of Fernandez. That Officer Barcello was also equipped with a body wire transmitter to record the incident and for the safety of the Officer..

5. That on October 13, 2000 Officer Barcello paged telephone pager number 289-3644, a short time later Officer Barcello received a return call from telephone number 730-8865, The male caller instructed the Officer to meet at the McDonalds restaurant located at exit 4 for something to eat in 10 to 15 minutes. It is common for drug traffickers to talk in a code or language that does not mention drugs or prices to avoid detection by Law Enforcement Officers. That Officer Barcello then went directly to the McDonalds restaurant located on Lake Ave. Extension, Danbury, while under surveillance and parked in the parking lot. A short time later a white Honda Civic, bearing Connecticut registration 998PLC arrived in the parking lot and stopped adjacent to Officer Barcello's vehicle. Officer Barcello approached the white Honda Civic and spoke with the operator. Officer Barcello recognized the operator of the vehicle as Luis Fernandez from the photograph shown to him prior to the meeting. Officer Barcello asked for two, meaning two packages of cocaine. That Officer Barcello then handed Fernandez $100 of Danbury Police evidence monies and Fernandez then handed Officer Barcello two small clear plastic bags which contained white powder. Fernandez then drove away and officer Barcello returned directly to the Danbury Police Department.

The undersigned has not presented this application in any other court or to any other judge.

This application consists of this form plus _____ pages attached hereto and made a part hereof.

Wherefore the undersigned requests that a warrant may issue commanding a proper officer to search said person or to enter into or upon said place or thing, search the same, and take into custody all such property.

STATE OF CONNECTICUT

| CITY/TOWN | DATE | SIGNATURE AND TITLE OF AFFIANT |
|---|---|---|
| Danbury | 10/26/00 | Mark Trohalis |
| Danbury | 10/26/00 | John Merullo |
| JURAT    Subscribed and sworn to before me on: | DATE  10-26-00 | SIGNED (Judge of the Superior Court) |

00-13326

6. That after the undercover drug purchase described within the two previous paragraphs Officer Barcello turned the suspected cocaine over to the affiant. The affiant then turned the evidence over to Officer Mark Scocozza. Officer Scocozza conducted a field test on said substance and obtained a positive reaction for cocaine. That the evidence was then package and will be sent to the State Toxicology Lab for further analysis. The cassette recording of the incident was also secure as evidence at this time.

7. That a registration check of the Honda Civic motor vehicle bearing Connecticut registration 998PLC, which was used as described within paragraph 5 (five) of this affidavit was checked with the Connecticut Department of Motor Vehicles. The registered owner is listed as Luis Fernandez, date of birth 07/22/76, of 128 Osborne St., Danbury, Connecticut.

8. That on October 17, 2000 Officer Barcello was to again act as a undercover officer for the Danbury Police Department. That officer Barcello paged telephone pager number 289-3644, a short time later Officer Barcello received a return call from an individual, whom the Officer recognized by voice, to be that of Luis Fernandez. Fernandez instructed the Officer to meet at the parking lot of Service Merchandise Department Store. That Officer Barcello then went directly to the Service Merchandise Store which is located on Newtown Rd, Danbury while under surveillance and parked in the parking lot. A short time later a white Honda Civic, bearing Connecticut registration 998PLC arrived in the parking lot and stopped adjacent to Officer Barcello's vehicle. Officer Barcello approached the white Honda Civic and spoke with the operator. Officer Barcello recognized the operator of the vehicle as Luis Fernandez from the photograph shown to him prior to the meeting, also in Fernandez's vehicle was a Hispanic female described as having long wavy hair and approximately mid to late 20's in age. Officer Barcello asked for two, meaning two packages of cocaine. That Officer Barcello then handed Fernandez $100 of Danbury Police evidence monies and Fernandez then handed Officer PARAGRAPH 8 CONTINUED...

The undersigned has not presented this application in any other court or to any other judge.

This application consists of this form plus _____ pages attached hereto and made a part hereof.

Wherefore the undersigned requests that a warrant may issue commanding a proper officer to search said person or to enter into or upon said place or thing, search the same, and take into custody all such property.

