57) Allegedly without exigent circumstances stumbled upon what was believe to be a "drug-buy" but failed to follow set procedures and failed to catalogue items found in trunk of CT. reg. 709 NGN vehicle and the person LeBlanc pickup truck and property, Citing U.S. v. BLAZE, 143 F.3d 585, 592 (10th Cir 1998), where the absence of Probable cause is immaterial to its reasonableness under the fourth Amendment.

58) The defendants Mark Trohalis and John Merullo suspicion to surveillance the plaintiff and alleged illegal activity in the Danbury Areas was based on anonymous tip that provided no predictive information, and the fact where the plaintiff was in probation used to Identify him to defendant Barcello, showing a photograph of the Plaintiff see Attached and marked as Exhibits "3" and "4", which defendants Racially Pro-filed the plaintiff for being Hispanic man in probation without reasonable suspicion violating equal protection laws and fourth Amendment Citing U.S v. Roberson, 90 F.3d 75, 79 (3d Cir. 1996) (No reasonable suspicion to detain person based on Anonymous tip that provided no predictive information, even though neighborhood was known as Area of high drug activity).

59) The defendants Mark Trohalis, T. Barcello and D. Stewart unlawfully tampered with private

59) Communications when knowing of or should had known of that a Judge made no authorization for a wiretap nor it was authorized the use of a Stamford Police Department cellular phone to wiretapping telephonic communication and mislead the Magistrate in finding probable cause is suit for civil damages and in fact, it is criminal to conduct a warrantless tap in violation of Conn. Gen. Stat. § 54-41t and §§ 53a-187 to 53a-189. Citing U.S. v. BARNES, 47 F.3d 963 (8th Cir. 1995)

# E. PREVIOUS LAWSUITS AND ADMINISTRATIVE RELIEF

1. Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to the conditions of your imprisonment? ✓ Yes ___ No. If your answer is "Yes," describe each lawsuit. (If there is more than one lawsuit, describe the additional lawsuits using this same format on a blank sheet which you should label "E. PREVIOUS LAWSUITS AND ADMINISTRATIVE RELIEF.")

   a. Parties to previous lawsuit:

   Plaintiff(s): Luis Fernandez

   Defendant(s): Chief Robert Paquette, et al

   b. Name and location of court and docket number: U.S.D.C. Bridgeport 3:02CV2090 (JBA)

   c. Disposition of lawsuit. (For example, was the case dismissed? Was it appealed? Is it still pending?) Still pending

   d. Issues raised: Violation of first, fourth, fifth, sixth, Eighth, Nineth, fourteenth amendments, Rule §3109, 41 (others)

   e. Approximate date of filing lawsuit: 11/14/02

   f. Approximate date of disposition: Still pending

2. I previously have sought informal or formal relief from the appropriate administrative officials regarding the acts complained of in Part D. ___ Yes ✓ No.

If your answer is "Yes," briefly describe how relief was sought and the results.

5

3. I have exhausted available administrative remedies. ____ Yes ✓ No.
   If your answer is "Yes," briefly explain the steps taken. Attach proof of exhaustion.
   If your answer is "No," briefly explain why administrative remedies were not exhausted.
   because this complaint consist of unconstitutional Administrative procedures (others).

## F. PREVIOUSLY DISMISSED ACTIONS OR APPEALS

1. If you are incarcerated and proceeding under 28 U.S.C. § 1915, please list each civil action or appeal you have brought in a court of the United States, while you were incarcerated or detained in any facility, that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. Please describe each civil action or appeal. If there is more than one civil action or appeal, describe the additional civil actions or appeals using this same format on a blank sheet which you should label "F. PREVIOUSLY DISMISSED ACTIONS OR APPEALS."
   If you are not incarcerated, go to section G.

   a. Parties to previous lawsuit:

   Plaintiff(s): Luis Fernandez

   Defendant(s): John Armstrong, et al

   b. Name and location of court and docket number U.S.D.C. NEW HAVEN 3:03CV0594 (MRK)

   c. Grounds for dismissal: ( ) frivolous ( ) malicious ( ) failure to state a claim upon which relief may be granted. Withdraws of suit per. Rule 41 (A)(1)

   d. Approximate date of filing lawsuit: 9/29/02

   e. Approximate date of disposition: August 25, 2003

2. Are you in imminent danger of serious physical injury? ✓ Yes ____ No.
   If your answer is "Yes," please describe the facts in detail below without citing legal authority or argument. the defendants can escalate in having the plaintiff kill by having some one from the Dept. of Connecticut or a prisoner paid to do so and since defendants are police officer Detectives ect. they can fabricate any other false charge to have the plaintiff illegally prosecuted until a life sentence is inflicted.

6

## G. REQUEST FOR RELIEF

I request the following relief:

A. The plaintiff request the Court to issue a declaratory Judgment stating that;

1. The plaintiff held a Constitutional Liberty interest to be free from illegal search and seizure pursuant to and under Art First § 7 Conn. Gen. Statute; and that the practice of Municipality(s) officials violated Fourth Amendment U.S.C.

