UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

Luis Fernandez

v.

Robert Paquette, et al

FILED
2005 JAN 18 P 3:52
U.S. DISTRICT COURT
BRIDGEPORT, CONN

PRISONER
CASE NO. 3:01CV1807 (JBA)

JAN. 6, 2005

## MOTION FOR EXTENDING THE TIME FOR SERVICE

The plaintiff pro-se holding to the protection of his civil Rights, citing Janes v. Rundle, 453 F.2d 147; Hugh v. Poe, 453 F.2d 1471 "viewed without regard for technicalities," and pursuant to Civil Right Act 42 U.S.C. § 1983, 28 U.S.C. § 1915, Rule 6(b), Fed. R. Civ. P. and Rule 4(M) moves for extending the time for service to 60 days.

### I. History of the Case

Following the plaintiff pro-se docketed Amended Complaint against defendants Robert Paquette, Det. Robert Williams, Det. Sgt. Fisher, Det. Merullo, Det. Mark Trohalis, Det. Ramos, Det. Nolan, Mark Scocoza, and R. Halas of the Danbury Police Dept. And Officer T. Barcello, Dean M. Esserman, And D. Stewart of the Stamford Police Dept. And the Courts Ruling & Order dated FILED Dec. 27, 2004 received

1 of 4

the second week of Jan., 2005 approx to complete and return to the court service forms and (20) twenty-four copies of his Amended Complaint on or before 1/12/05.

## SPECIFIC FACTS

1. The plaintiff is pro-se litigant against consequences of technical errors, were the Department of Correctional does <u>not</u> and I the plaintiff reports; does <u>not</u>! provide guarantee access to the courts so an extension of 60 days is request to exhaust requests for assistance with copies.

2. Inmate legal Assistance program, ATT. Jenna Edmonson cannot or wouldn't assist with copies nor in this Civil Complaint § 1983 since it derives of criminal matter as well as civil for which 60 days is requested so the pro-se plaintiff can be able to find some assistance from D.O.C. current memo of <u>NO</u> guarantee of court access.

3. The plaintiff has moved for change of venue and Disqualification of U.S.D.J. Janet B. Arterton since some impartiality might risne from this District Court where Extension of 60 day is required.

4. The plaintiff after receiving the docketed Amended Complaint on the second week of Jan., 2005 approx. finds that is necessary for the Court honorable observation of the Amended Complaint to Second Amend the Complaint on the named defendants in their individual capacities, Adding as well defendants (Aurore Leblanc and Patric Carroll) whom are dealing with events that occurred before the Original Complaint was filed and for drafting more Arguable basis pursuant Rule 12(b)(6), F.R.C.P. Citing NEITZKE V. WILLIAMS, 490 U.S. 319, 325, 329-30 (1989). Were an extension of 60 days to complete second Amend Complaint with para 1-3 is required.

ARGUMENT

1. The Amended Complaint is not deficient in any form to prohibit an opportunity to second Amend.

2. The defendants R. Paquette, et.Al have not been served yett which will not be prejudice from the second Amende Complaint nor the granting of 60 days to complete such orders.

Conclusion

This motion is submitted pursuant Civil Right Act 42 U.S.C.§ 1983, 28 U.S.C. § 1915, Rule 6(b), Fed. R.Civ. P., Rule 4(M) Citing Jones V. Rundle, 453 F.2d 147; Hugh V.

3 of 4

Poe, 453 F.2d 1471. "Viewed without regard for technicalities: requesting extension for service of 60 days.

Respectfully Submitted,

Luis Fernandez Pro-se
M.C.I.
1153 east st south,
Suffield, CT 06080

## CERTIFICATION

I hereby certify that the original was sent via mail to the Clerk's Office on this 5 day of Jan. 2005.

Office of the Clerk,
U.S.D.C.
915 Lafayette Boulevard,
Bridgeport, CT 06604

Luis Fernandez
Pro-se