UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2005 FEB 28  A 8: 52

U.S. DISTRICT COURT
NEW HAVEN, CT

LUIS FERNANDEZ          :
                        :        PRISONER
v.                      :   CASE NO. 3:01CV1807(JBA)
                        :
DIRECTOR JADE ALEXANDER, et al. :

RULING AND ORDER

Pending are three motions filed by plaintiff.

I.  Motion for Change of Venue [doc. #24]

Plaintiff asks the court to transfer this action to another district because he cannot obtain an impartial consideration of his claims in this district.

The statute governing venue provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). To transfer a case pursuant to this statute, therefore, the court must determine that plaintiff could have filed his action initially in the district to which he seeks to have the case transferred and that the transfer would promote the convenience of the parties and witnesses and be in the interests of justice. See Schnabel v. Ramsey Qualitative Systems, Inc., 322 F. Supp. 2d 505, 514-15 (S.D.N.Y. 2004) (citations omitted).

Plaintiff does not identify any district to which he seeks to have this case transferred. In addition, he states in his amended complaint that he and all defendants reside in Connecticut. The incident giving rise to this action also occurred in Connecticut. The court can discern no other district that would have personal jurisdiction over all parties and be a more convenient forum. Plaintiff's motion for change of venue [doc. #24] is denied.

II. Motion for Disqualification [doc. #25]

Next, plaintiff seeks the recusal of the undersigned. A judge must recuse herself "in any proceeding in which [her] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The test employed to determine whether recusal is required is an objective one. See In re Drexel Burnham Lambert Inc., 861 F.2d 1307, 1313 (2d Cir. 1988), cert. denied, 490 U.S. 1102 (1989). The judge must recuse herself if circumstances exist which constitute an objectively reasonable basis upon which to question the judge's impartiality, i.e., if circumstances show "a deep-seated favoritism or antagonism that would make fair judgment almost impossible." Liteky v. United States, 510 U.S. 540, 555 (1994). "[J]udicial rulings alone almost never constitute valid basis for a bias or partiality motion" and "can only in the rarest circumstances evidence the degree of favoritism or antagonism required." Id.

Plaintiff state only that his case was not reopened until he

2

filed a motion for relief from judgment pursuant to Rule 60(b). He argues that the necessity of filing a motion for relief from judgment might suggest a lack of impartiality.

Judgment entered in this case on October 31, 2001. Rule 60(b), Fed. R. Civ. P., provides that a party may be relieved from a final judgment "[o]n motion." Thus, all parties are required to file a motion for relief from judgment. Plaintiff was treated in the same manner as every other litigant appearing before the court. Thus, he has not identified any evidence of bias or even the appearance of bias. Plaintiff's motion for disqualification [doc. #25] is denied.

III. Motion for Leave to Amend [doc. #26]

Plaintiff seeks leave to file a second amended complaint adding as defendants Laurie Leblanc and Patric Carroll in their individual and official capacities. He has not attached to his motion a proposed second amended complaint to enable the court to review the claims he seeks to add.

Plaintiff's motion [doc. #26] is granted. He may file a second amended complaint, within thirty days from the date of this order.

Rule 15(a), Fed. R. Civ. P., provides that leave to amend should be "freely given when justice so requires." In determining whether to grant leave to amend, the court considers such factors as undue delay, bad faith, dilatory motive, undue prejudice and futility of the amendment. See Forman v. Davis,

3

371 U.S. 178, 182 (1962). Thus, when the second amended complaint is submitted, the court will review the amendments to determine whether the claims against Leblanc and Carroll are futile. In drafting his second amended complaint, plaintiff should be aware that the possible claims that may be brought against Carroll and Leblanc are limited.

Patric Carroll is a state court judge. Judges are protected from suit for damages by absolute judicial immunity. See Mireles v. Waco, 502 U.S. 9, 11 (1991). "The absolute immunity of a judge applies '"however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff."'" Young v. Selsky, 41 F.3d 47, 51 (2d Cir. 1994) (quoting Cleavinger v. Saxner, 474 U.S. 193, 199-200 (1985) (quoting Bradley v. Fisher, 13 Wall. 335, 347 (1872))). Judicial immunity is overcome in only two situations. "First, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." Mireles, 502 U.S. at 11 (citations omitted).

Laurie Leblanc is a private citizen. Private parties are not generally liable under section 1983. They can, however, be liable if they conspire with state actors. To state a claim for conspiracy, plaintiff must allege "(1) an agreement between a state actor and a private party; (2) to act in concert to inflict

an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." Ciambriello v. County of Nassau, 292 F.3d 307, 324-35 (2d Cir. 2002). Further, the Second Circuit has held that to state a claim of conspiracy under section 1983, the complaint must contain more than mere conclusory allegations. See Gyadu v. Hartford Ins. Co., 197 F.3d 590, 591 (2d Cir. 1999) (restating previous holding that vague, general or conclusory allegations of conspiracy are insufficient to withstand motion to dismiss); Dwares v. City of New York, 985 F.2d 94, 99-100 (2d Cir. 1993) (citing cases).

In addition, if plaintiff is attempting to name Leblanc because of drugs found in Leblanc's pockets when police arrested plaintiff and Leblanc, his claim would be futile. Fourth Amendment protection against an unreasonable search depends on whether the person claiming this protection has "a legitimate expectation of privacy in the invaded place." Rakas v. Illinois, 439 U.S. 128, 143 (1978). The right is personal. It cannot be asserted vicariously. See id. at 133-34; U.S. v. Haqq, 278 F.3d 44, 47 (2d. Cir. 2002). Thus, plaintiff has no legitimate expectation of privacy in defendant Leblanc's pockets.

IV. Conclusion

Plaintiff's motions for change of venue and disqualification [docs. ##24, 25] are **DENIED**. Plaintiff's motion for leave to file a second amended complaint [doc. #26] is **GRANTED**. Plaintiff

5

may file an amended complaint within **thirty (30)** days from the date of this order provided he can state cognizable claims against Leblanc and Carroll.

**SO ORDERED** this 25th day of February, 2005, at New Haven, Connecticut.

                                                               Janet Bond Arterton
                                                               United States District Judge