UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2005 APR -1 P 4:03

U.S. DISTRICT COURT
BRIDGEPORT CONN

Luis Fernandez, Pro-se
ID. 279900

Civil RIGHTS COMPLAINT
SECOND AMENDED COMPLAINT
Case NO. 3:01 CV 1807 (JBA)

- V. -

Robert Paquette, ind. Cap.
Robert Williams, ind. Cap.
Det. Sgt. Fisher, ind. Cap.
J. Merullo, ind. Cap.
Mark Truhlis, ind. Cap.
Luis Ramos, ind. Cap.
Nolan, ind. Cap.
T. Barcello, ind. Cap.
Mark Scocoza, ind. Cap.
Dean M. Esserman, ind. Cap.
R. Halas, ind. Cap.
D. Stewart, ind. Cap.

Laurie Leblanc, ind. Cap.
Patric Carroll, ind. Cap.

A. PARTIES

1. Luis Fernandez, Plaintiff is a citizen of Conn. who presently resides at 1153 east St. South, Suffield, CT 06080 currently incarcerated, Inmate number 279900.

1 of 42

2. Defendant Robert Paquette is a citizen of Conn. whose address is 120 Main St. Danbury, CT 06810 and who is employeed as chief of Police at Danbury Police Dept. and as chief of Police his action is under color of law.

3. Defendant Robert Williams is a citizen of Conn. whose address is 120 Main St. Danbury, CT 06810 and who is employed as Det. at Danbury Police Dept. were as Det. his action is under color of state law.

4. Defendant Fisher is a citizen of Conn. whose address is 120 Main St. Danbury, CT 06810 and who is employeed as Detective Sgt. at Danbury Police Dept. were as Det. Sgt. his action is under color of state law.

5. Defendant J. Mewllo is a citizen of Conn. whose address is 120 Main St. Danbury, CT 06810 and who is employed as Detective at Danbury Police Dept. were as Det. his action is under color of state law.

6. Defendant Mark Trohalis is a citizen of Conn. whose address is 120 Main St. Danbury, CT 06810 who is employeed as Detective at Danbury Police Dept. were as Det. his action is under color of state law.

7. Defendant L. Poros is a citizen of Conn. whose address is 120 Main St. Danbury, CT 06810 who is employed as Det. at Danbury Police Dept. were as Det. his action is under color of state law.

8. Defendant Nolan is a citizen of Conn. whose Address is 120 Main st. Danbury, CT 06810 who is employed As Detective At Danbury Police Dept. were As Det. S/he is Ation under Color of state law.

9. Defendant T. Barcello is a citizen of Conn. whose Address is 805 Bedford St, Stanford, CT who is employed As officer P. At Stanford Police Dept. were As officer P. his Action is under color of state law.

10. Defendant Mark Scocoza is a citizen of Conn. whose Address is 120 Main st. Danbury, CT 06810 who is employed As officer P. At Danbury Police Dept. were As officer P. his Action is under color of state law.

11. Defendant Dean M. Esserman is a citizen of Conn. whose Address is 805 Bedford street, Stanford, CT who is employed As Chief of Police At Stanford Police Dept. were As Chief of Police his Action is under color of state law.

12. Defendant R. Halas is a citizen of Conn. whose Address is 120 Main st. Danbury, CT 06810 who is employed As Det. At Danbury Police Dept were S/he is Action under color of state law. As Det

13. Defendant D. Steeuart is a citizen of Conn. whose Address is 805 Bedford St. Stanford, CT who is employed As Sgt. At

Stanford Police Dept. were As Sgt. his Action is under color of State laws.

14. Defendant Laurie Leblanc is a citizen of Conn. whose Address is Reagan Mill Rd., Wingdate, N.Y. And who is self employed were As A Self Employed person who Conspire with defendants (Police, Detectives) his Action is under color of state law.

15. Defendant PATRICK Carroll, III is A citizen of Conn. whose Address is 146 White St., Danbury, CT 06810 And who is A Judge At Danbury Superior Court As Judge his Action is under color of State law.

16. Any other defendants if Any unknown At this time.

## B. Jurisdiction

Jurisdiction is Asserted pursuant to: 42 U.S.C. § 1983 "Every person who, under color of Any Statute, ordinance, Regulation, Custom or usage, of Any State or territory or the district of Columbia, subjects, or Causes to be subjected, Any Citizen of the U.S. or other person within the Jurisdiction thereof to the deprivation of Any Rights, privileges, or immunities served by the Const. And laws, suit inequity, or other proper proceeding for Redress."

