the Occupant for the Apartment to be searched and Avoiding hypertechnical reading of the warrant which did not fulfilled the particularity requirements of the fourth Amendment to issue a warrant resulting in the execution of an invalid warrant. see (Attached and Marked as Exhibit "G" herein no. 00-13326 Affidavit and Application search and seizure warrant page 1 of 6 threw 5 of 6). Citing <u>United States</u> v. <u>Hinds</u>, 856 F.2d 438, 441 (1988).

35. The plaintiff states there was no probable Cause to search Apt. 2nd floor, 46 Chestnut St. Ext. Danbury, CT supporting the defendant John Merullo wanton and reckless allegations of "illegal drug activities from the Apartment." when no independent Corroboration of an informant or neighbor was provided to fit defendant John Merullo wanton and reckless allegations of "illegal activities." see, (Attached and Marked as Exhibit "G" herein page 3f of 6).

36. Furthermore, defendants Mark Trohalis and John Merullo, failed to obtain Advance Judicial Approval for search and seizure through the Application of Warrant Procedures for the second floor, 46 Chestnut St. Ext. Danbury, CT were the warrant is issued on Oct. 27, 2000, After or during the search of the Apartment unconstitutionally wilfully depriving the plaintiff of protection from unreasonable searches and seizures both under state and federal laws. see, (Attached and Marked as Exhibit "G" herein page 3b of 6 showing issued Judge Signed date 10/27/00).

3:7 Also, defendant M. Trohalis stated in the Incident Report. No. 00-13781 dated 10/27/00, page 1 of 1 signed by defendant Mark Trohalis, Affiant on 10/30/00 that "one check box and box of checks for the person of Luis Fernandez of 46 Chestnut St. Ext. Apt. #3 As property found during the search of Apt. 46 Chestnut St. Ext. 2nd floor, Danbury, CT, and defendant John Merullo who was designated as the evidence officer at this time Commence 1845 hrs. time secured 1900S Alleged in the Completion of the flow chart of Item seized and location seized from indicates that "Item #2 check box and 1 box of checks of Luis Fernandez of 46 Chestnut St. Ext. Apt #3, Danbury, CT in a large blue topped A WARE container located in the livingroom," was seized on Oct. 27, 2000, both defendants M. Trohalis and J. Merullo failed to provide A petition for forfeiture of property in Drug Cases Public Act. 89-269; C.G.S. § 54-36h supplyed to the plaintiff depriving the plaintiff of fourth Amend. and due process procedures for claiming property seized without warrant.

3:8 Defendant John Merullo on Oct. 27, 2000 during the completion of the flow chart of Item seized and location seized from dated 10/27/00 exceeded scope of the warrant issued when seizing the plaintiff checks book and 1 box of checks inside the large blue topped A WARE Container closed located in the living-room of second floor 46 Chestnut St. Ext. Apt #3, Danbury, CT. because the issued warrant only authorized the seizure for "Cocaine, white powdered substances,

cutting Agents of narcotics, grinders, packaging materials, weighing scales, strainers, U.S. Currency, All financial records, safes, documentation of residence Record of identification, Records of drug transactions, telephone pagers, And Police scanners;" No large blue topped Container closed was Authorized to be opened or searched and to seized its inside belonging items such as the plaintiff checks book And 1 box of checks which items taken not in plain view depriving the plaintiff of fourth Amend. protection And Conn. Const. Article 1 § 7 protection Against unreasonable searches And seizures. see, (Attached marked As Exhibit "F" herein Completion of flow Chart by defendant J. Merullo And Exhibit "G" pages 5 of 6 And 1 of 6 issued WARRANT).

39. The plaintiff states, defendants Mark Tsolakos And J. Merullo, Agents were required to comply with Rule 41 Fed. R. Crim. P. And failed because the warrant issued was obtained by state officers' executed by state officers intentionally violating Rule 41 (d) by refusing to provide A copy of the search warrant for the Apartment Second Floor 46 Chestnut St. Ext. Danbury, CT At outset of search, but Rather left warrant with lessee And occupant Mario Audino At the Apt. After the plaintiff was arrested, placed in custody And the Searched Concluded At 1900.5 hrs. having during this time the plaintiff At the police Headquarters. see (Attached And marked As Exhibit "E" herein the warrant left with lessee And occupant Mario Audino And Ex. "C" herein

31 of 42

the plaintiff at the police Headquarters).

