

Ex. A

00-13326

And that the facts establishing the grounds for issuing a Search and Seizure Warrant are the following:

1. The affiant, Detective Mark Trohalis, is a regular member of the Danbury Police Department and has been a member since January 5, 1987. At all times mentioned herein he was acting as a member of said department. That the affiant is currently assigned to the Special Investigation Division of said department. That the Special Investigation Division has the primary responsibility of investigating illegal narcotic trafficking within Danbury Connecticut. That the affiant has participated in numerous drug trafficking investigations which have resulted in arrests and convictions and the seizure of narcotics. That the affiant has participated in numerous other types of criminal investigations such as Murder, Burglary, Assault, Sexual assault and Larceny which has resulted in arrests and convictions.

2. That the affiant, Detective John Merullo, is a member of the Danbury Police Department and has been so for a total thirty two and one half years. The affiant is presently assigned to the Special Investigation Division of said Department, whose primary responsibility is narcotic investigation. That affiant has worked in an undercover capacity and the affiant has participated in numerous drug trafficking investigations which have resulted in the seizure of narcotics and the arrests and convictions for those involved. That the affiant has participated in numerous other types of criminal investigation such as Murder, Burglary, Assault, Sexual assault and Larceny which has resulted in arrests and convictions.



3. That on January 7, 2000, the affiant along with other members of the Special Investigation Division executed search and seizure warrants after a lengthy investigation into cocaine sales from two individuals identified as Angel Ramirez, date of birth 04/17/77 also known as Sandy and Luis Fernandez, date of birth 07/22/76 also known as Alex. During the execution of the warrants approximately 30 ounces of cocaine, a semiautomatic handgun and over $6,000 was seized from an apartment located at 128 Osborne St., Danbury. That both Ramirez, the target of the investigation and Fernandez were convicted of narcotic trafficking charges. Luis Fernandez received a eight year suspended jail term and four years of Probation.

That on October 13, 2000 the affiant along with other members of the Special Investigation Division and acting with members of the Stamford Police Department conducted a undercover investigation. That during this investigation Officer Barcello of the Stamford Police Department was to act as an undercover officer. That Officer Barcello was given $100 of Danbury police evidence money to make a controlled purchase of cocaine from an individual who goes by the

The undersigned ("X" one)    X    has not presented this application in any other court or to any other judge.

_____ has presented this application in another court or to another judge (specify)

The undersigned has not presented this application in any other court or to any other judge.

This application consists of this form plus _____ pages attached hereto and made a part hereof.

Wherefore the undersigned requests that a warrant may issue commanding a proper officer to search said person or to enter into or upon said place or thing, search the same, and take into custody all such property.

STATE OF CONNECTICUT

| | CITY/TOWN | DATE | SIGNATURE AND TITLE OF AFFIANT |
|---|---|---|---|
| | Danbury | 10/26/00 | Mark Trohalis |
| | Danbury | 10/26/00 | John Merullo |
| JURAT | Subscribed and sworn to before me on: | DATE 10-26-00 | SIGNED (Judge of the Superior Court) |

4. **PARAGRAPH 4 CONTINUED...**
street name Alex. Alex was previously identified as Luis Fernandez, date of birth 07/22/76 and prior to the undercover drug purchase Officer Barcello was shown a Danbury Police Photograph of Fernandez. That Officer Barcello was also equipped with a body wire transmitter to record the incident and for the safety of the Officer..



5. That on October 13, 2000 Officer Barcello paged telephone pager number 289-3644, a short time later Officer Barcello received a return call from telephone number 730-8865, The male caller instructed the Officer to meet at the McDonalds restaurant located at exit 4 for something to eat in 10 to 15 minutes. It is common for drug traffickers to talk in a code or language that does not mention drugs or prices to avoid detection by Law Enforcement Officers. That Officer Barcello then went directly to the McDonalds restaurant located on Lake Ave. Extension, Danbury, while under surveillance and parked in the parking lot. A short time later a white Honda Civic, bearing Connecticut registration 998PLC arrived in the parking lot and stopped adjacent to Officer Barcello's vehicle. Officer Barcello approached the white Honda Civic and spoke with the operator. Officer Barcello recognized the operator of the vehicle as Luis Fernandez from the photograph shown to him prior to the meeting. Officer Barcello asked for two, meaning two packages of cocaine. That Officer Barcello then handed Fernandez $100 of Danbury Police evidence monies and Fernandez then handed Officer Barcello two small clear plastic bags which contained white powder. Fernandez then drove away and officer Barcello returned directly to the Danbury Police Department.

