



# DANBURY POLICE DEPARTMENT
## Incident Report

Report Type

| INCIDENT NO | INCIDENT DATE | TIME | TYPE OF INCIDENT | INCID CODE | ST NO | | INVESTIGATING OFFICER | | | BADGE |
|---|---|---|---|---|---|---|---|---|---|---|
| 00-13779 | 10/27/00-Fri | 1800:00 | Narcotic arrest | | | Det | Mark | Trohalis | | 461 |

DATE OF REPORT: 10/27/2000

LOCATION OF INCIDENT

STREET NAME: Newtown rd. / Bradlees Parking Lot

APT NO/LOCATION

Init/Clos

packaging several clear plastic bags which contained cocaine within the dark plastic which he wrapped around the cocaine packages. Additionally during a prior investigation of Fernandez and Angel Ramirez during January 2000 they packaged cocaine in the same manner. Fernandez during that investigation was convicted of narcotic charges and received a eight year suspended sentence and four years of probation.

After placing Fernandez in custody on the warrant charges, see police incident report 00-13326, the Detectives based on the facts and circumstances, our observations and the prior investigation of Fernandez, felt that probable existed that LeBlanc was there to purchase cocaine from Fernandez. LeBlanc was then advised of his Miranda rights by this writer. LeBlanc then stated that yes he was their to purchase cocaine and that the cocaine was in his right front pants pocket. This writer then searched LeBlanc and four clear plastic bags which contained a white powdered substance were seized. This substance was subsequently turned over to Detective Merullo. Detective Merullo conducted a field test on said substance and a positive reaction for cocaine was obtained.

Both LeBlanc and Fernandez were transported to Danbury Police Headquarters. At the Department LeBlanc gave a sworn statement dictated to Detective Sgt. Fisher that included that he paged a person known to him as ALEX at telephone pager number 289-3644. That ALEX called LeBlanc back and it was agreed upon to meet at the Bradlees parking lot a half hour later. LeBlanc stated when at the parking lot ALEX pulled up at which time LeBlanc told him he wanted four, meaning four packages of cocaine. ALEX then gave LeBlanc four packages of cocaine and LeBlanc gave ALEX $200. LeBlanc stated they were then arrested. LeBlanc additionally stated that he has purchased cocaine from ALEX four or five times in the past year.

Additional items seized, $463 from the person of Fernandez, a telephone pager found to be telephone pager number 289-3644, and one piece of paper with name Alex and pager number 289-3644 from the person of LeBlanc.

LeBlanc was released on a written promise to appear in court and Fernandez was held on $100,000 bond on the above listed charges. The money seized from Fernandez will attempt to be seized under State asset forfeiture.

| INVESTIGATING OFFICERS SIGNATURE | BADGE # | DISTRIBUTION (FOR USE BY SHIFT COMM ONLY) | FOLLOW-UP ACTIONS BY |
|---|---|---|---|
| | 461 | | |
| REVIEWED AND SUBM | SHIFT COMM | | PAGE 2 OF 2 |
| | | | 10/27/2000    11:59:58 PM |

©1999 Kent & Hanahan Computer Design

# DANBURY POLICE DEPARTMENT

**GERSTEIN V. PUGH AFFIDAVIT**                                    CASE NO. 00-13779

The undersigned, an officer of the _____ Danbury Police Department _____ having been duly sworn, deposes and says:

That I am the officer who prepared the attached police report.

That the information contained therein was secured as a result of:

(1)    my personal observation and knowledge; OR,

(2)    information relayed to me by other members of the aforementioned police department or of another organized police department; OR,

(3)    information secured by myself or another member of an organized police department from the person or persons named or identified therein, as indicated in the attached report.

That the report is an accurate statement of the information so received by me.

