UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

Luis Fernandez, pro-se         :   PRISONER         2005 JUN -8 P 5:05

v.                                                  U.S. DISTRICT COURT
                               :   case: 3:01cv1807(JBA)   BRIDGEPORT, CONN

Robert Paquette, et al         :   Date: 6/2/05

MOTION FOR APPIONTMENT OF COUNSEL PRO BONO

The plaintiff under pro-se and protection of his civil rights pursuant to §§ 1983, 1988, 1985, 1986 and others stated in the civil rights complaint filed respectfully and according to 28 U.S.C. § 1915 request the appointment of Pro Bono counsel in this action were exceptional circumstances exist and several questions of laws are involved for the consideration in appointing Pro Bono counsel.
The second circuit has made clear that before an appointment is even considered the indigent person must demostrate that he is unable to obtain counsel, as for this action the plaintiff has made sufficient attempts to secure the representation of counsel as he provides this court with the letter response of Legal Director Annett M. Lamoreaux from C.C.L.U., 32 grand st., Hartford, CT. 06106 date Dec. 9,2004 to plaintiff request for representation saying "I regret this organization cannot be of more help"' which only suggested to contact Michael Koskoff, Koskoff, Koskoff & Bieder, 3500 fairfield ave., Bridgeport, CT. or Jon Schoenhorn, 97 oak st., hartford,CT,see in support attachment "A" herein enclosed. The plaintiff took legal director Annette M.Lamoreaux suggestion and mailed Att. Antonio Ponvert II, from the law offices of Michael Koskoff, Koskoff, Koskoff & Bieder a copy of the action with all the evidence attached and marked for their review regarding representation which on January 10,2005 Att. Antonio Povert III said in response that "I will not be able to assist you with your matter " as the plaintiff provides this court with response date January 10,2005 in attachment "B" herein enclosed for confirmation. Also, the plaintiff made attempt to secure representation of counsel from

Attt. at law Jon L. Schoenhorn & Associates, 97 Oak st., Hartford CT whom on January 25,2005 response said "my case load is too heavy to take on an additional prison civil rights case", which this court can verify from the attachment "C" herein enclosed. Moreover, the plaintiff did made more attempts to obtain legal assistance and from Inmate Legal Assistance and from Inmate Legal Assistance Prog. Sydney T. Schulman who mailed a copy of the contract with the Dept. of Corrections which does not requrie I.L.A.P. to provide **any** repeat **any** assistance to those civil rights complaints such as this one which does not involes conditions of confinement as this court can verify from the I.L.A.P. contract in attachment "D" herein enclosed were I.L.A.P. is unable to assist the plaintiff in answering questions concerning discovery issues, researching legal issues and drafting motions or memoranda, which for these foregoing reasons the

Plaintiff demostrates that he is unable to obtain counsel as prerequiste to the consideration of a § 1915, motion to secure counsel.

Furthermore, the plaintiff has demostrated he is not able to afford counsel and demostrated that defendants Robert Paquette,et al acted under color of law when deprived the plaintiff of constitutional rights and such determination has bin already considered by the District court in before granting I.F.P. Statuts pursuant under Rule 10(A), F.R.C.P. as another prerequiste to the consideration of a § 1915, Motion to secure counsel.

The issues involved in this case are too complex for the plaintiff pro-se which claims are supported by a serious amount of affidavits, legal documents submitted on the record, see attachment "E" Amended Complaint herein enclosed were general material facts exist to require the skills of a member of the bar for appointment of counsel.
Also, the issues involved in this case will require professional presentation do to the amount of evidence submitted by the plaintiff demostrating defendants Robet Paquette, et al in fact acted under color of law when deprived him of federal and constitutional rights (guarantee) were he has already established Prima Facie case under § 1983 before being granted I.F.P. § 1915 which this court can take into consideration presentation in this

This court should also consider in fact Connecticut Department of Ccorrectionals do not and repeat do not guarantee access to the court s nor provide assistance with law material were under civil claims by an inmate who is denied meaningful access to the court appointment of counsel is necessary. Wherefore, the plaintiff who has a limited knowledge of law, no law school nor assistance to litigate himself and unable to investigate, this court discretionary consideration in appointment of counsel were exceptional circumstances justify the consideration of counsel Pro Bono for this case.

RESPECTFULLY SUBMITTED,

_____
Luis Fernandez, pro-se
M.C.I.
1153 east st south,
suffield, CT 06080

CERTIFICATION

I hereby certify that a copy of the foregoing was mailed to the following ~~defendants attorneys~~ on this 2 day of June ,2005.

OFFICE OF The Clerks
U.S.D.C.
915 Lafayette Bolved,
Bridgeport, CT 06604

_____
Luis Fernandez, pro-se

3 of 3