UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LUIS FERNANDEZ | : | PRISONER |
| | : | NO.:  3:01 CV 1807 (JBA) |
| v. | : | |
| | : | |
| ALEXANDER, ET AL | : | SEPTEMBER 16, 2005 |

## MEMORANDUM OF LAW IN SUPPORT OF
## STAMFORD DEFENDANTS' MOTION TO DISMISS

Pursuant to D.Conn.L.R. 7, the defendants, Police Officer Barcello, Sergeant

Stewart and former Chief Esserman, submit the following memorandum of law in

support of their motion to dismiss dated September 16, 2005.

### A.  NATURE OF PROCEEDINGS

Plaintiff sues the Stamford defendants in only a few paragraphs since the role of

PO Barcello as an undercover officer was limited to making four drug purchases from

plaintiff in October, 2000.

Plaintiff's claims are referenced not only to the complaint, but also to the Danbury police documents that plaintiff incorporates by reference.

## PLAINTIFF'S COMPLAINT- OVERALL CHRONOLOGY AND CHRONOLOGY AS TO STAMFORD DEFENDANTS

| Date | Action | Complaint pg |
|------|--------|--------------|
| Jan 2000 | Plaintiff is arrested for possession of drugs, a weapon and $6,000, with Angel Ramirez. Plaintiff sued for this arrest, and the Danbury police officers were granted summary judgment by J. Arterton | 7, par. 2; Ex. A, par. 3 |
| August 2000 | Plaintiff is sentenced to a suspended sentence of 8 years and 4 years probation by J. Patrick Carroll after a plea of nolo contendere | 7; Ex. A, par. 3 |
| Oct 13, 2000 | SPD officer Barcello, acting undercover, is shown a photograph of plaintiff, equipped with a body wire, and instructed to contact plaintiff to purchase cocaine | ExA, par. 4 |
| Oct 13, 2000 | Barcello pages plaintiff, plaintiff calls him, tells him to meet at Danbury McDonalds, Barcello pays $100 in marked bills and receives 2 small plastic bags of white powder | Ex A, par. 5 |
| Oct, 2000 | Danbury police field test powder and it is positive for cocaine; it is sent to state lab; cassette recording from the body wire on Barcello is marked as evidence | Ex. A, par. 6 |

| 10/00 | Danbury confirms Honda civic plaintiff drove to McDonald's drug sale is registered to him | Ex. A, par. 7 |
|---|---|---|
| 10/17/00 | PO Barcello again pages plaintiff who calls him to meet at Service Merchandise Dept. store; Barcello pays $100 for 2 envelopes of powder | Ex. A par. 8 |
| 10/00 | Danbury police field test powder; it is cocaine; they follow plaintiff to a self storage facility in Honda and return to his house | Ex. A, par. 9-11 |
| 10/17/00 | Barcello repeats undercover buy of powder from plaintiff at Service Merchandise parking lot, giving $60 for one bag | Ex. A, par. 12 |
| Note-continue with chrono | Include stuff from all exhibits that is relevant, then stuff from appellate court decision (trial, appeal, claims of mistaken identity raised at trial, appeal denied) | |
| 10/17/00 | Barcello turns over powder to Danbury police, who obtain positive reaction for cocaine. | Ex. A par. 13 |
| 10/20/00 | Barcello repeats undercover drug purchase- he pages plaintiff who returns call and proceeds to meet at the Bradlees Department store parking lot. Plaintiff meets with Barcello and pays $200 to Plaintiff who hands over five clear plastic bags containing white powder. | Ex. A par. 14 |
| 10/20/00 | Barcello turns suspected cocaine to Danbury PO. | Ex. A par. 14 |
| 10/27/00 | DPD Arraignment report and affidavit: Warrantless Arrest | Ex. B |
| 10/27/00 | DPD Incident Report: Search Warrant Execution | Ex. C |
| 10/27/00 | DPD Special Investigation Division Inventory Sheet | Ex. D |

| | of BRT Storage Unit 234 | |
|---|---|---|
| 10/27/00 | DPD Incident Report: Search Warrant Execution | Ex. E |
| 10/27/00 | DPD Special Investigation Division Inventory Sheet of Plaintiff's Dwelling | Ex. F |
| 10/26/00 | Affidavit and application search & Seizure Warrant | Ex. G |

Plaintiff sues the Stamford defendants in counts. In particular,

- Plaintiff alleges that PO Barcello, Sgt. Stewart and former chief Esserman were

    Stamford police officers (page 2, par. 9, 11 and 13)

- Plaintiff alleges that PO Barcello conspired with Danbury officers to violate his

    rights under the wiretapping statute p. 23, par. 25.

