UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LUIS FERNANDEZ | : | PRISONER |
| | : | NO.: 3:01 CV 1807 (JBA) |
| v. | : | |
| | : | |
| ALEXANDER, ET AL | : | SEPTEMBER 16, 2005 |

## MEMORANDUM OF LAW IN SUPPORT OF
## DANBURY DEFENDANTS' MOTION TO STAY DISCOVERY

Pursuant to D.Conn.L.R. 7, the defendants, Police Officer Barcello, Sergeant Stewart and former Chief Esserman, submit the following memorandum of law in support of their motion to stay discovery dated September 16, 2005.

I.   BACKGROUND

The defendants submit the present case is barred on jurisdictional grounds. The background sufficient to adjudicate this motion is set forth in the defendants' Memorandum of Law in support of Motion to Dismiss dated September 16, 2005. No discovery should be had; the case should be dismissed.

II.   LAW AND ARGUMENT.

A.   STANDARD OF REVIEW.

Fed.R.Civ.P. 26(c) permits the district court upon a showing of "good cause" to "make any order which justice requires to protect a party ⋯ from annoyance, embarrassment, oppression, or undue burden or expense, including ⋯ that discovery not be had." Fed.R.Civ.P. 26(d) enables the court upon motion "to control by order the sequence and timing of discovery." *Marrese v. American Academy of Orthopaedic Surgeons*, 706 F.2d 1488, 1493 (CA7 1983). Relying on these provisions, district courts may stay merits discovery where resolution of a preliminary matter may dispose of the entire case. *See Petrus v. Bowen*, 833 F.2d 581, 583 (CA5 1987); *O'Brien v. Avco Corp.*, 309 F.Supp. 703, 705 (S.D.N.Y.1970). A preliminary challenge to the court's jurisdiction is such a dispositive application. *See Twin City Fire Ins. Co. v. Employers Ins. of Wausau*, 124 F.R.D. 652, 653 (D.Nev.1989).

The burden of establishing "good cause" for a protective order rests with the movant and requires a particularized showing of facts militating in favor of the stay. *See Howard v. Galesi*, 107 F.R.D. 348, 350 (S.D.N.Y.1985).

Qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986). Because "damages suits against government officials can entail substantial social costs, including the risk that fear of personal monetary liability and harassing litigation will unduly inhibit officials in the discharge of their duties," *Anderson v. Creighton*, 483 U.S. 635, 638 (1986), the identification and disposal of insubstantial claims by summary judgment is encouraged. *Id.* at 640 n. 2; *see also Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (the qualified immunity entitlement "is an immunity from suit rather than a mere defense to liability; and like an absolute immunity , it is effectively lost if a case is erroneously permitted to go to trial").

    B.    THE STAMFORD DEFENDANTS HAVE RAISED JURISDICTIONAL CHALLENGES TO THE PLAINTIFF'S COMPLAINT IN THE PENDING MOTION TO DISMISS; THEREFORE, DISCOVERY SHOULD BE STAYED UNTIL THE COURT RULES ON SUCH PENDING MOTIONS.

In their motion to dismiss now pending, the defendants make a variety of jurisdictional arguments that the court may not hear the Amended Complaint and should have the matter dismissed forthwith. Particularly, the defendants maintain that it is the law of the case that the claims against the Stamford defendants in the amended complaint should be dismissed because they do not relate back to the initial filing of the lawsuit and are therefore barred by the statue of limitations. Furthermore, the applicable statute of limitations is a complete bar to the plaintiff's federal claims against the Stamford defendants. In addition, the plaintiff's failure to serve the defendants within the state statute of limitations period is a complete bar to the plaintiff's state law claims against the Stamford defendants. Moreover, the amended complaint is barred by *res judicata* and should be dismissed as to the Stamford defendants because the plaintiff had the opportunity to raise those claims in two other lawsuits against the same defendants or those in privity. Also, the plaintiff has failed serve any of the Stamford defendants within 120 days of filing or within the time specified by the court; accordingly, the amended complaint should be dismissed pursuant to Fed.R.Civ.P.

4(m). Lastly, the plaintiff's federal claims are barred by the application of *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed. 2d 383 (1994).

In this case, the present lawsuit is not worthy of any discovery. Any effort by the plaintiff to engage in discovery would be annoying, oppressive, unduly burdensome, and expensive. This is the third lawsuit that the plaintiff is attempting to pursue. He let it lapse once without the defendants added against whom he now wishes to proceed. Given the jurisdictional barriers to proceeding, the court should not countenance discovery from an incarcerated pro se litigant. The doctrine of qualified immunity would be a bar to the bulk of the plaintiff's claims. Such immunity is "an immunity from suit rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial". *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). This principle extends to pretrial discovery as well and the court should stay the discovery in this case until the present motion to dismiss is adjudicated.

III.  **CONCLUSION.**

For the reasons set forth above, the defendants pray that their motion to stay discovery is granted.

          RESPECTFULLY SUBMITTED,

          THE DEFENDANTS,
          POLICE OFFICER BARCELLO
          SERGEANT STEWART
          FORMER CHIEF ESSERMAN

          THOMAS M. CASSONE
          DIRECTOR OF LEGAL AFFAIRS

BY _____
          JAMES V. MINOR
          ASSISTANT CORPORATION COUNSEL

## CERTIFICATION

This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via U.S. Mail to the following pro se party this 16th day of September 2005.

Mr. Luis Fernandez  
Inmate Number 279900  
MacDougall-Walker  
  Correctional Institution  
1153 East Street, South  
Suffield, CT 06080

John J. Radshaw, III  
Howd & Ludorf  
65 Wethersfield Avenue  
Hartford, CT 06114

By: _____  
    James V. Minor