UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT


```
LUIS FERNANDEZ              :
                           :              PRISONER
     v.                    :    CASE NO. 3:01CV1807(JBA)
                           :
DIRECTOR JADE ALEXANDER, et al. :
```


RULING AND ORDER

Plaintiff has filed two motions for appointment of counsel and motions seeking a prejudgment remedy and service of the second amended complaint. In addition, he renews his request for change of venue.

I. Motion for Service of the Second Amended Complaint [doc. #35]

Plaintiff asks the court to order service of the second amended complaint. All new defendants have been served by the Marshal and have appeared in this case. See Waivers of Service [Docs. ## 43, 44, 47]. Thus, plaintiff's motion is denied as moot.

II. Motion for Prejudgment Remedy [doc. #32]

Plaintiff asks the court to impose a lien on the assets of defendants Paquette, Williams, Fisher, Merullo, Trohalis, Ramos, Nolan, Barcello, Scocoza, Esserman, Halas, Stewart, Leblanc and Carroll as well as their wives and agents. For the reasons that follow, plaintiff's motion is denied.

Rule 64, Fed. R. Civ. P., permits a plaintiff to utilize the state prejudgment remedies available to secure a judgment that might ultimately be rendered in an action.  See Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Local No. 70 of Alameda County, 415 U.S. 423, 436 (1974); Cordoba Shipping Co. v. Maro Shipping, Ltd., 494 F. Supp. 183, 186 (D. Conn. 1980).  Rule 64 provides in pertinent part:

> At the commencement of and during the course of an action, all remedies providing for seizure of person or property for the purpose of securing satisfaction of the judgment ultimately to be entered in the action are available under the circumstances and in the manner provided by the law of the state in which the district court is held, existing at the time the remedy is sought....

Connecticut General Statutes § 52-278a, et seq., govern prejudgment remedies.  Section 52-278a "provides that a plaintiff suing for a money judgment may attach a defendant's real or personal property during litigation, if the plaintiff follows the statutory procedures designed to protect the defendant."  Cordoba Shipping, 494 F. Supp. at 186.  Connecticut General Statutes § 52-278c sets forth the required documents to be filed with the court and the requirements of service on the defendant of notice of intent to secure a prejudgment remedy.  Connecticut General Statutes § 52-278b provides that "no prejudgment remedy shall be available to a person in any action at law or in equity (1) unless he complied with the provisions of sections 52-278a to 52-278g inclusive...."

Plaintiff did not attach an affidavit to his application for prejudgment remedy as required by Connecticut General Statutes § 52-278c(a)(2).  See Lauf v. James, 33 Conn. App. 223, 227-29, 635 A.2d 300 (1993) (holding that affidavit must be submitted before court can grant prejudgment remedy).  In addition, plaintiff does not indicate that he has otherwise complied with the statutory requirements.  Because plaintiff has failed to comply with the state requirements, his motion is denied without prejudice.

III. Motions for Appointment of Counsel [docs. ##30, 33]

Plaintiff has filed two motions asking the court to appoint pro bono counsel.  For the reasons that follow, plaintiff's motions are denied.

The Second Circuit repeatedly has cautioned the district courts against the routine appointment of counsel.  See, e.g., Hendricks v. Coughlin, 114 F.3d 390, 393 (2d Cir. 1997); Cooper v. A. Sargenti Co., 877 F. 2d 170, 172 (2d Cir. 1989).  The Second Circuit has made clear that before an appointment is even considered, the indigent person must demonstrate that he is unable to obtain counsel.  Hodge v. Police Officers, 802 F.2d 58, 61 (2d Cir. 1986), cert. denied, 502 U.S. 996 (1991).  Plaintiff has provided letters from two law firms and one legal assistance organization declining representation.  In addition, he has provided evidence that Inmates' Legal Assistance Program will not assist him in this case and that he cannot access legal resources in his correctional facility.  Thus, plaintiff has made a showing

3

that he cannot obtain legal assistance on his own.

When deciding whether to appoint counsel, the district court also must "determine whether the indigent's position seems likely to be of substance." Id. In Cooper v. Sargenti, the Second Circuit cautioned the district courts against the "routine appointment of counsel" and reiterated the importance of requiring an indigent to "pass the test of likely merit." 877 F.2d at 173-74. The court explained that "even where the claim is not frivolous, counsel is often unwarranted where the indigent's chances of success are extremely slim." Id. at 171.

Plaintiff's second amended complaint has been forwarded to the U.S. Marshal for service. Defendants have not yet had an opportunity to respond to the allegations in the second amended complaint. At this stage of litigation, the court cannot determine whether plaintiff's allegations pass the test of likely merit. Accordingly, his motions for appointment of counsel are denied without prejudice to renewal at a later stage of litigation.

IV. Renewed Motion for Change of Venue [doc. #34]

Finally, plaintiff has renewed his request for change of venue. The court denied plaintiff's previous motion because he failed to identify another district in which his case could have been brought. He now states that he wishes to have this case transferred to the "Division of Hartford."

Plaintiff cites 28 U.S.C. § 1406(a) in support of his

4

request.  That section provides: "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  This section is inapplicable.

First, plaintiff did not file this action in the wrong division or district.  The entire state of Connecticut is contained in one district.  The District of Connecticut is not divided into divisions.  See 28 U.S.C. §86.  Plaintiff states that all defendants reside in Connecticut.  Thus, his case was properly filed in the District of Connecticut.  Because venue was proper, there is no legal basis for plaintiff's motion for change of venue.

Second, plaintiff offers as a reason for his request the fact that the undersigned denied his motion for recusal.  Plaintiff contends that the denial of his motion "is to be consider judocatory impartiality or abuse of discretion that will eventually affect plaintiff pro se interest of justice."  As the court previously stated, an unfavorable ruling almost never constitutes a valid basis for recusal.  See Liteky v. United States, 510 U.S. 540, 555 (1994).  The court denied the motion for recusal because plaintiff failed to identify any objectively reasonable evidence of bias.  He still has not done so.  Thus, to the extent that plaintiff is seeking reconsideration of his request for recusal by renewing his request for change of venue,

the request is denied.

V.    Conclusion

Plaintiff's motion for service of the second amended complaint [**doc. #35**] is **DENIED** as moot.  His motions for appointment of counsel [**docs. ##30, 33**] and motion for prejudgment remedy [**doc. #32**] are **DENIED** without prejudice. Plaintiff's renewed motion for change of venue [**doc. #34**] is **DENIED.**

**SO ORDERED** this 30th day of September, 2005, at New Haven, Connecticut.

                              /s/
                              Janet Bond Arterton
                              United States District Judge