UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2005 SEP 30 A 10:11
U.S. DISTRICT COURT
BRIDGEPORT, CONN

Luis Fernandez, pro-se  :  PRISONER
                        :
-V-                     :  3:01 CV 1807 (JBA)
                        :
Robert Paquette, et al  :  Sept. 23, 2005

**MOTION IN OPPOSITION AND OBJECTION OVER DEFENDANTS MOTION TO DISMISS**

The plaintiff pro-se in protection of his civil Rights and upholding his fundamental Right pursuant to Civil Right act 42 U.S.C. § 1983, 28 U.S.C. § 1915, Rules 6(b) and 4(m) Fed. R. Civ. P. Moves for order in opposition and objection over defendants' Motion to dismiss as without Merit and insufficient which must be denied.

As Grounds therefore:

1. The statute of limitations does not banned this suit because the amended Complaint May relate back to the filing of the original Complaint granted an opportunity to amend and reopen the case. The plaintiff pro-se in this case has bin Granted <u>in forma Pauperis</u>. On Oct. 26, 2001, the Court dismissed this action Sua sponte, pursuant 28 U.S.C. § 1915 (e)(2)(B)(ii), judgment entered on oct. 31, 2001. On

1 of 7

On Sept. 30, 2002, the plaintiff filed a Motion to Reopen Judgment, but the Court denied this Motion without prejudice and allowed the plaintiff pro-se to Refile his Motion [doc #6]. The Court further granted a Time Extension. The plaintiff pro-se relies on [doc #8] when the Matter was closed to fullfill the Court with his complying within the [doc #6] Renewed Motion and Amended Complaint. The plaintiff pro-se as set forth in the Amended Complaint submitted with his Renewed Motion to REOPEN, Corrected the Particular Problem directed by the Court's Honorable Janet Bond Arterton, citing Summers v. Salt Lake County, 713 F. Supp. 1415 (D. Utah 1989), so in determination the Court accepted granting and reopening this Case, Rule 60(b), F.R.C.P.

In plaintiff pro-se Case is Voluntarily withdrawn without permission of the Court, as it may before the Commencement of a hearing, the Court can not proceed further with it until some further steps are taken in the Matter. The plaintiff pro-se preliminary Motion should be one to have the Case restored to the docket and in fact, the Court Construed plaintiff's Motion as a Claim pursuant to Rule 60(b)(6) on Oct. 31, 2002. "Every action may be withdrawn prior to Verdict or final Judgment, whenever it can be done without injuriously affecting the Rights of the defendant acquired by reason of the action."

Also, before filing this action, on January 2, 2002, the plaintiff pro-se appeared in Danbury Superior Court

2 of 7

for the pending offenses 21a-279a And 21a-279a docket # D.B-110596-A deriving from an arrest on Oct. 27, 2000 which mentioned offenses were Nolled, which clearly falls within the limitations period for filing a section 1983 action, citing Lounsbury v. Jeffries, 25 F.3d 131, 134 (2d. Cir. 1994), plus, the court had also considered such factors as undue delay, bad faith, dilatory motive, undue prejudice and futility of the amendment before granting Plaintiff's pro-se Motion For leave to file a second Amended Complaint [doc# 26] filed on Feb. 28, 2005. Even, when the Courts has granted leave to proceed in forma Pauperis, in this action Pro-se Complaints can be liberally Construes, citing Haines v. Kerner, 404 U.S. 519, 520 (1972), and Complaint May not be dismissed sua sponte for frivolousness under 1915 (e)(2)(B)(i), citing Livingston, 141 F.3d at 437 (quoting Benitez, 907 F.2d at 1295).

2. Plaintiff pro-se federal claims against Danbury and Stanford defendants are not completely bar by the statute of limitations. In plaintiff pro-se case a Ruling of Nolled by the Danbury Superior Court was entered on January 2, 2002, deriving from an arrest on Oct. 27, 2000 which in virtually all statutes of limitations the chronological length of the limitation period is interrelated with provisions regarding tolling, Revival, and questions of applications, citing, Johnson, Supra, 421 U.S., at 464, 95 S.Ct., at 1722, and

3 of 7

the Court has already applied in this case. The Central objective of the "Reconstruction-Era civil rights statutes..... is to ensure that individuals whose federal constitutional or statutory rights are abridged may recover damages or secure injunctive relief, citing Burnett v. Grattan, 468 U.S. 42, 55, 104 S.Ct. 2924, 2932, 82 L.Ed.2d 36 (1984). Thus, § 1983 provides 'a uniquely federal remedy against incursions... upon rights secured by the Constitution and laws of the Nation', citing, Mitchum v. Foster, 407 U.S. 225, 239, 92 S.Ct. 2151, 2160, 32 L.Ed.2d 705 (1972), and is to be accorded 'a sweep as broad as its language.' United States v. Price, 383 U.S. 787, 801, 86 S.Ct. 1152, 1160, 16 L.Ed.2d 267 (1966)." Felder v. Casey, 487 U.S. 131, 139, 108 S.Ct. 2302, 2307, 101 L.Ed.2d 123 (1988).

