UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LUIS FERNANDEZ | : | PRISONER |
| | : | NO.: 3:01 CV 1807 (JBA) |
| v. | : | |
| | : | |
| ALEXANDER, ET AL | : | OCTOBER 7, 2005 |

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR REAL ESTATE ATTACHMENT**

Pursuant to D.Conn.L.R. 7, the defendants, DETECTIVE R. HALLAS, DETECTIVE NOLAN, DETECTIVE RAMOS, DETECTIVE MARK TROHALIS, DETECTIVE JOHN MERULLO, DETECTIVE SGT. FISHER, OFFICER ROBERT WILLIAMS CHIEF ROBERT PAQUETTE, submit the following memorandum of law in opposition to the plaintiff's Motion for Real Estate Attachment dated September 23, 2005.

**I.   BACKGROUND**

By way of motion dated September 23, 2005, the plaintiff, Luis Fernandez, seeks approval for the attachment of the real estate owned by the individual defendants. *See* Doc. No. 62.  Despite limiting the motion in the caption to real estate, Fernandez seeks a prejudgment remedy in the amount of $10 million dollars and orders as follows: (1) to garnish the defendants' wages, (2) to seize jewelry, (3) to seize paychecks and bank accounts, and (4) to seize houses, automobiles and like property. Plaintiff claims that Fed.R.Civ.P. 64 and Conn.

Gen. Stat. §52-278 provide him with the authority to seek such prejudgment remedies.

This is not the first time that Fernandez has sought a prejudgment remedy. Early in the case, Fernandez sought a prejudgment remedy. *See* Doc. No. 32. Because Fernandez failed to comply with the state law provisions concerning prejudgment remedies, the Court denied that motion in its ruling and order dated September 30, 2005. *See* Doc. No. 59.

The defendants submit that the plaintiff's Motion for Real Estate Attachment should be denied as the plaintiff's Motion for Real Estate Attachment does not comply with Conn. Gen. Stat. 52-278a *et seq.* and probable cause does not exist that the plaintiff will obtain a judgment in the amount he seeks.

II.     **LAW AND ARGUMENT.**

    A.     **STANDARD OF REVIEW.**

Fed.R.Civ.P. 64 permits a plaintiff to utilize the state prejudgment remedies available to secure a judgment that might ultimately be rendered in an action. *See Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Local No. 70 of Alameda County*, 415 U.S. 423, 436 (1974); *Cordoba Shipping Co. v. Maro Shipping, Ltd.*, 494 F. Supp. 183, 186 (D. Conn. 1980).

A prejudgment remedy is available upon a finding by the court that "there is probable cause that a judgment in the amount of the prejudgment remedy sought, or in an amount greater than the amount of the prejudgment remedy sought, taking into account any defenses, counterclaims or set-offs, will be

rendered in the matter in favor of the plaintiff ...." Conn. Gen. Stat. §52-278d(a)(1). *See Margolin v. Kleban and Samor, P.C.*, ___ Conn. ___, 2005 WL 2429407, *1 (Conn.) (Conn.,2005) (**Exhibit A**).

      **B.**    **PLAINTIFF'S FAILURE TO COMPLY WITH THE REQUIREMENTS OF CONN. GEN. STAT. §52-278B REQUIRES THE COURT TO DENY HIS MOTION FOR REAL ESTATE ATTACHMENT.**

Fed.R.Civ.P. 64 permits a plaintiff to utilize the state prejudgment remedies available to secure a judgment that might ultimately be rendered in an action. *See Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Local No. 70 of Alameda County*, 415 U.S. 423, 436 (1974); *Cordoba Shipping Co. v. Maro Shipping, Ltd.*, 494 F. Supp. 183, 186 (D. Conn. 1980). Conn. Gen. Stat. §52-278a, et seq., govern prejudgment remedies. Section 52-278a "provides that a plaintiff suing for a money judgment may attach a defendant's real or personal property during litigation, if the plaintiff follows the statutory procedures designed to protect the defendant." *Cordoba Shipping*, 494 F. Supp. at 186. Conn. Gen. Stat. § 52-278c sets forth the required documents to be filed with the court and the requirements of service on the defendant of notice of intent to secure a prejudgment remedy. Conn. Gen. Stat. §52-278b provides that "no prejudgment remedy shall be available to a person in any action at law or in equity (1) unless he complied with the provisions of sections 52-278a to 52-278g inclusive." *See also Margolin v. Kleban and Samor, P.C.*, ___ Conn. ___, 2005 WL 2429407, *1 (Conn.) (Conn.,2005) (**Exhibit A**).

