UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2005 OCT 26  P 3:11
U.S. DISTRICT COURT
BRIDGEPORT CONN

Luis Fernandez, pro-se          :     PRISONER
                                :     Case: 3:01CV1807(JBA)
V.                              :
                                :     Oct. 16, 2005
Robert Paquett, et al,          :

<u>AFFIDAVIT OF LUIS FERNANDEZ IN SUPPORT OF
REVISE MOTION FOR PREJUDGMENT REMEDY</u>

I, Luis Fernandez, being duly sworn and deposed on oath hereby do attest tot he truthfulness of the following:

1. My Name is Luis Fernandez. I currently reside at the Macdougall C.I., Suffield, CT. I am representing myself as the plaintiff pro-se in this case.

2. On Oct. 27, 2000, I was arrested based on unreasonable information and not enough facts to even believe by a prudent person that an offense has or is being committed by the going in and out of A STORAGE facility. I was arrested without any drugs or paraphinalia. I have no idea of how did defendants got inside the STORAGE facility nor how did defendants opend the STORAGE facility and I know nothing of the presence of Narcotics which was

1 of 10

centered around the entering into the self storage facility.

3. The defendants did not observed any suspected object nor packaging going in or out of the STORAGE facility to reasonably draw inference of Criminal Activity.

4. The defendants prepared an affidavit devoiding of any basis from which Magistrate could infer that evidence of drug activity would be found in the STORAGE facility. I did not possessed drugs or items linking to drugs when unreasonably Arrested on OCT. 27, 2000.

5. The Affidavits' defendants provided gave no information as to proximity of Alleged Narcotics sales to the STORAGE facility. I was arrested unreasonably on OCT. 27, 2000 and no evidence Money to Alleged Narcotic Sales was found either on Me nor At the Self STORAGE facility.

6. The defendants Affidavit Contains NO statement to the effect that either of the Affiants or An informant was ever in the Unit SS-234 of the BRT SELF STORAGE facility. Nor does it set forth facts observed or perceived by any of these defendants from which the presence of Narcotics in the Unit SS-234 of the BRT SELF STORAGE facility reasonably could have been inferred for a search on OCT. 27, 2000.

2 of 10

7. On Oct. 27, 2000, I was brutaly unreasonable arrested by the defendants whom took upon themself forced their entrance into the surrounded iron fence and gate with personal code to the BRT SELF STORAGE facility, unlocked the lock to Unit SS-234 and opened several cardboard boxes that were not described in the Affidavit and Application search and seizure warrant. Defendants did not provided reports nor Information as to the finding inside the cardboard boxes of any kind.

8. I was brutaly unreasonably arrested at Bradlees parking lot not in NewTown Rd.

9. The BRT SELF STORAGE facility owners nor Co-owner / Representitive was not aware of any alleged warrant nor defendants entrance into Unit SS-234 BRT SELF STORAGE facility. On Oct. 27, 2000.

10. The brutal unreasonable arrest on Oct. 27, 2000 was unsuported and without actual information for probabilities of criminal activity which relied on inaccurate information of vehicle, had no indication of reliabel indentification of vehicle nor occupant and no corroborating evidence to present the issuing Judge for determing Probable Cause.

11. The hypnotechnical reading of the warrant violated both

State and federal Const. (laws).

12. The defendant J. Merullo exceeded escope of the affidavit and application search and seizure Warrant, when he unreasonably seized Luis Fernandez legal Passaport, papers of 1/7/00 Annes documents, inside a Cardbroad box and one (1) gold Master Key located inside a blue polo sport case because NO Cardbroad box was authorized to be searched and seized, and the items found inside the Cardbroad box are not in plain view nor did defendant J. Merullo described the item's found on the Cardbroad box to be in plain view.

13. Defendants did not, followed procedures of Inventory for property seized and searched from the BRT SELF STORAGE UNIT SS-234.

14. Defendants Williams and Merullo exceeded scope of Affidavit and application search and seizure warrant, when on 10/27/00 removed from the plaintiff person (Me). My wallet and $400.00 dollars inside of the wallet which seizure was not authorized nor described the seizure of my wallet, I.Ds', or $400.00 or its contents.

15. On Oct. 27, 2000, I was pulled by defendant R. Williams out of the vehicle window driver side door of a Red Chevy to the pavement floor of Bradlees Parking lot.

4 of 10

16. I did not Attempted to flee nor escape and I was never charged with an attempte to flee or escape. on Oct. 27, 2000.

17. I did not refused any ordered of out of the Vehicle, nor was I charged with refusing an order of any Kind on Oct. 27, 2000.

18. On Oct. 27, 2000 the defendants made an inventory search of my pant's pockets and placed $200.00 U.S. Currency on the driver seat of the Vehicle A Red Chevy CT. in order to alleged motive for search. There is no actual photograph of the $200.00 U.S. Currency on the driver seat of the Vehicle Red Chevy CT 709 NGN.

