# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LUIS FERNANDEZ | : | PRISONER |
| | : | NO.:  3:01 CV 1807 (JBA) |
| v. | : | |
| | : | |
| ALEXANDER, ET AL | : | NOVEMBER 3, 2005 |

### DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S REVISE [SIC] MOTION FOR PREJUDGMENT REMEDY

Pursuant to D.Conn.L.R. 7, the defendants, DETECTIVE R. HALLAS, DETECTIVE NOLAN, DETECTIVE RAMOS, DETECTIVE MARK TROHALIS, DETECTIVE JOHN MERULLO, DETECTIVE SGT. FISHER, OFFICER ROBERT WILLIAMS CHIEF ROBERT PAQUETTE, submit the following memorandum of law in opposition to the plaintiff's Revise [sic] Motion for Prejudgment Remedy dated October 16, 2005.

## I.    BACKGROUND

By way of motion dated October 16, 2005, the plaintiff, Luis Fernandez, seeks approval for the attachment of the real estate owned by the individual defendants. *See* Doc. No. 67.  Fernandez seeks a prejudgment remedy in the amount of $10 million dollars and orders as follows: (1) to garnish the defendants' wages, (2) to seize jewelry, (3) to seize paychecks and bank accounts, and (4) to seize houses, automobiles and like property. Plaintiff claims that Fed.R.Civ.P. 64 and Conn. Gen. Stat. §52-278 provide him with the authority to seek such prejudgment remedies. Plaintiff cites Conn. Gen. Stat. §52-278a(d) and 52-278c(a)(2) in support of his efforts.

This is not the first time that Fernandez has sought a prejudgment remedy. Early in the case, Fernandez sought a prejudgment remedy. *See* Doc. No. 32.  Because Fernandez failed to comply with the state law provisions concerning prejudgment remedies, the Court denied that motion in its ruling and order dated September 30, 2005. *See* Doc. No. 59. Fernandez filed another motion for real estate attachment. *See* Doc. No. 62. Naturally, the defendants opposed this motion on substantive grounds and also observed that the motion was undoubtedly posed to vex, harass, and annoy the defendants. *See* Doc. No. 64.

Plaintiff has renewed his efforts, filing a new motion for prejudgment remedy and has filed an "Affidavit of Luis Fernandez in Support of Revise [sic] Motion for Prejudgment Remedy" dated October 16, 2005. *See* Doc. No. 67.

The defendants submit that the plaintiff's Motion for Prejudgment Remedy should be denied as the plaintiff's Revised Motion does not comply with Conn. Gen. Stat. 52-278a *et seq.,* the affidavit is not sworn, under oath, before a proper officer in a manner cognizable by law, and probable cause does not exist that the plaintiff will obtain a judgment in the amount he seeks.

## II.    LAW AND ARGUMENT.

### A.    STANDARD OF REVIEW.

Fed.R.Civ.P. 64 permits a plaintiff to utilize the state prejudgment remedies available to secure a judgment that might ultimately be rendered in an action. *See Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Local No.*

*70 of Alameda County*, 415 U.S. 423, 436 (1974); *Cordoba Shipping Co. v. Maro Shipping, Ltd.*, 494 F. Supp. 183, 186 (D. Conn. 1980).

A prejudgment remedy is available upon a finding by the court that "there is probable cause that a judgment in the amount of the prejudgment remedy sought, or in an amount greater than the amount of the prejudgment remedy sought, taking into account any defenses, counterclaims or set-offs, will be rendered in the matter in favor of the plaintiff ...." Conn. Gen. Stat. §52-278d(a)(1). *See Margolin v. Kleban and Samor, P.C.*, 275 Conn. 765 (2005).

