```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

LUIS FERNANDEZ                    :
                                  :           PRISONER
     v.                           :   Case No. 3:01CV1807 (JBA)
                                  :
JADE ALEXANDER, et al.¹           :
```

**RULING AND ORDER**

Plaintiff Luis Fernandez ("Fernandez") brings this civil rights action <u>pro se</u>, pursuant to 28 U.S.C. § 1915. He alleges federal claims of arrest without probable cause, use of excessive force in effecting his arrest, unreasonable search and seizure and conspiracy as well as various state law claims. Defendants Halas, Nolan, Ramos, Trohalis, Merullo, Fisher, Williams and Paquette, all members of the Danbury Police Department ("the Danbury defendants"), have filed a motion to dismiss. Defendants Barcello, Stewart and Esserman, all members of the Stamford Police Department ("the Stamford defendants") also have filed a motion to dismiss. For the reasons that follow, the motions to dismiss are granted. In addition, the court concludes that Fernandez fails to state claims for relief against defendants

---

¹The named defendants are Jade Alexander, BRT Self Storage Facility, Robert Paquette, Robert Williams, Detective Sergeant Fisher, J. Merullo, Mark Trohalis, Luis Ramos, Nolan, T. Barcello, Mark Scocoza, Dean M. Esserman, R. Halas, D. Stewart, Laurie Leblanc and Patric Carroll.
   The original complaint named only defendants Alexander and BRT Self Storage Facility. That complaint was dismissed on October 26, 2001. In 2004, the court permitted plaintiff to reopen this case and file an amended complaint. The current operative complaint, the third amended complaint filed April 1, 2005, omits Alexander and BRT Self Storage Facility from the caption and asserts claims for damages against the remaining defendants in their individual capacities.

Leblanc and Carroll.

I.   Standard of Review

When considering a Rule 12(b)(6) motion to dismiss, the court accepts as true all factual allegations in the complaint and draws inferences from these allegations in the light most favorable to the plaintiff.  See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Flores v. Southern Peru Copper Corp., 343 F.3d 140, 143 (2d Cir. 2003).  Dismissal is inappropriate unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  See Davis v. Monroe County Bd. of Educ., 526 U.S. 629, 654 (1999); Sweet v. Sheahan, 235 F.3d 80, 83 (2d Cir. 2000).  "'[T]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.'" York v. Assoc. of Bar of City of New York, 286 F.3d 122, 125 (2d Cir.) (quoting Scheuer, 416 U.S. at 236), cert. denied, 537 U.S. 1089 (2002).  In other words, "'the office of a motion to dismiss is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof.'"  Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co. of New York, 375 F.3d 168, 176 (2d Cir. 2004) (quoting Geisler v. Petrocelli, 616 F.2d 636, 639 (2d Cir. 1980)).  However, "[c]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a

motion to dismiss" from being granted. <u>Smith v. Local 819 I.B.T. Pension Plan</u>, 291 F.3d 236, 240 (2d Cir. 2002) (internal quotation marks and citation omitted).

II. <u>Facts</u>

For the purposes of deciding this motion, the court assumes that the following allegations contained in the third amended complaint and attached documents are true.

Fernandez was under surveillance by members of the Danbury and Stamford Police Departments prior to his October 27, 2000 arrest. Police officers observed Fernandez enter and leave an apartment on Chestnut Street and a self-storage unit at BRT Self Storage Facility, both in Danbury, Connecticut, and a police officer purchased drugs from Fernandez. Defendants Merullo and Trohalis obtained search warrants, signed by defendant Superior Court Judge Carroll, for the Chestnut Street apartment and the storage unit.

On October 27, 2000, police officers followed Fernandez until they observed him in a drug transaction with defendant Leblanc. Members of the Danbury and Stamford Police Departments arrested Fernandez and Leblanc at the scene of the transaction. Defendant Leblanc admitted the transaction and told police that he had purchased drugs from Fernandez at other times.

Defendant Williams pulled Fernandez through the window of his car and sat on Fernandez's back while Fernandez was on the

pavement.  Defendant Halas held a gun to Fernandez's head and defendant Fisher crossed Fernandez's legs and held them to the pavement causing Fernandez to experience pain.  Defendants Nolan and Ramos searched Fernandez's car.  Defendant Trohalis allegedly falsely stated in the incident report that these actions were required because Fernandez was attempting to flee and refused to get out of his car.  Fernandez was arrested and taken to the Danbury Police Station.

After he was arrested defendants Merullo and Trohalis used his keys to enter the apartment and storage unit.  They took various items from a covered Rubbermaid storage container in the apartment and from various closed cartons in the storage unit.