STATE OF CONNECTICUT

| | CITY/TOWN | DATE | SIGNATURE AND TITLE OF AFFIANT |
|---|---|---|---|
| | Danbury | 10/26/00 | Mark Trohalis |
| | Danbury | 10/26/00 | John Merullo |
| JURAT | Subscribed and sworn to before me on: | DATE 10-26-00 | SIGNED (Judge of the Superior Court) |

00-13326



8  PARAGRAPH 8 CONTINUED
Barcello two small clear plastic bags which contained white powder directly in front of the
female. That the Officer and Fernandez spoke openly in front of the female about codes for
pages and times when the Officer should call Fernandez to make purchases of cocaine.
Fernandez then drove away and officer Barcello returned directly to the Danbury Police
Department.

9.    That after the undercover drug purchase described within the previous paragraph surveillance
was maintained on Fernandez as he left the meeting location and returned directly to 46
Chestnut St. Extension and parked in the driveway.

10    That after the undercover drug purchase described within the previous paragraphs Officer
Barcello turned the suspected cocaine over to the affiant. The affiant then turned the evidence
over to Officer Mark Scocozza. Officer Scocozza conducted a field test on said substance and
obtained a positive reaction for cocaine. That the evidence was then package and will be sent
to the State Toxicology Lab for further analysis. The cassette recording of the incident was also
secure as evidence at this time.

11.    That on Friday October 20, 2000, during the morning hours, members of the Special
Investigation Division conducted surveillance of 46 Chestnut St. Extension, Danbury
Connecticut. During the surveillance Luis Fernandez was observed to exit the multiple family
house at this location with a light skinned Hispanic female with long hair. Both entered the white
Honda Civic bearing Connecticut registration 998PLC and traveled the city streets to different
locations. Fernandez dropped the female off on Main St. in Danbury and Fernandez was then
followed as he went directly to the BRT self storage facility located on Old Newtown
PARAGRAPH 11 CONTINUED...

The undersigned has not presented this application in any other court or to any other judge.

This application consists of this form plus _____ pages attached hereto and made a part hereof.

Wherefore the undersigned requests that a warrant may issue commanding a proper officer to search said person or to enter into or upon said place or thing,
search the same, and take into custody all such property.

STATE OF CONNECTICUT

| | CITY/TOWN | DATE | SIGNATURE AND TITLE OF AFFIANT |
|---|---|---|---|
| | Danbury | 10/26/00 | Mark Trohalis |
| | Danbury | 10/26/00 | John Merullo |
| JURAT | Subscribed and sworn to before me on: | DATE 10-26-00 | SIGNED (Judge of the Superior Court) |

00-13326

11.    PARAGRAPH 11 CONTINUED...
Rd., Danbury. Fernandez was observed to park on the back side of the storage area and enter a storage container. Fernandez stayed for a short time in the storage area and then was under surveillance as he returned to 46 Chestnut St. Extension, Danbury, park and enter the house at that location.

12.    That on October 20, 2000 Officer Barcello was to again act as a undercover officer for the Danbury Police Department. That officer Barcello paged telephone pager number 289-3644, a short time later Officer Barcello received a return call from an individual the Officer recognized the voice to be that of Luis Fernandez. Fernandez instructed the Officer to meet at the parking lot of Service Merchandise Department Store. That Officer Barcello then went directly to the Service Merchandise Store which is located on Newtown Rd, Danbury while under surveillance and park in the parking lot. That surveillance was established on the house located at 46 Chestnut St. Extension where the white Honda Civic, bearing Connecticut registration 998PLC was parked. Soon after Officer Barcello received instruction to go to the Service Merchandise Store Luis Fernandez was observed to exit 46 Chestnut St. Extension, get into the white Honda Civic and travel directly to the Service Merchandise parking lot and meet with Officer Barcello, this was at approximately 1500 hours. Officer Barcello approached the white Honda Civic and spoke with the operator. Officer Barcello recognized the operator of the vehicle as Luis Fernandez from the photograph shown to him prior in the investigation. Officer Barcello told Fernandez that he only had $60 and then handed it to Fernandez. Fernandez then handed Officer Barcello one clear plastic bag which contained a white powder. Fernandez then gave the Officer $8 in change and told the Officer he would be around later if the Officer need anything later. Fernandez then drove from the parking lot and was under constant surveillance as he returned to 46 Chestnut St. Extension. Officer Barcello returned to the Danbury Police Department where he turned the suspected cocaine over to the affiant.

The undersigned has not presented this application in any other court or to any other judge.

This application consists of this form plus _____ pages attached hereto and made a part hereof.