2. The Municipal officials held an affirmative duty to supervise the policy, procedure, and custom carried out (Attached)

## H. JURY DEMAND

Do you wish to have a jury trial?  Yes ✓  No ____

_____          _____
Original signature of attorney (if any)     Plaintiff's Original Signature

_____
_____
_____
Attorney's full address and telephone

## DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares under penalty of perjury that he/she is the plaintiff in the above action, that he/she has read the above complaint and that the information contained in the complaint is true and correct. 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Executed at  Cheshire D.O.C. 900 Highland Ave CT  on  12/12/03.
     (location)                              (date)

_____
Plaintiff's Original Signature

7

## 6. REQUEST FOR RELIEF

A.(2). by its employees while ensuring the warrants completed due process in compliance and accordance with state constitution by ensuring its validity before filing pursuant to its own municipal government policy by supervising its procedures, customs, accordingly to state law ART. First. § 7 Conn. Gen. Stat.; the municipals failure to do so before plaintiff arrest deprived him of his protected liberty interest secured by the states constitution ART First § 7 Conn. Gen. Stat. And violated the Fourth Amendment.

3. The defendants warrants execution and warrantless arrest of essential facts admitted false information subject to the Federal Perjury Charge 18 U.S.C. § 1621 and that the defendants in their declaration statement under penalty of perjury as permitted under § 1746 of title 28 U.S.Code willfully subscribed in their warrants Affidavit as true material information which defendants did not believe to be true and this said material information did in fact cause the plaintiff's loss of liberty interest without due process under Article First § 7 And 8; in violation of the Fourth and Fourteenth Amendment by the defendants failure to comply with § 3109 and Rule 41.

4. The plaintiff held a Constitutional liberty interest to be free from illegal search and seizures violating

# G. REQUEST FOR RELIEF

A.(4). Fourth Amend. and ban from cruel and unusual punishment by deliberate indifference pursuant under the Eighth Amendment. U.S.C.

5. The Municipal Discriminated against plaintiff under the Federal Act Title VII because of race while being a Hispanic man on probation.

6. The municipality Danbury officials and Stamford officials conspired to breached statutory duties to protect its citizens from illegal search and seizures and are held liable under 42 U.S.C. § 1983 for their <u>OMISSIONS</u>, without probable cause.

7. The defendants failure to follow ensure and uphold state law regulations as written under Art First § 7 Constituted liability.

8. The plaintiff deprivation of liberty resulted from established state procedures and or policies that were predictable by the municipal officials and their officers failures to promulgate and enforce policy to execute state law.

9. Any other Declaratory Judgement appropriate to this case.

## G. REQUEST FOR RELIEF

B. Issue an injunction ordering:

1. Municipal officials to have their officer Employee's investigated by state grand jury for investigation and indictment pursuant under 53a-157 perjury.

2. The Indictment of defendants MARK Tnohalos, T. Barcello, J. Menollo and D. Stewart for investigation on Criminal Charges under Conn. Gen. Stat § 54-41+ and §§ 53a-187 to 53a-189.

3. The suspension of defendants MARK SCOCOZA, R. Halas, Ramos, Nolan, Fisher & Williams without pay for 30 day's and remain on suspension until disciplinary Charges are resolved.

4. The immediate demotion of chief of Police Robert Paquette, and Chief of Police Dean M. Esserman from Acting Capacity as supervisor for the City's Danbury Police Department and Stamford Police Dept. for failing to supervise and enforce state statutes on illegal search and seizures and Probable Cause before Arrest.

5. Immediately order write of Attachment for lien Notice Against the earnings, bank assets, holdings of all property business, inheritances belongings

## G. REQUEST FOR RELIEF

B(5) to defendants until case is resolved.

C. Award Compensatory Damages In Lump Sum Amount:

1. $2,000,000.00 dollars jointly and severally against defendants RAMOS, NOLAN, HALAS, M. SCOCOZA and D. STEWART for the emotional injuries sustained as a result of an arrest without probable cause.

2. $8,000,000.00 dollars jointly and severally against defendants R. Williams and Fisher, for the punishment and emotional injuries sustained as resulting from unreasonable excessive force and unreasonable search and seizures.

3. $2,000,000.00 dollars jointly and severally against defendants Mark Trohalos and John Mewllo for the emotional anguish and distress resulting from their wanton and reckless actions of inactions of false statements and violation of federal protected rights such as the fourth Amendment and equal protection rights.

4. $1,000,000.00 dollars jointly and severally against defendants T. Barcello and Dean M. Esserman for the intentional infliction of emotional distress

## G. REQUEST FOR RELIEF

C. (4). Resulting from their wanton and reckless inadequate procedures in using wiretap phones and falsely allegations for unreasonable searches and seizures.

5. $2,000,000.00 dollars jointly and severally against defendant Robert Paquette for the intentional deliberate indifference infliction of cruel and unusual punishment for an arrest without probable cause.

D. Award punitive damages in the following amount:

1. $800,000.00 each against defendants Fisher, Nolan, Ramos and R. Halas;

2. $700,000.00 each against defendants R. Williams, Mark Scocoza, and D. Stewart;

3. $900,000.00 each against defendants Mark Trehalis and J. Merullo;

4. $1,000,000.00 against defendant Chief of Police Dean M. Esserman and Stanford Police Deptment;

5. $20 Million dollars against defendant Chief of Police Robert Paquette and Danbury Police Dept.

## G. REQUEST FOR RELIEF

I. GRANT such other Relief as it may appear that plaintiff is entitled.

RESPECTFULLY SUBMITTED

_____
Luis Fernandez
Plaintiff

Date: 12/12/03