ARTICLE 1 § 10 of the Conn. Const, states "All Courts shall be open, And every person, for An injury done to him in his person, property or reputation, shall have remedy by due Course of law,

And Right and Justice administered without sale, denial or delay."
Article 1 § 20 of the Conn. Const. Respectively, states as
" No person shall be denied the equal protection of the law
nor be subjected to segregation or discrimination in the
exercise or enjoyment of his civil or political Rights because of
Religion, Race, Color, Ancestry, National origin, sex or physical
or mental disability".
18 U.S.C. S § 241 deprivation of Rights protected by federal
Constitution or laws " which makes conspiracy to interfere
with Citizen's free exercise or enjoyment of any Right or
privilege secured to him by Constitution or laws of the United
State federal offense."
18 U.S.C. S § 242 deprivation of Rights protected by federal
Constitution or laws "which make it federal offense willfully
to deprive any person under color of law of same Rights,
include, presumably, all of Constitution and laws of United
States."
18 U.S.C. S § 1621, false statements in Affidavits.
28 U.S.C. § 1343 (3) "To Redress the deprivation, under
color of any state law, statute, ordinance, custom, or usage,
of any Right, privilege, or immunity secured by the Constitution
of the United States or by an Act of Congress providing for
equal Rights of citizens or of all persons within the
Jurisdiction of the United States."

42 U.S.C. § 1988 (1994); Pendent Jurisdiction.

42 U.S.C. §§ 1985, 1986 Civil Rights Conspiracy Claims"
§ 1985 (2) provides for Actions Against persons who conspire
to obstruct "the due course of justice", in state Courts
with intent to deny Any citizen the equal protections of the
laws or to harm a citizen for enforcing or Attempting to
enforce the Right of equal protection. In Addition, § 1985(3)
provides for damages Action Against persons who Conspire . . .
for the purpose of depriving . . . . Any person or class of
person of the equal protections of the laws, or of equal privileges
And immunities; under laws, 42 U.S.C. § 1985 (3) And
42 U.S.C. § 1986 provides for damages liability for Anyone
'who having knowledge that [A §1985 Conspiracy] is About to be
Committed; does Nothing About it 42 U.S.C. § 1986.

## C. NATURE OF THE CASE

### BRIEFLY BACKGROUND:

The plaintiff pro-se brings this lawsuit demanding A Jury Trial
seeking Relief As injunction, Declaratory Judgment, Compensatory And
punitive Reliefs to Address the lack of probable Cause for An Arrest
on OCT, 27, 2000 were unessessary excessive force used during
the Arrest. The Misleading of A Judge into issuing A warrant, failure
to base on the totality of circumstances were false statement in
Affidavits influenced the Judge issuing A warrant And Conspiracies
depriving the plaintiff of both State And federal laws. The
unreasonable searches And seizures of the plaintiff, persons &

6 of 42

property, failure to Knock and Announcement entries, Trusspassing into private property and malicious prosecutions are All Acts Complaint in this lawsuit As well As violation of fourth, fifth, Eighth, fourteenth Amend. U.S.C. (others) Also, intentional infliction of Mental and Emotional distress (others).

## 1) CAUSE OF ACTION

CLAIM I : Violation of fourth, fifth, Eighth, and fourteenth Amend. U.S.C., Conn. Const. Art 1 § 7, 8, 20, § 3109, Rule 41 (d); 18 U.S.C. § 241, 242 ; Causing Emotional distress and Mental Anguish suffering (others).

1. On January 2, 2002, the plaintiff Appeared in Danbury Superior Court for the pending offenses 21A-279A and 21A-279A docket No. D.B-110596 A deriving from an Arrest on Oct. 27, 2000, which offenses were nolled.

2. The purely Conclusory Affidavits by Affiant defendant M. Trohalis and John Mewllo in the Application for search and seizure warrant No. 00-13326 pages 1 of 6 threes 5 of 6, believes that probable Cause exists for suspicious Activity or trafficing was based on plaintiff probation Status do to A finding of guilty by Judge Patric Carroll After the plaintiff entered a Nolle plea on 8/2/00 for the Arrest of January, 2000.

3. Defendants Mark Troshlis and John Merullo, failed to establish Probable Cause and Misled the issuing Judge P. Crakoll in obtaining an arrest warrant for the Unit SS-234 of the BRT-Self Storage Facility located on old Newtown Road, Danbury, CT dating it 10/26/00, were defendants at the Moment of execution had unreasonable information and not enough facts to even belief by a prudent person that an offense has been or is being Committed by the plaintiff in going in and out of the Unit SS-234 of the BRT-Self Storage Facility. see, Attached and Marked as Exhibit "A" herein Affidavit and Application search and seizure Warrant No. 00-13326 pages 1 thru 5 of 6.

4. The defendants had no probable Cause to search on Oct. 27, 2000 the BRT-Self Storage Unit SS-234 because only information linking the plaintiff to alleged drugs in the BRT-Self Storage Unit SS-234 derived from defendant John Merullo personal beliefs absent supporting facts, not enough, which defendant John Merullo did not observed the plaintiff carrying any suspected objects nor packages to reasonably draw inference of criminal activity. citing, U.S. v. Prandy-Binett, 995 F.2d 1069, 1078 (1993) (No probable Cause to arrest when police observed suspect in train station carrying rectangular object wrapped in duct tape because packaging Material not unique to drug trade).