40. Even, Anticipatory warrant is invalid because defendants M. Trohalis and J. Merullo, Agents did not provided information or showed of a narcotic being brought into the lessee and occupants Mario Audono and Miguel Fernandez Apartment 2nd floor, 46 Chestnut St. Ext. Apt. #3, Danbury, CT by the plaintiff Nor did defendants Mark Trohalis or John Merullo, Agents had essential facts constituting a possession of narcotics in the Apartment Residence unconstitutionally willfully depriving the plaintiff of both state and federal laws.

41. Moreover, the plaintiff states the warrant allegedly issued for the second floor, 46 Chestnut St. Ext., Danbury, CT is invalid because supporting Affidavits of defendants Mark Trohalis and John Merullo are devoid of any basis from which the issuing Magistrate could infer that evidence of drug activity would be found at Apartment second floor, 46 Chestnut St., Ext. Apt. #3 Danbury, CT were the plaintiff was allowed to eat, sleep and kept some belongings especially since Affidavits by Mark Trohalis and J. Merullo provided no information as to proximity of alleged narcotics sales if any to the Apartment residence, see, (Attached and marked as Exhibit "G" herein Affidavit and Application search and seizure warrant by defendants Mark Trohalis and J. Merullo), depriving the plaintiff of Rights guaranteed under Fourth and Fourteenth Amend. U.S.C.).

32 of 42

42. Furthermore, during the Alleged Incident Report No. 00-13779 on Oct. 27, 2000 when defendant R. Williams pulled the plaintiff out of the vehicle window driver side of a red Chevy to the pavement floor of Bradlees Parking lot facing down with the chest to the floor and sat on plaintiff back causing pain while defendants R. Halas held his gun to the Right/side /back of plaintiff head and defendant Sgt Fisher crossing plaintiff legs with a hold to the pavement floor causing pain while the brutal unreasonable use of excessive force use to Arrest the plaintiff was watched by defendants Luis Ramos, Nolan, Agent without interfering participated in conspiracy to deprive the plaintiff of equal protection of laws and wilfully inflict pain by deliberate indifference in violation of fourteenth Amend., Eighth to the U.S.C., 42 U.S.C. §§ 1985, 1986 and fourth Amend. U.S.C.

43. The defendants Robert Paquette and Dean M. Esserman as Chief of Police failed to intervene while knowing of or should have known of subordinates fabrications of evidence obstructing the course of Justice in Arresting the plaintiff without probable cause renders them culpable under §1983.

44. Moreover, defendant Dean M. Esserman while knowing of or should have known of defendants D. Stewart and T. Barcello, malicious intent to vex and trouble the plaintiff in conspiracy with defendants Mark Tuohelas, John Menillo, Mark

33 of 42

SCOCOZA, and Sgt. Foster to arrest without probable cause and illegal use of wiretap not authorized and fabricating evidence obstructing the course of justice to wilfully deprive the plaintiff of both state and federal laws renders defendent Dean M. Esserman culpable under § 1983.

45. Even, defendant D. Stewart who knew of or should have known of defendants T. Barcello, Mark Trohalis, John Meullo, Mark SCOCOZA and Sgt. Foster malicious intent to arrest the plaintiff by fabricating evidence obstructing the course of justice to vex and trouble the plaintiff in an arrest without probable cause, illegal wiretap and providing insufficient affidavits in conspiracy to interfere with plaintiff enjoyment of fourth, Conn. Const. Article 1 § 7 rights protection in violation of 18 U.S.C. § 241, 242 and culpable under § 1983.