The undersigned has not presented this application in any other court or to any other judge.
This application consists of this form plus _____ pages attached hereto and made a part hereof.
Wherefore the undersigned requests that a warrant may issue commanding a proper officer to search said person or to enter into or upon said place or thing, search the same, and take into custody all such property.
STATE OF CONNECTICUT

| CITY/TOWN | DATE | SIGNATURE AND TITLE OF AFFIANT |
|---|---|---|
| Danbury | 10/26/00 | Mark Trohalis |
| Danbury | 10/26/00 | John Merullo |
| JURAT — Subscribed and sworn to before me on: | DATE 10-26-00 | SIGNED Judge of the Superior Court |

00-13326

6. That after the undercover drug purchase described within the two previous paragraphs Officer Barcello turned the suspected cocaine over to the affiant. The affiant then turned the evidence over to Officer Mark Scocozza. Officer Scocozza conducted a field test on said substance and obtained a positive reaction for cocaine. That the evidence was then package and will be sent to the State Toxicology Lab for further analysis. The cassette recording of the incident was also secure as evidence at this time.

7. That a registration check of the Honda Civic motor vehicle bearing Connecticut registration 998PLC, which was used as described within paragraph 5 of this affidavit was checked with the Connecticut Department of Motor Vehicles. The registered owner is listed as Luis Fernandez, date of birth 07/22/76, of 128 Osborne St., Danbury, Connecticut.

8. That on October 17, 2000 Officer Barcello was to again act as a undercover officer for the Danbury Police Department. That officer Barcello paged telephone pager number 289-3644, a short time later Officer Barcello received a return call from an individual, whom the Officer recognized by voice, to be that of Luis Fernandez. Fernandez instructed the Officer to meet at the parking lot of Service Merchandise Department Store. That Officer Barcello then went directly to the Service Merchandise Store which is located on Newtown Rd, Danbury while under surveillance and parked in the parking lot. A short time later a white Honda Civic, bearing Connecticut registration 998PLC arrived in the parking lot and stopped adjacent to Officer Barcello's vehicle. Officer Barcello approached the white Honda Civic and spoke with the operator. Officer Barcello recognized the operator of the vehicle as Luis Fernandez from the photograph shown to him prior to the meeting, also in Fernandez's vehicle was a Hispanic female described as having long wavy hair and approximately mid to late 20's in age. Officer Barcello asked for two, meaning two packages of cocaine. That Officer Barcello then handed Fernandez $100 of Danbury Police evidence monies and Fernandez then handed Officer
PARAGRAPH 8 CONTINUED...

---

The undersigned has not presented this application in any other court or to any other judge.

This application consists of this form plus _____ pages attached hereto and made a part hereof.

Wherefore the undersigned requests that a warrant may issue commanding a proper officer to search said person or to enter into or upon said place or thing, search the same, and take into custody all such property.

STATE OF CONNECTICUT

| | CITY/TOWN | DATE | SIGNATURE AND TITLE OF AFFIANT |
|---|---|---|---|
| | Danbury | 10/26/00 | Mark Trohalis |
| | Danbury | 10/26/00 | John Merullo |
| JURAT | Subscribed and sworn to before me on: | DATE 10-26-00 | SIGNED (Judge of the Superior Court) |

00-13326



**PARAGRAPH 8 CONTINUED**
Barcello two small clear plastic bags which contained white powder directly in front of the female. That the Officer and Fernandez spoke openly in front of the female about codes for pages and times when the Officer should call Fernandez to make purchases of cocaine. Fernandez then drove away and officer Barcello returned directly to the Danbury Police Department.