Signature: _____

Det.        Mark        Trohalis

Subscribed and sworn to before me this    28th    day of    October    2000

_____
Danbury Police Department

© Copyright 1998 Hanahan Computer Designs LLC



# DANBURY POLICE DEPARTMENT

## SPECIAL INVESTIGATIONS DIVISION

Name : Luis Fernandez
Time Commenced : 1830

Location: BRT Storage unit 234
Time Secured: 1850

Case: 00-13780
Evidence Officer: Det. J.Merullo 292

Date:10/27/200

| Item # | Description Of Evidence | Location Evidence Found | Found By | Time | Remarks |
|---|---|---|---|---|---|
| 1 | One ( 1 ) gold master key | Key ring of Luis Fernandez | 425 | 1830 | Key opened storage unit #234 |
| 2 | Nineteen hundred & ten dollars ( $1910 ) in U.S. currency & BRT Self Storage | Blue Polo Sport case - card broad box in storage unit 234 | 425 | 1831 | Money seized for forfeiture, agreement |
| | Agreement & two ( 2 ) license of Luis Fernandez | | | 1831 | Made out to Luis Fernandez |
| 3 | One ( 1 ) Titan model 2000 scale | Card broad box in storage unit 234 | 425 | 1831 | |
| 4 | One ( 1 ) box of Glad  sandwich bags containing – One ( 1 )-plastic bag containing | Glad box  was wrapped in a white plastic bag & wrapped in black bag – found on | 425 | 1835 | FT of white pressed material was pos |
| | White pressed material – four ( 4 ) pieces of black plastic, knotted, & each containing | Floor of storage unit 234 | | | Cocaine at 2205 hrs by 292 – approx wght |
| | Five ( 5 ) small plastic bags each containing white material ( twenty bags ) | | | | 18.5 gms. Approx wght of  20 bags |
| | | | | | 17.7 gms. |
| 5 | Passport of Luis Fernandez & legal papers | Card broad box located in storage unit 234 | 292 | 1837 | Rep. Dominicana passport & legal |
| | | | | | Papers were search warrants, arrest report |
| | | | | | & flow chart from 1/7/00 arrest. |
| 6 | One ( 1 ) gold master key | Blue Polo Sport case – card broad box in storage unit 234 | 292 | 1930 | Key matched key used to open storage unit |
| | | | | | That was found on Fernandez |



# DANBURY POLICE DEPARTMENT
## Incident Report

| INCIDENT NO | INCIDENT DATE | TIME | INCID CODE | TYPE OF INCIDENT | | Report Type | Init/Clos |
|---|---|---|---|---|---|---|---|
| 00-13781 | 10/27/00-Fri | 1905:00 | | Search Warrant Execution | | | |

| DATE OF REPORT | LOCATION OF INCIDENT | ST NO | | STREET NAME | INVESTIGATING OFFICER | | BADGE |
|---|---|---|---|---|---|---|---|
| 10/30/2000 | | 46 | | Chestnut St. Ext. | Det. Mark Trohalis | | 461 |

APT NO/LOCATION: 2nd #3

STATUS CODE: C- Complainant A-Arrestee I-Interviewed J-Juvenile M-Missing S-Suspect V-Victim W-Witness O-Other

| STATUS | LAST NAME | FIRST (M.I.) | SEX | RACE | DOB | PHONE | STREET | CITY | ST | REG # | ST |
|---|---|---|---|---|---|---|---|---|---|---|---|
| S | Fernandez | Luis | M | H | 07/22/76 | | 46 Chestnut St. Ext. | Danbury | CT | | |
| S | Andino | Katherine | F | H | 12/23/80 | | 46 Chestnut St. Ext. | Danbury | CT | | |
| O | Andino | Mario | m | h | 10/14/78 | 778-1439 | 46 Chestnut St. Ext. | Danbury | Ct | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |

| STATUS | LAST NAME | FIRST (M.I.) | STATUTE-1 | OFFENSE-1 | STATUTE-2 | OFFENSE-2 | STATUTE-3 | OFFENSE-3 |
|---|---|---|---|---|---|---|---|---|
| S | Fernandez | Luis | | | | | | |
| S | Andino | Katherine | | | | | | |
| O | Andino | Mario | | | | | | |
| | | | | | | | | |
| | | | | | | | | |

**DETAILS**

On the above date at the above approximate time members of the Special Investigation Division assisted by the Danbury police Department General Investigation Division served arrests warrants for the person of Luis Fernandez. The Special Investigation Division concluded an investigation into the illegal sale of cocaine by Luis Fernandez within the City of Danbury. Fernandez was arrested as he was parked in the Bradlees parking lot conducting a sale of cocaine to an individual, see police incident report 00-13779. Additionally search warrants for a storage area used by Fernandez to store his cocaine, police incident report 00-13780, and for his apartment located at 46 Chestnut St. Extension were executed.

Entry into the apartment located at 46 Chestnut St. Ext, 2nd floor, apartment 3, was gained at approximately 1845 hrs, using a key seized from Fernandez's person. Seized from the apartment were one small clear plastic bag which contained a white powder and one U.S. one dollar bill which contained white powder, said substance was subsequently field tested and a positive reaction for cocaine was obtained, additionally one check book and box of checks for the person of Luis Fernandez of 46 Chestnut St. Ext., apartment #3.

While searching the apartment Mario Andino entered, Andino stated he and his girlfriend lease the apartment and allow his sister Katherine Andino and her boy friend Luis Fernandez to stay there. Mario stated he allows them to sleep on the couch and showed his the personal belongings of Fernandez.