- Plaintiff alleges PO Esserman  fabricated evidence and obstructed justice in

    arresting the plaintiff without probable cause Section 1983; page 33, par. 43

- Plaintiff alleges PO Barcello of malicious intent/ trouble with other defendants.

    pg. 33, par. 44

The issues are as follows: can plaintiff sue PO Barcello for acting as an

undercover officer whose purchases cause him to be convicted, which is upheld on

4

appeal, without violating Heck? Can Plaintiff do this beyond the statute of limitations,

and in violation of the 120 service rule? Can Plaintiff do this despite this court's

ruling in this case (Doc. #12) that dismissed this complaint as beyond the statute of

limitations?

## B.    BACKGROUND

### A.    PLAINTIFF'S CRIMINAL BACKGROUND AND CIVIL LITIGATION CONCERNING THE SAME

The defendants adopt the memo of Danbury defendants as to previous

litigation in pages 1-5 of Danbury defendants dated  September 15, 2005.

#### 1.    *Fernandez v. Paquette, et al., 3:02 CV 2090 (JBA).*

As noted in the Danbury defendants' Memo, the facts of this matter are

taken from the Court's Ruling and Order, Doc. #108 in *Fernandez v. Paquette, et*

*al*, 3:02 CV 2090 (JBA), of which the Court may take judicial notice of its own

decision in a related matter.  The defendants in that case were Danbury police

officers who after surveillance of plaintiff and another individual, arrested him for

drug charges, to which he pled nolo contendere.

The plaintiff was charged with one count of possession of narcotics in violation of

Connecticut General Statutes § 21a- 27(a), one count of sale of certain illegal drugs in

violation of Connecticut General Statutes § 21a-278(a), one count of possession of a

controlled substance within 1,500 feet of a school in violation of Connecticut General

Statutes § 21a- 278a(b), and one count of possession of a controlled substance greater

than four ounces in violation of Connecticut General Statutes § 21a-279(c).  After the

plaintiff pleaded *nolo contendere* to count one, the judge found him guilty, and

sentenced him to an eight year suspended sentence with four years of probation.

While incarcerated, Fernandez filed a civil action against a number of Danbury

police officers, claiming that his civil rights were violated. The Court, by *Arterton, J.*,

issued a comprehensive Ruling and Order on this subject which dismissed the plaintiff's

claims  (44 pages). Fernandez' appeal on August 5, 2005.

This is relevant since the amended complaint in this action claims many

violations based upon the claim that the Danbury police arrested the wrong person- it

was a case of mistaken identity.

What is astounding is that the same techniques for selling drugs that Plaintiff pled

nolo contendere to in January, 2000 caused him to be arrested in October, 2000- the

Danbury police conducted a 5 month surveillance and made controlled buys using two

informants starting in 7/99, 10/99 (2 buys) and 11/99 resulting in a search warrant on

11/23/99 for a Honda, a Pathfinder and plaintiff's apartment; the search and seizure

warrants were executed on 1/7/00; key for apt taken from car and apt searched

pursuant to warrant.

The court's ruling on the summary judgment noted a p.29 that the Danbury police

did a five months long investigation, noted many activities of plaintiff, so the stop of

plaintiff was supported by probable cause; at pgs. 29-30 the court noted that the

Danbury police found over 30  oz of cocaine, a gun, as well many documents including

a passport and license which identified the plaintiff as Luis Fernandez, even though he

went by the name of "Alex".

2.  *State v. Fernandez*, 76 Conn.App. 183, 818 A.2d 877
    (2003).[1]

The defendants adopt the Memo of Danbury defendants at pages 5-7.

The Appellate Court decision notes the facts as to Police Officer Barcello,

a Stamford police officer who made controlled drug purchases from plaintiff as an

undercover officer.

> "In early October, 2000, the defendant became the subject of a police narcotics investigation.
> Officers from the Danbury police department conducted a series of surveillances of the defendant, and
> were able to confirm *185* his physical description and the facts that he used the nickname "Alex,"
> conducted his business through the use of a pager and primarily drove a white Honda Civic with a
> license plate that read "998PLC."
>
> Beginning on October 13, 2000, the Danbury police began a series of controlled purchases from
> the defendant, first by showing Officer Thomas Barcello a photograph of the defendant to be able to
> identify him. Barcello then was provided with the defendant's pager number, a body transmitter and
> $100 in cash. Barcello proceeded to call the defendant's pager number. The defendant returned
> the page and told Barcello to go to the McDonald's parking lot in Danbury. After Barcello arrived at the
> parking lot, a white Honda Civic with a license plate reading "998PLC" entered the lot. Barcello left his
> vehicle, approached the defendant's vehicle and said, "Can I get two?" whereupon the defendant
> handed Barcello two small plastic bags of powder cocaine. That routine was repeated on October 17

---

[1] The facts discussed in this section are taken from the court's opinion in *State v. Fernandez*, 76
Conn. App. 183, 818 A.2d 877 (2003).

and twice on October 20, when controlled buys were made at different locations.