3. The statute of limitations period does not completely bar the plaintiff's pro-se state law claims against the Danbury defendants nor Stamford defendants. The Federal "interest in uniformity, certainty, and the minimization of unnecessary litigation "in holding that a State's statute of limitations for personal injury actions should be borrowed in all § 1983 cases and plaintiff pro-se interest in this case are more pertinent to determining which state laws are appropriate than whether application of those laws fosters the policies of § 1983. See also paragraphs 1 and 2 of other grounds thereof. Furthermore, service was made accordingly and in comply to Court order [doc #23]

4 of 7

The plaintiff pro-se has been granted the request to proceed without prepayments of fees or costs under 28 U.S.C. § 1915. The plaintiff good cause includes the Misinformation from the clerk's office of the proper procedures after the Motions for Appointment of Counsel, and special Prosecutor filed on July 1, 2005 and a letter to the Judge inquiring about the status of service which has also delayed to notify of the Motions for Appointment Counsel order, citing Poulakis v. Amtrak, 139 F.R.D. 107, 108-109 (N.D. Ill. 1991) and Patterson v. Brandy, 131 F.R.D. 679, 684 and N. 7 (S.D. Ind 1990). The plaintiff pro-se is unable to afford Counsel, see Motion for Appointment of Counsel in support filed with this Court on July 1, 2005. Also, the Clerk's office on July 12, 2005 forwarded to the U.S. Marshal the service papers which is Good Cause for a delayed of effecting service.

4. The Amended Complaint can not be barred by res judicata and should not be dismissed as to the Danbury and Stamford defendants because Plaintiff pro-se claims in this Case are fruits from the Case DK.# D.B-110596-A. Nolled on January, 2002 deriving from a questioned Arrest that took place on Oct. 27, 2000 which does not includes any other lawsuits against the defendants.

5. The plaintiff pro-se did in fact served within the time specified by the Court. The Court Clerk's actually

5 of 7

forwarded on July 12, 2005 service papers to the U.S. Marshal which provides good cause for service process as not to dismiss the amended complaint, see attached and marked herein as Exhibit "1" letter response by Donna D Thomas, staff attorney August 3, 2005.

6. The plaintiff pro-se federal claims are not barred by Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed. 2d 383 (1994). In the contrary, plaintiff pro-se federal claims consist of a case D.K # D.B # 110596-A nolo or nolled entered on January 2, 2002, where Constitutional Rights Mandate even if a criminal defendant who is convicted of violating a law may appeal his conviction by challenging Constitutionally of the law its face, and thus is true even if defendant pleaded guilty to violating the law, citing U.S. V. Franclsen, 212 F.3d 1231 (11th cir 2000). This case in particular consist of illegal search and seizures, trasspassing, and others' which do not amount to claims against the Danbury Court and its proceeds, so indirectly and with any doubt do not banned by Heck v. Humphrey (1994).

Wherefore, for all of these reasons set forth above, the plaintiff pro-se moves for order in opposition and objection over defendants Motion to dismiss as without Merit and insufficent that must be denied.

6 of 7

Oral Argument Requested.

RESPECTFULLY SUBMITTED,

Luis Fernandez
# 279900
1153 East st. south,
Suffield, CT 06080

### CERTIFICATION

I hereby certify that a copy of the foregoing was mailed to the following defendants Attorney on this 23 day of Sept. 2005.

ATT. J. J. Radshaw III,
65 Wethersfield ave.,
Hartford, CT 06114

ATT. James V. Minor
888 Washington Blvd.,
Stamford, CT 06904-2152

Luis Fernandez
Pro-se



# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT
OFFICE OF THE CLERK
915 LAFAYETTE BOULEVARD
BRIDGEPORT, CONNECTICUT  06604
(203) 579-5861

KEVIN R. ROWE
CLERK

August 3, 2005

Luis Fernandez #279900
MacDougall Correctional Institution
1153 East Street South
PO Box 6490
Suffield, CT  06080

Re:   Fernandez v. Alexander, et al., 3:01cv1807 (JBA)

Dear Mr. Fernandez,

I am writing in response to your July 21, 3005 letter to the Honorable Janet Bond Arterton, United States District Judge. In your letter you inquire about the status of service of the amended complaint and several motions.

Please be advised that on July 12, 2005, service papers were forwarded to the U.S. Marshal. The service process takes time. Also, the judge is reviewing your motions. You will receive a copy of her decision when she rules on the motions.

Sincerely,

Donna P. Thomas
Staff Attorney