Plaintiff did not attach an affidavit to his application for prejudgment remedy as required by Conn. Gen. Stat. §52-278c(a)(2). *See Lauf v. James*, 33 Conn. App. 223,

227-29, 635 A.2d 300 (1993) (holding that affidavit must be submitted before court can grant prejudgment remedy). Similarly, Fernandez did not provide any of the documents as required by statute, including the mandatory notice provisions. *See* Conn. Gen. Stat. §§52-278c(a)(3)-(4), 52-278c(b), 52-278c(e). This is not the first time that he has run afoul of the explicit statutory requirements. *See* Doc. No. 59, Ruling and Order dated September 30, 2005.

Because plaintiff has failed to comply with the statutory requirements for obtaining a prejudgment remedy pursuant to Conn. Gen. Stat. §52-278 *et seq.*, the plaintiff's Motion for Real Estate Attachment should be denied.

**C.    PLAINTIFF LACKS PROBABLE CAUSE TO PROSECUTE THE UNDERLYING ACTION; THEREFORE, HE IS NOT ENTITLED TO A PREJUDGMENT REMEDY.**

A prejudgment remedy is available only upon a finding by the court that "there is probable cause that a judgment in the amount of the prejudgment remedy sought, or in an amount greater than the amount of the prejudgment remedy sought, taking into account any defenses, counterclaims or set-offs, will be rendered in the matter in favor of the plaintiff ...." Conn. Gen. Stat. §52-278d(a)(1). *See Margolin v. Kleban and Samor, P.C.*, ___ Conn. ___, 2005 WL 2429407, *1 (Conn.) (Conn.,2005) (**Exhibit A**). "[T]he trial court, vested with broad discretion, need determine only the likely success of the plaintiff's claim by weighing probabilities ... Civil probable cause constitutes a bona fide belief in the existence of the facts essential under the law for the action and such as would warrant a person of ordinary caution, prudence and judgment, under the circumstances, in advancing the action." (Citations omitted; internal quotation marks

4

omitted.) *Tyler v. Schnabel*, 34 Conn.App. 216, 219-20, 641 A.2d 388 (1994); *see also* Conn. Gen. Stat. §52- 278d(a)(1).

The defendants have filed a motion to dismiss which calls into question the presence of probable cause for the plaintiff to prosecute the underlying action. *See* Doc. No. 51. In that motion and accompanying memorandum of law, the defendants argue the plaintiff's claims are barred by the statute of limitations. An early evaluation of the defense of the statute of limitations is appropriate and should be considered when a plaintiff seeks a prejudgment remedy. Indeed, such can form the basis for denial of a prejudgment remedy. *See Birarelli v. Wright*, 2002 WL 1492179 (Conn.Super.) (**Exhibit B**). In this case, the plaintiff's entire case against the Danbury defendants is barred by the statute of limitations and no relation back is possible. *See* Doc. No. 51, Def. Motion to Dismiss dated September 15, 2005.

Further, the defendants argue that the plaintiff's claims are barred by the law of the case and *res judiciata*. Moreover, the defendants argue the plaintiff's claims are barred by *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), which implicates the court's subject matter jurisdiction. *See* Doc. No. 51, Def. Motion to Dismiss dated September 15, 2005. Weighing the equities and taking into consideration the defenses interposed by the defendants as set forth in their pending motion to dismiss, the court should deny the plaintiff's motion, finding that probable cause does not exist that a judgment will enter in his favor.

Because plaintiff's application lacks probable cause, the plaintiff's Motion for Real Estate Attachment should be denied.

### III.    CONCLUSION.

For the reasons set forth above, the defendants pray that the plaintiff's Motion for Real Estate Attachment is denied.

> RESPECTFULLY SUBMITTED,
>
> THE DEFENDANTS,
> DETECTIVE R. HALLAS, DETECTIVE NOLAN, DETECTIVE RAMOS, DETECTIVE MARK TROHALIS, DETECTIVE JOHN MERULLO, DETECTIVE SGT. FISHER, OFFICER ROBERT WILLIAMS CHIEF ROBERT PAQUETTE,
>
> /s/ John J. Radshaw, III
> John J. Radshaw, III, ct19882
> HOWD & LUDORF, LLC
> 65 Wethersfield Avenue
> Hartford, CT  06114
> (860) 249-1361
> (860) 249-7665 (Fax)

### CERTIFICATION

This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via U.S. Mail to the following pro se party this 7th day of October 2005.

| | |
|---|---|
| Mr. Luis Fernandez<br>Inmate Number 279900<br>MacDougall-Walker<br> Correctional Institution<br>1153 East Street, South<br>Suffield, CT 06080 | James V. Minor, Esquire<br>City of Stamford<br>Office of Legal Affairs<br>888 Washington Boulevard<br>Stamford, CT  06904-2152 |

> /s/ John J. Radshaw, III
> John J. Radshaw, III