19. There is also no actual inventory search or Catalogue of the items found in A truck or in Any of the Compartments of the Red Chevy CT Reg. 709 NGN Vehicle on Oct. 27, 2000.

20. The defendants presented to the issuing Judge not identifoable Cassette Recording in the Affidavit and Application search and seizure Warrant while also unlawfully tampered with private Communications, when Knowing of or should have known that no authorization for a wiretap was made nor there was an authorized use for a Stanford Police Dept. Cellular phone for Wiretap.

21. I was at all times in police headquarters when defendants tresspassed into the BRT self storage facility unlocked the lock to Unit SS-234 on Oct. 27, 2000 and after with the key removed from the Vehicle Red Chevy glove compartment went into 46 Chestnut St Ext. Apt. Danbury, CT 06810.

22. There is NO knock and Announcement Made before entering 46 Chestnut St. Ext. Apt. Danbury, CT 06810 on Oct. 27, 2000, by ANY of the defendants.

23. The defendant T. Bancello was not present during Oct. 27, 2000 Arrest nor witnessed the Arrest of my person.

24. I was allowed to sleep and keep my belongings in a Blue Rubber Maid toped-Container next to a futone Couch or sofabed in the living room at 46 Chestnut St., 2nd Floor, Apt #3, Danbury, CT 06810.

25. The 46 Chestnut St., 2nd Floor Apt.#3, Danbury, CT 06810 is leased by Mario Andino and Raquel Fernandez.

26. My belongings in the Blue Rubber Maid toped-Container next to a futone Couch or sofabed in the living room at 46 Chestnut St, 2nd Floor, Apt #3, Danbury, CT 06810 are not described in A Warrant issued nor applied by the defendants.

27. Defendants on Oct. 27, 2000 unlatched a closed door unannounced intrusion, failed to announce identity and did not do so upon entering 46 Chestnut St., 2nd Floor, Apt. #3, Danbury, CT 06810.

28. Defendants did not provided a reasonable suspicion that knocking and unannouncing would be dangerous, futile or destructive to the purpose of the investigation in the Incident Reports nor Affidavit and Application search and seizure's warrant for entering 46 Chestnut St., Apt. #3, 2nd Floor, Danbury, CT 06810, on Oct. 27, 2000.

29. Defendants did not presented exigent circumstances to satisfy "evidence" would be destroyed under the knock and announcement statute for an entrance on Oct. 27, 2000.

30. Defendant John Mewllo never had independent corroboration of an informant or neighbor to fit any allegation of illegal activities at 46 Chestnut St Ext., Danbury, CT.

31. I was not provided with a copy of the search warrant for the apartment second floor 46 Chestnut St., Ext., Danbury, CT at the police headquaters, but rather left by the defendants a copy of the warrant with lessee and occupant Mario Avelino on Oct. 27, 2000 at the apartment.

7 of 10

32. There is no evidence of a narcotic being brought into the lessee and Occupants Mario Andino and Raquel Fernandez Apartment 2nd Floor, 46 Chestnut St, Ext. Danbury, CT.

33. There is no information as to proximity of any narcotic sale to the Apartment Residence of lessee and Occupants Mario Andino and Raquel Fernandez Apartment 2nd Floor, 46 Chestnut St, Ext. Apt #3, Danbury, CT.

34. My arrest on Oct. 27, 2000 was without Probable Cause. I lost an approx $3,000.00 dollars of a Car that I had sold to Raquel Fernandez on Oct. 26, 2000, for $5,000.00 dollars. I was never returned my Credit Card/Checking Master Card, $600.00 dollars taken from my person, check books, Pants (4), Shorts, T-shirts, (2) pairs of shoes, 2 pairs of Timberland boots value approx. $160.00 for both, a battery charger for Car's and other personal properties. I do not know if I own the bank any money or what happend to my checking account or if my Credit Card and check books have been used without my consent, As a result of the arrest without Probable Cause on Oct. 27, 2000 (others).

35. The Defendants know they have broken the law which with testimony of their own, will proof these actual facts and already transcripts from prior testimony.

36. There is also evidence in the Incident Reports and Affidavit and Application search and seizure warrant that has bin presented in support of the Verified Amended Complaint.

37. The Danbury Police Dept. Reports and Stanford Police Dept. Reports pretaining to my Arrest on Oct. 27, 2000 are all evidence submitted.

38. There will be more evidence and witness(es) in my behalf.

39. The Defendants as far as I know, have no insurance and their homes are the only asset they own.

Signed to the best of Knowledge under oath this 16 day of Oct. 2005

Luis Fernandez
Plaintiff / Pro-se

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed to the following on this 16 day of Oct. 2005.

9 of 10

James V. Minor, Esquire
888 Washington Boulevard,
Stamford, CT 06904-2152

J.J. Radshaw III
65 Wethersfield ave.,
Hartford, CT 06114

Luis Fernandez
Plaintiff pro se

10 of 10