**B.    PLAINTIFF'S FAILURE TO COMPLY WITH THE REQUIREMENTS OF CONN. GEN. STAT. §52-278B REQUIRES THE COURT TO DENY HIS MOTION FOR REAL ESTATE ATTACHMENT.**

Fed.R.Civ.P. 64 permits a plaintiff to utilize the state prejudgment remedies available to secure a judgment that might ultimately be rendered in an action. *See Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Local No. 70 of Alameda County*, 415 U.S. 423, 436 (1974); *Cordoba Shipping Co. v. Maro Shipping, Ltd.*, 494 F. Supp. 183, 186 (D. Conn. 1980). Conn. Gen. Stat. §52-278a, et seq., govern prejudgment remedies. Section 52-278a "provides that a plaintiff suing for a money judgment may attach a defendant's real or personal property during litigation, if the plaintiff follows the statutory procedures designed to protect the defendant." *Cordoba Shipping*, 494 F. Supp. at 186. Conn. Gen. Stat. § 52-278c sets forth the required documents to be filed with the court and the requirements of service on the defendant of notice of intent to secure a prejudgment remedy. Conn. Gen. Stat. §52-278b provides that "no prejudgment remedy shall be available to a person in any action

at law or in equity (1) unless he complied with the provisions of sections 52-278a to 52-278g inclusive." *See also Margolin v. Kleban and Samor, P.C.*, 275 Conn. 765 (2005).

Now alerted to the deficiencies in his prior motions, plaintiff has attached a document he claims to be an affidavit in support of his application for prejudgment remedy as required by Conn. Gen. Stat. §52-278c(a)(2). *See Lauf v. James*, 33 Conn. App. 223, 227-29, 635 A.2d 300 (1993) (holding that affidavit must be submitted before court can grant prejudgment remedy).

Nowhere in the plaintiff's so-called affidavit is there an oath by the purported affiant or an attestation that the statements contained therein were made under oath before a person authorized by law to administer an oath. The term "affidavit" is commonly defined as "any voluntary *ex parte* statement reduced to writing, and sworn to or affirmed before some person legally authorized to administer an oath or affirmation." *State v. Colon*, 230 Conn. 24, 32 (1998); *Fogarty v. Rashaw*, 193 Conn. 442, 444 (1984). "An affidavit is a sworn declaration of facts." *Nizzardo v. State Traffic Commission*, 259 Conn. 131, 164, 788 A .2d 1158 (2002), *citing* BLACK'S LAW DICTIONARY (7th Ed.1999). An affidavit "takes the place of sworn testimony before the court." *Willametz v. Susi Contracting Co.,* 9 Conn.App. 1, 7, 514 A.2d 383, *cert. denied,* 201 Conn. 814, 517 A.2d 631 (1986).   An affidavit must "contain [an] oath by the [affiant] or [an] attestation that the statements contained therein were made under oath before some person authorized by law to administer an oath." *Id.* The purpose of a jurat is to "hold accountable to charges of perjury those who falsely swear." *In re L.M.*, 205 Ill.App.3d 497, 150 Ill.Dec. 872, 563 N.E.2d 999, 1001 (Ill.App. 4 Dist.1990). The

plaintiff's affidavit lacks an appropriate oath or affirmation that might establish that the evidence alleged therein is sworn under oath before a proper officer. This omission renders the affidavit insufficient and plaintiff's motion for prejudgment remedy defective. The motion should be denied.

Even if the affidavit were valid, Fernandez did not provide any of the documents as required by statute, including the mandatory notice provisions.  *See* Conn. Gen. Stat. §§52-278c(a)(3)-(4), 52-278c(b), 52-278c(e). This is not the first time that he has run afoul of the explicit statutory requirements. *See* Doc. No. 59, Ruling and Order dated September 30, 2005.

Because plaintiff has failed to comply with the statutory requirements for obtaining a prejudgment remedy pursuant to Conn. Gen. Stat. §52-278 *et seq.*, and the affidavit lacks an oath before a proper officer, the plaintiff's Revised Motion for Prejudgment Remedy dated October 16, 2005 should be denied.