III. Discussion

The Danbury and Stamford defendants assert the same arguments in their motions to dismiss.  They contend that (1) all claims are barred by the statute of limitations because the court previously determined that the claims against the police officers did not relate back to the filing of the original complaint; (2) the failure to effect service within the limitations period is a complete defense to all state law claims; (3) many claims are barred by res judicata because Fernandez could have included these claims in several of his other lawsuits; (4) Fernandez did not effect service within 120 days from the day he filed the complaint; and (5) the claims are barred by the holding in Heck

4

v. Humphrey, 512 U.S. 477 (1994).

    A.   Statute of Limitations

Defendants argue that all claims are time-barred. The Court considers this argument with respect to the federal law claims for use of excessive force, conspiracy, unreasonable search and seizure and any other federal law claims that do not implicate Fernandez' conviction.

The limitations period for filing a section 1983 action is three years. See Lounsbury v. Jeffries, 25 F.3d 131, 134 (2d Cir. 1994)(holding that, in Connecticut, the general three-year personal injury statute of limitations period set forth in Connecticut General Statutes § 52-577 is the appropriate limitations period for civil rights actions asserted under 42 U.S.C. § 1983). The incidents described in the proposed amended complaint occurred on October 27, 2000. Thus, plaintiff had until October 27, 2003, to file his claims against the Danbury and Stamford defendants.

The Second Circuit has held that a pro se prisoner complaint is deemed filed as of the date the prisoner gives the complaint to prison officials to be forwarded to the court. See Dory v. Ryan, 999 F.2d 679, 682 (2d Cir. 1993) (citing Houston v. Lack, 487 U.S. 266, 270 (1988)). The earliest amended complaint to name the Danbury and Stamford defendants is the second amended

complaint[2] which is dated December 12, 2003.  Fernandez could not have given the second amended complaint to prison officials for mailing before December 12, 2003.

In the ruling denying Fernandez' previous motion to reopen this case, this court determined that the claims against the Danbury and Stamford defendants do not relate back to the filing of the original complaint.  (See Doc. #12.)  The Court concluded that Fernandez was aware of the names of many of these defendants prior to the conclusion of the limitations period because he had filed several other actions against them.  Because the federal law claims in the third amended complaint regarding use of excessive force, conspiracy and unreasonable search and seizure were filed beyond the limitations period, these claims are time-barred.  The motions to dismiss are granted as to these claims.

B.    Lack of Probable Cause for Arrest

Fernandez also asserts claims relating to his arrest.  He contends that defendants lacked probable cause for his arrest and that defendants Merullo and Trohalis misled defendant Clifford by including false statements in the search warrant affidavits.  Fernandez also includes a claim for malicious prosecution.

If the court were to rule in Fernandez's favor on his claims

---

[2] The second amended complaint was misplaced for a time by the Clerk's Office.  Fernandez was ordered to submit a copy of the amended complaint.  The replacement, dated November 4, 2004, is docketed as the first amended complaint [doc. #20].  The Clerk's Office subsequently located the December 2003 amended complaint.  This amended complaint was docketed as the second amended complaint [doc. #22].

of lack of probable cause for his arrest and misleading statements in the search warrant affidavit, the validity of his conviction necessarily would be called into question.

> [I]n order to recover damages for [an] allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a [section] 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has **not** been so invalidated is not cognizable under [section] 1983. Thus, when a state prisoner seeks damages in a [section] 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction has already been invalidated.

Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) (footnote omitted). See also Muhammad v. Close, 540 U.S. 749, 751-52 & n.1 (2004) (noting that Heck's requirement applies to all claims that implicate the original judgment of conviction).

Fernandez alleges that all charges relating to the October 27, 2000 arrest were nolled on January 2, 2002. The Court takes judicial notice of the published decisions of the Connecticut Appellate and Supreme Court. On April 8, 2003, the Connecticut Appellate Court affirmed Fernandez's conviction on five counts of

sale of narcotics by a person who is not drug-dependent, five counts of possession of narcotics and one count of violation of probation.  The factual description specifically references the sale to Leblanc and the October 27, 2000 arrest.  See State v. Fernandez, 76 Conn. App. 183, 184-85, 818 A.2d 877, 879, cert. denied, 264 Conn. 901, 823 A.2d 1220 (2003).  Thus, the Court concludes that Fernandez's conviction has not been overturned and any claims for damages that would call into question the validity of his conviction are not cognizable in this action.  Defendants' motions to dismiss are granted as to the claims for lack of probable cause for his arrest and misleading statements in the search warrant affidavits.