Wherefore the undersigned requests that a warrant may issue commanding a proper officer to search said person or to enter into or upon said place or thing, search the same, and take into custody all such property.
STATE OF CONNECTICUT

| | CITY/TOWN | DATE | SIGNATURE AND TITLE OF AFFIANT |
|---|---|---|---|
| | Danbury | 10/26/00 | Mark Trohalis |
| | Danbury | 10/26/00 | John Merullo |
| JURAT | Subscribed and sworn to before me on: | DATE 10-26-00 | SIGNED Judge of the Superior Court |

00-13326

13. That after the undercover drug purchase described within the previous paragraph Officer Barcello turned the suspected cocaine over to the affiant. The affiant then turned the evidence over to Officer Mark Scocozza. Officer Scocozza conducted a field test on said substance and obtained a positive reaction for cocaine. That the evidence was then package and will be sent to the State Toxicology Lab for further analysis.

14. That on October 20, 2000 at approximately 1700 hours Officer Barcello was to again act as a undercover officer for the Danbury Police Department. That officer Barcello paged telephone pager number 289-3644, a short time later Officer Barcello received a return call from telephone number 778-1349, the Officer recognized the voice to be that of Luis Fernandez. Fernandez instructed the Officer to meet at the parking lot of Bradlees Department Store. That Officer Barcello then went directly to the Bradlees Department Store which is located on Newtown Rd, Danbury while under surveillance and park in the parking lot. That surveillance was maintained after the undercover purchase of cocaine described in paragraph 12 within this affidavit on the house located at 46 Chestnut St. Extension where the white Honda Civic, bearing Connecticut registration 998PLC was parked. Soon after Officer Barcello received instruction to go to the Bradlees Department Store Luis Fernandez was observed to exit 46 Chestnut St. Extension with the same Hispanic female described in paragraphs 8 and 11 within this affidavit. Both Fernandez and the female entered the white Honda Civic and travel directly to the Bradlees parking lot and meet with Officer Barcello. Officer Barcello approached the white Honda Civic and spoke with the operator. Officer Barcello recognized the operator of the vehicle as Luis Fernandez from the photograph shown to him prior in the investigation. Officer Barcello told Fernandez that he had $200, Officer Barcello gave the money to Fernandez and Fernandez then handed Officer Barcello five clear plastic bags which contained a white powder. That Officer Barcello stated the transaction took place in front of the Hispanic female. Fernandez then drove from the parking lot as Officer Barcello returned to the Danbury Police Department where he turned the suspected cocaine over to the affiant.

The undersigned has not presented this application in any other court or to any other judge.

This application consists of this form plus _____ pages attached hereto and made a part hereof.

Wherefore the undersigned requests that a warrant may issue commanding a proper officer to search said person or to enter into or upon said place or thing, search the same, and take into custody all such property.

STATE OF CONNECTICUT

| | CITY/TOWN | DATE | SIGNATURE AND TITLE OF AFFIANT |
|---|---|---|---|
| | Danbury | 10/26/00 | Mark Trohalis |
| | Danbury | 10/26/00 | John Merullo |
| JURAT | Subscribed and sworn to before me on: | DATE 10-26-00 | SIGNED Judge of the Superior Court |

00-13326

15. That after the undercover drug purchase described within the previous paragraph Officer Barcello turned the suspected cocaine over to the affiant. The affiant then turned the evidence over to Officer Mark Scocozza. Officer Scocozza conducted a field test on said substance and obtained a positive reaction for cocaine. That the evidence was then package and will be sent to the State Toxicology Lab for further analysis.

16. That the cassette recordings to the undercover drug purchases described within paragraphs 12 and 14 were packaged and held as evidence.

17. That the telephone number 778-1349, which was used by Luis Fernandez to contact Officer Barcello to arrange the sale of cocaine as described within paragraph 14 was checked through Southern New England Telephone security. Southern New England Telephone lists this telephone to R. Fernandez of 46 Chestnut St., 2nd floor, Danbury Connecticut.

18. That the affiants have conducted surveillance's of 46 Chestnut St. Extension at all times of the day, night and early morning hours and have observed the white Honda Civic bearing Connecticut registration 998PLC parked in the driveway to said location

19. That the affiant Merullo, Thursday October 26, 2000 conducted a surveillance of 46 Chestnut St. Extension and followed Luis Fernandez as he left his house and drove directly to the BRT Self Storage Facility located on Old Newtown rd, Danbury. The affiant Merullo observed Fernandez enter said location and go to and enter a storage garage at said location. Fernandez stayed for a short time and then returned directly to 46 Chestnut St. Extension and enter said location.