5. Even the Affidavit and Application search and seizure warrant no. 00 13326 dated 10-26-00 prepared by defendants Mark Troshlis

8 of 42

And John Mewllo, see Attached and marked to Exhibit "A" hereon, is invalid because supporting Affidavit is devoid of any basis from which magistrate could infer that evidence of drug activity would be found at the Unit SS-234 of the BRT-SELF-STORAGE facility located on old NewTown road, Danbury, CT when the plaintiff arrest on OCT. 27, 2000 did not possessed drugs or items linking to drugs and especially since Affidavits' defendants Mark Truholis and John Mewllo gave no information as to proximity of alleged Narcotics sales to the plaintiff lessed UNIT SS-234 of the BRT SELF-STORAGE facility. Citing, Steagald, 451 U.S. At 213; U.S. V. Talor, 996 F.2d 1578, 1582 (1993), depriving the plaintiff of Rights protected by the fourth Amend. And Const. of Conn. ART First § 7 from unreasonable search without probable cause.

6. Furthermore, the Affidavit and Application search and seizure Warrant No. 00-13326 dated 10-26-00 Attached and marked as Exhibit "A" herein provided by the defendants Mark Truholis and John Mewllo is invalid because the supporting Affidavit is devoid of evidence or facts that could provide sufficient nexus between contraband and place to be searched, when the only Connection was based on defendants Mark Truholis and John Mewllo beliefs that "based on their training and experience have found Narcotics trafficenks utilize locations away from their residence to store [Narcotics] The purpose of utilizing [safe] locations away from their residence is to [avoid] theft from Rival

[drug traffickers]. The Affiants have additionally found that [drug traffickers] that have been previously arrested from search warrants at their homes commonly [avoid] keeping records, money and [narcotics at their residences] to [avoid] arrests. That these [safe] locations are commonly called [safe] houses and that the Affiants have participated in numero's [drug trafficking] investigation in which [drug traffickers] utilized them and that [narcotics], money, and [drug traffiking] records have been seized at these locations which have resulted in arrests and convictions," see, attached and marked as Exhibit "A" herein par. 21 page 3f of 6, where the affidavit here contained a conclusory statement to the effect that the Affiants defendants Mark Tsolalis and John Mewllo had probable cause and reasonable grounds to believe that there was "narcotics" in the unit SS-234 of the BRT Self Storage facility when circumstances do not logically support the conclusion that there was probable cause to believe that "narcotics" ever was located in the unit SS-234 of the BRT Self Storage facility in question, much less that it was located there at the time the warrant was issued. There is no indication in the affidavit that either defendant M. Tsolalis, John Mewllo, the Affiants, or informant nor undercover, ever saw or learned from other sources that narcotics was located in the unit SS-234 of the BRT Self Storage facility. The affidavit contains no statement to the effect that either of the Affiants or an informant was ever in the unit SS-234 of the BRT Self Storage facility. Nor does it set forth facts observed or perceived

by any of these defendants from which the presence of narcotics in the Unit SS-234 of the BRT SELF STORAGE facility reasonably could have been inferred for search on Oct. 27, 2000, which unreasonable search in the Unit SS-234 of the BRT SELF STORAGE facility deprived the plaintiff of rights protected by the fourth Amend. U.S.C. And Conn. Const. Article First §7, citing, U.S. V. Schultz, 14 F.3d 1093, 1097-98 (1994); Also, STATE V. DECHAMPLAIN, 179 Conn. 522 (1980).

7. Moreover, defendants John Merullo and Mark Trohalis failed to justify exigent circumstances for probable cause to believe that narcotics even was located in the Unit SS-234 of the BRT SELF STORAGE facility, located at old NEWTOWN road, Danbury, CT in the ARRAIGNMENT Report to Affidavit WARRANTless Arrest pages 1 of 1 dated Oct. 28, 2000, subscribed and sworn to before defendant Det. Sgt. Foster who knew of or should have known of defendants M. Trohalis and John Merullo unjustified Circumstances do not logically support the conclusion that there WAS probable cause to believe that narcotics even was located in the Unit SS-234 BRT SELF STORAGE, wilfully conspiring to interfere with plaintiff subjective expectation of privacy in the Unit SS-234 of the BRT SELF STORAGE facility where the plaintiff As lessee has possessory interest in the Unit SS-234 BRT SELF STORAGE that is surrounded by iron fence and gate with personal code which defendants wilfully deprived of the expectation of privacy and possessory interest when on

11 of 42

OCT. 27, 2000, defendants took a set of keys from the plaintiff during his brutal arrest at Bradlees Parking lot and without the plaintiff the defendants forced their entrance to the BRT SELF STORAGE facility, unlocked the lock to unit SS-234 and opened several cardboard boxes that where not discribed in the Affidavit and Application search and seizure warrant provided to the issuing Judge dated OCT. 26, 2000, see, (Attached & marked As Exhibit "A" herein ) citing U.S. V. VEGA, 221 F.3d 789, 796 (5th Cir. 2000).