46. Furthermore, defendants Mark Trohalis and J. Meullo malicious intent to vex and trouble the plaintiff in an arrest without probable cause, fabricating evidence and illegal wiretap in conspiracy with T. Barcello, D. Stewart, Sgt. Foster, Mark SCOCOZA wilfully deprived the plaintiff of both state and federal laws.

47. Defendant Patric Carroll issuing Judge for the warrants No. 00-13326 served as a rubber stamp for the defendants M. Trohalis and J. Meullo arrest of the plaintiff

34 of 42

on 10/27/00 without probable cause denying due process. see, (Attached and marked as Exhibit "A" herein and Exhibit "G" herein showing warrants issued by defendant Patrick Carroll).

48. Even, defendant Patrick Carroll while knowing of or should have known of the plaintiff arrest on 10/27/00 denied due process as he served as a rubber stamp for defendants Mark Trohalis and John Merullo when they issued for warrant application on 10/27/00 obstructing justice were fraudulently dated warrants to be 10/26/00 in conspiracy with defendants interference of plaintiff enjoyment and privileges secured under state and federal laws.

49. Also, defendants M. Trohalis and J. Merullo suspicions to surveillance the plaintiff and alleged illegal activity in the Danbury areas is anonymous nor was there predoctive information of criminal activity only that the plaintiff was in probation showing his photograph only to defendant T. Barcello as for identifying which defendants M. Trohalis and J. Merullo nearly pro-filed the plaintiff for being one Hispanic man in probation without reasonable suspicion depriving the plaintiff of equal protection of law and fourth Amend. see (Attached marked as Exhibit "A" herein and Exhibit "G" herein warrants No. 00-13326 Affidavit and Application search and seizure) citing U.S. v. Roberson, 90 F.3d 75, 79 (1996).

35 of 42

50. Furthermore, defendants Mark Trohalis and John Merullo, belief regarding need for a warrant or a warrantless arrest in connection with the plaintiff arrest on 10/27/00 was not based on specific or articulable facts.

51. At all times material herein, the acts and omissions of defendants were undertaken with deliberate intention to cause plaintiff to suffer emotional distress and mental anguish, pain.

## E. PREVIOUS LAWSUITS AND ADM. RELIEF

I. Luis Fernandez V. Comm. J.J. Armstrong, et al U.S.D.C. Bridgeport 3:02CV2252 (CFD)

  Still pending where issues raised: Violation of Due Process Clause, liberty interest, Eighth Amend. (others).

  Approx. filing date: March 12, 2003

II. Relief was sought:
Relief sought in this 2nd Amended Complaint §1983 were, the plaintiff cites U.S. V. Frandsen, 212 F.3d 1231 (11th Cir. 2000) "Criminal defendant who is convicted of violating a law may appeal his conviction by challenging constitutionally of the law its

36 of 42

face, and thus is true even if defendant pleaded guilty to violating the law."

The remedies are damages. citing Wright V. Hollingsworth, 201 F.3d 663, 665 (5th Cir. 2000).

## F. PREVIOUSLY DISMISSED ACTIONS OR APPEALS

I. Luis Fernandez V. John J. Armstrong, et al U.S.D.C. New Haven 3:03CV0394

The plaintiff withdrew of this suit per rule 41(A)(1)

Approx. date filing: 9/29/02

Approx. date disposition: 8/25/03

II The plaintiff is in imminent danger:
The defendants whom are state officers, police officers and judge can escalate in having the plaintiff Killed or bribed a governmental official from Courthouses or D.O.C. to retaliate against the plaintiff do to one of these defendants ties to politics or a Mobb that after killing the plaintiff can destroy this civil lawsuit which proves or can prove a continues pattern of unconstitutional practices in the city of Danbury violating laws.

37 of 42

## 6. REQUEST FOR RELIEF

I request the following Relief:

A. The plaintiff request the Court to issue a declaratory Judgment stating that:

1. The plaintiff held a Constitutional liberty interest to be free from illegal search and seizure and that the practice of Municipality(s) officials violated Fourth Amend. U.S.C.

2. The defendants discriminated against the plaintiff because of race while being a Hispanic man on probation.

3. The Municipality Danbury officials and Stamford officials conspired to breach statutory duties that protect its citizens from illegal search and seizure and are held liable under §1983 for their omissions.