9. That after the undercover drug purchase described within the previous paragraph surveillance was maintained on Fernandez as he left the meeting location and returned directly to 46 Chestnut St. Extension and parked in the driveway.

10. That after the undercover drug purchase described within the previous paragraphs Officer Barcello turned the suspected cocaine over to the affiant. The affiant then turned the evidence over to Officer Mark Scocozza. Officer Scocozza conducted a field test on said substance and obtained a positive reaction for cocaine. That the evidence was then package and will be sent to the State Toxicology Lab for further analysis. The cassette recording of the incident was also secure as evidence at this time.

11. That on Friday October 20, 2000, during the morning hours, members of the Special Investigation Division conducted surveillance of 46 Chestnut St. Extension, Danbury Connecticut. During the surveillance Luis Fernandez was observed to exit the multiple family house at this location with a light skinned Hispanic female with long hair. Both entered the white Honda Civic bearing Connecticut registration 998PLC and traveled the city streets to different locations. Fernandez dropped the female off on Main St. in Danbury and Fernandez was then followed as he went directly to the BRT self storage facility located on Old Newtown
PARAGRAPH 11 CONTINUED...

The undersigned has not presented this application in any other court or to any other judge.

This application consists of this form plus _____ pages attached hereto and made a part hereof.

Wherefore the undersigned requests that a warrant may issue commanding a proper officer to search said person or to enter into or upon said place or thing, search the same, and take into custody all such property.

STATE OF CONNECTICUT

| | CITY/TOWN | DATE | SIGNATURE AND TITLE OF AFFIANT |
|---|---|---|---|
| | Danbury | 10/26/00 | Mark Trohalis |
| | Danbury | 10/26/00 | John Merullo |
| JURAT | Subscribed and sworn to before me on: | DATE 10-26-00 | SIGNED Judge of the Superior Court |

Page 3c Of 6

00-13326

11. **PARAGRAPH 11 CONTINUED...**
Rd., Danbury. Fernandez was observed to park on the back side of the storage area and enter a storage container. Fernandez stayed for a short time in the storage area and then was under surveillance as he returned to 46 Chestnut St. Extension, Danbury, park and enter the house at that location.

12. That on October 20, 2000 Officer Barcello was to again act as a undercover officer for the Danbury Police Department. That officer Barcello paged telephone pager number 289-3644, a short time later Officer Barcello received a return call from an individual the Officer recognized the voice to be that of Luis Fernandez. Fernandez instructed the Officer to meet at the parking lot of Service Merchandise Department Store. That Officer Barcello then went directly to the Service Merchandise Store which is located on Newtown Rd, Danbury while under surveillance and park in the parking lot. That surveillance was established on the house located at 46 Chestnut St. Extension where the white Honda Civic, bearing Connecticut registration 998PLC was parked. Soon after Officer Barcello received instruction to go to the Service Merchandise Store Luis Fernandez was observed to exit 46 Chestnut St. Extension, get into the white Honda Civic and travel directly to the Service Merchandise parking lot and meet with Officer Barcello, this was at approximately 1500 hours. Officer Barcello approached the white Honda Civic and spoke with the operator. Officer Barcello recognized the operator of the vehicle as Luis Fernandez from the photograph shown to him prior in the investigation. Officer Barcello told Fernandez that he only had $60 and then handed it to Fernandez. Fernandez then handed Officer Barcello one clear plastic bag which contained a white powder. Fernandez then gave the Officer $8 in change and told the Officer he would be around later if the Officer need anything later. Fernandez then drove from the parking lot and was under constant surveillance as he returned to 46 Chestnut St. Extension. Officer Barcello returned to the Danbury Police Department where he turned the suspected cocaine over to the affiant.