Mario Andino was given a copy of the search warrant for the apartment and the search was concluded at 1905 hrs.

| INVESTIGATING OFFICER'S SIGNATURE | BADGE # | DISTRIBUTION (FOR USE BY SHIFT COMM ONLY) | FOLLOW-UP ACTIONS BY |
|---|---|---|---|
| | | | |

| REVIEWED FIELD SUPV | SHIFT COMM | | PAGE ___ OF ___ |
|---|---|---|---|
| | | 11/3/2000 3:22:35 PM | |

©1994 Hovt & Houshon Computer Designs



Ex. F

# DANBURY POLICE DEPARTMENT

## SPECIAL INVESTIGATIONS DIVISION

Name: Luis Fernandez
Time Commenced 1845

Location : 46 Chestnut St. Ext. apt 3 Danbury, CT
Time Secured 19005

Case 00-13781
Evidence Officer : Det. J.Merullo 292

Date 10/27/00

| Item # | Description Of Evidence | Location Evidence Found | Found By | Time | Remarks |
|---|---|---|---|---|---|
| 1 | One ( 1 ) small plastic bag containing white powder & one ( 1 ) U.S. dollar bill<br><br>Containing white powder | Pocket of Blue shirt w white stripes hanging in closet of bedroom | 425 | 1902 | FT pos cocaine by 292 |
| 2 | Check book & 1 box of checks of Luis Fernandez of 46 Chestnut St. Ext apt #3<br><br>Danbury, CT | Large blue tup a ware container located in the livingroom | 292 | 1905 | Record of occupancy |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |



AFFIDAVIT AND APPLICATION
SEARCH AND SEIZURE WARRANT
JD-CR-61 Rev. 9-93
C.G.S. § 54-33a, 54-33c, 54-33j

STATE OF CONNECTICUT
SUPERIOR COURT
Form JD-CR-52 must also be completed

00-13326

Page 1 Of 6

### INSTRUCTIONS TO APPLICANT
File a copy of the application for the warrant and all affidavits upon which the warrant is based, in a sealed envelope, with the clerk of the court for the geographical area within which the search will be conducted no later than the next business day following the issuance of the warrant. Indicate the police department case number and date of issuance on the front of the sealed envelope.

### INSTRUCTIONS TO G.A. CLERK
1. Prior to the execution and return of the warrant, do not disclose any information pertaining to the application for the warrant or any affidavits upon which the warrant is based.

2. Upon execution and return of the warrant, affidavits which are the subject of an order dispensing with the requirement of giving a copy to the owner, occupant or person within forty-eight hours shall remain in the custody of the clerk's office in a secure location apart from the remainder of the court file.

TO:  A Judge of the Superior Court:

The undersigned, being duly sworn, complains on oath that the undersigned has probable cause to believe that certain property, to wit:

Cocaine, white powdered substances, cutting agents for narcotics, grinders, packaging materials, weighing scales, strainers, U.S. currency, all financial records, safes, documentation of residence, records of identification, records of drug transactions, telephone pagers, and police scanners.

X ‒‒‒ is possessed, controlled, designed or intended for use of which is or has been or may be used as the means of committing the criminal offense of:
Possession of Narcotics 21a-279(a)
Possession of Narcotics With Intent to Sell 21a-278(b)

‒‒‒ was stolen or embezzled from:

X ‒‒‒ constitutes evidence of the following offense or that a particular person participated in the commission of the offense of:
Possession of Narcotics 21a-279(a)
Possession of Narcotics With Intent to Sell 21a-278(b)

‒‒‒ is in the possession, custody or control of a journalist or news organization, to wit:

‒‒‒ and such person or organization has committed or is committing the following offense which is related to such property:

‒‒‒ and such property constitutes contraband or an instrumentality of the criminal offense of:

And is within or upon a certain person, place, or thing, to wit:
PERSON

PLACE OR THING

Second floor apartment of 46 Chestnut Street, Ext. Danbury, Connecticut. 46 Chestnut Street Ext. is a multi family house which is the second house on the right from intersection of Chestnut Street Ext and Wildman Street. 46 Chestnut Street Ext is painted blue on the lower half and white on the upper half. Mailbox with name Fernandez is located on the left side of house and entry to the second floor is made through doorway leading into the house and to the second floor apartment.

00-13326

And that the facts establishing the grounds for issuing a Search and Seizure Warrant are the following:

1.  The affiant, Detective Mark Trohalis, is a regular member of the Danbury Police Department and has been a member since January 5, 1987. At all times mentioned herein he was acting as a member of said department. That the affiant is currently assigned to the Special Investigation Division of said department. That the Special Investigation Division has the primary responsibility of investigating illegal narcotic trafficking within Danbury Connecticut. That the affiant has participated in numerous drug trafficking investigations which have resulted in arrests and convictions and the seizure of narcotics. That the affiant has participated in numerous other types of criminal investigations such as Murder, Burglary, Assault, Sexual assault and Larceny which has resulted in arrests and convictions.