On October 27, 2000, the Danbury police obtained an arrest warrant for the defendant and planned to execute it upon observing him conducting a sale with a regular buyer. The police conducted surveillance of the defendant throughout the day. At approximately 6:20 p.m., the defendant arrived at the Bradlee's parking lot where he was observed making a sale to Laurie LeBlanc. (emphasis added, Fernandez v. State, 76 Conn. App. 183, 185).

Upon seeing the sale, the Danbury police officers blocked Fernandez's avenues

of escape and approached his vehicle. As the officers approached, Fernandez

attempted to leave the scene, but his route was blocked by a police cruiser. The police

searched LeBlanc and found four small plastic bags of powder cocaine in his

possession. Fernandez then was placed under arrest.

Fernandez was charged with five counts of sale of narcotics by a person who is

not drug-dependent in violation of General Statutes § 21a-278 (b), five counts of

possession of narcotics in violation of General Statutes § 21a-279 (a) and one count of

violation of probation in violation of General Statutes § 53a-32.  Fernandez was tried on

the drug sale and possession charges simultaneously with the violation of probation

proceedings which he had received as a result of the prior arrest on January 7, 2000.

The jury found Fernandez guilty of five counts of sale of narcotics by a person who is

not drug-dependent and five counts of possession of narcotics. The court then found

that Fernandez had violated his probation. Fernandez was sentenced to a total effective

term of twenty-eight years imprisonment. *State v. Fernandez*, 76 Conn. App. 183, 818

A.2d 877 (2003).

Following his conviction and sentencing, Fernandez appealed, but his conviction

and his sentence were affirmed. The Connecticut Supreme Court declined to grant

certification. *State v. Fernandez*, 76 Conn. App. 183, 818 A.2d 877, *cert. denied*, 264

Conn. 901, 823 A.2d 1220 (2003).

This decision is relevant not only to the issue of Heck jurisidiction, but also

plaintiff's claims in this complaint that there was a case of mistaken identity.

> In this case, the court permitted the state to introduce into evidence the testimony of LeBlanc
> relating to the prior occasions when LeBlanc had purchased cocaine from the defendant. The court
> admitted the testimony to prove the defendant's identity. Clearly, the defendant's identity was both
> material and relevant. As defense counsel stated in closing argument to the jury, the state had "to
> prove their case, each and every element of their case, including identification, beyond a reasonable
> doubt."
> The theory of the defense was one of mistaken identity. It was the defendant's contention that he
> was not the individual who had sold cocaine to Barcello on October 13 and 17, and twice on October
> 20, 2000. Rather, the defendant claimed that he was at work at the times when the purchases
> occurred. Further, the defendant claimed that the photograph shown to Barcello prior to his meeting

with the defendant was not his photograph and that the vehicle that the police identified at trial as the
one that they observed being used during the drug transactions was not his vehicle. Additionally, the
defendant testified that he never had met LeBlanc prior to being arrested on October 27, 2000.
Accordingly, the court did not abuse its discretion when *189 it permitted the state to admit into
evidence the testimony of LeBlanc regarding his previous interactions with the defendant. (emphasis
added; Fernandez v. State, 76 Conn. App. 183, 188)

Because the claims against the Stamford defendants are directly

connected to plaintiff's criminal conviction, he is barred from suing the Stamford

defendants for damages under Sec. 1983 or any civil rights statute.

## C.  RELATED CIVIL ACTIONS

The Stamford defendants adopt the Memo of Danbury defendants at pages 7-9.

## D.    THE PRESENT CASE.

The Stamford defendants adopt the Memo of Danbury defendants at pages 7-9.

Pursuant to Fed.R.Civ.P. 12(b)(6) and 12(c), the defendants now move to

dismiss because the amended complaint (1) is barred by the statute of limitations, (2) is

barred by the law of the case, (3) is barred by *res judicata*, (4) was not served upon the

defendants within 120 days of filing and (5) is barred by the doctrine of *Heck v.*

*Humphrey.*

II.    LAW AND ARGUMENT.

A.    STANDARD OF REVIEW.

The Stamford defendants adopt the Memo of Danbury defendants at pages 9-11.