### C.    PLAINTIFF LACKS PROBABLE CAUSE TO PROSECUTE THE UNDERLYING ACTION; THEREFORE, HE IS NOT ENTITLED TO A PREJUDGMENT REMEDY.

A prejudgment remedy is available only upon a finding by the court that "there is probable cause that a judgment in the amount of the prejudgment remedy sought, or in an amount greater than the amount of the prejudgment remedy sought, taking into account any defenses, counterclaims or set-offs, will be rendered in the matter in favor of the plaintiff ...." Conn. Gen. Stat. §52-278d(a)(1). *See Margolin v. Kleban and Samor, P.C.*, 275 Conn. 765 (2005). "[T]he trial court, vested with broad discretion, need determine only the likely success of the plaintiff's claim by weighing probabilities ... Civil

probable cause constitutes a bona fide belief in the existence of the facts essential

under the law for the action and such as would warrant a person of ordinary caution,

prudence and judgment, under the circumstances, in advancing the action." (Citations

omitted; internal quotation marks omitted.) *Tyler v. Schnabel*, 34 Conn.App. 216, 219-

20, 641 A.2d 388 (1994); *see also* Conn. Gen. Stat. §52- 278d(a)(1).

The defendants have filed a motion to dismiss which calls into question the

presence of probable cause for the plaintiff to prosecute the underlying action. *See* Doc.

No. 51. In that motion and accompanying memorandum of law, the defendants argue

the plaintiff's claims are barred by the statute of limitations. An early evaluation of the

defense of the statute of limitations is appropriate and should be considered when a

plaintiff seeks a prejudgment remedy. Indeed, such can form the basis for denial of a

prejudgment remedy. *See Birarelli v. Wright*, 2002 WL 1492179 (Conn.Super.) (**Exhibit

A**). In this case, the plaintiff's entire case against the Danbury defendants is barred by

the statute of limitations and no relation back is possible. *See* Doc. No. 51, Def. Motion

to Dismiss dated September 15, 2005.

Further, the defendants argue that the plaintiff's claims are barred by the law of

the case and *res judiciata*. Moreover, the defendants argue the plaintiff's claims are

barred by *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994),

which implicates the court's subject matter jurisdiction. *See* Doc. No. 51, Def. Motion to

Dismiss dated September 15, 2005. Weighing the equities and taking into consideration

the defenses interposed by the defendants as set forth in their pending motion to

dismiss, the court should deny the plaintiff's motion, finding that probable cause does not exist that a judgment will enter in his favor.

Because plaintiff's complaint lacks probable cause, the plaintiff's Revised Motion for Prejudgment Remedy should be denied.

## III.    <u>CONCLUSION.</u>

For the reasons set forth above, the defendants pray that the plaintiff's Revised Motion for Prejudgment is denied.

RESPECTFULLY SUBMITTED,

THE DEFENDANTS,
DETECTIVE R. HALLAS, DETECTIVE
NOLAN, DETECTIVE RAMOS, DETECTIVE
MARK TROHALIS, DETECTIVE JOHN
MERULLO, DETECTIVE SGT. FISHER,
OFFICER ROBERT WILLIAMS CHIEF
ROBERT PAQUETTE,

<u>/s/ John J. Radshaw, III</u>
John J. Radshaw, III, ct19882
HOWD & LUDORF, LLC
65 Wethersfield Avenue
Hartford, CT  06114
(860) 249-1361
(860) 249-7665 (Fax)

## <u>CERTIFICATION</u>

This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via U.S. Mail to the following pro se party this 3rd day of November 2005.

Mr. Luis Fernandez                    James V. Minor, Esquire
Inmate Number 279900                  City of Stamford
MacDougall-Walker                     Office of Legal Affairs
 Correctional Institution             888 Washington Boulevard
1153 East Street, South               Stamford, CT  06904-2152
Suffield, CT 06080


<u>/s/ John J. Radshaw, III</u>
John J. Radshaw, III