Fernandez also includes a claim for malicious prosecution. Under section 1983, a malicious prosecution claim has two elements.  First, defendant's conduct must have been tortious under state law.  Second, plaintiff's injuries must have resulted from a deprivation of liberty guaranteed by the Fourth Amendment. See Rohman v. New York City Transit Auth., 215 F.3d 208, 215 (2d Cir. 2000).  To establish the first element, the court considers the elements of malicious prosecution under Connecticut law: "(1) the defendant initiated a prosecution against plaintiff, (2) without probable cause, (3) the proceeding was begun with malice, and (4) the matter ended in plaintiff's favor."  Weinstock v. Wilk, 296 F. Supp. 2d 241, 248 (D. Conn. 2003).

As stated above, Fernandez' prosecution resulted in his conviction. Thus, he cannot state a claim for malicious prosecution. Defendants' motions to dismiss are granted on the malicious prosecution claim as well.

C.   Claims Against Defendants Leblanc and Carroll

On February 28, 2005, the court granted Fernandez leave to file his third amended complaint to enable him to assert claims against defendants Carroll, a state court judge, and Leblanc, the individual to whom Fernandez sold drugs at the time of his arrest. The court informed Fernandez about judicial immunity and the restrictions on asserting a civil rights claim against a private citizen. (See Doc. #29.) Upon review of the allegations against defendants Carroll and Leblanc in the third amended complaint, the court concludes that Fernandez has not stated a cognizable claim against either defendant.

Fernandez alleges that defendant Carroll issued search warrants that lacked probable cause. (See 3d Am. Compl. at ¶¶ 47-48.) As a Connecticut Superior Court Judge, defendant Carroll is protected by judicial immunity.

"[J]udicial immunity is an immunity from suit, not just from ultimate assessment of damages." Mireles v. Waco, 502 U.S. 9, 11 (1991). "The absolute immunity of a judge applies 'however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff.'" Young v.

9

Selsky, 41 F.3d 47, 51 (2d Cir. 1994) (quoting Cleavinger v. Saxner, 474 U.S. 193, 199-200 (1985) (quoting Bradley v. Fisher, 13 Wall. 335, 347 (1872))). Judicial immunity is overcome in only two situations. "First, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." Mireles, 502 U.S. at 11 (citations omitted).

The issuance of search warrants is an action taken in defendant Carroll's judicial capacity. Thus, defendant Carroll is absolutely immune from suit and the claims against him are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

Defendant Leblanc is a private citizen. Fernandez alleges that he and Leblanc were arrested at the same time and that police improperly searched defendant Leblanc's pockets and found four bags of cocaine. (See 3d Am. Compl. at ¶ 24.) In addition, after his arrest, defendant Leblanc told police that he had purchased cocaine from plaintiff. (See 3d Am. Compl. Ex. C.)

The court can discern no constitutional right of Fernandez that was violated by the alleged actions of defendant Leblanc and concludes that there is no possible basis for a claim against defendant Leblanc. All claims against defendant Leblanc are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

D.   State Law Claims

In addition to the federal law claims discussed above, Fernandez includes various claims based on violations of state law.

Supplemental or pendent jurisdiction is a matter of discretion, not of right.  See United Mine Workers v. Gibbs, 383 U.S. 715, 715-26 (1966).  Where all federal claims have been dismissed before trial, pendent state claims should be dismissed without prejudice and left for resolution by the state courts.  See 28 U.S.C. § 1367(c)(3); Giordano v. City of New York, 274 F.3d 740, 754 (2d Cir. 2001) (collecting cases).  Because the court has dismissed all federal law claims, it declines to exercise supplemental jurisdiction over Fernandez's state law claims.

IV.  Conclusion

The motions to dismiss filed by the Danbury defendants [**doc. #51**] and Stamford defendants [**doc. #55**] are **GRANTED**.  Any allegations against defendants Leblanc and Carroll fail to state a claim for relief and therefore are **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii).  The court declines to exercise supplemental jurisdiction over any state law claims.

Fernandez' motions to make discovery requests part of the record [**doc. #49**], to effect service on defendants Leblanc and Carroll at an alternate address [**doc. #48**], for approval of real

11

estate attachment [**doc. #62**], for appointment of counsel [**doc. #37**], for appointment of a special prosecutor [**doc. #36**], to correct the record [**doc. #39**], for prejudgment remedy [**doc. #67**], for leave to amend the third amended complaint [**doc. #69**], for de novo review of service [**doc. #70**], for recording of Rule 36 request for third set of admissions [**doc. #74**] and for appointment of counsel [**doc. #76**] are **DENIED** as moot.  The Clerk is directed to enter judgment and close this case.

**SO ORDERED** this 1st day of March, 2006, at New Haven, Connecticut.

/s/
Janet Bond Arterton
United States District Judge