The undersigned has not presented this application in any other court or to any other judge.

This application consists of this form plus _____ pages attached hereto and made a part hereof.

Wherefore the undersigned requests that a warrant may issue commanding a proper officer to search said person or to enter into or upon said place or thing, search the same, and take into custody all such property.

STATE OF CONNECTICUT

| CITY/TOWN | DATE | SIGNATURE AND TITLE OF AFFIANT |
|---|---|---|
| Danbury | 10/26/00 | Mark Trohalis |
| Danbury | 10/26/00 | John Merullo |
| JURAT   Subscribed and sworn | DATE | SIGNED Judge of the Superior Court |

00-13326

20.  That the affiants received assistance from the United States Drug Enforcement Agency (DEA) during the investigation. With Information provided by the affiants, the DEA was able to Subpoena the records of the BRT Self Storage Storage Facility located on Old Newtown Rd. Danbury, Connecticut. The Storage facility is located directly behind the Route 6 Plaza and across from the Risdon Corporation on Old Newtown Rd. These records provided information that Luis Fernandez, currently leases unit SS-234 of said facility and has done so since March 26, 2000. That these records additionally show that unit SS-234 has been entered 85 times from September 6, 2000 to October 24, 2000 and during that time was entered every day except four days.



21.  That the affiants based on their training and experience have found narcotic traffickers utilize locations away from their residences to store narcotics. The purpose of the utilizing safe locations away from their residences is to avoid arrests in case of search warrants at their homes and to avoid theft from rival drug traffickers. The affiants have additionally found that drug traffickers that have been previously arrested from search warrants at their homes commonly avoid keeping records, money and narcotics at their residences to avoid arrests. That these safe locations are commonly called safe houses and that the affiants have participated in numerous drug trafficking investigations in which drug traffickers utilized them and that narcotics, money, and drug trafficking records have been seized at these locations which have resulted in arrests and convictions.

22.  That the affiants believe that based on the facts and circumstances contained within this affidavit that probable cause exists that Luis Fernandez, date of birth 07/22/76, is currently selling cocaine within the city of Danbury Connecticut and utilizing unit SS-234 of the BRT Self Storage Facility located on Newtown rd, Danbury Connecticut as a safe location to store cocaine and other narcotic trafficking proceeds and records, in violation of Connecticut General statutes 21a-279(a) the possession of narcotics and 21a-278(b) the possession of narcotics with intent to sell.

The undersigned has not presented this application in any other court or to any other judge.

. This application consists of this form plus _____ pages attached hereto and made a part hereof.

Wherefore the undersigned requests that a warrant may issue commanding a proper officer to search said person or to enter into or upon said place or thing, search the same, and take into custody all such property.

STATE OF CONNECTICUT

| CITY/TOWN | DATE | SIGNATURE AND TITLE OF AFFIANT |
|-----------|------|-------------------------------|
| Danbury | 10/31/00 | Mark Trohalis |
| Danbury | /26/00 | John Merullo |
| JUDAT | Subscribed and sworn | DATE | SIGNED Judge of the Superior Court |

## AFFIDAVIT REQUESTING DISPENSATION
## WITH REQUIREMENT OF DELIVERY
### pursuant to § 54-33c, Connecticut General Statutes

TO: A Judge of the Superior Court                                    00-13326

For the reasons set forth below, the undersigned, being duly sworn, requests that the judge dispense with the requirement of C.G.S. § 54-33c that a copy of the affidavit(s) in support of the warrant be given to the owner, occupant or person named therein within forty-eight hours:

___ The personal safety of a confidential informant would be jeopardized by the giving of a copy of the affidavits at such time;

X The search is part of a continuing investigation which would be adversely affected by the giving of a copy of the affidavits at such time;

___ The giving of such affidavits at such time would require disclosure of information or material prohibited from being disclosed by chapter 959a of ___ the general statutes;

and the specific details with regard to such reasons are as follows:

That the affidavit in support of the search and seizure warrant has been reviewed by a Judge of the Danbury Superior Court who has / ~~has not~~ found probable cause for the issuance of this affidavit and has / ~~has not~~ found that to deliver a copy of this affidavit to the owner, occupant, or person named herein, would jeopardize the personal safety of the person or informant named within this affidavit, and in addition, reveal the methods of the investigation that could jeopardize any future investigation related to this target.