8. Furthermore, on OCT. 27, 2000, defendants Mark Trohalis, John Mewllo, Luis Ramos, Nohn, Robert Williams, R. Hahs, and Sgt. Fisher violated the Common law of trespass when executing the Affidavit and Application search and seizure warrant dated w/26/00 for the "place or thing Unit SS-234 of the BRT SELF STORAGE facility located on old Newtown Rd., Danbury, CT surrounded by a tall Chain link fence with barbed wire on top and gate while knowing of or should have known of the BRT SELF STORAGE facility UNIT SS-234 is a Rental unit located on private property that the plaintiff did not own but possessed an objective expectation of privacy in the unit SS-234 where the plaintiff kept personal clothing, legal papers, Rental Agreement, passport, U.S. Currency with bank recipts and had only key to the UNIT SS-234 plus gate personal code to enter private property as lessee of the BRT SELF STORAGE UNIT facility. see, (Attached and marked

12 of 42

As Exhibit "B" herein ARRAIGNMENT REPORT And Affidavit WARRANTLESS Arrest pg 1 of 1 NO. 00-13780, signed ON OCT. 28, 2000 by defendants M. Trohalis And Sgt. Fisher). citing U.S V. CHAVES, 169 F.3d 687, 690-91 (1991).

9. The plaintiff states he had A subjective expectation of privacy in the UNIT SS-234 of the BRT SELF STORAGE facility which is located on old NEWTOWN road, Danbury, CT and was deprived when on OCT. 27, 2000 defendants took A set of Key's from the plaintiff while being brutally Arrested at Bradlees Parking lot and without the plaintiff, defendants Fisher, Menullo, Trohalis, Ramos, NOlAN, Williams, HAlAS and SCOCOZA forced their entrance into the BRT SELF STORAGE facility unlocked the lock to UNIT SS-234 were they opened several Card board boxes which where not described in the Affidavit And Application Search and seizure WARRANT NO. 00-13326 pg 1 threw 5 of 6 dated 10-26-00 for the UNIT SS-234 of the BRT SELF STORAGE facility where the plaintiff As lessee has A subjective expectation of privacy in the UNIT SS-234 Rented which is surrounded by iron fence and gate with personal code. see, (Attached and Marked As Exhibit "A" herein Affidavit And Application search and seizure WARRANT NO. 00-13326 pg 1 threw 5 of 6 failing to described the several card board boxes).

10. The defendants John Menullo And MARK Trohalis, Agents UNNECESSARY violated § 3109 during the execution of Affidavit
13 of 42

And Application search and sezeure warrant dated 10/26/00 see, (Attached And Marked As Exhibit "A" herein), on Oct. 27, 2000, see, (Attached And Marked As Exhibit "B" herein Arraignment Report and Affidavit Warrantless Arrest dated OCT. 28, 2000) At the BRT SELF Storage Facility when the owner's Non Co-owner Representative was not Aware of the Warrant dated 10/26/00 Nreither of the search on 10/27/00 into his property surrounded by a tall Chain link fence with barbed wire on top and gate with personal Code entrance System where defendants J. Merullo and M. Troholis, Agents forced their entrance without Notifying BRT SELF STORAGE Facility OWNER'S NOR Co-owner/Representative and failed to provide reasonable suspician, that Notifying BRT SELF STORAGE Facility Owner's or Co-owner/Representative would be dangerous, futile, or destructive to the purpose of the investigation, see, (Attached And Marked to Exhibits "A" And "B" herein) citing Richard V. Wisconsin, 520 U.S. 385, 394.95 (1997).

11. Moreover, defendant John Merullo, Agents on Oct. 20, 2000 did not have a legal Nantage point of plaintiff Activities to be less than Absolute Centainly that search of the Unit SS-234 of the BRT SELF STORAGE Facility on Oct. 27, 2000 will be fruitfull.

12. Also, defendant Mark Troholis, Arraignment Report and Affidavit Warrantless Arrest dated Oct. 28, 2000 signed pg 1 of 1 case/incident No. 00-13780 is invalid where it states

the place of arrest to be "NEWTOWN Rd.," which is inaccurate and even when search of BRT UNIT 234 took approx. 30 to 45 minutes after the plaintiff had been brutally arrested, handcuffed and in police headquarters. see, (Attached and marked as Exhibit "B" herein).