4. The plaintiff deprivation of liberty resulted from established state procedure and/or policies that were predictable by the municipal officials and their officers, failed to promulgate and enforce policy to execute state law.

5. Any other declaratory Judgment appropriate to this case.

B. ISSUE AN INJUNCTION ORDERING:

1. The investigation of Racketeering Activity under 18 U.S.C. S § 1961 by the Danbury Police Dept. and Stamford Police Dept. patterns of arrests without probable cause, illegal wiretaps and conspiracys of continuing activity.

2. the indictment of defendants Mark Trohalis, John Merullo, T. Barcello, and D. Stewart for investigation on criminal charges under C.G.S. § 54-41 t and §§ 53A-187 to 53A-189.

3. the suspension of defendant Mark Scocoza, R. Halas, L Ramos, Nolan, Fosher and R. Williams without pay for 30 days and remain on suspension until disciplinary charges are resolved.

4. the immediate devotion of Chief of Police Robert Paquette and Chief of Police Dean M. Esserman from acting capacity as supervisor for the City's Danbury Police Dept and Stamford Police Dept. for failing to supervise and enforce state statute on illegal search and seizures and probable cause before arrest.

5. Immediately order write of attachment for liens notice against the earnings, bank assets, holdings of all property, business, inheritances belongings to defendants until case is resolved.

C. Award Compensatory Damages In Lump Sum Amount:

39 of 42

1. $200,000.00 dollars jointly and severally against defendants L. Ramos, Nolan, Halas, M. Scocoza and D. Stewart for the emotional injuries sustained as a result of an arrest without probable cause.

2. $800,000.00 dollars jointly and severally against defendants R. Williams and Halas, Fisher for the pain and emotional injuries sustained as resulting from brutal unreasonable excessive force and seizure.

3. $200,000.00 dollars jointly and severally against defendants M. Trohalis and J. Merullo for the emotional anguish and mental distress resulting from their wanton and reckless action or inaction of misleading statements and violation of federal protected Rights such as fourth, and equal protection Rights.

4. $500,000.00 dollars jointly and severally against defendants T. Barcello and Dean M. Esserman for the intentional infliction of emotional distress resulting from their wanton and reckless inadequate procedures in using wiretap phones & falsely allegation for unreasonable searches and seizures.

5. $500,000.00 dollars jointly and severally against defendants Robert Paquette for the intentional infliction of cruel and unusual punishment for an arrest without probable cause.

6. $2 Million dollars jointly and severally against defendant Patric Carroll

40 of 42

for deliberately acting as a Rubber Stamp for defendants in an Arrest without probable cause depriving of Due process and equal protection of law.

7. Any other compensatory damages as the Court may find.

D) Award Punitive damages in the following Amounts:

1. $800,000.00 each Against defendant Foster, Nahn, Ramos & R. Halas;
2. $700,000.00 each Against defendants R. Williams, M. Scocoza, and D. Stewart;
3. $900,000.00 each Against defendant M. Tsakalos and J. Mewllo;
4. $1 Million dollars Against defendant Dean M. Esserman & Stamford Police Dept;
5. $20 Million dollars Against defendant Robert Paquette and Danbury Police Dept;
6. $40 Million dollars Against defendant Patrick Carroll, and City of Danbury.

E. Grant such other relief as it may appear that plaintiff is entitled.

H. <u>Jury Demand</u>
The Plaintiff Request A Jury Trial.

41 of 42

RESPECTFULLY SUBMITTED,

_____
Luis Fernandez Pro-se
M.C.I,
1153 east st south,
Suffield, CT 06080

## DECLARATION UNDER PENALTY OF PERJURY

The undersigned declare to the best of knowledge under penalty of perjury that he is the plaintiff in the above action, that he read the above 2nd amended complaint, and that the information contained in the complaint is true and correct.

Executed At: M.C.I., Suffield, CT on Date 3/24/05

_____
PLAINTIFF orig. sign.

42 of 42