The undersigned has not presented this application in any other court or to any other judge.
This application consists of this form plus _____ pages attached hereto and made a part hereof.
Wherefore the undersigned requests that a warrant may issue commanding a proper officer to search said person or to enter into or upon said place or thing, search the same, and take into custody all such property.
STATE OF CONNECTICUT

| CITY/TOWN | DATE | SIGNATURE AND TITLE OF AFFIANT |
|---|---|---|
| Danbury | 10/26/00 | Mark Trohalis |
| Danbury | 10/26/00 | John Merullo |
| JURAT: Subscribed and sworn to before me on: | DATE 10-26-00 | SIGNED Judge of the Superior Court |

Page 3d Of 6

00-13326

13. That after the undercover drug purchase described within the previous paragraph Officer Barcello turned the suspected cocaine over to the affiant. The affiant then turned the evidence over to Officer Mark Scocozza. Officer Scocozza conducted a field test on said substance and obtained a positive reaction for cocaine. That the evidence was then package and will be sent to the State Toxicology Lab for further analysis.

14. That on October 20, 2000 at approximately 1700 hours Officer Barcello was to again act as a undercover officer for the Danbury Police Department. That officer Barcello paged telephone pager number 289-3644, a short time later Officer Barcello received a return call from telephone number 778-1349, the Officer recognized the voice to be that of Luis Fernandez. Fernandez instructed the Officer to meet at the parking lot of Bradlees Department Store. That Officer Barcello then went directly to the Bradlees Department Store which is located on Newtown Rd, Danbury while under surveillance and park in the parking lot. That surveillance was maintained after the undercover purchase of cocaine described in paragraph 12 within this affidavit on the house located at 46 Chestnut St. Extension where the white Honda Civic, bearing Connecticut registration 998PLC was parked. Soon after Officer Barcello received instruction to go to the Bradlees Department Store Luis Fernandez was observed to exit 46 Chestnut St. Extension with the same Hispanic female described in paragraphs 8 and 11 within this affidavit. Both Fernandez and the female entered the white Honda Civic and travel directly to the Bradlees parking lot and meet with Officer Barcello. Officer Barcello approached the white Honda Civic and spoke with the operator. Officer Barcello recognized the operator of the vehicle as Luis Fernandez from the photograph shown to him prior in the investigation. Officer Barcello told Fernandez that he had $200, Officer Barcello gave the money to Fernandez and Fernandez then handed Officer Barcello five clear plastic bags which contained a white powder. That Officer Barcello stated the transaction took place in front of the Hispanic female. Fernandez then drove from the parking lot as Officer Barcello returned to the Danbury Police Department where he turned the suspected cocaine over to the affiant.

The undersigned has not presented this application in any other court or to any other judge.

This application consists of this form plus _____ pages attached hereto and made a part hereof.

Wherefore the undersigned requests that a warrant may issue commanding a proper officer to search said person or to enter into or upon said place or thing, search the same, and take into custody all such property.

STATE OF CONNECTICUT

| CITY/TOWN | DATE | SIGNATURE AND TITLE OF AFFIANT |
|---|---|---|
| Danbury | 10/26/00 | Mark Trohalis |
| Danbury | 10/26/00 | John Merullo |
| JURAT — Subscribed and sworn to before me on: | DATE 10-26-00 | SIGNED Judge of the Superior Court |

00-13326

15. That after the undercover drug purchase described within the previous paragraph Officer Barcello turned the suspected cocaine over to the affiant. The affiant then turned the evidence over to Officer Mark Scocozza. Officer Scocozza conducted a field test on said substance and obtained a positive reaction for cocaine. That the evidence was then package and will be sent to the State Toxicology Lab for further analysis.

16. That the cassette recordings to the undercover drug purchases described within paragraphs 12 and 14 were packaged and held as evidence.

17. That the telephone number 778-1349, which was used by Luis Fernandez to contact Officer Barcello to arrange the sale of cocaine as described within paragraph 14 was checked through Southern New England Telephone security. Southern New England Telephone lists this telephone to R. Fernandez of 46 Chestnut St., 2nd floor, Danbury Connecticut.