2.  That the affiant, Detective John Merullo, is a member of the Danbury Police Department and has been so for a total thirty two and one half years. The affiant is presently assigned to the Special Investigation Division of said Department, whose primary responsibility is narcotic investigation. That affiant has worked in an undercover capacity and the affiant has participated in numerous drug trafficking investigations which have resulted in the seizure of narcotics and the arrests and convictions for those involved. That the affiant has participated in numerous other types of criminal investigation such as Murder, Burglary, Assault, Sexual assault and Larceny which has resulted in arrests and convictions.

3.  That on January 7, 2000, the affiant along with other members of the Special Investigation Division executed search and seizure warrants after a lengthy investigation into cocaine sales from two individuals identified as Angel Ramirez, date of birth 04/17/77 also known as Sandy and Luis Fernandez, date of birth 07/22/76 also known as Alex. During the execution of the warrants approximately 30 ounces of cocaine, a semiautomatic handgun and over $6,000 was seized from an apartment located at 128 Osborne St., Danbury. That both Ramirez, the target of the investigation and Fernandez were convicted of narcotic trafficking charges. Luis Fernandez received a eight year suspended jail term and four years of Probation.

4.  That on October 13, 2000 the affiant along with other members of the Special Investigation Division and acting with members of the Stamford Police Department conducted a undercover investigation. That during this investigation Officer Barcello of the Stamford Police Department was to act as an undercover officer. That Officer Barcello was given $100 of Danbury police evidence money to make a controlled purchase of cocaine from an individual who goes by the

The undersigned ("X" one)    X    has not presented this application in any other court or to any other judge.

_____ has presented this application in another court or to another judge (specify)

The undersigned has not presented this application in any other court or to any other judge.

This application consists of this form plus _____ pages attached hereto and made a part hereof.

Wherefore the undersigned requests that a warrant may issue commanding a proper officer to search said person or to enter into or upon said place or thing, search the same, and take into custody all such property.

STATE OF CONNECTICUT

| CITY/TOWN | | DATE | SIGNATURE AND TITLE OF AFFIANT |
|---|---|---|---|
| Danbury | | 10/26/00 | Mark Trohalis |
| Danbury | | 10/26/00 | John Merullo |
| JURAT | Subscribed and sworn to before me on: | DATE 10/26/00 | SIGNED (Judge of the Superior Court) |

00-13326

4.    PARAGRAPH 4 CONTINUED...
street name Alex. Alex was previously identified as Luis Fernandez, date of birth 07/22/76 and prior to the undercover drug purchase Officer Barcello was shown a Danbury Police Photograph of Fernandez. That Officer Barcello was also equipped with a body wire transmitter to record the incident and for the safety of the Officer.

5.    That on October 13, 2000 Officer Barcello paged telephone pager number 289-3644, a short time later Officer Barcello received a return call from telephone number 730-8865. The male caller instructed the Officer to meet at the McDonalds restaurant located at exit 4 for something to eat in 10 to 15 minutes. It is common for drug traffickers to talk in a code or language that does not mention drugs or prices to avoid detection by Law Enforcement Officers. That Officer Barcello then went directly to the McDonalds restaurant located on Lake Ave. Extension, Danbury, while under surveillance and parked in the parking lot. A short time later a white Honda Civic, bearing Connecticut registration 998PLC arrived in the parking lot and stopped adjacent to Officer Barcello's vehicle. Officer Barcello approached the white Honda Civic and spoke with the operator. Officer Barcello recognized the operator of the vehicle as Luis Fernandez from the photograph shown to him prior to the meeting. Officer Barcello asked for two, meaning two packages of cocaine. That Officer Barcello then handed Fernandez $100 of Danbury Police evidence monies and Fernandez then handed Officer Barcello two small clear plastic bags which contained white powder. Fernandez then drove away and officer Barcello returned directly to the Danbury Police Department.

The undersigned has not presented this application in any other court or to any other judge.

This application consists of this form plus _____ pages attached hereto and made a part hereof.

Wherefore the undersigned requests that a warrant may issue commanding a proper officer to search said person or to enter into or upon said place or thing, search the same, and take into custody all such property.

STATE OF CONNECTICUT

| CITY/TOWN | DATE | SIGNATURE AND TITLE OF AFFIANT |
|---|---|---|
| Danbury | 10/26/00 | Mark Trohalis |
| Danbury | 10/26/00 | John Merullo |
| JURAT   Subscribed and sworn to before me on: | DATE  10-26-00 | SIGNED Judge of the Superior Court |

00-13326

6.    That after the undercover drug purchase described within the two previous paragraphs Officer Barcello turned the suspected cocaine over to the affiant. The affiant then turned the evidence over to Officer Mark Scocozza. Officer Scocozza conducted a field test on said substance and obtained a positive reaction for cocaine. That the evidence was then package and will be sent to the State Toxicology Lab for further analysis. The cassette recording of the incident was also secure as evidence at this time.