B. IT IS THE LAW OF THE CASE THAT THE CLAIMS AGAINST THE
STAMFORD DEFENDANTS IN THE AMENDED COMPLAINT
SHOULD BE DISMISSED BECAUSE THEY DO NOT RELATE BACK
TO THE INITIAL FILING OF THE LAWSUIT AND ARE THEREFORE
BARRED BY THE STATUE OF LIMITATIONS.

The Stamford defendants adopt the Memo of Danbury defendants at

pages 11-20.

1.    *The Applicable Statute Of Limitations Is A Complete Bar To The Plaintiff's*

*Federal Claims Against The Stamford Defendants.*

The Stamford defendants adopt the Memo of Danbury defendants at pages 9-11.

Plaintiff's §§ 1981, 1983 and 1985 claims are governed by a three year statute of limitations.  Holt v. KMI-Continental, Inc., 95 F.3d 123, 131 (2d Cir. 1996) (applying the three year statute of limitations for personal injury actions set forth in Conn. Gen. Stat. § 52-577). This is also true for Plaintiff's claims for civil conspiracy.

Plaintiff's negligence claims are barred by a two year statute of limitations. Conn. Gen. Stat. § 52-584.

Plaintiff's original complaint was filed in 2004, dismissed, re-filed in 2005, and served in July 2005; all claims against the Stamford Defendants deal with events in October, 2000.

The first amended complaint, Doc. # 20, as well as any subsequent amended complaint, Docs. ##, 22 and 31, were filed too late. Based on the mailbox rule applicable to prisoners, no filing could have occurred before December 12, 2003. Therefore, all the claims in the amended complaint that named the City of Stamford defendants for the first time were filed beyond the limitations period and are time-barred. See Ruling and Order, Doc. #12.

Moreover, these very issues were considered and ruled upon by the Court in a

Ruling and Order dated May 21, 2004. See Doc. #12. This decision is the law of the

case.

Therefore, the amended complaint is barred by the statute of limitations as to all

claims against the City of Stamford defendants. Accordingly, the defendants' motion to

dismiss should be granted as to the plaintiff's federal claims.

> 2.    *In Addition, The Plaintiff's Failure To Serve The Defendants*
> *Within The State Statute Of Limitations Period Is A Complete*
> *Bar To The Plaintiff's State Law Claims Against The*
> *Stamford Defendants.*

The Stamford defendants adopt the Memo of Law of the Danbury defendants at

pages 13-15.

Fernandez did not move to amend until too late in the game and the Court

determined that those claims did not relate back to the filing of the original Complaint.

*See* Ruling and Order dated May 21, 2004, Doc. #12. Therefore, all of the plaintiff's

state and federal law claims are barred by the applicable statute of limitation and should

be dismissed. Accordingly, the defendants' motion to dismiss should be granted as to

the plaintiff's state claims.

C.     THE AMENDED COMPLAINT IS BARRED BY *RES JUDICATA*
       AND SHOULD BE DISMISSED AS TO THE STAMFORD
       DEFENDANTS BECAUSE THE PLAINTIFF HAD THE
       OPPORTUNITY TO RAISE THOSE CLAIMS IN TWO OTHER
       LAWSUITS AGAINST THE SAME DEFENDANTS OR THOSE IN
       PRIVITY.

The Stamford defendants adopt the Memo of Law of Danbury defendants at pgs. 15-16.

D.     THE PLAINTIFF HAS FAILED SERVE ANY OF THE STAMFORD
       DEFENDANTS WITHIN 120 DAYS OF FILING OR WITHIN THE
       TIME SPECIFIED BY THE COURT; ACCORDINGLY, THE
       AMENDED COMPLAINT SHOULD BE DISMISSED PURSUANT
       TO FED.R.CIV.P. 4(M).

The Stamford defendants adopt the Memo of the Danbury defendants at pages

16-19.

E.     THE PLAINTIFF'S FEDERAL CLAIMS ARE BARRED BY THE
       APPLICATION OF *HECK V. HUMPHREY*, 512 U.S. 477, 114
       S.CT. 2364, 129 L.ED.2D 383 (1994).

Fernandez' claims predicated upon 42 U.S.C. §1983 that call into question his

conviction and/or plea are barred by the holding in *Heck v. Humphrey*, 512 U.S. 477,

114 S.Ct. 2364, 129 L.Ed.2d 383 (1994).

In *Heck*, a prisoner filed a Section 1983 suit seeking money damages for actions

taken by the state police and county prosecutor pursuant to his arrest and prosecution.