The undersigned further requests that this affidavit also be included in such nondelivery.

STATE OF CONNECTICUT

| CITY/TOWN | DATE | SIGNATURE AND TITLE OF AFFIANT |
|---|---|---|
| Danbury | 10/26/00 | Mark Trohalis _(signature)_ |
| Danbury | 10/26/00 | John Merullo _(signature)_ |
| JURAT   Subscribed and sworn to before me on: | DATE   10-26-00 | SIGNED (Judge of the Superior Court) _(signature)_ |



40) 30 to 45 Minutes Approx. After the plaintiff was Arrested brutaly, handcuffed and in police head quateres. Citing U.S. V. VASEY, 834 F.2d 782, 787-88 (9th cir. 1987).

41) There was no exigent Circumstances neither did defendants John Merullo or MARK Trohalis justifyed it in the ARRAIGNMENT REPORT and AFFIDAVIT WARRANTLESS ARREST on 10/27/00 Attached and Marked as Exhibit "6" for unreasonable search of the UNIT SS-234 of the BRT SELF STORAGE facility. Citing U.S. V. MORALES 171 F.3d 978, 982 (5th cir. 1999).

42) The defendants failed to protect the plaintiff property on 10/27/00 in the BRT SELF Storage Unit SS-234 because Defendant John Merullo testified that there are no inventory procedures required or that they were followed. Citing U.S. V. HOPE, 102 F.3d 114, 115-17 (5th cir. 1996)

43) The defendant MARK Trohalis Allegations in the Danbury Police DEPARTMENT INCIDENT REPORT NO. 00-13779 date 10/27/00-Fri. Attached and Marked herein as Exhibit "7" page 1 of 2 sentence line (5) contained no facts were "during the investigation of the plaintiff this is how the plaintiff was observed to make his sales of Cocaine, meeting Persons in parking lots and doing the exchanges of Cocaine and Money

43) At his driver's window", unsupported and without Actual information of the Allegation which was not presented to the Magestrate Judge for determination of probable Cause. Citing U.S. V. Wilhelm, 80 F. 3d 116, 119-20 (4th Cir. 1996) ( No probable Cause for Search warrant when police relied on information from An unamed informant, had no indication of the informant's truthfulness or reliability and had little or no Corroboration).

44) On 10/27/00 the defendants detained A person Known as LeBlanc, see Attached Marked as Exhibit "7" herein the Complaint page 1 of 2 of Incident Report, who saw the defendants Detectives and officers running toward him seizing his freedom of Movement through means intentionally Applied. citing Brower V. County of INYO, 489 U.S. 593, 597 (1989).

45) The person LeBlanc during his detention on 10/27/00 by defendants did not discarded Any objects implicating the fourth Amendment U.S.C. Citing U.S. V. Sealey, 30 F.3d 7, 10 (1st Cir. 1994) (gun And Ammunition discarded by defendant while fleeing from officers Considered Abandoned And did not implicate fourth Amendment).

46) The defendants MARK Trabitis, Agents intrusion into the illegal seizure of the person LeBlanc on 10/27/00

at his driver's window, unsupported and without
presentation of the allegation which was not
presented to the Magestrate Judge for determination
of probable cause. Citing U.S. v. Wilhelm, 80
F.3d 116, 119-20 (4th Cir. 1996) (no probable cause for
search warrant when police relied on information from
an unnamed informant, had no indication of the informant's
truthfulness or reliability and had little or no
corroboration).

44) On 10/27/00 the defendants detained a person
known as LeBlanc, see attached marked as Exhibit
"7" herein the complaint page 1 of 2 of Incident
Report, who saw the defendants Detectives and
officers running toward him seizing his freedom of
movement through means intentionally applied. Citing
Brower v. County of Inyo, 489 U.S. 593, 597
(1989).

45) The person LeBlanc during his detention on
10/27/00 by defendants did not discarded any
objects implicating the fourth Amendment U.S.C. Citing
U.S. v. Sealey, 30 F.3d 7, 10 (1st Cir. 1994) (gun
and Ammunition discarded by defendant while fleeing
from officers considered Abandoned and did not
implicate fourth Amendment).