13. Furthermore, defendant Mark Trohalis additional unsupported allegations of the plaintiff in incident report No. 00-13779 and in the arraignment report & Affidavit warrantless arrest dated Oct. 28, 2000 signed page 1 of 1 Case/incident No. 00-13780 herein Attached and marked as Exhibit "B" Contains no facts as to its allegations that "during the investigation of the defendant [plaintiff] was observed to make his sales of cocaine, meeting persons in parking lots and doing the exchange of Cocaine and money at his driver's window," unsupported and without actual information for probabilities of criminal activity when defendant M. Trohalis relied on inaccurate information of vehicle, had no indication of reliable identification of vehicle non occupant and no corroborating evidence to present the issuing Judge for determining Probable Cause. see, (Attached and marked as Exhibit "C" herein Incident Report. No. 00-13779 unsupported Allegation in page 1 of 2 sentence line (s) Containing no facts).

14. The defendants Mark Trohalis and John Mennillo, Affidavit and Application search and seizure Warrant No. 00-13326 dated 10/26/00, see, (Attached and marked as Exhibit "A" herein),

is insufficiently particular where it states "All Financial Records" As items to be seized is to the discretion of the officers, Agents executing the Warrant and hyportechnical reading of the Warrant should be Avoided where defendants Mark Trabolis And John Menullo, Affidavit and Application seach and seizure Warrant No. 00-13326 dated 10/26/00 pg 5 of 6 for the property described to be seached and seized As "All Financial Records", is insufficiently particular and unreasonable, depriving the plaintiff of fourth Amend. protection from unreasonable seizures and Conn. Const. Article First § 7 protection from "unreasonable seizures of things, papers and possessions, shall issue without describing them As nearly As may be"; which "All Financial Records", is Above and beyond. see, (Attached and Marked As Exhibit "A" herein pg 5 of 6) citing, U.S. v. Steele, 267 U.S. 498, 503 (1925).


15. Moreover, defendant J. Menullo exceeded escope of the Affidavit And Application seach and seizure Warrant issued dated 10/26/00 during the unreasonable seach At the Unit 234 of BRI Self Storage Facility on 10/27/00 when he wilfully unreasonably seized the passport of Luis Fernandez, legal paper from seach Warrant, Arrest report 6 flow chart of 1/7/00 Arrest inside A Cardbroard box And one (1) gold Master key located inside A Blue Polo Sport case inside A Cardbroard box, see, (Attached and Marked As Exhibit "D" herein defendant J. Menullo #292 evidence chart No. 00-13780 of property seized) because the

16 of 42

issued dated 6/26/00 warrant only Authorized the seizure of "Cocaine, white powdered substances, cutting Agents for Narcotics, grinder, packaging materials, weighing scales, strainers, U.S. Currency, All financial records, safes, document-ation of Residence, Records of identification, Records of transa-ctions, telephone pagers, and police scanners," see, (Attached and Marked As Exhibit "A" herein pg 5 of 6), no Cardboard box was Authorized to be searched and seized its inside belonging and items found inside Cardboard box's not in plain view for seizures and Neither defendant J. Merullo described the items found AN the Cardboard boxs' As to be in plain view depriving the plaintiff of fourth Amend. protection And Conn. Const. Article First § 7 protection Against Unreasonable searches and seizures. see, (Attached and Marked As Exhibit "D" herein Danbury P. Dept. Special Investigations Division flow chart by evidence officer Det J. Merullo #292 dated 6/27/60 NO. 00-13780) Citing, DALE V. BARTELS, 732 F.2d 278, 284-85 (1984).

16. Defendant John Merullo did not followed procedures for inventory for the property searched and seized from the BRT SELF STORAGE UNIT SS-234 on old Newtown Road, Danbury, CT After forcebly entering into private property which willfully deprived the plaintiff protection of his property Rights under both state and federal law.

17. The plaintiff states there was no exigent circumstances for

for defendant Mark Trohalis, Affiant to justify the trass-passing and unreasonable search of the Unit SS-234 of the BRT Self Storage Facility located in old Newtown road, Danbury, CT on 10/27/00 when no informants, undercover emerged from or into BRT Self Storage Facility; no evidence money emerged from the plaintiff during the brutal arrest at Bradlees Parking lot on 10/27/00 located approx. 500 yards from the BRT Self Storage Facility; the plaintiff was not present during the search of the Unit SS-234 of the BRT Storage Facility; no type of narcotics was found in plaintiff possession during the brutal arrest at Bradlees Parking lot on 10/27/00 that could link him to any alleged narcotic found if any in the BRT Self Storage Facility; no informants nor undercover were present on 10/27/00 during plaintiff brutal arrest at Bradlees parking lot or when the search of the Unit SS-234 of the BRT Self Storage Facility took place to link the plaintiff of having control, dominion, knowledge of any alleged narcotics; and neither did defendant M. Trohalis, Agents prior the plaintiff brutal arrest at Bradlees Parking lot on 10/27/00 was there an undercover sale of any type to link Criminal Activity for unreasonable searching of the Unit SS-234 of the BRT Self Storage Facility located in old Newtown road, Danbury, CT. see, (Attached and Marked as Exhibit "B" herein) and warrantless arrest signed dated 10/28/00.