18. That the affiants have conducted surveillance's of 46 Chestnut St. Extension at all times of the day, night and early morning hours and have observed the white Honda Civic bearing Connecticut registration 998PLC parked in the driveway to said location

19. That the affiant Merullo, Thursday October 26, 2000 conducted a surveillance of 46 Chestnut St. Extension and followed Luis Fernandez as he left his house and drove directly to the BRT Self Storage Facility located on Old Newtown rd, Danbury. The affiant Merullo observed Fernandez enter said location and go to and enter a storage garage at said location. Fernandez stayed for a short time and then returned directly to 46 Chestnut St. Extension and enter said location.

The undersigned has not presented this application in any other court or to any other judge.

This application consists of this form plus _____ pages attached hereto and made a part hereof.

Wherefore the undersigned requests that a warrant may issue commanding a proper officer to search said person or to enter into or upon said place or thing, search the same, and take into custody all such property.

STATE OF CONNECTICUT

| | CITY/TOWN | DATE | SIGNATURE AND TITLE OF AFFIANT |
|---|---|---|---|
| | Danbury | 10/26/00 | Mark Trohalis |
| | Danbury | 10/26/00 | John Merullo |
| JURAT | Subscribed and sworn to before me on: | DATE 10-26-00 | SIGNED (Judge of the Superior Court) |

00-13326

20. That the affiants received assistance from the United States Drug Enforcement Agency (DEA) during the investigation. With Information provided by the affiants, the DEA was able to Subpoena the records of the BRT Self Storage Storage Facility located on Old Newtown Rd. Danbury, Connecticut. The Storage facility is located directly behind the Route 6 Plaza and across from the Risdon Corporation on Old Newtown Rd. These records provided information that Luis Fernandez, currently leases unit SS-234 of said facility and has done so since March 26, 2000. That these records additionally show that unit SS-234 has been entered 85 times from September 6, 2000 to October 24, 2000 and during that time was entered every day except four days.

21. That the affiants based on their training and experience have found narcotic traffickers utilize locations away from their residences to store narcotics. The purpose of the utilizing safe locations away from their residences is to avoid arrests in case of search warrants at their homes and to avoid theft from rival drug traffickers. The affiants have additionally found that drug traffickers that have been previously arrested from search warrants at their homes commonly avoid keeping records, money and narcotics at their residences to avoid arrests. That these safe locations are commonly called safe houses and that the affiants have participated in numerous drug trafficking investigations in which drug traffickers utilized them and that narcotics, money, and drug trafficking records have been seized at these locations which have resulted in arrests and convictions.

22. That the affiants believe that based on the facts and circumstances contained within this affidavit that probable cause exists that Luis Fernandez, date of birth 07/22/76, is currently selling cocaine within the city of Danbury Connecticut and utilizing unit SS-234 of the BRT Self Storage Facility located on Newtown rd, Danbury Connecticut as a safe location to store cocaine and other narcotic trafficking proceeds and records, in violation of Connecticut General statutes 21a-279(a) the possession of narcotics and 21a-278(b) the possession of narcotics with intent to sell.

The undersigned has not presented this application in any other court or to any other judge.
This application consists of this form plus _____ pages attached hereto and made a part hereof.
Wherefore the undersigned requests that a warrant may issue commanding a proper officer to search said person or to enter into or upon said place or thing, search the same, and take into custody all such property.

STATE OF CONNECTICUT

| CITY/TOWN | DATE | SIGNATURE AND TITLE OF AFFIANT |
|---|---|---|
| Danbury | 10/25/00 | Mark Trohalis |
| Danbury | 10/25/00 | John Merullo |
| JURAT   Subscribed and sworn | DATE  10-25-00 | SIGNED Judge of the Superior Court |

**AFFIDAVIT REQUESTING DISPENSATION WITH REQUIREMENT OF DELIVERY**
pursuant to § 54-33c, Connecticut General Statutes

Page 4 Of 6

TO: A Judge of the Superior Court

00-13326

For the reasons set forth below, the undersigned, being duly sworn, requests that the judge dispense with the requirement of C.G.S. § 54-33c that a copy of the affidavit(s) in support of the warrant be given to the owner, occupant or person named therein within forty-eight hours:

___ The personal safety of a confidential informant would be jeopardized by the giving of a copy of the affidavits at such time;