7.    That a registration check of the Honda Civic motor vehicle bearing Connecticut registration 998PLC, which was used as described within paragraph 5 of this affidavit was checked with the Connecticut Department of Motor Vehicles. The registered owner is listed as Luis Fernandez, date of birth 07/22/76, of 128 Osborne St., Danbury, Connecticut.

8.    That on October 17, 2000 Officer Barcello was to again act as a undercover officer for the Danbury Police Department. That officer Barcello paged telephone pager number 289-3644, a short time later Officer Barcello received a return call from an individual, whom the Officer recognized by voice, to be that of Luis Fernandez. Fernandez instructed the Officer to meet at the parking lot of Service Merchandise Department Store. That Officer Barcello then went directly to the Service Merchandise Store which is located on Newtown Rd, Danbury while under surveillance and parked in the parking lot. A short time later a white Honda Civic, bearing Connecticut registration 998PLC arrived in the parking lot and stopped adjacent to Officer Barcello's vehicle. Officer Barcello approached the white Honda Civic and spoke with the operator. Officer Barcello recognized the operator of the vehicle as Luis Fernandez from the photograph shown to him prior to the meeting, also in Fernandez's vehicle was a Hispanic female described as having long wavy hair and approximately mid to late 20's in age. Officer Barcello asked for two, meaning two packages of cocaine. That Officer Barcello then handed Fernandez $100 of Danbury Police evidence monies and Fernandez then handed Officer PARAGRAPH 8 CONTINUED...

The undersigned has not presented this application in any other court or to any other judge.

This application consists of this form plus _____ pages attached hereto and made a part hereof.

Wherefore the undersigned requests that a warrant may issue commanding a proper officer to search said person or to enter into or upon said place or thing, search the same, and take into custody all such property.

STATE OF CONNECTICUT

| | CITY/TOWN | DATE | SIGNATURE AND TITLE OF AFFIANT |
|---|---|---|---|
| | Danbury | 10/26/00 | Mark Trohalis |
| | Danbury | 10/26/00 | John Merullo |
| JURAT | Subscribed and sworn to before me on: | DATE 10-26-00 | SIGNED (Judge of the Superior Court) |

00-13326

8.  PARAGRAPH 8 CONTINUED
Barcello two small clear plastic bags which contained white powder directly in front of the female. That the Officer and Fernandez spoke openly in front of the female about codes for pages and times when the Officer should call Fernandez to make purchases of cocaine. Fernandez then drove away and officer Barcello returned directly to the Danbury Police Department.

9.  That after the undercover drug purchase described within the previous paragraph surveillance was maintained on Fernandez as he left the meeting location and returned directly to 46 Chestnut St. Extension and parked in the driveway.

10  That after the undercover drug purchase described within the previous paragraphs Officer Barcello turned the suspected cocaine over to the affiant. The affiant then turned the evidence over to Officer Mark Scocozza. Officer Scocozza conducted a field test on said substance and obtained a positive reaction for cocaine. That the evidence was then package and will be sent to the State Toxicology Lab for further analysis. The cassette recording of the incident was also secure as evidence at this time.

11. That on Friday October 20, 2000, during the morning hours, members of the Special Investigation Division conducted surveillance of 46 Chestnut St. Extension, Danbury Connecticut. During the surveillance Luis Fernandez was observed to exit the multiple family house at this location with a light skinned Hispanic female with long hair. Both entered the white Honda Civic bearing Connecticut registration 998PLC and traveled the city streets to different locations. Fernandez dropped the female off on Main St. in Danbury and Fernandez was then followed as he went directly to the BRT self storage facility located on Old Newtown PARAGRAPH 11 CONTINUED...

The undersigned has not presented this application in any other court or to any other judge.

This application consists of this form plus _____ pages attached hereto and made a part hereof.

Wherefore the undersigned requests that a warrant may issue commanding a proper officer to search said person or to enter into or upon said place or thing, search the same, and take into custody all such property.

STATE OF CONNECTICUT

| | CITY/TOWN | DATE | SIGNATURE AND TITLE OF AFFIANT |
|---|---|---|---|
| | Danbury | 10/26/00 | Mark Trohalis |
| | Danbury | 10/26/00 | John Merullo |
| JURAT | Subscribed and sworn to before me on: | DATE 10-27-00 | SIGNED |

00-13326

11.    PARAGRAPH 11 CONTINUED...
       Rd., Danbury. Fernandez was observed to park on the back side of the storage area and enter
       a storage container. Fernandez stayed for a short time in the storage area and then was under
       surveillance as he returned to 46 Chestnut St. Extension, Danbury, park and enter the house at
       that location.