*See Heck*, 512 U.S. at 479. The Supreme Court held that such a damages action could

not proceed because, if successful, it necessarily would imply that the prior conviction

was invalid. *Heck* then established a new rule:

> [I]n order to recover damages for [an] allegedly unconstitutional conviction
> or imprisonment, or for other harm caused by actions whose unlawfulness
> would render a conviction or sentence invalid, a § 1983 plaintiff must
> prove that the conviction or sentence has been reversed on direct appeal,
> expunged by executive order, declared invalid by a state tribunal
> authorized to make such determination, or called into question by a
> federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A
> claim for damages bearing that relationship to a conviction or sentence
> that has not been so invalidated is not cognizable under § 1983. Thus,
> when a state prisoner seeks damages in a § 1983 suit, the district court
> must consider whether a judgment in favor of the plaintiff would
> necessarily imply the invalidity of his conviction or sentence; if it would, the

complaint must be dismissed unless the plaintiff can demonstrate that the
conviction or sentence has already been invalidated.

*Id.* at 486-87 (footnote omitted).

The Supreme Court subsequently has extended the *Heck* rule, applying its

holding to claims for declaratory relief. *See Edwards v. Balisok*, 520 U.S. 641, 648, 117

S.Ct. 1584, 137 L.Ed.2d 906 (1997). Fernandez's Amended Complaint does both.

In his amended complaint, Fernandez complains mainly against the Danbury

defendants' actions in arresting him without probable cause, misleading the court when

applying for search warrants, identifying in a misleading way a photograph to PO

Barcello, and conspiring with the Stamford defendants to violate plaintiff's rights in many

different ways.

Fernandez took a state court appeal and his conviction was upheld. The

Connecticut Supreme Court declined to grant certification for review. *See State v.*

*Fernandez*, 76 Conn. App. 183, 818 A.2d 877, *cert. denied*, 264 Conn. 901, 823 A.2d

1220 (2003). Therefore, allowing Fernandez's Amended Complaint to proceed would

call into question his state criminal conviction. That is not permitted by *Heck v.*

*Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994).

This lack of jurisdiction can be raised by Motion to Dismiss. <u>Osuch v. Gregory</u>,

303 F Supp2d 189, 197 (D Conn 2004) (inmate sued alleging state trooper arrested him

without probable cause since the arrest warrant was not signed; his guilty plea barred

his suit for false arrest); <u>Batts v. Jagoda</u>, 1998 WL 91065 (D Conn 1998) (plaintiff

convicted of assault cannot sue for allegedly defective arrest warrant unless conviction

is overturned).

The plaintiff seeks to have this court allow a civil jury to find that he was right and

the criminal jury was wrong; that Officer Barcello purchased drugs from someone who

was not plaintiff; this is an attempt to impeach a criminal conviction that has not been

reversed. "State v. Fernandez", 76 Conn App 183, 818 A.2d 877 (2003), cert. den. State

v. Fernandez, 264 Conn. 901, 823 A.2d 1220 (Conn. May 21, 2003).

The plaintiff is attempting to re-litigate his criminal trial, as he states over and over again in his pro se complaint. He told the criminal jury then, and is seeking to tell a civil jury in this case, that he was not the person who sold drugs to PO Barcello and then on 10/27/00 to Mr. LeBlanc at the Bradlee's parking lot.

Despite his allegation that the charges were "nolled", the charges involving PO Barcello led to his conviction for which he is serving 28 years for the same allegations as are set forth in this complaint.

Accordingly, the plaintiff's Amended Complaint must be dismissed and the defendants' motion to dismiss should be granted.

III.    <u>CONCLUSION.</u>

For the reasons set forth above, the defendants pray that their motion to dismiss

is granted.

RESPECTFULLY SUBMITTED,

THE DEFENDANTS,

POLICE OFFICER BARCELLO,

SERGEANT STEWART

FORMER CHIEF DEAN ESSERMAN

THOMAS M. CASSONE

DIRECTOR OF LEGAL AFFAIRS

BY _____

JAMES V. MINOR

ASS'T CORP. COUNSEL (CT 06713)

888 Washington Blvd.

P.O. Box 10152

Stamford, CT  06904-2152

(203) 977-4087

## CERTIFICATION OF SERVICE

A copy of the foregoing was mailed, postage prepaid, September 16, 2005 to:

Luis Fernandez #279900 MacDougall-Walker CI 1153 East Street South Suffield, CT 06080

John S. Radshaw III Howd & Ludorf 65 Wethersfield Avenue Hartford, CT 96114

By: _____
James V. Minor