46) The defendants Mark Troholis, agents intrusion into the
illegal seizure of the person LeBlanc on 10/27/00

49) WARRANT OR A WARRANTLESS ARREST IN CONNECTION with the plaintiff Arrest on 10/27/00 WAS NOT based on Specific OR Articulable facts. Citing U.S. V. Cunningham, 133 F.3d 1070 (8th cir. 1998).

50) Moreover, defendants stated on 10/27/00 Danbury Police DEPARTMENT Incident Report No. 00-13779 Attached Marked As Exhibit "8" page 1 of 2, that "there WAS An Attempted to flee And escape," which the plaintiff WAS not charged for were Actual Malice requirement when Knowing the statement WAS false OR with Reckless disregard of whether it WAS false OR NOT Cause for An EXCESSIVE forced Arrest. citing HEAD)WATERS FOREST DEFENSE V. COUNTY OF HUMBldT, 240 F.3d 1185 (9th cir. 2000)

51) The plaintiff states that when defendant R. Williams, Agents pulled him from the Vehicle A red CHEVY on 10/27/00, while R.Halas held the Gun to the plaintiff head WAS UNNECESSARY And defendants Made false statements with Reckless disregard of wether it WAS false OR NOT of "Refused An Ordered of out of Vehicle", see Attached Marked As exhibit "8" page 1 of 2, violating Conn. Gen. Stat. § 53-157 (b) citing NEW YORK TIMES Co. V. SULLIVAN, 376 U.S. 254, 280, 84 S.Ct 710 (1964)

52) The defendants MARK Trohalis wiretap OR Cassette recording Allegely Made with defendant T. BARCELLO

See Attached Marked Exhibits "3" And "4" Affidavit And Application search and seizure warrants, Contained intentionally Recklessly false information that was materials used to measlead the magistrate Judge to finding of Probable Cause. Citing U.S. V. MELING, 47 F.3d 1546 (9th Cir. 1995).

53) The defendants MARK Trohalis, T. Barcello, John Merullo And D. Stewart scheme to defraud the Magistrate Judge in finding of Probable Cause were made from Cassette Recordings not identifiable to implicate the plaintiff in illegal Activity. Citing U.S. V. SAMANIEGO, 187 F.3d 1222 (10th Cir. 1999).

54) Where on 10/27/00, the defendants MARK Trohalis And John Merullo Affidavit bases for the suspicious Activity or trafficing see Attached marked Exhibts "3" And "4" was based on plaintiff past Conviction not on the totality of the Circumstances for Probable Cause to Arrest. Citing, U.S. V. SPRingfield, 196 F.3d 1180, 1183-84 (10th Cir. 1999).

55) The defendants R. Williams And John Merullo Exceeded scope of warrant by seizing the plaintiff WALLet on 10/27/00 At Bradlees parking lot see Attached marked Exhibit "5" Danbury Police Dept. SPECIAL INVESTIGATIONS DIVISION Case No. 00-13779 with $400.00 dollars in U.S. Currency because the warrant did not Authorized seizure for

55) the Plaintiffs wallet or U.S. currency in the wallet. Citing, U.S. V. Robbins, 21 F.3d 297, 300 (8th Cir. 1994) (Police Exceeded scope of warrant by seizing wallet because warrant only Authorized Seizure of "documentary evidence of ownership of business, chash receipts, trips records, Radio logs, And Maintenance records of Cabs).

56) On 10/27/00 while defendants brutaly Arrested the plaintiff At Bradlees Parking lot defendants inventory search of Plaintiff Pants Pockets invalid in which defendants previously placed $200.00 U.S. Currency found time 1802 see Attached and Marked As Exhibit "5" herein the Complaint. At time of Arrest on the "Driver seat of the CT Reg 709 NGN", As Montive For search And falsely Acused wether Currency Came From An Alleged sell of Narcotic. Citing, U.S. V. Jonson, 820 F.2d 1065, 1072 (9th Cir. 1987) (invalid inventory search of sealed envelope in which officers previously placed Currency found on defendant At time of Arrest because Motivation for search to determine whether currency came From series of bank Robberies).

57) Even when defendants on 10/27/00 brutaly Arrested the plaintiff At Bradlees parking lot and searched CT. Reg. 709 NGN Vehicle, see Attached and Marked As Exhibit "5" herein the Complaint, Failed to Adequatly provide or produce A valid inventory search because defendants have Admitted that they had