18. Even, defendants R. Williams and John Merullo, exceeded scope of Affidavit and Application search and seizure warrant

dated 10/26/00 No. 00-13326 pg 1of6 threws 5 of 6 when
ON 10/27/00 seized the plaintiff WAllet and removing $400.00
dollars in U.S. Currency because WARRANT issued dated 10/26/00
does not Authorized nor described the seizure for the plaintiff's
WAllet OR its contents in the WAllet unconstitutionally wilfully
depriving the plaintiff of property Rights under fourth Amend.,
Conn. Const. Article First § 7 and fanteenth Amend U.S.C.
Conn. Const. Article First § 20. see, (Attached and marked
As Exhibit "A" herein issued WARRANT dated 10/26/00 and
Incident Report No. - 00 13779 Attached marked As Exhibit "C"
herein the 2nd Amended Complaint).


19. Moreover, ON 10/27/00 defendant's R. Williams pulled the
    plaintiff out of the vehicle window driver side a red Chevy
    to the pavement floor of the Bradlees Parking lot facing
    down with the chest to the floor and defendants R. Williams
    sitting on the plaintiff back causing pain while defendants
    R. HAAS held his own to the Right side back of plaintiff
    head and defendant Sgt Fisher crossing plaintiff legs with
    a hold to the pavement floor causing pain to plaintiff which
    brutaly use of excessive force to Arrest is unreasonable,
    defendants did not described the plaintiff to be a threat nor
    A violent person prior Arrest. see, (Attached marked Exhibit "C"
    herein showing the plaintiff pulled from vehicle in statement or
    Affidavit), which brut unreasonable force used depriving the
    plaintiff of Rights under the fourth Amend and Eighth Amend.

When intentionally inflicted unjustifiable pain to the plaintiff by deliberately indifference.

20. The defendants Mark Trohalis, Agents presented false statements in the Danbury Police Dept. Incident Report No. 00-13779 pg 1 of 2 lines 6 and 7 that "there was an attempte to flee and escape," when in fact the plaintiff did not attempted to flee nor he was ever charged with such offense to be submitted in the Danbury Police Dept. Incident Report No. 00-13779 with such Reckless and wanton disregard of the truth violating Conn. Gen. Stat. § 53-157(b). See, (Attached marked as Exhibit "C" herein Danbury Police Dept. Incident Rep. No. 00-13779) Citing NEW YORK TIMES CO. V. SULLIVAN, 376 U.S. 254, 280, 84 S.ct. 710 (1964).

21. Furthermore, defendants Mark Trohalis, Agents presented in the Danbury Police Dept. Incident Report No. 00-13779 pg 1 of 2 date 10/27/00 statement that "Fernandez (Plaintiff) Refused an ordered of out of the vehicle," which the plaintiff did not refused nor he was ever charged with such offense were actual Malice requirement of the defendants Mark Trohalis, Agents knowing of or should have known of the statement to be false or with Reckless disregard of whether it was false or not causing the plaintiff to be brutally pulled from the vehicle a red cherry with such unreasonable force inflicting painfull suffering, emotional distress and mental anguish wilfully unconstitutionaly depriving the plaintiff

20 of 42

of both state and federal laws. see, (Attached Marked as Exhibit "C" herein Incident Report No. 00-13779 pg 1 of 2 date 10/27/00 showing the actual wanton and Reckless statement).

22. On 10/27/00 when defendants R. Williams, R. Halas and Sgt. Foster Conspire to brutaly use of unreasonable excessive force to arrest the plaintiff while at Bradlees Parking lot defendant R. William inventory search of the plaintiff pants Pockets is invalid, which defendant John Menllo previously placed $200.00 U.S. Currency Removed from the plaintiff to be found [time 1802 of Arrest] on the driver seat of the vehicle A Red Chevy CT. Reg. 709 NGN (Tampering with evidence) As motive for search to determine whether Currency Came from an alleged sale of Narcotic, depriving the plaintiff of property without due Process and protection from unreasonable searches and seizures. see, (Attached Marked as Exhibit "C" herein Incident Report No. 00-13779).

23. When defendants John Menllo, agents defendants Ramos, Nelm on 10/27/00 searched the vehicle A Red Chevy CT Reg. 709 NGN and failed to Adequatly provide or produce a inventory search or Catalogue of the items found in the trunck, Compartments of the Red Chevy CT. Reg. 709 NGN vehicle from were the plaintiff was painfully, excessively pulled-out from and defendant leblanc pickup-truck and property was not provided nor inventory search of vehicle truck where an invalid inventory

21 of 42

search exist deprives the plaintiff of both state and federal law.