_X_ The search is part of a continuing investigation which would be adversely affected by the giving of a copy of the affidavits at such time;

___ The giving of such affidavits at such time would require disclosure of information or material prohibited from being disclosed by chapter 959a of the general statutes;

and the specific details with regard to such reasons are as follows:

That the affidavit in support of the search and seizure warrant has been reviewed by a Judge of the Danbury Superior Court who has / has not found probable cause for the issuance of this affidavit and has / has not found that to deliver a copy of this affidavit to the owner, occupant, or person named herein, would jeopardize the personal safety of the person or informant named within this affidavit, and in addition, reveal the methods of the investigation that could jeopardize any future investigation related to this target.

The undersigned further requests that this affidavit also be included in such nondelivery.

STATE OF CONNECTICUT

| CITY/TOWN | DATE | SIGNATURE AND TITLE OF AFFIANT |
|---|---|---|
| Danbury | 10/26/00 | Mark Trohalis |
| Danbury | 10/26/00 | John Merullo |

JURAT  Subscribed and sworn to before me on: DATE 10-26-00

SIGNED (Judge of the Superior Court)

The foregoing Affidavit and Application for Search and Seizure Warrant having been presented to and been considered by the undersigned, a Judge of the Superior Court, the undersigned (a) is satisfied therefrom that grounds exist for said application, and (b) finds that said affidavit establishes grounds and probable cause for the undersigned to issue this Search and Seizure Warrant, such probable cause being the following: From said affidavit, the undersigned finds that there is probable cause for the undersigned to believe that the property described in the foregoing affidavit and application is within or upon the person, if any, named or described in the foregoing affidavit and application, or the place or thing, if any, described in the foregoing affidavit and application, under the conditions and circumstances set forth in the foregoing affidavit and application and that, therefore, a Search and Seizure Warrant should issue for said property.

NOW THEREFORE, by Authority of the State of Connecticut, I hereby command any Police Officer or a regularly organized police department, any State Policeman; or any conservation officer, special conservation officer or patrolman acting pursuant to C.G.S. § 26-6 to whom these presents shall come within ten days after the date of this warrant to

___ enter into or upon and search the place or thing described in the foregoing affidavit and application, to wit:

Unit SS-234 of the BRT Self Storage facility which is located on Old Newtown Rd., Danbury Connecticut. The BRT Self Storage is located directly behind the Route 6 Plaza and across the street from Risdon Manufactoring Corporation. BRT Self Storage is surrounded by a tall chain link fence with barbed wire on top. The BRT Self Storage has a large orange sign at the entrance identifying the location, BRT Self Storage is a white building with large orange doors for the storage units.

___ search the person described in the foregoing affidavit and application, to wit:

X  for the property described in the foregoing affidavit and application, to wit:

Cocaine, white powdered substances, cutting agents for narcotics, grinders, packaging materials, weighing scales, strainers, U.S. currency, all financial records, safes, documentation of residence, records of identification, records of drug transactions, telephone pagers, and police scanners.

and upon finding said property to seize the same, take and keep it in custody until the further order of the court, and with reasonable promptness make due return of this warrant accompanied by a written inventory of all property seized.

___ The foregoing requests that the judge dispense with the requirement of C.G.S. § 54-33c that a copy of the affidavit(s) in support of the warrant be given to the owner, occupant or person named therein and that the affidavit in support of such request also be included in such nondelivery is hereby:

✓ GRANTED for a period of    NOT TO EXCEED 2 WEEKS BEYOND DATE WARRANT IS EXECUTED
                              Two Weeks

This order, or any extension thereof, dispensing with said requirement shall not limit disclosure of such affidavits to the attorney for a person arrested in connection with or subsequent to the execution of the search warrant unless, upon motion of the prosecuting authority within two weeks of such arraignment the court finds that the state's interest in continuing nondisclosure substantially outweighs the defendant's right to disclosure.

___ DENIED

Signed at Danbury  Connecticut, on:  DATE 10-26-00   SIGNED (Judge of the Superior Court) [signature]