12.    That on October 20, 2000 Officer Barcello was to again act as a undercover officer for the
       Danbury Police Department. That officer Barcello paged telephone pager number 289-3644, a
       short time later Officer Barcello received a return call from an individual the Officer recognized
       the voice to be that of Luis Fernandez. Fernandez instructed the Officer to meet at the parking
       lot of Service Merchandise Department Store. That Officer Barcello then went directly to the
       Service Merchandise Store which is located on Newtown Rd, Danbury while under surveillance
       and park in the parking lot. That surveillance was established on the house located at 46
       Chestnut St. Extension where the white Honda Civic, bearing Connecticut registration 998PLC
       was parked. Soon after Officer Barcello received instruction to go to the Service Merchandise
       Store Luis Fernandez was observed to exit 46 Chestnut St. Extension, get into the white Honda
       Civic and travel directly to the Service Merchandise parking lot and meet with Officer Barcello,
       this was at approximately 1500 hours. Officer Barcello approached the white Honda Civic and
       spoke with the operator. Officer Barcello recognized the operator of the vehicle as Luis
       Fernandez from the photograph shown to him prior in the investigation. Officer Barcello told
       Fernandez that he only had $60 and then handed it to Fernandez. Fernandez then handed
       Officer Barcello one clear plastic bag which contained a white powder. Fernandez then gave
       the Officer $8 in change and told the Officer he would be around later if the Officer need
       anything later. Fernandez then drove from the parking lot and was under constant surveillance
       as he returned to 46 Chestnut St. Extension. Officer Barcello returned to the Danbury Police
       Department where he turned the suspected cocaine over to the affiant.

The undersigned has not presented this application in any other court or to any other judge.

This application consists of this form plus _____ pages attached hereto and made a part hereof.

Wherefore the undersigned requests that a warrant may issue commanding a proper officer to search said person or to enter into or upon said place or thing, search the same, and take into custody all such property.

STATE OF CONNECTICUT

| | CITY/TOWN | DATE | SIGNATURE AND TITLE OF AFFIANT |
|---|---|---|---|
| | Danbury | 10/26/00 | Mark Trohalis |
| | Danbury | 10/26/00 | John Merullo |
| JURAT | Subscribed and sworn to before me on: | DATE 10-26-00 | SIGNED (Judge of the Superior Court) |

00-13326

13. That after the undercover drug purchase described within the previous paragraph Officer Barcello turned the suspected cocaine over to the affiant. The affiant then turned the evidence over to Officer Mark Scocozza. Officer Scocozza conducted a field test on said substance and obtained a positive reaction for cocaine. That the evidence was then package and will be sent to the State Toxicology Lab for further analysis.

14. That on October 20, 2000 at approximately 1700 hours Officer Barcello was to again act as a undercover officer for the Danbury Police Department. That officer Barcello paged telephone pager number 289-3644, a short time later Officer Barcello received a return call from telephone number 778-1349, the Officer recognized the voice to be that of Luis Fernandez. Fernandez instructed the Officer to meet at the parking lot of Bradlees Department Store. That Officer Barcello then went directly to the Bradlees Department Store which is located on Newtown Rd, Danbury while under surveillance and park in the parking lot. That surveillance was maintained after the undercover purchase of cocaine described in paragraph 12 within this affidavit on the house located at 46 Chestnut St. Extension where the white Honda Civic, bearing Connecticut registration 998PLC was parked. Soon after Officer Barcello received instruction to go to the Bradlees Department Store Luis Fernandez was observed to exit 46 Chestnut St. Extension with the same Hispanic female described in paragraphs 8 and 11 within this affidavit. Both Fernandez and the female entered the white Honda Civic and travel directly to the Bradlees parking lot and meet with Officer Barcello. Officer Barcello approached the white Honda Civic and spoke with the operator. Officer Barcello recognized the operator of the vehicle as Luis Fernandez from the photograph shown to him prior in the investigation. Officer Barcello told Fernandez that he had $200, Officer Barcello gave the money to Fernandez and Fernandez then handed Officer Barcello five clear plastic bags which contained a white powder. That Officer Barcello stated the transaction took place in front of the Hispanic female. Fernandez then drove from the parking lot as Officer Barcello returned to the Danbury Police Department where he turned the suspected cocaine over to the affiant.

The undersigned has not presented this application in any other court or to any other judge.

This application consists of this form plus _____ pages attached hereto and made a part hereof.