24. The defendants MARK Trohalis, Agents detained A PERSON known as defendant leblanc on 10/27/00 during plaintiff brutal unreasonable forced arrest at Bradlees Parking lot. The defendant leblanc who saw defendants MARK Trohalis, Detectives and officers running toward him seizing his freedom of movement thought means intentionally applied, where defendant leblanc during his detention by defendant M. Trohalis did not discarded any objects implicating the fourth amendment which defendant MARK Trohalis, Agents intrusion into the illegal seizure of the person leblanc on 10/27/00 implicate the fourth Amend., however, when defendant MARK Trohalis, Agents detaine the defendant leblanc and made him empty out his pockets an illegal search occured because such action constituted new unjustified invasion of privacy, when the person leblanc defendant was seized by defendant MARK Trohalis, Agents while knowing of or should have known of the squeezing, sliding and otherwise manipulating the contents of defendant leblanc pocket. when knowing the pocket contained no weapon is prohibited and the taken from defendant leblanc of fourbags in his possession which defendants MARK Trohalis, Agents believe to be part of a crime after intruding into the defendant leblanc privacy clearly violates the fourth Amend. which prohibits Police from seizing items of mere evidentiary value as the four bags in defendant leblanc dominion and

Control. see (Attached and Marked As Exhibit "C" herein Incident Report No. 00-13779) citing, WARDEN v. HAYden, 387 U.S. 294, 310 (1967).

25. Defendants Mark Trohalis and John Mervllo, presented the Affidavit and Application search and seizure WARRANT dated 10/27/00 No. 00-13326 with untruthful Reckless and devoid information in conspiracy with defendants T. Barcello who Alleged to be an undercover and Defendant D. Stewart from Stamford Police Dept. schemed to defraud the issuing Judge in finding Probable Cause from cassette recording not identifiable to implicate the plaintiff in illegal Activity, while defendants Mark Trohalis, T. Barcello and D. Stewart unlawfully tampered with private communications when knowing of or should have known that no Authorization for a wiretap was made nor there was an authorized the use of a Stamford Police Dept. Cellular phone for wiretapping telephonic communication in Danbury Areas and misleading the issuing Judge in finding probable Cause is suit for civil damages and in fact its criminal to conduct A warrantless tap in violation of Conn. Gen. Stat § § 54-41 t, 53A-187 to 53A-189. see, (Attached and marked As exhibit "A" herein Affidavit and Application search and seizure Warrant dated 10/26/00 Case No. 00-13326), wilfully unconstitutionally depriving the plaintiff of both state and federal Laws.

26. Also, After the plaintiff had been brutally unreasonably Arrested, handcuffed And in police headquaters on Oct. 27, 2000, defendants M. Trobolos and J. Merullo, Agents forced their entrance trespassing into the BRT Self storage facility unlocked the lock to Unit SS-234 to Allegedly execute the unlawful and devoid Affidavit And Application search And seizure Warrant dated 10/26/00 No. 00-13326, see, (Attached and Marked As Exhibit "A" herein Affidavit & Application Search And seizure Warrant dated 10/26/00), then while the plaintiff in police headquaters defendants Mark Trobolos, J. Merullo, Agents with the Key that was inside of the Red Chevy glove Compartment Removed And taken went on 10/27/00 At Approx. 1895 hrs, into 46 Chestnut St, Ext Apt. Danbury, CT 06810, leased by Mario Andino And girlfriend Ryuel Fernandez were the plaintiff ocasionaly was Allowed to sleep And Kept belongings in a Rubber Maid top. Container next to a future Couch or sofa bed in the living Room where defendants John Merullo, Agents unreasonably searched and seized property were expectation of privacy had been Asserted. see, (Attached and Marked As Exhibit "E" herein Incident Report No. 00-13781 date 10/27/00 pg 1 of 1).

27. Moreover, plaintiff had a subjective expectation of privacy in the Rubber Maid toped Container Already Asserted owner-ship by the lessee and occupant of Resident Mario Andino

where defendants John Menllo, Agents invaded the plaintiff privacy in the Rubber maid topped Container searched and illegally seizeds checks book And one box of checks of luis Fernandez from 46 Chestnut St. Ext. Apt. #3, Danbury, CT 06810 depriving the plaintiff of guarantees protection of privacy And security of papers Against unreasonable searches and seizures under the fourth Amendment And Conn. Const. Article 1 § 7 of secure papers and possessions from unreasonable searches and seizures which Rubber maid topped Container, checks book or checks of luis Fernandez from 46 chestnut St. Ext. Apt. #3 Danbury, CT 06810 was not Nearly described in the warrant dated 10/26/00 issued by A Judge. see, (Attached and marked As Exhibit "F" herein Special In. Division No. 00- 13781, date 10/27/00 evidence officer defendant J. Menllo #292 showing After illegaly searching and seizure of check book & 1 box of Checks of luis Fernandez of 46 Chestnut St. Ext. Apt #3 Danbury, CT., Exhibit "E" herein Incident Report No. 00-13781 showing J. Menllo defendant intrusion And Exhibit "6" Affidavit And Application search and seizure warrant dated 10/26/00 in pg 5 of 6 not Nearly described to the issuing Judge). Coting MINCEY V. ARIZONA, 437 U.S. 385, 390 [98 s.ct 2408, 57 L. Ed 2d 290 (1978).