Wherefore the undersigned requests that a warrant may issue commanding a proper officer to search said person or to enter into or upon said place or thing, search the same, and take into custody all such property.

STATE OF CONNECTICUT

| CITY/TOWN | DATE | SIGNATURE AND TITLE OF AFFIANT |
|---|---|---|
| Danbury | 10/26/00 | Mark Trohalis |
| Danbury | 10/26/00 | John Merullo |
| JURAT    Subscribed and sworn to before me on: | DATE 10-26-00 | SIGNED (Judge of the Superior Court) |

00-13326

15. That after the undercover drug purchase described within the previous paragraph Officer Barcello turned the suspected cocaine over to the affiant. The affiant then turned the evidence over to Officer Mark Scocozza. Officer Scocozza conducted a field test on said substance and obtained a positive reaction for cocaine. That the evidence was then package and will be sent to the State Toxicology Lab for further analysis.

16. That the cassette recordings to the undercover drug purchases described within paragraphs 12 and 14 were packaged and held as evidence.

17. That the telephone number 778-1349, which was used by Luis Fernandez to contact Officer Barcello to arrange the sale of cocaine as described within paragraph 14 was checked through Southern New England Telephone security. Southern New England Telephone lists this telephone to R. Fernandez of 46 Chestnut St., 2nd floor, Danbury Connecticut.

18. That the affiants have conducted surveillance's of 46 Chestnut St. Extension at all times of the day, night and early morning hours and have observed the white Honda Civic bearing Connecticut registration 998PLC parked in the driveway to said location

19. That the affiant Merullo, Thursday October 26, 2000 conducted a surveillance of 46 Chestnut St. Extension and followed Luis Fernandez as he left his house and drove directly to the BRT Self Storage Facility located on Old Newtown rd, Danbury. The affiant Merullo observed Fernandez enter said location and go to and enter a storage garage at said location. Fernandez stayed for a short time and then returned directly to 46 Chestnut St. Extension and enter said location.

The undersigned has not presented this application in any other court or to any other judge.

This application consists of this form plus _____ pages attached hereto and made a part hereof.

Wherefore the undersigned requests that a warrant may issue commanding a proper officer to search said person or to enter into or upon said place or thing, search the same, and take into custody all such property.
STATE OF CONNECTICUT

| CITY/TOWN | | DATE | SIGNATURE AND TITLE OF AFFIANT |
|---|---|---|---|
| Danbury | | 10/26/00 | Mark Trohalis |
| Danbury | | 10/26/00 | John Merullo |
| JURAT | Subscribed and sworn to before me on: | DATE 10-26-00 | SIGNED (Judge of the Superior Court) |

00-13326

20.



That the affiants believe that based on the facts and circumstances contained within this affidavit that probable cause exists that Luis Fernandez, date of birth 07/22/76, is currently selling cocaine within the city of Danbury Connecticut and from the second floor apartment of 46 Chestnut Street, Ext. Danbury, Connecticut in violation of Connecticut General statutes 21a-279(a) the possession of narcotics and 21a-278(b) the possession of narcotics with intent to sell.

The undersigned has not presented this application in any other court or to any other judge.

This application consists of this form plus _____ pages attached hereto and made a part hereof.

Wherefore the undersigned requests that a warrant may issue commanding a proper officer to search said person or to enter into or upon said place or thing, search the same, and take into custody all such property.

STATE OF CONNECTICUT

| CITY/TOWN | | DATE | SIGNATURE AND TITLE OF AFFIANT |
|---|---|---|---|
| Danbury | | 10/26/00 | Mark Trohalis |
| Danbury | | 10/26/00 | John Merullo |
| JURAT | Subscribed and sworn to before me on: | DATE 10-26-00 | SIGNED (and before the Superior Court) |

AFFIDAVIT REQUESTING DISPENSATION
WITH REQUIREMENT OF DELIVERY
pursuant to § 54-33c, Connecticut General Statutes

TO: A Judge of the Superior Court                                                    00-13326

For the reasons set forth below, the undersigned, being duly sworn, requests that the judge dispense with the requirement of C.G.S. § 54-33c that a copy of the affidavit(s) in support of the warrant be given to the owner, occupant or person named therein within forty-eight hours:

_X_   The personal safety of a confidential informant would be jeopardized by the giving of a copy of the affidavits at such time;

_X_   The search is part of a continuing investigation which would be adversely affected by the giving of a copy of the affidavits at such time;

_____   The giving of such affidavits at such time would require disclosure of information or material prohibited from being disclosed by chapter 959a of _____  the general statutes;

and the specific details with regard to such reasons are as follows:

That the affidavit in support of the search and seizure warrant has been reviewed by a Judge of the Danbury Superior Court who has / ~~has not~~ found probable cause for the issuance of this affidavit and has / ~~has not~~ found that to deliver a copy of this affidavit to the owner, occupant, or person named herein, would jeopardize the personal safety of the person or informant named within this affidavit, and in addition, reveal the methods of the investigation that could jeopardize any future investigation related to this target.