28. Even if the plaintiff only stayed As a overnight guest in the lessee And occupant Mario Andino Apartment 46 Chestnut St. Ext. Apt. #3, Danbury, CT 06810, there is AN

objective expectation of privacy in dwelling because plaintiff hade a relationship with lessee and occupant Mario Audino sister, occasionally ate and slept at dwelling, kept belongings there, and could stay when no residents were present.

29. Moreover, the plaintiff Rubber-maid topped Container has an objective expectation of privacy even as an unlocked Container closed located in the living Room next to the futone-couch or sofa bed of lesse And occupant Mario Audino apartment is protected against government invasion of a person privacy, which defendant John Mewllo, search of the unlocked Container and seizure of its items are both unreasonable and not pursuant to the issued dated warrant 10/26/00 in page 5 of 6. see, (Attached and Marked as Exhibit "F" herein Danbury P. Dept. Special Investigation Division Report. date 10/27/00 Incident Rep. No. 00-13781), depriving the plaintiff of the fourth Amend. U.S.C. protection and Conn. Const. Article 1 § 7. citing, ARKANSAS V. SANDERS, 442 U.S. 753, 757-58, 99 S.Ct. 2586, 61 L.Ed.2d 235 (1979).

30. Also, when on Oct. 27, 2000, the defendants Mark Trohalis And John Mewllo, agents took the keys' to the apartment of the lessee and occupants Mario Audino and Raquel Fernandez located at 46 chestnut St Ext. 2nd floor Apt. #3 entered and gained access at Approx. 1845 hrs, using the key for unlocking the apartment without a "knock

and ANNOUNCE", in violation of § 3109 were the unlatching A closed door unannounced intrusion is in violation of the statute even with Arrest Warrants defendants Mark Trabulos and J. Menillo, Agents failed to Announce identity and purpose and did not do so upon entering Apt. 46 chestnut st. Ext. 2nd floor, Apt #3 Danbury, CT 06810, where not even a reasonable suspicion that Knocking and unannouncing would be dangerous, futile or destructive to the purpose of the investigation was not stated in the Incident Reports. No. 00-13781 or presented to the issuing Judge, which Common law Announcement Requirement under § 3109 and no exigent Circumstances was presented to satisfied "evidence" would be destroyed failed to be provided in violation of statute. see, (Attached Marked as Exhibit "F" herein Incident Report No. 00-13781 date 10/27/00 page 1 of 1).

31. Furthermore, on OCT. 27, 2000, After the defendants M. Trabulos And John Menillo, Agents unannounced entrence and gained into 46 Chestnut St. Ext. Apt., Danbury, CT, while Already searching the Apartment the lessee and occupant Mario Andino entered an encountered with defendants M. Trabulos and John Menillo, displaying of weapons And thrusting presence of Police officers And Narcotics Agents in his lessed Apartment implying compliance outweighting the lesse or occupant Mario Andino free will Against Unreasonable government seizures of person and property. see, (Attached and Marked as Exhibit "F" herein Incident Report No. 00-13781).

32. Defendants Mark Trohalis and John Menillo had no probable Cause for an Application to search 46 chestnut St. Ext. Apt #3 Danbury, CT when the totality of the Circumstances was based on defendant John Menillo wanton and Reckless surveillance which lead to the wrongful identification of Occupants in the lease and were no illegal activity in plain view was established for Probable Cause.

33. Even, defendants Mark Trohalis and John Menillo, subscribed and Sworn Affidavit and Application search and seizure Warrant No. 00-13326 page 1 of 6 three page 5 of 6 for the second floor Apartment, 46 chestnut St Ext, Danbury, CT is invalid because it fails to describe the particular Apartment number Subunit to be Searched with sufficient definitiveness to preclude a search of one or More subunits indiscriminantly. see, (Attached and Marked As Exhibit "6" herein pages 1 of 6 and 5 of 6 No. 00-13326), which information was not disclosed to the issuing Magistrate.

34. Also, if defendants M. Trohalis and John Menillo, did checked through southern New England Telephone Security number 778-1349 listed to "R. Fernandez of 46 chestnut St. 2nd floor, Danbury, CT," then they should have inquired as to the name of the tenant Occupying 46 chestnut St. 2nd floor, Danbury, CT and they should have had conducted further checks with either the gas and electric Company on the Police Dept., in order to Accurately Ascertain the Apt. number and the name of