The undersigned further requests that this affidavit also be included in such nondelivery.

STATE OF CONNECTICUT

| CITY/TOWN | DATE | SIGNATURE AND TITLE OF AFFIANT |
|-----------|------|-------------------------------|
| Danbury | 10/26/00 | Mark Trohalis *[signature]* |
| Danbury | 10/26/00 | John Merullo *[signature]* |
| JURAT   Subscribed and sworn to before me on: | DATE   10-26-00 | SIGNED *[signature]* Judge of the Superior Court |

STATE OF CONNECTICUT
SUPERIOR COURT                          00-13326

The foregoing Affidavit and Application for Search and Seizure Warrant having been presented to and been considered by the undersigned, a Judge of the Superior Court, the undersigned (a) is satisfied therefrom that grounds exist for said application, and (b) finds that said affidavit establishes grounds and probable cause for the undersigned to issue this Search and Seizure Warrant, such probable cause being the following: From said affidavit, the undersigned finds that there is probable cause for the undersigned to believe that the property described in the foregoing affidavit and application is within or upon the person, if any, named or described in the foregoing affidavit and application, or the place or thing, if any, described in the foregoing affidavit and application, under the conditions and circumstances set forth in the foregoing affidavit and application and that, therefore, a Search and Seizure Warrant should issue for said property.

NOW THEREFORE, by Authority of the State of Connecticut, I hereby command any Police Officer or a regularly organized police department, any State Policeman; or any conservation officer, special conservation officer or patrolman acting pursuant to C.G.S. § 26-6 to whom these presents shall come within ten days after the date of this warrant to

X    enter into or upon and search the place or thing described in the foregoing affidavit and application, to wit:

Second floor apartment of 46 Chestnut Street, Ext. Danbury, Connecticut. 46 Chestnut Street Ext. is a multi family house which is the second house on the right from intersection of Chestnut Street Ext and Wildman Street. 46 Chestnut Street Ext is painted blue on the lower half and white on the upper half. Mailbox with name Fernandez is located on the left side of house and entry to the second floor is made through doorway leading into the house and to the second floor apartment.

search the person described in the foregoing affidavit and application, to wit:

for the property described in the foregoing affidavit and application, to wit:

Cocaine, white powdered substances, cutting agents for narcotics, grinders, packaging materials, weighing scales, strainers, U.S. currency, all financial records, safes, documentation of residence, records of identification, records of drug transactions, telephone pagers, and police scanners.

and upon finding said property to seize the same, take and keep it in custody until the further order of the court, and with reasonable promptness make due return of this warrant accompanied by a written inventory of all property seized.

The foregoing requests that the judge dispense with the requirement of C.G.S. § 54-33c that a copy of the affidavit(s) in support of the warrant be given to the owner, occupant or person named therein and that the affidavit in support of such request also be included in such nondelivery is hereby:

✓ . GRANTED for a period of    Two Weeks    NOT TO EXCEED 2 WEEKS BEYOND DATE WARRANT IS EXECUTED

This order, or any extension thereof, dispensing with said requirement shall not limit disclosure of such affidavits to the attorney for a person arrested in connection with or subsequent to the execution of the search warrant unless, upon motion of the prosecuting authority within two weeks of such arraignment the court finds that the state's interest in continuing nondisclosure substantially outweighs the defendant's right to disclosure.

DENIED

Signed at    Danbury    Connecticut, on:    DATE    10-26-00    SIGNED (Judge of the Superior Court)

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

Luis Fernandez, pro-se            :            PRISONER

V.                                :        case: 3:01cv1807(JBA)

Robert Paquette, et al            :        March 24,2005

PROOF OF SERVICE

Luis Fernandez states under the penalty of perjury that he mailed

a copy of the Second Amended complaint with service forms completed

for service to the office of the clerks. 915 lafayette Boulevard,

Bridgport, CT 06604, by placing them in 3 manila envelopes in

the main hall legal mailbox at the State Prisno of Macdougall

C.I., suffield , CT., on March 24.2005.

RESPECTFULLY SUBMITTED,

_____

Luis fernandez, pro-se
M.C.I.
1153 east st south,
suffield, Ct 06080

CERTIFICATION

I hereby mailed a copy of the foregoing to the following on
this date 24 of March,2005.

Office of the clerk
915 lafayette boulevard,
Bridgeport, CT 06604

_____
Luis Fernandez